**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BERKELEY VENTURES II, LLC,

    Plaintiff,

v.

SIONIC MOBILE CORPORATION
and RONALD D. HERMAN

    Defendants.

Case No.: 1:19-CV-05523-ODE

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

COMES NOW, Berkeley Ventures II, LLC ("Berkeley") and files this Brief in Support of Plaintiff's Motion for Leave to File Under Seal and shows this Court as follows:

Plaintiff's Memorandum of Law in Opposition to Defendant Sionic Mobile Corporation's Motion to Disqualify Busch Slipakoff Mills and Slomka, LLC as Counsel of Record and the Declaration of Adam Slipakoff (hereinafter, the "Response and Declaration") may contain information protected under the attorney-client privilege. Under Georgia law, a client's communications to his attorney are privileged on grounds of public policy. O.C.G.A § 24-5-501(a)(2). The attorney-

1

client privilege is absolute regardless of party's need for privileged materials; *See Atl. C. L. R. Co. v. Daugherty,* 141 S.E. 2d 112, 116 (Ga. App. 1965); *See also Joiner v. Hercules, Inc.,* 169 F.R.D. 695, 697 (S.D. Ga. 1996). The attorney client privilege is for the protection and benefit of the client, not the attorney. *Marriott Corp. v. American Academy of Psychotherapists, Inc.*, 277 S.E. 2d 785 (Ga. App. 1981).

 A party seeking to have material sealed can overcome the common-law right of access by a showing of good cause where there exists "a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). Such good cause "is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." NXP B.V. v. Research In Motion, Ltd., No. 6:12-CV-498-ORL-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1246 (internal punctuation omitted) (quoting Chi. Tribune Co., 263 F.3d at 1309); see also FED. R. CIV. P. 26(c) (authorizing the trial court to issue a protective order upon a showing of good cause "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."). Good cause exists where "[a] party's privacy or proprietary interest in information

... overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

Accordingly, without conceding the substantive arguments as to whether an attorney-client relationship existed that precludes undersigned's representation of Berkeley, and in an abundance of caution, Berkeley respectfully moves this Court for an entry of an Order granting Berkeley the right to file under seal the Response and Declaration).

Submitted this 13th day of February 2020.

By: *Bryan E. Busch*
Bryan E. Busch, Esq.
Ga Bar No. 006055
bb@bsms.law
Laura Mirmelli, Esq.
Ga Bar No. 678008
lm@bsms.law
BUSCH SLIPAKOFF MILLS & SLOMKA LLC
Riverwood 100, Ste. 2100
3350 Riverwood Parkway
Atlanta, Georgia 30339
Tel: (404) 800-4062

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1, N.D. GA.

The undersigned hereby certifies that this pleading was prepared using one of

the font and point selections approved by this Court in L.R. 5.1C, N.D. Ga.

Specifically, Times New Roman font in 14 point.


By: */s/ Bryan E. Busch*
Bryan E. Busch, Esq.
Georgia Bar No. 006055

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send email notification of such filing to counsel.

This 13th day of February, 2020.

By: */s/ Bryan E. Busch*
Bryan E. Busch, Esq.
Georgia Bar No. 006055