IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>    Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN,<br><br>    Defendants. | Civil Action File No.<br>1:19-cv-05523-ODE |

## DECLARATION OF RICHARD J. BAKER

Pursuant to 28 U.S.C. § 1746, the undersigned declares under penalty of perjury that the foregoing is true and correct to the best of his knowledge:

1.

My name is Richard J. Baker. I am a partner at the law firm of Baker Jenner LLLP, which is counsel for Defendant Sionic Mobile Corporation ("Sionic") in this action.

2.

I submit this Declaration in support of Sionic's Reply Brief in Support of Its Motion to Disqualifty Busch, Slipakoff, Mills & Slomka, LLC as Counsel of Record for Plaintiff Berkeley Ventures II, LLC and Sionic's Motion



EXHIBIT B

to Permit Sionic to File a Supplemental Reply Brief.

3.

After Sionic's multiple requests to Berkeley for the identification of the unnamed shareholder and director and production of unredacted documents, on February 21, 2020, Berkeley identified Patrick Gahan as the previously unidentified shareholder, director and Slipakoff client.

4.

A true and correct copy of the related email correspondence between Simon Jenner and Richard Baker, on the one hand, and Bryan Busch, on the hold hand, between February 14, 2020, through February 22, 2020, is attached as Exhibit A.

FURTHER AFFIANT SAYETH NAUGHT.

Executed on this 27th day of February, 2020.

_____
Richard␣Baker

# EXHIBIT A

Thursday, February 27, 2020 at 2:05:28 PM Eastern Standard Time

**Subject:** Re: Berkeley Ventures II, LLC v. Sionic Mobile Corporation (N.D. Ga.)
**Date:** Saturday, February 22, 2020 at 1:03:48 PM Eastern Standard Time
**From:** Rick Baker
**To:** Bryan Busch, Simon Jenner
**CC:** Laura Mirmelli
**Attachments:** image001.png, image002.jpg

Bryan,

Thank you for confirming the third party to which Berkeley and Mr. Slipakoff refer is Patrick Gahan. Sionic does not admit that any communication between Patrick Gahan and his attorney at the time, Mr. Slipakoff, were communications by or with Sionic. Given that everything is redacted, we don't know the bases for Berkeley's and Slipakoff's contentions that they were anything but communications between Mr. Slipakoff and his client, Mr. Gahan.

What has Berkeley and/or Mr. Slipakoff done since receiving Sionic's motion to disqualify to seek consent from Mr. Gahan to provide Sionic unredacted documents? Our firm does not represent Mr. Gahan and cannot provide his consent to Berkeley. One would expect Berkeley and Mr. Slipakoff to have moved without delay to obtain the consent you seek from Mr. Gahan, yet, it appears that you have not done so. Under the circumstances, it seems we will need to seek the Court's assistance in regard to the hidden materials.

Rick Baker
Baker Jenner LLLP
210 Interstate North Parkway | Suite 100 | Atlanta, Georgia 30339
Direct: 404.400.5882 | Main: 404.400.5955
rick.baker@bakerjenner.com | www.bakerjenner.com



**From:** Bryan Busch <bb@bsms.law>
**Date:** Friday, February 21, 2020 at 4:43 PM
**To:** Rick Baker <rick.baker@bakerjenner.com>, Simon Jenner <simon.jenner@bakerjenner.com>
**Cc:** Laura Mirmelli <lm@bsms.law>
**Subject:** RE: Berkeley Ventures II, LLC v. Sionic Mobile Corporation (N.D. Ga.)

I do not believe that any of the text and email correspondence between Patrick and Mr. Slipakoff are privileged as they were exchanged in an effort to get Mr. Slipakoff to invest in Sionic and were arguably sent by Patrick in his capacity as a board member of Sionic and not in any individual capacity. Sionic could arguably give its consent on those exchanges as well, but we need consent from Patrick to release those additional documents to you given the nature of the litigation to date. It is not our desire or intention to keep these communications from you, but will not give your clients additional ammunition to claim at some later point in time that attorney/client privileged docs were disclosed without their permission. We have the necessary consent from Sionic but need consent from Patrick and all information can be immediately released. Without that consent, we can let the Judge give us direction.



