UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC, | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE NO.<br>1:19-cv-05523-ODE |
| SIONIC MOBILE CORPORATION<br>and RONALD D. HERMAN, | |
| Defendants. | **Jury Trial Demand** |

**DEFENDANT SIONIC MOBILE CORPORATION'S VERIFIED
ANSWER TO PLAINTIFF BERKELEY VENTURES II, LLC'S
VERIFIED COMPLAINT FOR DAMAGES**

Defendant Sionic Mobile Corporation ("Sionic") files this Answer in response to the Verified Complaint for Damages [Doc. 1] (the "Complaint") of Berkeley Ventures II, LLC ("Berkeley"), showing the Court as follows:

**FIRST DEFENSE**

Berkeley's claims are time-barred in whole or in part under 28 U.S.C. § 1658(b). Amongst other reasons, a reasonably diligent plaintiff would have discovered the facts allegedly constituting a "violation" under 28 U.S.C. § 1658(b) on or before December 5, 2017, the date on which Berkeley executed the Subscription Agreement, meaning that Berkeley had to have filed no

later than December 5, 2019. Berkeley only filed on December 7, 2019, two days after the 2-year limitations period under 28 U.S.C. § 1658(b) had expired.

## SECOND DEFENSE

The Complaint fails to state any claim upon which relief can be granted, entitled Sionic to dismissal with prejudice under Fed. R. Civ. P. 12(b)(6).

## THIRD DEFENSE

The Complaint fails to comply with the requirements of Fed. R. Civ. P. 8, 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA"). Amongst other things, the Complaint fails to plead securities fraud with particularity or a strong inference of scienter, and its allegations depend on mere information and belief without stating the basis for how that belief formed or the documents and sources of information on which it in each instance depends. Nor has Berkeley satisfied the pleading standards and requirements for common law fraud under Georgia law.

## FOURTH DEFENSE

Sionic did not employ any device, scheme, or artifice to defraud. Nor did Sionic make any untrue statement of a material fact; omit to state any material fact necessary to make the statements made, in the circumstances

in which they were made, not misleading; or engage in any other act, practice, or course of business or dealing that operated or would have operated as a fraud or deceit upon Berkeley.

## FIFTH DEFENSE

The Complaint fails to adequately allege any misrepresentation or omissions of material fact.

## SIXTH DEFENSE

At no time did Sionic make any misrepresentation or omission of material fact.

## SEVENTH DEFENSE

Any alleged misrepresentations and omissions were immaterial. Given the total mix of information that Sionic provided to Berkeley and that Berkeley received, none of the alleged misrepresentations or omissions would have been material to the reasonable investor.

## EIGHTH DEFENSE

Sionic's alleged misrepresentations constituted in each instance inactionable puffery or inactionable statements of opinion.

## NINETH DEFENSE

Sionic did not have a duty to disclose any of the information that the Complaint alleges that Sionic failed to disclose.

**TENTH DEFENSE**

Berkeley is a sophisticated investor, being a Registered Investment Advisor that is regulated by the U.S. Securities Exchange Commission, manages a half-billion dollars of investor funds, is part of a complex web of investment entities that have funded numerous deals over the years, and specializes in investments and industries of the type applicable to Sionic. Accordingly, as a sophisticated investor, Berkeley could not have reasonably or justifiably relied on what the Complaint alleges to be material misrepresentations or omissions first, because of the information that Sionic provided and that Berkeley had in its possession before its execution of the Subscription Agreement and that was otherwise known to Berkeley; and second, because Berkeley did not reduce representations alleged as material in its Complaint to a material term of the Subscription Agreement.

**ELEVENTH DEFENSE**

Sionic did not breach any duty or obligation owed to Berkeley.

**TWELFTH DEFENSE**

Any facts that Berkeley alleges were concealed by Sionic or misrepresentation allegedly made by Sionic were incorporated into the price of Sionic's stock.

## THIRTEENTH DEFENSE

The Complaint fails to adequately allege that Sionic acted with scienter.

## FOURTEENTH DEFENSE

Sionic did not act with scienter or the state of mind necessary to impose on Sionic any liability arising from the Complaint's alleged misrepresentations or omissions.

