IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN,<br><br>Defendants. | Civil Action File No.<br>1:19-cv-05523-SDG |

**REPLY BRIEF IN SUPPORT OF DEFENDANT SIONIC MOBILE CORPORATION'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO AMEND ORDER TO INCLUDE CERTIFICATION OF INTERLOCUTORY APPEAL**

Defendant Sionic Mobile Corporation ("Sionic") identified three discrete grounds in support of its pending Motion [Doc. 40, 40-1]. These grounds included the fact that (1) Plaintiff Berkeley Ventures II, LLC ("Berkeley") could not have justifiably relied on alleged misrepresentations that it knew were contradicted by the substantial information that Sionic provided over a month before Berkeley executed the Subscription Agreement; (2) Sionic's alleged misrepresentations were nonactionable as a matter of law under the bespeaks caution safe harbor based on the voluminous, specifically tailored and meaningful cautionary statements that Sionic provided in its "Risk

Factors" disclosure; and (3) a reasonable plaintiff in Berkeley's position would have discovered facts constituting an alleged violation under 28 U.S.C. § 1658(b) over two years before Berkeley filed suit, meaning Berkeley's claims are time-barred. As to each of these grounds, Sionic showed that the September 2, 2020 Order [Doc. 39] failed to apprehend Sionic's arguments, and understand in context significant facts, admissions, and other evidence cited in and central to Berkeley's Complaint [Doc. 1].

Instead of addressing Sionic's well-supported arguments, Berkeley's Response [Doc. 43] side-steps them through a combination of red herrings and distortions of law. As a matter of law, this constitutes a failure to respond and should be held against Berkeley. *Barnes v. Astrazeneca Pharm. LP*, 253 F.Supp.3d 1168, 1171 (N.D. Ga. 2017). Sionic has met its burden and respectfully requests this Court either reconsider its denial of dismissal or amend its Order for purposes of interlocutory appeal.

**I.    Sionic moved for reconsideration because the September 2 Order misapprehended Sionic's arguments and misunderstood the facts, admissions and other evidence demonstrating the necessity of dismissal of Berkeley's Complaint.**

Berkeley's Response argues that Sionic's Motion does not meet the standard for reconsideration because Sionic failed to articulate either a "new

reason" in support of dismissal or to identify a "clear error" of fact or law in the September 22 Order.[1] These contentions fail for two reasons.

First, while a court has discretion to consider new arguments, reconsideration is not typically the time to raise them. *McGuire v. Ryland Group, Inc.*, 497 F.Supp.2d 1356, 1358 (M.D.Fla. 2007); *see also*, Fed. R. Civ. P. 60(b). Accordingly, Berkeley's assertion that Sionic failed to raise a "new reason" is a red herring, albeit a useful admission that Sionic did not raise new arguments for the first time on reconsideration.

Second, Berkeley never explains what "clear error" means or how Sionic fails this requirement. The reality, however, is that Sionic established the types of clear errors in judgment that justify reconsideration. *In re Gentiva Sec. Litig.*, 971 F.Supp.2d 305, 332 (E.D.N.Y. 2013) (holding reconsideration appropriate when the court has overlooked important matters or controlling decisions that would have influenced its prior order); *Deep Sea Fin., LLC v. Qbe Ins., Ltd.*, Case No. CV 410-219, 2013 U.S. Dist. LEXIS 44352 at *9, *23 (S.D.Ga. Mar. 27, 2013) (granting reconsideration when the original order did not properly consider arguments and facts supporting dismissal); *Kitto v. Thrash Oil & Gas Co.,* Case No. CIV-88-169E,

---

[1] Response [Doc. 43] at 2.

1989 U.S. Dist. LEXIS 14779 at *8 (Jul. 18, 1989) (granting reconsideration and dismissal because it was "manifest" defendant was "seeking determination of an issue which was not considered in this Court's earlier order"). Reconsideration is equally appropriate when the court has patently misunderstood a party or made an error not of reasoning but apprehension. *Havana Docks Corp. v. MSC Cruises SA Co.*, Case No. 19-cv-23588, 2020 U.S. Dist. LEXIS 68313 at *13 (S.D.Fla. April 17, 2020); *Epperson v. Evonik Corp.*, 426 F.Supp.3d 1228, 1229 (N.D.Ala. 2019) (granting reconsideration because the court reached an erroneous legal conclusion premised on a factual error).

It is on this basis that Sionic has moved for reconsideration and on which, respectfully, it should be granted. *McGuire*, 497 F.Supp.2d at 1358, 1360 (M.D.Fla. 2007) (granting reconsideration and dismissal because it was "apparent" that the defendant had previously raised the dispositive issue, which plaintiff had failed to dispute); Fed. R. Civ. P. 60(b).

