IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>                    Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and<br>RONALD D. HERMAN,<br><br>                    Defendants. | Civil Action File No.<br>1:19-cv-05523-SDG |

---

## SIONIC MOBILE CORPORATION'S MOTION FOR SANCTIONS DUE TO THE VIOLATION OF RULES 4.2, 4.4 AND 8.4 OF THE GEORGIA RULES OF PROFESSIONAL CONDUCT BY BUSCH, SLIPAKOFF, MILLS & SLOMKA, LLC

Defendant Sionic Mobile Corporation ("Sionic") respectfully moves this Court to sanction Bryan Busch ("Busch") and his firm, Busch, Slipakoff, Mills & Slomka, LLC ("Busch Slipakoff") for Busch's bad faith violations of Rules 4.2, 4.4 and 8.4 of the Georgia Rules of Professional Conduct (each of "Rule"), as follows:

1. By disqualifying Busch and Busch Slipakoff as counsel to Plaintiff Berkeley Ventures II, LLC ("Berkeley"); and

2. By granting Sionic an award of attorney fees and costs incurred in having to bring this Motion.

Sionic seeks these sanctions because of Busch's bad faith violation of Rule 4.2(a), also known as the "no-contact" rule. Under this Rule, a lawyer is forbidden to directly contact a represented party in pending litigation without the permission of opposing counsel. Despite the clear wording of Rule 4.2(a), Busch nonetheless directly called Patrick Gahan ("Gahan"), a member of Sionic's Board of Directors (the "Board"), on his private cellphone, without the knowledge or permission of Sionic's counsel.

Busch called Gahan despite multiple allegations of the Complaint which he signed as Berkeley's lead lawyer, alleging that Gahan was the "Key Board Member" involved in the purported scheme to defraud Berkeley. During the call, Busch intimidated Gahan, warned that this case was "about to heat up," and told Gahan that Sionic should seriously consider settlement before they did so. Gahan was intimidated by Busch's call, which threatened his business, legal and financial interests in an effort to exert undue pressure on Sionic to settle this litigation by the payment of money. This threat was credible given Gahan's representation for many years by Adam Slipakoff, co-founder of Busch Slipakoff, who had advised Gahan on a slew of matters, including ones that Berkeley alleged as fraudulent and part of a larger scheme to deceive.

Busch's action was an attack on the integrity of our legal system and the authority of this Court to regulate this case in accordance with the Rules. In violating Rule 4.2 and in trying to use Gahan's susceptible position to exert undue pressure on Sionic to pay money to settle this matter, Busch violated the privileged relationship between Sionic and its counsel. In violating Rule 4.4, Busch violated Gahan's individual rights, including not to have a lawyer threaten his business, legal and financial interests, and Sionic's right to a proper, fair and orderly progression of this litigation without its Board, interests and defenses being compromised. And because he acted in manifest bad faith, Busch violated Rule 8.4, meaning Sionic and its counsel cannot trust that Busch will abide by the Rules and respect Sionic and Gahan's rights, undermining public trust in the bar and legal system and this Court's just and orderly administration of this case. *Papanicolaou v. Chase Manhattan Bank, N.A.*, 720 F. Supp. 1080, 1087 (S.D.N.Y. 1989). Busch should therefore be disqualified. *Kliener v. First Nat'l Bank*, 751 F.2d 1193, 1209-1210 (11th Cir. 1985); *Clos v. Pugia*, 420 S.E.2d 774, 843 (Ga. Ct. App. 1992).

Because Busch Slipakoff is a small firm with no viable alternative to Busch or any effective means to screen Busch from further involvement, it is equally appropriate that they also be disqualified. *Bedoya v. Aventura*

*Limousine & Transp. Serv.*, 861 F.Supp.2d 1346, 1372 (S.D.Fla. 2012). Further, because Busch acted in bad faith, an award of attorney fees and costs is equally appropriate. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010); *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991). Sionic therefore requests that the Court set a calendar for briefing and response on the question of attorney fees and costs, including the adducing of testimony (whether at a hearing or in writing) and evidence in the form of billing records, to determine the size of an appropriate award.

A Brief in Support, incorporated by this reference, is submitted simultaneously with this Motion for the Court's consideration.

WHEREFORE, Sionic Mobile Corporation respectfully moves this Court to sanction Bryan Busch and Busch, Slipakoff, Mills & Slomka, LLC, including by disqualifying them from this matter and awarding Sionic its attorney fees and costs associated with bringing this Motion.

Respectfully submitted,

/s/ Simon Jenner

Simon Jenner, Esq.
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker, Esq.
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, GA 30339
Telephone: (404) 400-5955
*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1C, using Century Schoolbook, 13 point. I further certify that on this date, I electronically filed **SIONIC MOBILE CORPORATION'S MOTION FOR SANCTIONS DUE TO THE VIOLATION OF RULES 4.2, 4.4 AND 8.4 OF THE GEORGIA RULES OF PROFESSIONAL CONDUCT BY BUSCH, SLIPAKOFF, MILLS & SLOMKA, LLC** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Bryan E. Busch
Laura Mirmelli
Busch, Slipakoff, Mills & Slomka, LLC
Riverwood 100, 21st Floor
3350 Riverwood Parkway
Atlanta, Georgia 30339

Respectfully, November 5, 2020.

/s/ Simon Jenner
Georgia Bar No. 142588
Attorney for Defendant
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
E: simon.jenner@bakerjenner.com