IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN,<br><br>Defendants. | Civil Action File No.<br>1:19-cv-05523-SDG |

**MOTION OF NON-PARTY PATRICK GAHAN TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT**

Non-Party Patrick Gahan ("Mr. Gahan") respectfully submits this Motion to Intervene and Memorandum of Law in Support. Mr. Gahan seeks to intervene in this matter for the limited purpose of filing his Motion to Disqualify Busch, Slipakoff, Mills & Slomka, LLC as Counsel of Record for Plaintiff Berkeley Ventures II, LLC. Copies of Mr. Gahan's Motion and Brief are attached hereto as Exhibits A and B.

**I.  FACTUAL BACKGROUND**

Mr. Gahan is a member of the Board and a shareholder in Defendant Sionic Mobile Corporation ("SMC"). (Affidavit of Patrick Gahan ("Gahan Aff.") Doc. 50-

1

3, Para. 2.) Plaintiff Berkeley Ventures II, LLC ("Berkeley") has alleged in its Complaint that Mr. Gahan, as a Board member, was part of an alleged scheme to defraud Berkeley (*Id.* at Para. 7), and engaged in other unlawful actions including but not limited to failing to disclose charitable donations of SMC stock made at purportedly inflated valuations. (*Id.* at Para 9.) Berkeley has also labeled Gahan as the "Key Board Member" in its Complaint which alleges securities fraud and common law fraud and demands punitive damages. (*Id.* at Para. 10-11.) Berkeley's claims for damages in its Complaint, for at least $1,600,000, directly affect Mr. Gahan and his interests as a shareholder and as a Board member. (*Id.* at Para. 13.)

Lead counsel for Berkeley is Bryan Busch ("Busch"). Mr. Busch's law partner, Adam Slipakoff ("Slipakoff"), was Mr. Gahan's lawyer for over four years, including during the period from 2015 to 2017. (*Id.* at Para. 17.) Mr. Slipakoff directly advised Mr. Gahan about estate planning and charitable activities, including the charitable trusts and donations of SMC stock that Mr. Gahan made in 2015. (*Id.* at Para. 16-17.)[1] Mr. Slipakoff's law firm has now alleged that these same charitable

---

[1] In her September 2, 2020 Order, Judge Evans noted that SMC "first became aware of Slipakoff on December 1, 2015, in regard to a donation of Sionic stock that Patrick Gahan ('Gahan'), a Sionic stockholder and Board member, wanted to make to various foundations and charities. To help facilitate the donation, **Slipakoff LLP, as Gahan's lawyers,** requested a division of an existing Sionic stock certificate into multiple smaller certificates. On December 4, 2015, Gahan introduced Slipakoff to

2

is not heard. Simply stated, there is no question that an attorney-client relationship previously existed between Mr. Gahan and Mr. Slipakoff, which is substantially related to the present matter. While SMC has filed its own renewed motion to disqualify, Mr. Gahan's interests cannot be fully protected unless he is permitted to intervene.

In *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83 (5th Cir. 1976), the former Fifth Circuit Court of Appeals stated that a non-party whose interests are threatened by its counsel's representation of the plaintiff in pending litigation is entitled to intervene as of right and press for the attorney's disqualification. In that case, one of the defendants filed a motion to disqualify plaintiff's counsel on the grounds that the plaintiff's firm had previously represented it with respect to the same subject matter. In response, the plaintiff dismissed that defendant from the lawsuit. The court noted that if the dismissed defendant "viewed its interests threatened by the continued representation of [plaintiff] by [plaintiff's counsel]," the dismissed defendant "could have intervened as of right under Rule 24(a) of the Federal Rules of Civil Procedure, and it could have pressed for the disqualification of [plaintiff's counsel]." *Id.* at 88. That is exactly what Mr. Gahan is doing here.

4

### B.   Permissive Intervention is Likewise Appropriate.

Mr. Gahan also meets the criteria for permissive intervention because he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Like SMC, Mr. Gahan is entitled to seek disqualification of Plaintiff's counsel on the grounds that an attorney-client relationship previously existed between Mr. Gahan and Mr. Slipakoff, and Plaintiff's claims in this lawsuit are substantially related to the subject matter of Mr. Slipakoff's representation of Mr. Gahan.

### III.   CONCLUSION

WHEREFORE, Mr. Gahan respectfully moves the Court to grant his Motion to Intervene.

Respectfully submitted,

/s/ S. Wade Malone
S. Wade Malone
Georgia Bar No. 468015
wade.malone@nelsonmullins.com
Michelle W. Johnson
Georgia Bar No. 759611
michelle.johnson@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
201 17th Street, 17th Floor
Atlanta, GA 30363
Telephone: (404) 322-6000

Attorneys for Movant Patrick Gahan

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(C).

This 16th day of November 2020.

/s/ S. Wade Malone
Georgia Bar No. 468015

Attorney for Movant Patrick Gahan

1

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the within and foregoing **Motion of Non-Party Patrick Gahan to Intervene and Memorandum of Law in Support** with the Clerk of Court by using the CM/ECF system, which will send electronic notification of such filing to the following:

>Bryan E. Busch
>Laura Mirmelli
>Busch, Slipakoff, Mills & Slomka, LLC
>Riverwood 100, 21st Floor
>3350 Riverwood Parkway
>Atlanta, GA 30339
>
>Simon Jenner
>Richard J. Baker
>Baker Jenner LLLP
>201 Interstate North Parkway, SE
>Suite 100
>Atlanta, GA 30339

This 16th day of November 2020.

>/s/ S. Wade Malone
>Georgia Bar No. 468015
>
>Attorney for Movant Patrick Gahan