# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN,<br><br>Defendants. | Civil Action File No.<br>1:19-cv-05523-SDG |

**MOVANT PATRICK GAHAN'S BRIEF IN SUPPORT OF HIS MOTION TO DISQUALIFY BUSCH, SLIPAKOFF, MILLS & SLOMKA, LLC AS COUNSEL OF RECORD FOR PLAINTIFF BERKELEY VENTURES II, LLC**

Non-Party Patrick Gahan has filed a Motion to Intervene in this action. If the Motion is granted, he intends to file the attached Motion to Disqualify Busch, Slipakoff, Mills & Slomka, LLP ("Busch Slipakoff" or "the Firm") as Counsel of Record for Plaintiff Berkeley Ventures II, LLC ("Plaintiff" or "Berkeley"). Disqualification is required to enforce the professional and ethical obligations of Mr. Gahan's former legal counsel, Adam Slipakoff, his law partner, Bryan Busch, and their law firm. Specifically, Busch Slipakoff has taken positions which are materially adverse to Mr. Gahan and substantially related to Mr. Slipakoff's former

1

representation of Mr. Gahan. (Mr. Gahan's Motion to Disqualify is attached to the Motion to Intervene as **Exhibit A.**)

This is Movant Gahan's Brief in Support of his Motion to Disqualify Busch Slipakoff, attached as **Exhibit B** to his Motion to Intervene. Should the Court grant his Motion to Intervene, Mr. Gahan respectfully requests that the Court also order that this Brief and his Motion to Disqualify be deemed as filed with the Court on the same date as the Order granting the Motion to Intervene.

## ARGUMENT AND CITATION OF AUTHORITIES

### I. The Attorney-Client Relationship Between Mr. Slipakoff and Mr. Gahan

It is undisputed that Mr. Slipakoff represented Mr. Gahan and his business interests from on or around June of 2014 through August of 2018. During that four-year period, Mr. Gahan was both a shareholder and a member of the Board of Directors of Sonic Mobile Corporation ("SMC").

In 2013 Mr. Gahan founded Enduring Hearts, Inc., a Georgia 501(c)(3) charity. Mr. Gahan served on its Board during the four-year period that Mr. Slipakoff was Mr. Gahan's personal attorney. (Affidavit of Patrick Gahan ("Gahan Aff.") Doc. 50-3, Para. 17.) Enduring Hearts was founded by Mr. Gahan to partner the business acumen and leadership of its Board members with a team of leading doctors and scientists in the field of pediatric heart transplantation, cardiology, and

2

immunology to drive leading-edge research with the objective of making a pediatric transplant last a lifetime. (Affidavit of Derek Cunningham ("Cunningham Aff.) Doc. 50-5, Para. 3.)

During the period from 2015 through 2017, Mr. Slipakoff developed a deep and detailed knowledge of Mr. Gahan's affairs, both personal and corporate. Through his representation of Mr. Gahan, Mr. Slipakoff gained knowledge about Mr. Gahan's personal concerns and objectives that motivated his decision making, including with respect to his investment in SMC and his actions as a Board member. Mr. Slipakoff also learned "details about my document creation and retention practices, operations, and business methods." (Gahan Aff. Doc. 50-3, Para. 17.)

From 2015 through 2017, Mr. Slipakoff (with the assistance of another attorney in his firm) advised Mr. Gahan on the charitable donation of shares of his SMC stock to both Enduring Hearts and another charity Mr. Gahan wanted to support, Children's Healthcare of Atlanta ("CHOA"). Mr. Slipakoff also provided Mr. Gahan with the legal Donation Documents to effect the donation of some of his SMC stock to those two charities. (Affidavit of Ronald D. Herman ("Herman Aff.") Doc. 9-2, Para. 4-5 and Ex. 1.)

In short, Mr. Slipakoff had a long-term attorney-client relationship with Mr. Gahan. Mr. Gahan looked to Mr. Slipakoff for critical legal advice on many

3

business-related matters during that time period, including Mr. Gahan's decision to donate some of his SMC stock to charities that he supported.

## II. The Legal Standard for Disqualification

Attorney conduct in this Court is governed by the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia (the "Local Rules"). The Local Rules provide:

> All lawyers practicing before this Court shall be governed by and shall comply with the specific rules of practice adopted by this Court and, unless otherwise provided, with the Georgia Rules of Professional Conduct contained in the Rules and Regulations of the State Bar of Georgia and with the decisions of this Court interpreting these rules and standards.

LR 83.1(C), NDGa.

The Georgia Rules of Professional Conduct (the "Georgia Rules") were adopted by the Supreme Court of Georgia by Order dated June 12, 2000, making them effective on January 1, 2001 and replacing Georgia's prior Canons of Ethics. Much of the case law applying and interpreting the Canons of Ethics prior to 2001 is favorably cited by the courts, because many of the principles regarding conflicts of interest under the prior Canons of Ethics apply equally to the conflicts of interest principles contained in the Georgia Rules.

