UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION<br>and RONALD D. HERMAN<br><br>  Defendants. | Case No.: 1:19-CV-05523-ODE |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO SIONIC MOBILE CORPORATION'S RENEWED MOTION TO DISQUALIFY COUNSEL**

COMES NOW, Berkeley Ventures II, LLC ("Berkeley"), Plaintiff herein and respectfully submits Plaintiff's Response and Brief in Opposition to Sionic Mobile Corporation's Renewed Motion to Disqualify Counsel and shows this Court as follows:

**INTRODUCTION**

Defendant Sionic Mobile Corporation's ("Sionic") Renewed Motion to Disqualify Plaintiff's Counsel (Doc. 51) fails to raise any new evidence, arguments, or change in law that merits a different result than this Court's September 2, 2020 Order (Doc. 39) (hereinafter, the "Order"). Sionic generally argues that (1) new

1

evidence, (2) new ethical violations, and (3) errors of law require a different result. However, upon closer examination, this Motion is simply Sionic's most current attempt to deprive Plaintiff of its choice in counsel.

In rendering its decision, the Court considered the evidence presented by the parties and determined that "based on the evidence before it, Defendant Sionic has not met its burden of proving that the present and prior representations are Substantially related." (Doc. 39, Order at pg. 29.) The Court noted that although "Defendant Sionic makes the bare assertion that Slipakoff reviewed certain documents, Defendant fails to produce any evidence supporting this contention." (*Id.* at p. 30.) Instead of introducing evidence that would affirmatively establish that the representations are substantially related, Sionic only introduces unrelated pleadings in an effort to paint Plaintiff's counsel as unethical. Nonetheless, neither Plaintiff's counsel internal firm litigation nor the allegations contained in Defendant's Motion for Sanctions (Doc. 50) merit a different result than that previously adjudicated by this Court.

Plaintiff incorporates, as if fully restated herein, its Response to Defendant's Motion to Disqualify (Doc. 15) and its Response to Defendant's Motion for Sanctions filed contemporaneously herewith.

## ARGUMENT AND CITATIONS TO AUTHORITY

I. <u>Legal standard on motion to disqualify counsel.</u>

The test for disqualification of an attorney requires the inquiry into and proof of (1) the existence of an attorney-client relationship with the opposing lawyer and (2) that the matters within the pending suit are substantially related to the matters or cause of action wherein an attorney previously represented a party. *Cox v. Am. Cast Iron Pipe Co.,* 847 F. 2d 725, 728 (11th Cir. 1988) citing to *Duncan v. Merrill Lynch, Pierce, Fenner & Smith,* 646 F.2d 1020, 1027 (5th Cir. 1981). The party seeking disqualification bears the burden of establishing with specificity the "subject matters, issues, and causes of action presented in the former representation" so that the court can determine if the substantial relationship test has been met. *Cox,* 847 F. 2d at 729.

II. <u>The Court properly determined that the two representations are not substantially related.</u>

The Court correctly found that Sionic failed to establish that Slipakoff's prior representation of Sionic was substantially related to the instant case. A prior representation may be substantially related if it "could reasonably be understood as important to the issues involved in the present matter," involves the "same transaction or legal dispute, or if the current matter would involve the lawyer

attacking work that the lawyer performed for the prior client." *Mitchell v. Hunt*, No. 5:15-cv-2603, 2017 WL 1157897 (M.D. Fla. Jan. 9, 2017). A subsequent case may be deemed substantially related to a prior representation only if the two have *material and logical connections*. *Duvall v. Bledsoe*, 274 Ga. App. 256, 259, 617 S.E.2d 601 (2005)(emphasis added).

The evidence in the record and relied upon by the Court reflect that Slipakoff's representation of Sionic in 2015 was limited to a brief discussion after Sionic had completed a Series B Preferred Stock investment round and warrants. (Doc. 15 at 1-3.) Two years later, Berkeley invested in the common stock that gave rise the instant litigation. (*See gen.* Complaint at Doc. 1.) For that transaction, both Berkeley and Sionic were represented by other counsel and Slipakoff had no involvement in the preparation of any documents pertaining to that transaction. (Doc. 15-1 at 56.) Nonetheless, Sionic conflates this very limited representation with its own attempts to get Slipakoff to become an investor in Sionic. The documents Sionic contends are proof that Slipakoff was its "general counsel" are the very documents that it produced with respect to Slipakoff's potential investment in Sionic. (Doc. 9-2 at 35, 37, 38 and 46.)

