UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BERKELEY VENTURES II, LLC,

  Plaintiff,

v.

SIONIC MOBILE CORPORATION
and RONALD D. HERMAN

  Defendants.

Case No.: 1:19-CV-05523-ODE

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO SIONIC MOBILE CORPORATION'S MOTION FOR SANCTIONS**

COMES NOW, Berkeley Ventures II, LLC ("Berkeley"), Plaintiff herein and respectfully submits Plaintiff's Response and Brief in Opposition to Sionic Mobile Corporation's Motion for Sanctions and shows this Court as follows:

### INTRODUCTION

Defendant Sionic Mobile Corporation ("Sionic") moves to sanction Plaintiff's counsel for alleged communications with non-party Patrick Gahan ("Gahan") after Sionic's counsel expressly communicated that he and his firm did not represent Mr. Gahan. Sionic contends that Plaintiff's counsel, Bryan Busch ("Busch"), violated Ga. St. Bar R. 4.2. However, Rule 4.2 prohibits communications from a lawyer to a

1

represented party without the consent of the party's lawyer. Here, Sionic's counsel communicated to Mr. Busch that he and his firm did <u>not</u> represent Mr. Gahan. Additionally, prior to starting a conversation with Mr. Gahan, Mr. Busch identified himself as counsel for Berkeley in the *Berkeley v. Si*onic matter, asked Mr. Gahan if he was represented by counsel, asked if Mr. Gahan would like to include his attorney on the call or would like to terminate the call. *See* Affidavit of Bryan E. Busch, Esq. ("Busch. Aff.") attached hereto as **Exhibit "1"** at ¶¶ 5-8. Mr. Gahan assented to the call, and never disclosed that he was represented by any attorney, much less Sionic's counsel. *Id.* These events do not rise to an intentional or bad faith communication with a person represented by counsel so as to justify sanctions or disqualification of Mr. Busch or his firm.

## ARGUMENT

There is not merit to Defendant's contention that Mr. Busch intentionally and in bad faith contacted a represented party. Ga. St. Bar R. 4.2 provides that a "lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be presented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order." Where the party is an organization, Rule 4.2(4A) prohibits communications "with an agent or employee of the organization who

2

supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter…"

Following Sionic's first Motion to Disqualify (Doc. 9), Sionic's counsel expressly communicated to Mr. Busch that he and his firm did not represent Mr. Gahan. Busch Aff. at ¶¶ 3-4, Ex. 1. Despite this acknowledgement, Sionic now contends that Mr. Gahan is represented by its counsel in a renewed effort to disqualify Plaintiff's counsel from this case. Nonetheless, in addition to confirming that Mr. Gahan was not represented by Sionic's counsel, prior to starting a conversation with Mr. Gahan, Mr. Busch identified himself as counsel for Berkeley in the Berkeley v. Sionic matter, asked Mr. Gahan if he was represented by counsel, asked if Mr. Gahan would like to include his attorney on the call or would like to terminate the call. *Id.* at ¶¶ 5-8. Mr. Gahan assented to the call, and never disclosed that he was represented by any attorney, much less Sionic's counsel. *Id.*

The case law relied on by Sionic do not present the same factual scenario that would support a finding of intentional communications with a represented party in the instant case. Sionic relies on cases where an attorney contacted represented parties despite direct knowledge that they were represented or even after court instruction to cease communications. *In the Matter of Maxwell* an attorney of the employer in a sexual harassment complaint interviewed the complainants despite

3

direct knowledge that they had retained legal counsel. 627 S.E. 2d 16, 17 (Ga. 2006). *Harris v. Lockheed Martin Corp.* did not address a request for sanctions for an alleged violation of R. 4.2. 2013 U.S. Dist. LEXIS 203082 (N.D. Ga. Feb. 4, 2013). Instead, the parties in *Harris* sought Court guidance regarding discovery procedures where a lawyer attempted to prevent discovery by offering to represent free of charge former employees of a corporate client and also wanted to conduct an *ex-parte* discovery interview of current employees already individually represented by counsel. 2013 U.S. Dist. LEXIS 203082, *17-18 (N.D. Ga. Feb. 4, 2013). There, the court denied the request to conduct *ex parte* interviews of the represented employees and instructed counsel that when seeking to contact former employees not represented by counsel, that he must clearly ascertain whether they are represented by counsel, fully identify himself, and get consent from the person to continue the conversation. *Id.* at * 19. Similarly, in *Horton v. Maersk Line, Ltd.,* the Court addressed a request for protective order following a series of contentious and threatening behavior towards deposition witnesses. 2013 U.S. Dist. Lexis 128400, *4-12, (S.D. Ga. Sept. 9, 2013).

      The facts before this Court are nowhere near the improper conduct asserted by Sionic. Sionic's counsel expressly acknowledged to Mr. Busch that he and his firm did <u>not</u> represent Mr. Gahan. Prior to speaking with Mr. Gahan, Mr. Busch

identified himself and his client, confirmed that Mr. Gahan was not represented by counsel, inquired as to whether Mr. Gahan wanted to include counsel in the conversation, and obtained Mr. Gahan's explicit consent to the conversation. Busch Aff. at ¶ 7. Sionic cannot retroactively convert this into an improper communication by now asserting that Mr. Gahan is represented.

## CONCLUSION

Sionic's continued attempts to prevent the litigation of the merits of this case should not be permitted to continue. Here, following this Court's denial of Sionic's motion to dismiss and motion to disqualify Plaintiff's counsel, Sionic has filed: (1) a Motion for Reconsideration or, in the alternative, Motion to Amend Order to Include Certification of Interlocutory Appeal (Doc. 40); (2) Motion to Stay Proceedings (Doc. 42); (3) Motion for Sanctions (Doc. 50); (4) Motion for Disqualify (Doc. 51); and (5) Emergency Motion to Stay (Doc. 52). Defendant should not be permitted to succeed in its continued efforts to delay resolution of this case by retroactively creating an attorney client relationship where non previously existed.

Submitted this 19th day of November 2020.

By: *Bryan E. Busch*
Bryan E. Busch, Esq.
Ga Bar No. 006055
bb@bsms.law
Laura Mirmelli, Esq.
Ga Bar No. 678008
lm@bsms.law
BUSCH SLIPAKOFF MILLS &
SLOMKA, PLLC
6400 Powers Ferry Road, N.W., Suite 391
Atlanta, Georgia 30339
Tel: (404) 800-4062

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1, N.D. GA.

The undersigned hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in L.R. 5.1C, N.D. Ga. Specifically, Times New Roman font in 14 point.

By: */s/ Bryan E. Busch*
Bryan E. Busch, Esq.
Georgia Bar No. 006055

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send email notification of such filing to counsel.

This 19th day of November, 2020.

                By: */s/ Bryan E. Busch*
                Bryan E. Busch, Esq.
                Georgia Bar No. 006055