### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

BERKELEY VENTURES II, LLC,

    Plaintiff,

v.

                        Case No.: 1:19-CV-05523-SDG

SIONIC MOBILE CORPORATION
and RONALD D. HERMAN

    Defendants.                        JURY TRIAL DEMANDED

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and N.D.Ga. Local Rule 16.2, Plaintiff Berkeley Ventures II, LLC ("Plaintiff" or "Berkeley") and Defendant Sionic Mobile Corporation ("Defendant" or "Sionic") submit their Joint Preliminary Report and Discovery Plan and show the Court as follows:

1.    **Description of Case:**

    **(a)**    **Describe briefly the nature of this action.**

**Plaintiff:** Plaintiff brings this action following Plaintiff's investment of $1,600,000.00 in Sionic Mobile in reliance on a number of materially false and misleading misrepresentations by Defendants. As a result, Plaintiff has asserted claims for (1) securities fraud, (2) common law fraud, and (3) punitive damages.

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

**Defendant:** Defendant timely filed its Verified Answer [Doc. 41], presenting 35 affirmative defenses and then specifically responding to each of Plaintiff's enumerated paragraphs in its Complaint [Doc. 1]. For the reasons more fully described in part 1(b) of this Report, Plaintiff has not properly pled, and cannot prove, the elements required for a viable Section 10(b) securities fraud claim and Georgia common law fraud claim, including due to Plaintiff's failure to satisfy the exacting pleading requirements of Fed. R. Civ. P. 8 and 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA").

(b)    **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff:** Defendant is a Georgia limited liability company engaged in providing mobile marketing and loyalty services to merchants and consumers. In October 2017, Defendants presented Plaintiff's CEO with an executive summary and a company fact sheet as an encouragement to invest in Defendant. After Plaintiff's request for additional information, Defendants provided Plaintiff with an updated proforma with detailed revenue and projections, draft contracts, schedule of debt, subscription agreement, investor questionnaire, amended and restated shareholder agreement, joinder to shareholder's agreement, and wire instructions. Relying on the materials and information available, Plaintiff signed investment

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

documents on December 5, 2017 and wired $1.6 million on December 7, 2017. Thereafter, Plaintiff learned that a number of the statements and written materials provided by Defendants were false and misleading. As a direct and proximate result, Plaintiff has been damaged in an amount not less than $1.6 million.

**Defendant:** Defendant filed a Motion to Dismiss [Doc. 10, 10-1 – 10-16, 11] ("Motion to Dismiss") and subsequent Motion to Reconsider Motion to Dismiss or, in the Alternative, to Amend Order to Include Certification of Interlocutory Appeal [Doc. 40, 40-1] ("Motion to Reconsider"). While the Court denied Defendant's Motion to Dismiss in its September 2, 2020 Order [Doc. 39], and Defendant's Motion to Reconsider in its December 11, 2020 Order [Doc. 65], Defendant nonetheless believes that multiple grounds exist to dismiss and deny the Complaint [Doc. 1] in its entirety, including under the applicable statute of limitations, bespeaks caution safe harbor, and Plaintiff's failure to state a viable cause of action for securities fraud under Section 10(b) or Rule 10b-5, or under Georgia common law.

Defendant denies that any of the statements upon which Plaintiff bases its causes of action were false or misleading and, as set forth more completely in Defendant's Verified Answer [Doc. 40], further denies all allegations of wrongdoing that Plaintiff has pled in its Complaint, including that it acted with scienter. Defendant further denies Plaintiff's allegation that it reasonably or justifiably relied

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

on any alleged misstatement or omission of Defendant, that Plaintiff has suffered an economic loss or one that is causally related to any alleged misstatement by Defendant, or that the purported truth concerning the status of Defendant's business, operations, revenues and contractual relationships was at any time concealed from Plaintiff or subsequently disclosed to Plaintiff's harm and detriment after the date that Plaintiff entered into the Subscription Agreement.

