IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:19-cv-05523-SDG |

**PLAINTIFF BERKELEY VENTURES II, LLC AND DEFENDANT SIONIC MOBILE CORPORATION'S JOINT MOTION FOR NON-SHARING PROTECTIVE ORDER AND BRIEF IN SUPPORT**

Plaintiff Berkeley Ventures II, LLC ("Berkeley") and Defendant Sionic Mobile Corporation ("Sionic") jointly and respectfully move this Court to enter the Proposed Non-Sharing Protective Order, attached as Exhibit A to this Motion, to protect each of their respective confidential, proprietary, and trade secret documents and data pursuant to 18 U.S.C. § 1835, Fed. R. Civ. P. 26(c), and O.C.G.A. §§ 9-11-26(c), 10-1-762(c), 10-1-765. The parties are in the early stages of discovery and submit that this Motion should be granted, and the attached Proposed Order entered, so as to safeguard sensitive and protected proprietary, confidential, or trade secret information that they

reasonably anticipate will be produced in this matter both by them and non-parties while also furthering the objectives of discovery.

## ARGUMENT AND CITATION OF AUTHORITY

Under Fed. R. Civ. P. 26(c)(1)(G), a Court "may, for good cause, issue an order to protect a party . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Moreover, under 18 U.S.C. § 1835, "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws." Applicable law includes the applicable law of the State of Georgia, which furnishes additional protections to parties with trade secrets to protect in the course of litigation. Georgia law defines "trade secrets" as:

> information, without regard to form, including, but not limited to, technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information: (A) Derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its

> disclosure or use; and (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

O.C.G.A. § 10-1-761(4).

These trade secrets and confidential commercial information are entitled to non-sharing protection pursuant to the Georgia Trade Secrets Act of 1990, ("…affirmative acts to protect a trade secret may be compelled by court order." (O.C.G.A. § 10-1-762(c))), and O.C.G.A. 9-11-26(c)(7). The Georgia Trade Secrets Act of 1990 specifically provides that "a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings . . . and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval." O.C.G.A. § 10-1-765.

Here, the parties reasonably anticipate discovery requests that will seek the production of documents that could cause harm to them if disclosed publicly. This includes corporate governing documents, confidential internal financial records, proprietary contracts, customer and client information, proprietary technology information, documents, information and materials, and more that derive economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can

obtain economic value from their disclosure or use, and other internal and client information that would harm each party and its respective business if they were to become a matter of public record. For these reasons, it is appropriate that this Court grant this Motion.

## CONCLUSION

WHEREFORE, the Plaintiff Berkeley Ventures II, LLC and Defendant Sionic Mobile Corporation jointly and respectfully move the Court to enter the proposed its proposed Non-Sharing Protective Order.

Respectfully submitted March 26, 2021.

| For Plaintiff Berkeley Ventures II, LLC | For Defendant Sionic Mobile Corporation: |
|---|---|
| /s/ Jason Brian Godwin<br>Jason Brian Godwin *(signed w/ express permission by Simon Jenner)*<br>Georgia Bar No. 142226<br>Godwin Law Group<br>3985 Steve Reynolds Boulevard<br>Building D<br>Norcross, Georgia 30093<br>T: 770-448-9925<br>E: jgodwin@godwinlawgroup.com<br>*Attorney for Plaintiff* | /s/ Simon Jenner<br>Simon Jenner<br>Georgia Bar No. 142588<br>Richard J. Baker<br>Georgia Bar No. 033879<br>Baker Jenner LLLP<br>210 Interstate North Parkway, SE<br>Suite 100<br>Atlanta, GA 30339<br>T: 404-400-5955<br>E: simon.jenner@bakerjenner.com<br>*Attorneys for Defendant* |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1C, using Century Schoolbook, 13 point. I further certify that on March 24, 2021, I electronically filed PLAINTIFF BERKELEY VENTURES II, LLC AND DEFENDANT SIONIC MOBILE CORPORATION'S JOINT MOTION FOR NON-SHARING PROTECTIVE ORDER AND BRIEF IN SUPPORT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Jason Brian Godwin
> Godwin Law Group
> 3985 Steve Reynolds Boulevard
> Building D
> Norcross, GA 30093

This March 26, 2021.

> /s/ Simon Jenner
> Georgia Bar No. 142588
> Attorney for Defendant
> Baker Jenner LLLP
> 210 Interstate North Parkway, SE
> Suite 100
> Atlanta, Georgia 30339
> T: (404) 400-5955
> E: simon.jenner@bakerjenner.com