Bryan L. Busch
3350 Riverwood Parkway
Suite 2100
Atlanta, Georgia 30339
Direct: (404) 800-4062
Email: bb@bsms.law

**From:** Rick Baker <rick.baker@bakerjenner.com>
**Sent:** Monday, February 17, 2020 2:45 PM
**To:** Bryan Busch <bb@bsms.law>; Simon Jenner <simon.jenner@bakerjenner.com>
**Cc:** Laura Mirmelli <lm@bsms.law>
**Subject:** Re: Berkeley Ventures II, LLC v. Sionic Mobile Corporation (N.D. Ga.)

Bryan,

This is to follow up on Simon's communications with you in regard to Sionic's request for unredacted copies of Berkeley's brief in opposition to Sionic's motion to disqualify your firm and Mr. Slipakoff's related declaration. Berkeley argues Sionic solicited Slipakoff from October 19, 2015, to December 8, 2015, but Berkeley redacted most of the text and exhibits that supposedly evidence such solicitations by Sionic. Berkeley argues in its motion to seal that the redacted material is all attorney-client communications. While we appreciate the general concern about not publishing privileged communications in the court docket, Berkeley has not identified any basis whatsoever for Berkeley's refusal to provide Sionic, the supposed client at issue, unredacted copies of the brief and declaration containing what Berkeley argues are communications between Sionic and Slipakoff. To be clear, we are authorized by Sionic to make this request on its behalf.

I understand you stated to Simon on Friday that Berkeley requires the written permission of a third party you refused to identify before it will provide Sionic the requested unredacted documents. Thus, Berkeley's stated position is that some of the redacted communications do not actually involve Sionic, but rather an unnamed third party. Therefore, if any portion of the redactions in the brief or declaration is not a communication between Sionic and Slipakoff, such that Berkeley is relying on privileged communications between Slipakoff and some other client of Slipakoff in its opposition to Sionic's motion, please identify each such redaction. In addition, please provide us copies of the brief and declaration with all communications between Sionic and Slipakoff without redaction. Please provide both to my attention for receipt in our office no later than the end of business February 18, 2020.

Regards,

Rick Baker
Baker Jenner LLLP
210 Interstate North Parkway | Suite 100 | Atlanta, Georgia 30339
Direct: 404.400.5882 | Main: 404.400.5955
rick.baker@bakerjenner.com | www.bakerjenner.com



This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient, or if this email was inadvertently addressed to you, you are hereby notified that any dissemination, copying or distribution of this

email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the email message and deleting it from your computer.

**From:** Bryan Busch <bb@bsms.law>
**Date:** Friday, February 14, 2020 at 8:12 PM
**To:** Simon Jenner <simon.jenner@bakerjenner.com>
**Cc:** Rick Baker <rick.baker@bakerjenner.com>, Laura Mirmelli <lm@bsms.law>
**Subject:** Re: Berkeley Ventures II, LLC v. Sionic Mobile Corporation (N.D. Ga.)

Your representations about our call are inaccurate and self serving. There is nothing unique or concerning about your litigation tactics. Review of the unredacted docs is very simple and the only reason you would refuse to give your clients' consent is to try and gain some perceived advantage. Keep playing that game if you want but it does nothing to further your clients' case. This is Valentine's Day, try and enjoy your evening.