## FIFTEENTH DEFENSE

Following reasonable investigation, Sionic had reasonable grounds to believe, and did believe, that the statements made to Berkeley were true. Nor did Sionic omit to disclose any material fact necessary to make such statements not misleading.

## SIXTEENTH DEFENSE

At all times Sionic acted in good faith and in the honest belief that its actions were in the best interests of the company and its shareholders.

## SEVENTEENTH DEFENSE

Berkeley did not rely upon any of Sionic's alleged misrepresentation or omission as stated in the Complaint, and regardless, any such reliance would have been unreasonable given first, the information that Sionic provided to

Berkeley and that Berkeley otherwise had in its possession, and second, Sionic's "Risk Factors" disclosure.

## EIGHTEENTH DEFENSE

Berkeley would have purchased Sionic's securities even with knowledge of the alleged misrepresentations and omissions stated in the Complaint.

## NINETEENTH DEFENSE

Berkeley has sustained no legally cognizable damages due to the alleged misrepresentations and omissions stated in the Complaint because they have at no time caused an increase or decrease in the price or value of Sionic's securities at issue in this matter.

## TWENTIETH DEFENSE

Berkeley has sustained no legally cognizable damages due to the alleged misrepresentations and omissions stated in the Complaint because the price or value of Sionic's securities at issue in this matter were affected by numerous factors unrelated to those alleged misrepresentations and omissions, and which therefore had an independent and appreciable affect upon that price or value.

## TWENTY-FIRST DEFENSE

The alleged misrepresentations and omissions stated in the Complaint were neither the proximate cause nor the cause in fact of Berkeley's alleged losses or damages.

## TWENTY-SECOND DEFENSE

Berkeley's alleged injuries or damages are the proximate result, whether in whole or in part, of actions or omissions of persons or entities other than Sionic.

## TWENTY-THIRD DEFENSE

Berkeley's recovery for any of its alleged damages or injuries are subject to such limitations and restrictions as are provided at law.

## TWENTY-FOURTH DEFENSE

Berkeley's recovery for any of its alleged damages or injuries is subject to offset for the value gained through the investment, including, without limitation, tax benefits actually received in consequence of that investment.

## TWENTY-FIFTH DEFENSE

Berkeley is precluded from recovering any alleged damages, to the extent proven, because of Berkeley's failure to mitigate damages.

## TWENTY-SIXTH DEFENSE

Berkeley's recovery for alleged damages against Sionic, if any, is limited to the proportionate liability provisions of the PSLRA and other provisions of law, including federal and those of the State of Georgia.

## TWENTY-SEVENTH DEFENSE

Berkeley's claims are time-barred, in whole or in part, by the equitable doctrine of laches. Amongst other reasons, Berkeley waited over two-years to bring its action, after acknowledging that it was aware and had notice of facts pertinent to the alleged misrepresentations and omissions of the Complaint. This delay was inexcusable and has caused Sionic undue prejudice.

## TWENTY-EIGHTH DEFENSE

If Sionic made any of the alleged misrepresentations or omissions stated in the Complaint—which Sionic specifically denies—then Berkeley's claims are barred because at the time it purchased the subject securities, Berkeley knew, or with the exercise of reasonable care should have known, of some or all of the material facts and information related to the claims, statements and omissions alleged in the Complaint. Accordingly, Berkeley's own negligence or other fault proximately contributed to or caused the injuries that Berkeley alleged suffered.

### TWENTY-NINTH DEFENSE

Berkeley purchased the subject securities with actual or constructive knowledge of the risks involved in an investment in those securities, and thus assumed the risk that the value of those securities would decline or would otherwise be adversely affected if these risks materialized.

### THIRTIETH DEFENSE

Berkeley's claims are barred in whole or in part by the doctrines of ratification, inequitable conduct, estoppel, in pari delicto, waiver, and unclean hands.

### THIRTY-FIRST DEFENSE

For Berkeley to be awarded any damages in this action would constitute unjust enrichment.

### THIRTY-SECOND DEFENSE

Some or all of Berkeley's claims are barred by the Statute of Frauds because they are premised on contractual promises and guarantees that were not to be performed within at least one year of December 5, 2017.