**II. Berkeley depends on distorted statements of law to avoid the hard work of responding to Sionic's actual arguments in support of reconsideration and dismissal.**

Sionic's Motion showed how the September 2 Order failed to apprehend Sionic's arguments in support of dismissal and to understand the facts, admissions and other evidence that Berkeley put before the Court, including

4

in its Complaint and through its briefing.[2] The Order therefore made the erroneous legal conclusion that dismissal was premature, instead of what Sionic showed, that dismissal was appropriate under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1658(b). *Jackson Inv. Grp., LLC v. Thomas*, 325 F. Supp.3d 1334, 1353 (N.D.Ga. 2017); *In re Mako Surgical Corp. Secs. Litig.*, Case No. 12-60875-CIV, 2013 U.S. Dist. LEXIS 69129 at *22-*25 (11th Cir. May 15, 2013); *McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 931-932 (7th Cir. 2011).

Sionic thus showed, and Berkeley did not deny, that over a month before Berkeley executed the Subscription Agreement, Sionic had disclosed significant information contradicting the alleged misrepresentations upon which Berkeley's Complaint depends.[3] Nor did Berkeley deny that this information was readily accessible—so much so that Berkeley's Complaint freely cited and quoted it.[4] Berkeley did not deny being a textbook sophisticated investor.[5] Berkeley did not deny receipt of Sionic's voluminous "Risk Factors" disclosure, which explained the risks of investing in Sionic as an early stage company with a novel technology and uncertain future.[6]

---

[2] Reply Brief in Support of Motion to Dismiss [Doc. 23] at 3-7.
[3] Memorandum in Support of pending Motion [Doc. 40-1] at 6-9, plus supporting cites to [Doc. 10, 10-1—10-16, 11, 13].
[4] [Doc. 40-1] at 6-8, 11, plus supporting cites [Doc. 10, 10-1—10-16, 11, 13].
[5] [Doc. 40-1] at 9, nn. 13-15.
[6] [Doc. 10-1] part I(D); [Doc. 23] part III(D); [Doc. 40-1] part II.

Berkeley did not deny failing to incorporate protective language into the Subscription Agreement concerning Sionic's alleged guarantees and promises of future performance.[7] And Berkeley did not deny the authenticity of the supplemented record Sionic provided so the Court could see for the first time the complete documents referenced in and central to Berkeley's Complaint.[8]

Rather, Berkeley's Response launches two lines of spurious attack. First, Berkeley argues that dismissal under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1658(b) is somehow innately "premature" before summary judgment. And second, Berkeley asserts a confused mishmash of state law and federal standards to obviate the preclusive effect of Sionic's "Risk Factors" disclosure. Neither tack survives scrutiny.

### A. Dismissal is not "premature" when the complaint itself demonstrates the necessity of dismissal.

Sionic showed that dismissal is proper under Rule 12(b)(6) and 28 U.S.C. § 1658(b) when the plaintiff's complaint and the documents it references and attaches demonstrate the plaintiff has no viable cause of action.[9] Berkeley nonetheless argues that dismissal is somehow always "premature" before summary judgment, citing just one case: *TSG Water Res.,*

---

[7]   [Doc. 40-1] at 10.
[8]   [Doc. 16] at 12 n.2 (all Berkeley does is state its "premature" argument).
[9]   [Doc. 40-1] parts I, II; *see also*, Order at 18.

*Inc. v. D'Alba & Donoval Certified Pub. Accountants, P.C.*, 260 F.Appx. 191 (11th Cir. 2007).[10] *TSG* is, however, not relevant to a Section 10(b) claim. Solely premised on diversity jurisdiction, *TSG* involved state law causes of action for breach of fiduciary duty, breach of contract, and blue sky law violations arising from a CFO's erroneous preparation of his company's audited financial statements, his failure to inform the board of these errors, and the resultant harm to inside and outside investors. *Id.*, at 194, 196-199.

Here, Berkeley neither alleged state law claims like those in *TSG* nor errors in Sionic's financial statements. *TSG* is thus of little relevance. But even if considered, *TSG* would actually support dismissal in this case since one of *TSG*'s central holdings is that an outside investor cannot justifiably rely on an inside investor's representations. *Id.*, 260 F.Appx. at 201. *TSG* would thus require dismissal of all allegations concerning alleged representations made by Patrick Gahan and other inside investors. *Id.*

**B. Berkeley's mishmash of state and federal law does not alter the fact that Sionic provided meaningful cautionary statements that as a matter of law preclude Berkeley's fraud claims.**

For its second line of attack, Berkeley uses a confused mishmash of state law and federal standards to avoid the preclusive effect of the

---

[10] Response [Doc. 43] at 2; Complaint para. 10, 11, 15, 20, 32, 46.

voluminous meaningful cautionary statements that Sionic provided in its "Risk Factors" disclosure—none of which Berkeley disputes having received, read and understood. In an initial effort to obviate Sionic's "Risk Factors" disclosure, Berkeley argues that sales projections always remain potentially actionable if they are made with the intent or knowledge they will not occur, citing *Denim N. Am. Holding, LLC v. Swift Textiles, LLC*.

Another diversity action solely addressing state law claims, Berkeley's reliance on *Denim* is another red herring. Unlike in this case, the defendant in *Denim* expressly represented and warranted in the subscription agreement that it would attain projected sales revenues and perform specified actions by dates certain. *Id.*, Case No. 4:10-CV-45, 2011, U.S. Dist. LEXIS 8974 at *32 (M.D.Ga. Jan. 28, 2011). When these failed to materialize, the plaintiff sued for rescission—*not* federal securities fraud. *Id.* at *32-*33, *41.