4

The Georgia Rules applicable here are Rule 1.7: Conflict of Interest: General Rule; Rule 1.9: Conflict of Interest: Former Client; and Rule 1.10: Imputed Disqualification: General Rule.

### III. Busch Slipakoff is Disqualifed under the Imputed Disqualification Rule if Mr. Slipakoff Would Be Disqualified

Georgia Rule 1.10 prohibits any attorney associated with a law firm from "knowingly representing a client when any one of them practicing alone would be prohibited from doing so by ... Rule 1.9: Former Client...." If Mr. Slipakoff is prohibited from representing Berkeley in this case because of his prior representation of Mr. Gahan, every other Busch Slipakoff attorney is also prohibited from doing so. The disqualification of Mr. Slipakoff is automatically imputed to all of them.

While Plaintiff and Busch Slipakoff opposed the Defendants' original Motion to Disqualify the Firm, they never challenged the legal position that all of the attorneys at Busch Slipakoff would be automatically disqualified under Georgia Rule 1.10 if Mr. Slipakoff was disqualified. They have thus admitted (as they must) that imputed disqualification would bar the Firm from continuing to represent Plaintiff if Mr. Slipakoff were prohibited from doing so.

5

## IV. This Court's Prior Ruling on SMC's Motion to Disqualify Does Not Apply to a Different Former Client of Mr. Slipakoff and a Different Set of Relevant Facts

Mr. Gahan is aware of the first Motion to Disqualify Busch Slipakoff filed by SMC, which was denied in Judge Evans' September 2, 2020 Order. (Doc. 39.) The facts and legal issues raised by Mr. Gahan are separate and distinct from the grounds asserted by SMC. First, SMC's Motion addressed the relationship of Mr. Slipakoff and Defendant SMC. In its ruling on that Motion, this Court delved deeply into the prior representation and the communications between Mr. Slipakoff and SMC, and how they might relate to the current case. The Court found that while a prior attorney-client relationship existed between Mr. Slipakoff and SMC, the facts and the issues raised in the prior representation were not "substantially related" to the facts and the issues raised with respect to Mr. Slipakoff's prior representation of SMC. Regardless of the relationship between Mr. Slipakoff and SMC, the facts and issues raised in Mr. Slipakoff's prior representation of Mr. Gahan are **directly related** to the current lawsuit and require the disqualification of Busch Slipakoff.

## V.  The Busch Slipakoff Firm's Current Representation of Plaintiff Berkeley is Substantially Related to Mr. Slipakoff's Prior Representation of Mr. Gahan

Comment 3 to Georgia Rule 1.9, which governs conflicts of interest involving former clients, states that "[m]atters are 'substantially related' for purposes of this Rule" if:

(1)  "they involve the same transaction or dispute;" **or**

(2)  "there otherwise is a substantial risk that confidential information as would normally have been obtained in the prior representation would materially advance" the new client's position in the new matter.

As shown below, the two matters involved here are "substantially related" under either of these criteria.

### A.  The Two Representations Are Substantially Related Because They Involve the Same Transaction

As discussed above, Mr. Slipakoff was directly involved in advising Mr. Gahan on his business matters from 2015-2017. He gave legal advice to Mr. Gahan about the donation of some of his SMC stock to Enduring Hearts and CHOA, and he provided the legal Donation Documents to effect those donations. **Those same donations** by Mr. Gahan are alleged by Berkeley to have been part of the Defendants' overall scheme to defraud the Plaintiff.

Mr. Gahan's charitable donations are described in the Complaint under the heading "Exit Strategy for Existing Investors." (Complaint, Doc.1, Para. 16-19.)

7

This section of the Complaint alleges that "In an effort to keep existing investors from lodging formal complaints or filing suits, [Defendants] attempted to pacify investors that became disgruntled with [SMC's] failures and the false promises of exponential growth." The Complaint further alleges that "Some investors donated their shares to one or more charities at inflated share prices to generate charitable tax deductions;" that "This arrangement enabled Defendants to continue raising capital for Sionic Mobile without publicizing the company's losses;" and "Defendants failed to disclose these charitable contribution arrangements to Berkeley prior to its investment."

Here, Busch Slipakoff has asserted facts about Mr. Gahan's motivations with respect to **the very transactions** where Mr. Slipakoff served as legal counsel to Mr. Gahan and helped him effect those transactions. By alleging that these donations were made at "inflated share prices," Busch Slipakoff is accusing Mr. Gahan of possible violation of the federal tax laws.

There is no doubt that Mr. Slipakoff's prior representation of Mr. Gahan with respect to the charitable donations **at issue in this case** is substantially related to the current representation in which those transactions are alleged to be part of a scheme to defraud the Plaintiff.