The Court's Order correctly articulated that these "e-mail exchanges cited are limited and focus entirely on either public information—such as Sionic's

financials—or information any potential investor may obtain…" (Doc. 39, at p. 30.) Based on this, the Court found that Sionic failed to establish why it is reasonable to infer that this information was confidential, shared in the scope of representation or that they are substantially related to the instant case. *Id.* Sionic's contention that the Court "failed to property apply the law and either failing to consider, overlooking or misconstruing relevant facts" is thus patently inaccurate. (Doc. 51-1 at p. 11). The Court did not determine that no actual disclosure of confidential was disclosed, but that Sionic's proffered evidence did not reflect that Slipakoff's prior representation of Sionic was substantially related to Plaintiff's counsel current representation of Berkeley. (Doc. 39 at p. 30).

In its request for reconsideration, Sionic has not introduced any evidence that merits a different result. Instead of addressing the lack of evidence to support its "bare assertion that Slipakoff reviewed certain documents" and thus that the two representations are substantially related, Sionic instead engages in a bold and insolent campaign to attack the credibility and reputation of Plaintiff's counsel by inserting an unrelated firm dispute into the record. Sionic contends that conflict of interest issues asserted in the firm litigation, "upon information and belief, include [Slipakoff's] prior representation of Sionic and Gahan". However, not only are Sionic and Mr. Gahan <u>not even mentioned</u> in the firm litigation, but such pleadings

5

are clearly hearsay without probative force. *Steed v. EverHome Mortg. Co.,* 308 Fed. Appx 364, 369 (11th Cir. 2009). This conduct is done solely with the intent to impugn Plaintiff's counsel's credibility, instead of introducing evidence that affirmatively establish the two representations are substantially related.

Likewise, Sionic's attempt to disqualify Plaintiff's counsel by filing a meritless motion for sanctions must fail. Sionic argues that Plaintiff's counsel violated the no-contact rule by calling an unrepresented party and should be disqualified. (Doc. 51-1 at p. 8.) However, as outlined in its response to the Motion for Sanctions, Sionic's counsel expressly communicated to Plaintiff's counsel that they did not represent this non-party. *See gen.* Response to Motion for Sanctions at p. 2. Likewise, prior to starting a conversation with Mr. Gahan, Mr. Busch identified himself as counsel for Berkeley in the *Berkeley v. Si*onic matter, asked Mr. Gahan if he was represented by counsel, and asked if Mr. Gahan would like to include his attorney on the call or would like to terminate the call. *See* Affidavit of Bryan B. Busch, Esq. ("Busch. Aff.") at ¶¶ 5-8. Mr. Gahan assented to the call, and never disclosed that he was represented by any attorney, much less Sionic's counsel. *Id.* These events do not rise to an intentional or bad faith communication with a person represented by counsel in violation of Ga. St. Bar R. 4.2 so as to justify disqualification of Mr. Busch or his firm. Most importantly, these allegations do not

constitute evidence that the two representations actually at issue were substantially related. Accordingly, Defendant's Renewed Motion to Disqualify Counsel should be summarily denied.

## CONCLUSION

Sionic failed to articulate any mistake, new evidence, or other reason that justifies a different outcome to Sionic's Motion to Disqualify. Sionic's request is still a "bare assertion" that Slipakoff reviewed certain documents and there is no evidence before this Court that the two representations are substantially related. Accordingly, Plaintiff respectfully submits that Defendant's motion should be denied.

Submitted this 19th day of November 2020.

By: *Bryan E. Busch*
Bryan E. Busch, Esq.
Ga Bar No. 006055
bb@bsms.law
Laura Mirmelli, Esq.
Ga Bar No. 678008
lm@bsms.law
BUSCH SLIPAKOFF MILLS & SLOMKA, PLLC
6400 Powers Ferry Road, N.W., Suite 391
Atlanta, Georgia 30339
Tel: (404) 800-4062

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1, N.D. GA.

The undersigned hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in L.R. 5.1C, N.D. Ga. Specifically, Times New Roman font in 14 point.

> By: */s/ Bryan E. Busch*
> Bryan E. Busch, Esq.
> Georgia Bar No. 006055

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send email notification of such filing to counsel.

This 19th day of November, 2020.

By: */s/ Bryan E. Busch*
Bryan E. Busch, Esq.
Georgia Bar No. 006055