**(c)     The legal issues to be tried are as follows:**

<u>**Plaintiff:**</u>

(1)     Whether Defendants employed devices, schemes, artifacts, and misrepresentations to defraud Plaintiff into investing $1.6 million into Sionic Mobile;

(2)     Whether Defendants engaged in acts, practices and courses of business which operated as a fraud or deceit upon Berkeley;

(3)     Whether the misrepresentations and omissions by Defendants were intentionally made with the knowledge that they were false and misleading at the time they were made;

(4)     Whether Defendants conduct shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which

4

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

would raise the presumption of conscious indifferent to the consequences;

**<u>Defendant</u>:** Without waiving objection to Plaintiff's statement of the legal issues to be tried, and further subject to Defendant's Motion to Dismiss and Motion to Reconsider, and without waiving or compromising any of the arguments, grounds and defenses presented in these Motions and Defendant's Verified Answer, Defendant identifies the following legal issues to be tried should the Court ultimately deny dismissal in this case:

(1)   Does any affirmative or other defense raised in Defendant's Verified Answer partially or completely bar Plaintiff's claims in this matter?

(2)   Has Plaintiff alleged a viable cause of action against Defendant under Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5, its enforcing regulation, 17 C.F.R. § 240.10b-5?

(3)   Has Plaintiff alleged a viable cause of action against Defendant for Georgia common law fraud under O.C.G.A. § 51-12-5.1?

(4)   Did Defendant commit an actionable violation Section 10(b) and Rule 10b-5? If yes, what is the appropriate measure of damages, if any?

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

(5)     Did Defendant commit an actionable violation of O.C.G.A. § 51-12-5.1? If yes, what is the appropriate measure of damages, if any, including punitive damages?

**(d)     The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**  Not applicable.

**(2) Previously Adjudicated Related Cases:**  Not applicable.

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____ (1) Unusually large number of parties

_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than normal volume of evidence

___X___ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

___X___ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

_____ (11) Unusually complex discovery of electronically stored information.

**3.     Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties.**

*For Plaintiff:*

Jason B. Godwin, Esq.
Ga Bar No. 142226
jgodwin@godwinlawgroup.com
GODWIN LAW GROUP
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093
Tel: (770) 448-9925

*For Defendant:*

Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Baker Jenner LLLP
210 Interstate North Parkway, SE, Suite 100
Atlanta, GA 30339
T: 404-400-5955

**4.     Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

_____ Yes       _X_ No

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

**If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.**

**5.      Parties to This Action:**

**(a)      The following persons are necessary parties who have not been joined:**

Not applicable.

**(b)      The following persons are improperly joined as parties:**

Not applicable.

**(c)      The names of the following parties are either inaccurately stated or necessary portions of their names are omitted**:

Not applicable.

**(d)      The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.      Amendments to the Pleadings:**

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15.  Further instructions regarding amendments are contained in LR 15.**

    **(a)**    **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

    None anticipated by either party at this time. However, the parties reserve the right to seek amendments as necessary as revealed by discovery.

    **(b)**    **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.**    **Filing Times for Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN FORTY-FIVE (45) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

    **(a)**     *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.**

    **(b)**     *Summary Judgment Motions*: **within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.**

    **(c)**     *Other Limited Motions*: **Refer to Local Rules 7.2A, 7.2B and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

Defendants' Motion for Reconsideration is currently pending.

    **(d)**     *Motions Objecting to Expert Testimony*: **<u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.**

**8.    Initial Disclosures**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

The parties have agreed that initial disclosures shall be filed no later than 45 days of this Joint Preliminary Report.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a conference with the Court at this time.

**10.    Discovery Period**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery tract by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

The parties will conduct discovery regarding Plaintiff's claims, including its damages, and Defendants' defenses.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

This case is on an eight-month discovery track. The parties, however, anticipate that an additional four months will be needed to complete discovery in this matter, including due to the complexity of some of the issues, claims and defenses. In addition, the parties respectfully submit that additional time is appropriate in view of the entry of Plaintiff's new counsel on January 8, 2021 pursuant to the Court's December 11, 2020 Order. Accordingly, the parties request an extension of the discovery through and including December 31, 2021.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties do not propose any changes to the usual limitations on discovery at this time.