Bryan E. Busch
Busch Slipakoff Mills Slomka PC


> On Feb 14, 2020, at 7:38 PM, Simon Jenner <simon.jenner@bakerjenner.com> wrote:
>
> Bryan,
>
> I appreciated you returning my call a short time ago. I must, however, confess concern as to how quickly that call degenerated. I've now had a moment to reflect, and in light of that I have a few things that I believe it important to communicate:
>
> First, I cannot agree with your position that you will not share with us unredacted versions of what you filed in opposition to Sionic Mobile's Motion to Disqualify. We have a right to review and understand your and your client's arguments, testimony and evidence in full. And that means that we have a right to review what you submitted as complete and unredacted documents. To that extent, I note your belief stated during our call that it that nothing redacted is in fact privileged. That being the case, I believe your refusal to provide us as counsel to Sionic Mobile with complete and unredacted documents cannot be sustained as being either reasonable or in good faith.
>
> Second, your effort to premise your provision of unredacted documents on us first securing releases, permissions, and authorizations from our client and others is improper. We have a right to know—and must know—as opposing counsel what arguments and evidence you are advancing in opposition to Sionic Mobile's Motion and underlying interests. We also have a right to know the testimony and documents purportedly generated in regard to the attorney-client relationship between Sionic Mobile and Adam Slipakoff. Indeed, the fact that you felt the need to file subject to redaction and that you have argued potential privilege touches upon the very conflict and confidentiality issues raised in Sionic Mobile's Motion. Certainly, it is incongruous for you to use the attorney-client relationship between Sionic Mobile and Mr. Slipakoff to now deny Sionic Mobile access to the very things generated and communicated in

consequence of that relationship—not least when the decision to withhold has actual effect of harming Sionic Mobile in this case.

Third, I cannot agree with the outcome proposed by your pending Motion to File Under Seal, which would result in only you and the Court having complete and unredacted documents, and us with only truncated rump-versions. It would be odd to say the least that only you and the Court would understand fully what you are arguing and submitting against Sionic's Motion. The use of star chambers and secret evidence is not how civil litigation is supposed to proceed.

Last, I must express some alarm at your assertion that you're "going to hang [our] fucking clients by their fucking nuts, that's how we're going to do this fucking litigation." Simply stated, that and other comments that you advanced against Sionic Mobile and us are not helpful, and will not serve the best interests of our respective clients as this litigation proceeds. We have been and will continue to be civil. We ask that you please do the same.

I understand that this matter poses some difficult questions for you and your firm. I would, however, request that we maintain the professional discourse expected of us.

Best regards,

Simon

---

**From:** Simon Jenner <simon.jenner@bakerjenner.com>
**Date:** Friday, February 14, 2020 at 5:33 PM
**To:** "bb@bsms.law" <bb@bsms.law>
**Cc:** Rick Baker <rick.baker@bakerjenner.com>, "lm@bsms.law" <lm@bsms.law>
**Subject:** Berkeley Ventures II, LLC v. Sionic Mobile Corporation (N.D. Ga.)

Bryan,

I spoke with Rijad Sabanovic, my paralegal, regarding your concerns on sharing with us a complete and unredacted version of the Motion to Disqualify and supporting Declaration with exhibits from Adam Slipakoff, which I understand to be a purported and tardy concern for privileged-protected materials, presumably concerning Patrick Gahan.

Simply stated, I don't understand how Berkeley can file arguments and materials with the Court in *response* to Sionic Mobile's Motion and yet deny us the ability to understand and respond to them. Further, to the extent anything you argue concerns the relationship between Sionic Mobile and Mr. Slipakoff, and you're using it to defend against disqualification as to Sionic, we are entitled to see it in full and unredacted form. Needless to say, given the unredacted allegations and communications included in the Complaint, the arguments around denying us full and unredacted copies of the Memorandum and Declaration seem highly inappropriate.

I'm calling in a minute so we can discuss.

Thanks much,

Simon

--
**Simon Jenner**
**Baker Jenner LLLP**
210 Interstate North Parkway SE | Suite 100 | Atlanta, Georgia 30339
Direct: 404.400.2272 | Main: 404.400.5955
simon.jenner@bakerjenner.com | www.bakerjenner.com

**\*\*\* Please note that as of October 28, 2019, our address has changed \*\*\***


<image001.png>

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient, or if this email was inadvertently addressed to you, you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the email message and deleting it from your computer.