### THIRTY-THIRD DEFENSE

Berkeley's common law fraud claim, Count II of the Complaint, being wholly derivative of its securities fraud claim, is subject to same Affirmative Defenses requiring dismissal. Further, Sionic incorporates by this reference

into this paragraph its Second through Thirty-Third Affirmative Defenses as separately pertinent to Berkeley's state law fraud claim. In addition, in regard to its state fraud claim, Berkeley has failed: (1) to allege an injury that is separate and distinct, or any other special circumstance, that would permit a direct cause of action against Sionic; or (2) to comply with the requirements for filing a derivative action before filing its Complaint.

## THIRTY-FOURTH DEFENSE

Punitive damages are not available for securities fraud allegations.

## THIRTY-FIFTH DEFENSE

Sionic reserves the right to amend this Answer to assert additional affirmative defenses in a timely fashion after facts in support become known. Sionic further reserves the right to amend this Answer to assert any state any crossclaims, counterclaims, and third-party claims as they may become known or available.

## THIRTY-SIXTH DEFENSE

In response to the enumerated paragraphs of the Complaint, and subject to and without waiving the First through Thirty-Fifth Defenses stated above which are incorporated into this sentence by this reference, Sionic responds as follows:

## PARTIES

### Plaintiff

1.

Sionic is without knowledge or information sufficient to either admit or deny the allegations of paragraph 1 of the Complaint, and thus denies the same.

### Defendants

2.

Sionic admits the allegations of paragraph 2 of the Complaint.

3.

Paragraph 3 of the Complaint does not reference or pertain to Sionic as a Defendant to this action, although on information and belief this allegation is correct.

### JURISDICTION AND VENUE

4.

As pertains to Sionic, Sionic admits subject matter jurisdiction. Sionic denies all allegations of paragraph 4 of the Complaint not specifically admitted in this paragraph, including and claim or indication that Berkeley may have a viable claim against Sionic, are denied.

5.

As pertains to Sionic, Sionic admits that this Court has personal jurisdiction over Sionic. All allegations of paragraph 5 of the Complaint not specifically admitted in this paragraph are denied.

6.

As pertains to Sionic, Sionic admits that venue is proper. Sionic denies all allegations of paragraph 6 of the Complaint not specifically admitted in this paragraph.

## NATURE OF ACTION

7.

As pertains to Sionic, paragraph 7 of the Complaint incorporates legal argument and conclusions to which no response is necessary. To the extent a response may be required, Sionic denies that the allegations of paragraph 7 of the Complaint, including that it violated applicable securities laws or that Berkeley is entitled to pursue any remedy against Sionic.

8.

As pertains to Sionic, paragraph 8 of the Complaint incorporates legal argument and conclusions to which no response is necessary. To the extent a response may be required, Sionic denies the allegations of paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9.

As pertains to Sionic, Sionic was incorporated in January 2010 by Ronald D. Herman ("Herman") as its incorporator. Sionic admits that amongst other services, it provides mobile marketing and loyalty reward services that help merchants and consumers. Sionic denies all allegations of paragraph 9 of the Complaint not specifically admitted in this paragraph.

10.

As pertains to Sionic, Sionic admits having undertaken prior capital raises since its incorporation. Sionic denies all allegations of paragraph 10 of the Complaint not specifically admitted in this paragraph.

11.

As pertains to Sionic, Sionic denies the allegations stated in paragraph 11 of the Complaint.

12.

Sionic objects to paragraph 12 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, Sionic admits having filed Form D Notices as required by applicable law. Sionic further admits that it had raised over $18 million before December 5, 2017. Sionic denies all allegations of paragraph 12 of the

Complaint not specifically admitted in this paragraph.

13.

Sionic objects to paragraph 13 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, Sionic admits that between 2015 and 2017, it sold to then-current shareholders and third-parties unexpired stock warrants held by certain employees, upon those employees indicating their intention not to exercise those warrants before their respective expiration dates. Sionic denies all allegations of paragraph 13 of the Complaint not specifically admitted in this paragraph.

14.

Sionic objects to paragraph 14 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, Sionic admits that it incurred a net operating loss by year-end 2017 of approximately $4.8 million. Sionic denies all allegations of paragraph 14 of the Complaint not specifically admitted in this paragraph.

15.

Sionic objects to paragraph 15 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving

this objection, As pertains to Sionic, Sionic denies the allegations of paragraph 15 of the Complaint.

16.

As pertains to Sionic, Sionic denies the allegations of paragraph 16 of the Complaint.