Here, Berkeley is not seeking recission. And the agreements between Sionic and Berkeley do not incorporate any of the purported promises and guarantees that Berkeley alleges were so material to its investment decision. This point is important, because to have a viable cause of action, especially as a sophisticated investor, Berkeley had an obligation to incorporate protective language ensuring these alleged promises and guarantees were a material part its agreement. Because it did not, as a matter of law Berkeley has no

viable claim. *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 196 (2d Cir. 2003); *Infinite Energy v. Econnergy Energy Co.*, Case No. 1:06cv124, 2010 U.S. Dist. LEXIS 158055 at *7 (N.D.Fla. Oct. 13, 2010) ("When the statement in question relates to a business transaction memorialized in a contract, and the parties involved are sophisticated, courts are unlikely to find reliance on oral communications to be reasonable").

Next, Berkeley tries to obviate the preclusive effect of Sionic's "Risk Factors" disclosure by baldly asserting that cautionary language does not automatically neutralize misstatements or omissions, citing *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1299 (11th Cir. 2011). However, Berkeley never explains how *FindWhat*'s holding is applicable to the facts of this case. Moreover, as the Eleventh Circuit held, when a defendant "specifically warned" of risks of a significance similar to that actually experienced by a plaintiff, then that defendant is "shielded from liability under the safe harbor," regardless of whether the plaintiff alleges that the defendant "knew these statements *were false when made*." *In re Mako*, 2013 U.S. Dist. LEXIS 69129 at *22-*25 (emphasis added).

Respectfully, Sionic has demonstrated the propriety of reconsideration and the necessity of dismissal of Berkeley's Complaint. The September 2 Order failed to apprehend Sionic's arguments or in context to understand the

9

facts, admissions, and other evidence cited in and central to Berkeley's Complaint. Sionic has shown dismissal was and is appropriate under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1658(b). Respectfully, Sionic requests the Court reconsider its Order and grant Sionic's Motion to Dismiss.

### III. Sionic has presented three discrete pure law questions entirely appropriate for certification to the Eleventh Circuit.

Like the rest of its Response, other than conclusory arguments, Berkeley fails to show how Sionic's three proposed questions to the Eleventh Circuit fail the test for certification under 28 U.S.C. § 1292(b). The fact remains that Sionic formulated three pure law questions that do not require consideration beyond the surface of the Complaint and Order. *Foliage v. E.I. Du Pont de Nemours & Co.*, 135 F.Supp.2d 1271, 1297 (S.D.Fla. 2001). Nor does Berkeley deny these questions would set rules of general applicability that would be dispositive of all or nearly all of Berkeley's Complaint.

As such, Sionic's questions are like those that have been certified for interlocutory appeal to the Eleventh Circuit. *Horowitch v. Diamond Aircraft Indus.*, Case No. 6:06-CV-1703, 2007 U.S. Dist. LEXIS 73858 at \*4-\*8 (M.D.Fla. Oct. 3, 2007) (holding the issue of "whether Florida law would enforce a liquidated penalty provision that limits a buyer's remedy" met Eleventh Circuit requirements). They specifically avoid they type of fact-

10

intensive inquiry that the Eleventh Circuit has rejected. *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (rejecting issue that would have required a decision as to whether the specific facts alleged by the specific plaintiffs were sufficient for the specific causes of action). Accordingly, Sionic respectfully requests that if the Court denies reconsideration, that it amend its September 2 Order to include certification of Sionic's three questions to the Eleventh Circuit in accordance with 28 U.S.C. § 1292(b).

## CONCLUSION

For the foregoing reasons, Sionic requests the Court grant the Motion for Reconsideration, including dismissal of Berkeley's wholly derivative state fraud claim, Count II of the Complaint, or in the Alternative amend the Order to include certification for interlocutory appeal.

Respectfully submitted this October 8, 2020.

/s/ Simon Jenner
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker, Esq.
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Baker Jenner LLLP
210 Interstate N. Parkway, SE, Ste. 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
*Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE AND SERVICE**

I certify that the foregoing has been prepared in accordance with Local Rule 5.1C, using Century Schoolbook, 13 point. I further certify I have electronically filed, on the date stated below, the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT SIONIC MOBILE CORPORATION'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO AMEND ORDER TO INCLUDE CERTIFICATION OF INTERLOCUTORY APPEAL with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

>Bryan E. Busch
>Laura Mirmelli
>Busch, Slipakoff, Mills & Slomka, LLC
>Riverwood 100, 21st Floor
>3350 Riverwood Parkway
>Atlanta, GA 30339

This October 8, 2020.

>/s/ Simon Jenner
>Georgia Bar No. 142588
>*Attorney for Defendant*
>Baker Jenner LLLP
>210 Interstate North Parkway SE
>Suite 100
>Atlanta, GA 30339
>Telephone: (404) 400-5955
>E: simon.jenner@bakerjenner.com