8

### B. The Two Matters Are Also Substantially Related Because There is a Substantial Risk That Confidential Information That Would Normally Have Been Obtained by Mr. Slipakoff in the First Matter Would Materially Advance the New Client's Position in the Second Matter

As noted in Dodson v. Floyd, 529 F. Supp. 1056 (N.D. Ga. 1981), the Court's focus here must be on what normally would have been shared with a lawyer. It cannot be the Court's "purpose to examine the actual disclosures" made by the client in the first matter, because the purpose of the rule is to "to protect the lawyer-client relationship." The Court's focus instead is on the reasonable inferences that may be drawn about the type of confidential information that *"would have been given* any attorney in his position." (*Id.* at 1063, emphasis in original). *Dodson* was decided before the adoption of the Georgia Rules, which explicitly adopted this principle in Comment 3 to Rule 1.9. Comment 3 states that "A client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that lawyer has confidential information to use in the subsequent matter," because a "conclusion about the possession of such information may be based on the nature of the services provided the former client and information that would in ordinary practice be learned by a lawyer providing such services."

Here, Busch Slipakoff has alleged that transactions about which Mr. Slipakoff represented Mr. Gahan in 2015 were part of an overall scheme to defraud the

9

Plaintiff, and that Mr. Gahan may have violated the tax laws by submitting "inflated share prices" for the shares he donated to various charities in order to get a tax deduction. It is reasonable to infer that discussions between Mr. Gahan and Mr. Slipakoff could have dealt with his motivations and reasons for the transactions at issue.[1] It is also reasonable to infer that such confidential information could be used to the advantage of Busch Slipakoff's new client and to the disadvantage of Mr. Gahan. Thus, the two matters are also "substantially related" under this second, alternative criterion.

## VI.   The Interests of Plaintiff Berkeley Are "Materially Adverse" to the Interests of Mr. Gahan

The final criterion Mr. Gahan must meet under Rule 1.9 is to show that Plaintiff's interests are "materially adverse" to Mr. Gahan's interests. First, it is noted that Mr. Gahan is an investor in SMC, and Plaintiff has sued SMC for $1.6 million plus punitive damages on the basis of an alleged fraudulent scheme. Second, the Complaint expressly alleges that the transactions Mr. Gahan engaged in during 2015, with the legal advice and assistance of Mr. Slipakoff, were part of Defendants' overall scheme to defraud the Plaintiff. Finally, the Complaint expressly alleges that Mr. Gahan may have submitted "inflated share prices" in order to obtain tax

---

[1] In fact, Mr. Gahan and Mr. Slipakoff actually discussed those matters. (Gahan Aff. Doc. 50-3, Para. 17.)

10

deductions. All of these allegations are an attack on Mr. Gahan's integrity and accuse him of being involved in unlawful activity. These allegations show that Plaintiff Berkeley's interests are, without a doubt, "materially adverse" to Mr. Gahan's interests.

## CONCLUSION

Busch Slipakoff must be disqualified as counsel of record for Plaintiff under Rule 1.9. Mr. Gahan has met all of the criteria for disqualification. He has established that Mr. Slipakoff's prior representation of him is "substantially related" to Busch Slipakoff's current representation of Plaintiff, and that Plaintiff's interests in the current action are "materially adverse" to Mr. Gahan's. Having proven that such a conflict of interest exists, the only way that Busch Slipakoff could continue to represent Plaintiff in this matter under Rule 1.9 would be for Busch Slipakoff to seek and obtain "informed consent, confirmed in writing," from Mr. Gahan. Busch Slipakoff has not sought informed consent, confirmed in writing from Mr. Gahan. Even if it had, Mr. Gahan would not grant his consent given the obvious conflict of interest between his interests and those of Plaintiff. Therefore, Mr. Gahan respectfully requests that this Court grant his Motion to Disqualify Busch, Slipakoff, Mills & Slomka, LLC, as Counsel of Record for Plaintiff Berkeley Ventures II, LLC.


Respectfully submitted,

/s/ S. Wade Malone
S. Wade Malone
Georgia Bar No. 468015
wade.malone@nelsonmullins.com
Michelle W. Johnson
Georgia Bar No. 759611
michelle.johnson@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
201 17th Street, 17th Floor
Atlanta, GA 30363
Telephone: (404) 322-6000

Attorneys for Movant Patrick Gahan

4833-4164-0146 v.5

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(C).

This 16th day of November 2020.

/s/ S. Wade Malone
Georgia Bar No. 468015

Attorney for Movant Patrick Gahan

4833-4164-0146 v.5

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the within and foregoing **Movant Patrick Gahan's Brief in Support of His Motion to Disqualify Bush, Slipakoff, Mills & Slomka, LLC as Counsel of Record for Plaintiff Berkeley Ventures II, LLC** with the Clerk of Court by using the CM/ECF system, which will send electronic notification of such filing to the following:

>Bryan E. Busch
>Laura Mirmelli
>Busch, Slipakoff, Mills & Slomka, LLC
>Riverwood 100, 21st Floor
>3350 Riverwood Parkway
>Atlanta, GA 30339
>
>Simon Jenner
>Richard J. Baker
>Baker Jenner LLLP
>201 Interstate North Parkway, SE
>Suite 100
>Atlanta, GA 30339

This 16th day of November 2020.

>/s/ S. Wade Malone
>―――――――――――――――
>Georgia Bar No. 468015
>
>Attorney for Movant Patrick Gahan

4833-4164-0146 v.5