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

**(b)   Is any party seeking discovery of electronically stored information?**

   __X___ Yes              _____ No

If "yes,"

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties have met and conferred to discuss the discovery of electronically stored information ("ESI").  The parties agree that there is a possibility that ESI will be included within the scope of document production in this case and, to the extent necessary, the parties will cooperate to avoid unnecessary expense in connection with such discovery.  If the parties cannot reach an agreement, they will jointly seek guidance from the Court.

**(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follow:**

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

The parties agree that electronically stored information will, to the extent possible, be produced in Portable Document Format (PDF), although emails and their attachments will be produced in native format, as will Excel Files. All electronically produced documents, emails, and other information shall include and preserve all associated metadata. The producing party will have the option of producing its documents via disk or other portable electronic medium, or by secure electronic transfer; for example, DropBox or a similar service. Following the exchange documents, if the receiving or producing party deems the native file format of one or more documents to be necessary (other than those documents specified for production in native format in this paragraph), then the parties agree to work together to arrange for the production of the native format. If necessary, the parties will discuss changes to this paragraph after service of the relevant discovery requests.

## 12. Other Orders: What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate that discovery will involve the disclosure of information that is confidential and/or non-public in nature. The parties will therefore submit a non-sharing proposed protective order concerning the disclosure of such confidential and/or non-public information.

14

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

The parties hereby stipulate pursuant to Rule 26(c) that the parties shall have 45 days from filing the Joint Preliminary Report and Discovery plan to make the initial disclosures.

**13.   Settlement Potential:**

> **(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** October 8, 2020, initially, between Plaintiff's prior counsel and Defendant's counsel, and on January 21, 2021 between Plaintiff's new counsel and Defendant's counsel, **and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiff:** */s/ Jason B. Godwin*

**For Defendant:** */s/ Simon Jenner*

  **- Other participants for Defendant:** *Richard J. Baker*

**(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.

(__x__) A possibility of settlement after discovery.

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

(\_\_\_\_) A possibility of settlement, but a conference with the judge is

needed.

(\_\_\_\_) No possibility of settlement.

**(c)** **Counsel (_ X _) do or (\_\_\_\_\_) do not intend to hold additional**

**settlement conferences among themselves prior to the close of discovery.**

**(d)** **The following specific problems have created a hindrance to**

**settlement of this case.**  None.

**14.** **Trial by Magistrate Judge:**

(a)   The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_\_\_ day of _____, 20\_\_\_.

(b)   The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this \_\_\_\_\_ day of January, 2021.

By: */s/ Jason B. Godwin*
Jason B . Godwin, Esq.
Ga Bar No. 142226
jgodwin@godwinlawgroup.com
GODWIN LAW GROUP
3985 Steve Reynolds Boulevard
Building D

16

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

Norcross, Georgia 30093
Tel: (770) 448-9925

*/s/ Simon Jenner*
Simon Jenner
Georgia Bar No. 142588
*Attorney for Defendant*
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, GA 30339
Telephone: (404) 400-5955
E: simon.jenner@bakerjenner.com

17

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1, N.D. GA.

The undersigned hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in L.R. 5.1C, N.D. Ga. Specifically, Times New Roman font in 14 point.

By: */s/ Jason B. Godwin*_____
Jason B. Godwin
Georgia Bar No. 142226

Until finally agreed between Plaintiff and Defendant's respective counsel, this document is for discussion purposes only, and does not constitute a definitive statement as to any one question, or in regard to the required information sought in any particular section of this document.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BERKELEY VENTURES II, LLC,

    Plaintiff,

v.

SIONIC MOBILE CORPORATION
and RONALD D. HERMAN

    Defendants.

Case No.: 1:19-CV-05523-SDG

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the above completed form, the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this _____ day of _____, 2021.

_____
HON. STEVEN D. GRIMBERG
UNITED STATES DISTRICT JUDGE

19