17.

Sionic is without information or knowledge to either admit or deny the allegations of paragraph 17 of the Complaint, and they are thus denied.

18.

As pertains to Sionic, Sionic denies the allegations of paragraph 18 of the Complaint.

19.

As pertains to Sionic, Sionic denies the allegations of paragraph 19 of the Complaint.

20.

As pertains to Sionic, Sionic admits that Herman, as Sionic's Chief Executive Officer, and others were introduced to Anthony Palazzo ("Palazzo") by way of email from Patrick Gahan ("Gahan") dated October 25, 2017. All allegations of paragraph 20 of the Complaint not specifically admitted in this paragraph are denied, including that Exhibit B to the

Complaint is true or accurate.

21.

Sionic admits that Gahan's October 25, 2017 email included as attachments an overview PowerPoint and a Fact Sheet concerning Sionic. Sionic denies all allegations of paragraph 21 of the Complaint not specifically admitted in this paragraph, including that Exhibit C or Exhibit D to the Complaint are true or accurate copies.

22.

Sionic denies that allegations of paragraph 22 of the Complaint.

23.

Sionic denies the allegations of paragraph 23 of the Complaint, including any allegation or representation that the quote as presented is complete, accurate, or true in the context presented.

24.

Sionic objects to paragraph 24 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that it invited Palazzo to meet at Sionic's Atlanta office. Sionic further admits that on October 27, 2017 Palazzo spoke to Herman via conference call during which Sionic's

history, business plans, and capital needs were discussed. Sionic denies all allegations of paragraph 24 of the Complaint.

25.

Sionic objects to paragraph 25 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that Palazzo requested a private placement memorandum concerning Sionic, additional PowerPoint decks to the extent there were any, and a cap table if Sionic had one. Sionic further admits that Herman confirmed that the private placement memorandum was outdated, except for part 5, "Risk Factors," which Sionic provided and Berkeley received. Finally, Sionic admits that it provided Berkeley a cap table. Sionic denies all allegations of paragraph 25 of the Complaint not specifically admitted in this paragraph, including that Exhibit E to the Complaint is true or accurate.

26.

Sionic objects to paragraph 26 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that it met with Palazzo and others with whom Palazzo was associated on October 31, 2017 at

17

Sionic's offices. Sionic further admits that Palazzo requested a proposed use of funds and other information by email chain dated November 1, 2017 through November 2, 2017. Finally, Sionic admits that by separate email Herman transmitted Sionic's 2017 Pro Forma Plan to Palazzo. Sionic denies all allegations of paragraph 26 of the Complaint not specifically admitted in this paragraph, including that Exhibit F or Exhibit G to the Complaint are true or accurate.

27.

As pertains to Sionic, Sionic admits that by email dated November 2, 2017, Sionic transmitted a then-current Promissory Note Schedule. Sionic denies all allegations of paragraph 27 of the Complaint not specifically admitted in this paragraph, including that Exhibit H and its attachment are true or accurate.

28.

As pertains to Sionic, Sionic admits that by email dated November 8, 2017, Palazzo received Sionic's Amended and Restated Shareholder Agreement, Joinder to the Amended and Restated Shareholder's Agreement, Subscription Agreement, Investor Questionnaire, and Wiring Instructions. Sionic denies all allegations of paragraph 28 of the Complaint not

18

specifically admitted in this paragraph, including that Exhibit I to the Complaint is true or accurate.

29.

As pertains to Sionic, Sionic admits that Herman and Palazzo engaged in a course of email correspondence during November 20, 2017 that included an update on certain of Sionic's continuing contract negotiations and business activities. Sionic denies all other allegations of paragraph 29 of the Complaint not specifically admitted in this paragraph, including that Exhibit J to the Complaint is true or accurate.

30.

Sionic admits that by email dated December 5, 2017, it received from Berkeley executed copies of the Joinder to the Amended and Restated Shareholder's Agreement, Subscription Agreement, Investor Questionnaire. Sionic further admits receiving a wire from Berkeley in the amount of $1,600,000 on December 7, 2017, in return for Berkeley's purchase of 800,000 shares of common stock of Sionic. Sionic denies all allegations of paragraph 30 of the Complaint not specifically admitted in this paragraph, including that Exhibit K is true or accurate.

19

31.

As pertains to Sionic, Sionic admits that Berkeley's due diligence regarding a potential purchase of Sionic stock commenced on or about October 25, 2017. Sionic denies all allegations of paragraph 31 not specifically admitted in this paragraph.

32.

Sionic objects to paragraph 32 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that Gahan transmitted the January 19, 2018 email attached as Exhibit L to the Complaint. Sionic denies all allegations of paragraph 32 of the Complaint not specifically admitted in this paragraph, including that Exhibit L to the Complaint is true or accurate.

33.

As pertains to Sionic, Sionic admits following October 25, 2017 but before December 5, 2017, that it provided Berkeley with the overview PowerPoint and Fact Sheet, and also with due diligence materials in the form of the October 31, 2017 Pro Forma Plan, financial statements for 2015, 2016 and what at the time was year-to-date for 2017, and information

concerning the then-current status of contract negotiations with potential partners for Sionic's technology. Sionic denies all allegations of paragraph 33 of the Complaint not specifically admitted in this paragraph.

34.

Sionic objects to paragraph 34 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that it provided the overview PowerPoint to Berkeley. Sionic denies all allegations of paragraph 34 of the Complaint not specifically admitted in this paragraph, including that Berkeley's quotations from the over PowerPoint are complete, accurate or truthful in the context made. Sionic is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 34 of the Complaint is further denied.

35.

Sionic objects to paragraph 35 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that it provided the Fact Sheet to Berkeley. Sionic denies all allegations of paragraph 35 of the Complaint not specifically admitted in this paragraph, including that

Berkeley's quotations from the Fact Sheet are complete, accurate or truthful in the context made. Sionic is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 35 of the Complaint is further denied.

36.

Sionic objects to paragraph 36 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic denies the allegations of paragraph 36 of the Complaint.

37.

Sionic objects to paragraph 37 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic denies the allegations of paragraph 37 of the Complaint.

38.

Sionic objects to paragraph 38 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that by email dated November 2, 2017, Sionic transmitted a Promissory Note Schedule to

Berkeley. Sionic denies all other allegations of paragraph 38 not specifically admitted in this paragraph.

39.

As pertains to Sionic, Sionic admits that Herman and Palazzo engaged in a course of email correspondence during November 20, 2017 that included an update on certain continuing contract negotiations and business activities of Sionic. Sionic denies all allegations of paragraph 39 of the Complaint not specifically admitted in this paragraph.

40.

Sionic objects to paragraph 40 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that by separate email dated October 31, 2017, Herman transmitted Sionic's 2017 Pro Forma Plan to Palazzo. Sionic denies all allegations of paragraph 40 of the Complaint not specifically admitted in this paragraph. Sionic is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus the allegations of paragraph 40 of the Complaint are further denied.

41.

Sionic objects to paragraph 41 of the Complaint on the grounds that it

violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that Palazzo and other persons associated with him visited Sionic's offices on October 31, 2017 where they met with Herman. Sionic further admits that the following statements were made to Palazzo, which were all true as of October 31, 2017: (A) Sionic was then in the process of equipping merchant locations with iBeacons Bluetooth devices; (B) Sionic had integrated its platform with Chase Payments, Freedom Pay, and MerchantLink; (C) Sionic was then in the process of integrating its mobile technology with GM RIG software; and (D) Sionic's payment technology was accepted at Panera Bread, Lowes, Banana Republic, California Pizza Kitchen, Domino's Pizza, Burger King, IHOP, Regal Cinemas, Office Depot, Krispy Kreme, Petco, Bed Bath & Beyond, Applebees, Chilis, Old Navy and Papa Johns. All allegations of paragraph 41 of the Complaint not specifically admitted in this paragraph are denied.

42.

Sionic objects to paragraph 42 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Sionic, Sionic admits that at the October 31, 2017 meeting at Sionic's offices, Sionic stated that it was entitled to a 45 percent revenue share consistent with the terms of its agreement with GM.

24

Sionic further admits that it shared with Palazzo projections that Sionic had jointly derived with GM regarding the number of potential users and potential revenues arising from the integration of Sionic's mobile technology into the GM RIG software. Sionic denies all allegations of paragraph 42 of the Complaint not specifically admitted in this paragraph.

43.

As pertains to Sionic, Sionic denies the allegations of paragraph 43 of the Complaint. Sionic is, furthermore, without knowledge or information as to where, when and in what location or document the alleged statements were made and thus additionally denies paragraph 43 of the Complaint for that reason.

44.

Sionic denies the allegations of paragraph 44 of the Complaint.

**COUNT I**

41 [45.]

Sionic incorporates by this reference each of the foregoing enumerated paragraphs of this Answer, including all above stated Defenses, as though fully stated in this sentence.

42 [46.]

Sionic objects to paragraph 42 [46] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 42 [46] to the Complaint.

43 [47.]

Sionic objects to paragraph 43 [47] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 43 [47] to the Complaint.

44 [48.]

Sionic objects to paragraph 44 [48] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 44 [48] to the Complaint. Sionic is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 44 [48] to the Complaint is further denied.

45 [49.]

Sionic objects to paragraph 45 [49] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 45 [49] to the Complaint. Sionic is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 45 [49] to the Complaint is further denied.

46 [50.]

Sionic objects to paragraph 46 [50] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 46 [50] to the Complaint. Sionic is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 46 [50] to the Complaint is further denied.

46 [51.]

Sionic objects to paragraph 46 [51] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic,

Sionic denies the allegations of paragraph 46 [51] to the Complaint.

47 [52.]

As pertains to Sionic, Sionic denies the allegations of paragraph 47 [52] to the Complaint.

**COUNT II**

48 [53.]

Sionic incorporates by this reference each of the foregoing enumerated paragraphs of this Answer, including all above stated Defenses, as though fully stated in this sentence.

49 [54.]

Sionic objects to paragraph 49 [54] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 49 [54] to the Complaint.

50 [55.]

Sionic objects to paragraph 50 [55] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 50 [55] to the Complaint.

28

51 [56.]

Sionic objects to paragraph 51 [56] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 51 [56] to the Complaint.

52 [57]

Sionic objects to paragraph 52 [57] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 52 [57] to the Complaint. Sionic is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 52 [57] of the Complaint is further denied.

53 [58.]

Sionic objects to paragraph 53 [58] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 53 [58] to the Complaint. Sionic is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 53

[58] of the Complaint is further denied.

54 [59.]

As pertains to Sionic, Sionic admits that Berkeley invested in Sionic. All allegations of paragraph 54 [59] of the Complaint not specifically admitted in this paragraph are denied.

**COUNT IV [III]**

55 [60.]

Sionic incorporates by this reference each of the foregoing enumerated paragraphs of this Answer, including all above stated Defenses, as though fully stated in this sentence.

56 [61.]

Sionic objects to paragraph 56 [61] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Sionic, Sionic denies the allegations of paragraph 56 [61] to the Complaint.

57 [62.]

Sionic denies the allegations of paragraph 57 [62] of the Complaint.

WHEREFORE, having answered the Complaint, Sionic Mobile Corporation respectfully requests that:

(a)   the Court dismiss the Complaint in its entirety, with prejudice;

30

(b)    the Court enter judgment in Sionic's favor and against Berkeley;

(c)    all costs and expenses, including reasonable attorney fees, be cast

      against Berkeley and in favor of Sionic;

(d)    Sionic have a trial by a jury of 12 persons as to all issues so

      triable; and

(e)    Sionic have such other and further relief as the Court deems just

      and proper.

Respectfully submitted September 16, 2020.

/s/ Simon Jenner
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, GA 30339
T: (404) 400-5955
*Attorneys for Defendant*

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I certify that the foregoing has been prepared in accordance with Local Rule 5.1C, using Century Schoolbook, 13 point font. I further certify I have electronically filed, on the date stated below, the foregoing **DEFENDANT SIONIC MOBILE CORPORATION'S VERIFIED ANSWER TO PLAINTIFF BERKELEY VENTURES II, LLC'S VERIFIED COMPLAINT FOR DAMAGES**, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Bryan E. Busch
Laura Mirmelli
Busch, Slipakoff, Mills & Slomka, LLC
Riverwood 100, 21st Floor
3350 Riverwood Parkway
Atlanta, GA 30339

This September 16, 2020.

/s/ Simon Jenner
Georgia Bar No. 142588
*Attorney for Defendant*
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, GA 30339
T: (404) 400-5955
E: simon.jenner@bakerjenner.com