IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and<br>RONALD D. HERMAN,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:19-cv-05523-SDG |

## NON-SHARING PROTECTIVE ORDER

To preserve and maintain the confidentiality of certain trade secrets and confidential commercial and proprietary information and documents produced in this action by the parties to this action, upon review of the record, and for good cause shown,

IT IS HEREBY ORDERED:

1.    This Protective Order (this "Order") shall govern and control the production and disclosure of the information, documents and things (in each instance and collectively, "Discovery Material") produced in response to interrogatories, requests for production or other written discovery or subpoenas, that is disclosed through or during the course deposition, or that

is otherwise disclosed in the course of the above-styled matter (this "Litigation"), to the extent such Discovery Materials incorporate, state or disclose any information, document or thing, or portion of any document or thing that constitutes or contains: (a) trade secrets; (b) competitively sensitive technical, marketing, financial, sales or other confidential business information, whether or not that business information constitutes a trade secret; (c) private or confidential personal information; (d) information received in confidence from third Parties; or (e) a party believes subject to protection under 18 U.S.C. § 1835, Fed. R. Civ. P. 26(c), and O.C.G.A. §§ 10-1-762(c), 10-1-765. For purposes of this Order, the party seeking to protect Discovery Materials under this Order is the "Designating Party."

2.    The Designating Party may designate Discovery Materials as follows under this Order, which in each instance and collectively constitutes "Confidential Information" subject to the protections of this Order:

(a)    "CONFIDENTIAL," which means Discovery Material that the Designating Party in good faith alleges to include, although is not limited to, trade secrets, confidential research, commercial information, development, business, personal, technical, or other confidential or proprietary information; or

(b) "ATTORNEYS' EYES ONLY," which means Discovery Material that the Designating Party in good faith alleges may either cause competitive harm to the Designating Party due to the commercially or technically sensitive nature of the Discovery Material or the Discovery Material containing trade secrets.

3. The Designating Party shall designate Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production. The Designating Party's failure, however, to designate Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production shall not be deemed a waiver of its status as Confidential Information by the Designating Party if the Designating Party promptly designates Confidential Information as such upon becoming aware of its erroneous omission of the appropriate confidentiality notice. Notice of confidential designation shall be deemed received by a receiving party pursuant to part 10 of this Order. A receiving party shall not be in contempt of this Order by using the Designating Party's Discovery Material in a manner permitted by the Federal Rules of Civil Procedure, as duly modified by the Local Rules and this Court's Standing Order [Doc. 45] for the period preceding the Designating Party's designation of it as Confidential

Information, although after receipt of notice from the Designating Party, the receiving party shall undertake reasonable efforts to ensure compliance with this Order for that Confidential Information.

4.     To designate Discovery Material as Confidential Information under this Order, the Designating Party shall do the following:

(a)    For Discovery Material produced in Documentary Form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall affix the confidentiality designation to each page that contains Confidential Information.

(b)    For Discovery Material produced in Non-Documentary Form, the Designating Party shall affix in a prominent place on the exterior of the container or medium (including external drive, CD, DVD, USB drive, or other device) in which the Confidential Information or item is stored, a proper confidentiality designation.

(c)    If a receiving party generates a "hard copy" transcription or printout of any Non-Documentary Form designated as confidential under part 4(b),

including, without limitation, in the form of a picture or screen capture, then the receiving party shall stamp each resulting page with the confidentiality designation given by the Designating Party.

(d)  The Designating Party may redact from Discovery Material information alleged as subject to the attorney-client privilege or work product doctrine, although only in a manner that renders the redactions apparent and obvious.

(e)  For depositions, if counsel for the Designating Party advocates for the designation of Confidential Information, then the Designating Party shall designate the portions of the transcript (including exhibits) alleged as confidential as follows:

(i)  If reasonably feasible, the Designating Party's counsel shall attempt to identify Confidential Information during the course of the deposition.

(ii)    The Designating Party's counsel may further designate Confidential Information by notifying the court reporter and all opposing counsel in writing of what constitutes Confidential Information no later than 10 business days after counsel's receipt of the transcript. In the written notice, the Designating Party's counsel shall specify the transcript page and line numbers containing Confidential Information to be designated as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" so that the transcript and designated portions of the transcript may be marked accordingly.

(iii)    The time requirements stated in part 4(d)(i), (ii) of this Order shall not toll the time requirements under O.C.G.A. § 9-11-30(e).

(f)    For purposes of this part 4, the below terms have the following meanings:

(i)    "Documentary Form" means Discovery Materials that are produced in a printed or other physical form; and

(ii)    "Non-Documentary Form" means Discovery Materials that are produced in electronic format, and that are not otherwise in Documentary Form.

5.    Confidential Information does not mean or include any Discovery Material that: (a) is generally known to the public or to a person learned in the applicable art through the application of ordinary skill and diligence; (b) becomes generally known or available to the public without the fault of the receiving party; (c) was in the possession of a receiving party on a non-confidential basis before its disclosure or production in this matter; (d) has been or becomes lawfully in the possession of a receiving party on a non-confidential basis through means independent of the above-entitled action; or (e) is acquired by the receiving party from a third party by means other than Subpoena or discovery request in this matter, on a non-confidential basis, provided that the receiving party does not know or have reason to know, and is not informed subsequent to disclosure (including by the Designating Party)

that such information was acquired by the third party under an obligation of confidentiality.

6.     This Order shall not restrict the use of non-confidential information, including information satisfying the exclusions of part 5. Nor shall anything in this Order prevent counsel for the Designating Party from disclosing Confidential Information in printed form to a person who was the author of that Confidential Information or was the designated recipient at or about the time of that Confidential Information's creation, although disclosure under this sentence shall not affect the confidential status of that information unless one of the exceptions of part 5 is first met and satisfied.

7.     Confidential Information designated as "CONFIDENTIAL" may be inspected by or disclosed to only the following "Qualified Persons":

> (a)     Parties to this Litigation and any officer, director, or employee of a Party who is directly responsible for assisting counsel in the Litigation, provided, however, that no more than three individuals who are either an officer, director, or employee of a Party, may be permitted to review information designated "CONFIDENTIAL" and such individuals must be

identified in writing to counsel for the Designating Party prior to any such disclosure;

(b) Outside counsel for the Parties in this Litigation, including counsel for regular employees who are requested or required to provide assistance for purposes of discovery, preparation for trial, or appearances as witnesses at trial of this case as a part of their regular job duties;

(c) Any expert retained or consulted by a Party for the purpose of obtaining that expert's advice or opinion regarding issues in the Litigation, but only to the extent necessary for the expert to provide such advice or opinion and provided the expert has signed a Written Assurance in the form attached hereto as Exhibit A;

(d) Witnesses who may testify in this Litigation, provided that the material disclosed is directly related to the subject of their anticipated testimony and provided the witness has signed a Written Assurance in the form attached hereto as Exhibit A;

(e)  The Court and any personnel necessary to facilitate the Litigation, including, but not limited to, stenographic reporters and clerical and administrative personnel; and

(f)  Any other person who is designated a Qualified Person by order of this Court or further written agreement of The Designating Party.

8.   Confidential Information designated as "ATTORNEYS' EYES ONLY" shall be inspected by or disclosed to only persons in parts 7(b), (c), and (e) (collectively, the "Restricted Qualified Persons") above. By agreement of the Designating Party or Order of this Court, persons under part 7(f) may also constitute "Restricted Qualified Persons."

9.   A receiving party shall use Confidential Information solely for purposes of this Litigation and none other.

10.  The Designating Party has the burden of proving that any produced or disclosed document, information or testimony is reasonably and in good faith designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." At any time after the receipt of the Confidential Information, counsel for a receiving party may challenge the confidential designation of all or any

10

portion of the Confidential Information by providing written notice to the

Designating Party's counsel under the following procedures:

> (a)   A Party objecting to the designation of a Discovery Material
> as Confidential Information (or more specifically as
> "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") shall
> notify the Designating Party's counsel of the objection in
> writing, stating with specificity the Discovery Material or
> testimony believed to fall outside the scope of information
> subject to the classes of confidentiality treatment, and
> attempt to resolve the dispute. If the Parties are unable to
> reach an agreement regarding a confidentiality designation
> within 30 days of the Designating Party's receipt of the
> written notice (the "Resolution Period"), then the
> Designating Party shall file a motion no later than 10
> business days following the end of the Resolution Period
> requesting a ruling from this Court as to whether the
> document, information, or testimony should be treated as
> Confidential Information, or more specifically as
> "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(b)  If counsel for a receiving party believes that any

ATTORNEYS' EYES ONLY material must be reviewed by a

party, including one or more designated representatives of

that party, then the receiving party's counsel shall notify the

Designating Party's counsel in writing, stating with

specificity which ATTORNEYS' EYES ONLY material

should be reviewed, and by whom, and attempt to resolve the

dispute. Notice shall be deemed to be received by the

Designating Party pursuant to part 11 of this Order. If the

parties are unable to reach agreement regarding the

designation within 30 days of the Designating Party's

counsel's receipt of the notice, the Designating Party shall

file a motion no later than 14 days following the end of that

30-day period requesting a ruling from this Court as to

whether the ATTORNEYS' EYES ONLY materials may be

reviewed by the party or representative thereof.

11.    A written notice required under this Order shall be in writing

and deemed received (a) if the notice is delivered in person or (b) if the notice

is sent next day delivery by a nationally recognized carrier, including USPS,

FedEx or UPS, provided the notice is properly addressed and adequate

postage has been applied and an email containing a valid tracking number has been sent to receiving party's counsel, delivery notification selected, in each case as follows:

> To Sionic Mobile Corporation:
>
> Baker Jenner LLLP
> Richard J. Baker, Esq.
> Simon Jenner, Esq.
> 210 Interstate North Parkway SE, Suite 100
> Atlanta, Georgia 30339
> Email:      simon.jenner@bakerjenner.com
>                 rick.baker@bakerjenner.com;
>
> To Berkeley Ventures II, LLC:
>
> Jason Brian Godwin
> Godwin Law Group
> 3985 Steve Reynolds Boulevard
> Building D
> Norcross, Georgia 30093
> Email: jgodwin@godwinlawgroup.com

All notices required under this Order shall also be sent to the email address of each counsel identified above, although doing so shall not waive or compromise the obligation to further deliver notice in accordance with this part.

12.    If a receiving party seeks to file with this Court any Discovery Material designated by the Designating Party as Confidential Information, then the receiving party shall first consult with the Designating Party for its

written permission to make the filing in a way that protects the information covered by this Order (*e.g.,* via use of redactions or filing partial documents). If the Parties are unable to reach an agreement, the Party filing the materials shall follow the then current procedure as set out in Rule 21.6(D) of the Uniform Rules of the Superior Courts of the State of Georgia.

13.    All Discovery Materials that are filed with this Court that contain any portion of any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container, clearly stating the title of this Litigation, and an indication of the nature of the contents of the sealed envelope or other container, the phrase "Subject To Non-Sharing Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container." If a party fails to so identify the Confidential Information, then the Designating Party may move to have the Confidential Information sealed. The fact that a party fails to seal and identify Confidential Information as required in this paragraph shall not constitute a waiver by the Designating Party of the confidential status.

14.     For purposes of this Order, "business day" means any day in which Cobb County Superior Court conducts normal business operations.

15.     Except for the Court and Court personnel under part 7(e), all Qualified Persons and Restricted Qualified Persons shall execute Written Assurances, attached to this Order as Exhibit A. Counsel for the parties shall maintain copies of all executed Written Assurances. No person receiving Confidential Information shall disclose it to any person other than those described in parts 7 and 8 of this Order, and in no event shall any person make any use or disclosure, other than for the purposes specified in this Order, of Confidential Information disclosed or produced to him or her pursuant to this Order.

16.     If a receiving party is subject to a subpoena or other legal compulsion requiring production of Confidential Information that a receiving party has obtained under the terms of this Order, then to the extent not prohibited by law, the receiving party shall promptly and no later than five business days of receipt of the subpoena or other legal compulsion (but in no event later than the mandatory time for production of such material or information if sooner than that time) give written notice to counsel for the Designating Party, identifying the Confidential Information sought and enclosing a copy of the subpoena or other legal compulsion. The receiving

party shall not produce the Confidential Information for at least 10 business days (but in no event later than the mandatory time for production of such material or information) after providing the required notice to the Designating Party unless otherwise required by law to do so. The Designating Party shall be solely responsible for asserting any objection to the required production and obtaining all orders to quash or otherwise prevent disclosure of Confidential Information. Nothing in this part shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order or obligation of production, subject itself to penalties for noncompliance, or seek any relief from the court or administrative agency, but the receiving party shall provide reasonable cooperation with respect to any procedure to protect such information or matter that is pursued by the Designating Party, unless prohibited by law. A receiving party shall not be in violation of this Order if it produces only that portion of the Designating Party's Confidential Information which is responsive to a subpoena or other legal compulsion if the Designating Party has not obtained a protective order prohibiting production before the due date for production.

17.    All parties shall return all Confidential Information, including hardcopies generated under part 4(c) of this Order, to the Designating Party

within 45 days of the conclusion of this Litigation, or at the option of the Designating Party, destroyed. If the Designating Party elects destruction, then the receiving party shall certify in writing that Confidential Information has been destroyed within 30 days of the destruction request. A receiving party shall not be obligated to return or destroy the Designating Party's Confidential Information, or other databases or compilations of information based on the Confidential Information, held, copied or maintained within that receiving party's email systems, electronic storage devices, services, or backups (in each instance and collectively, "Electronic Systems"), although a receiving party shall continue to treat all Confidential Information contained in the receiving party's Electronic Systems as Confidential Information under this Order. Failure to request return or destruction of the Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not alter the terms of this Order or the obligation of any receiving party to maintain the confidentiality of the information contained in Confidential Information. Further, a receiving party's counsel may retain any material counsel deems necessary to comply with receiving counsel's professional responsibilities to maintain a client's file. Any information retained shall remain Confidential Information as provided under this Order.

18.    If the Designating Party inadvertently discloses or produces any Discovery Material that is privileged, non-responsive, or otherwise exempt from disclosure or production in response to interrogatory or production requests, it shall not constitute a waiver of any and all privileges applicable to the Discovery Material disclosed or produced. The Designating Party shall notify the receiving party in writing with specificity regarding the inadvertent disclosure no later than five business days of discovery the inadvertent disclosure. Once the written notice is delivered to the receiving party, the receiving party must take steps to ensure inadvertently produced or disclosed documents are not disclosed to any person or used for any reason without prior approval and consent of the Designating Party.

19.    Any party may seek to modify, expand, cancel or supersede this Order by stipulation of the parties or by motion on notice, and the Court shall give no weight to the terms of this Order in considering the proposed amendment or other relief. Nothing in this Order shall:

> (a)    compromise this Court's authority to make all final determinations regarding the appropriateness the Designating Party's designation of Discovery Material as Confidential Information, all such determinations being expressly reserved for adjudication by this Court;

(b)    prejudice in any way the rights of the Designating Party to object to the production of documents it considers not subject to discovery;

(c)    prejudice in any way the rights of the Designating Party to seek a Court determination:

   (i)  whether particular Discovery Material shall be produced, or

  (ii)  if produced, whether the Discovery Material should be subject to the terms of this Order as Confidential Information;

(d)    prejudice in any way the rights of the Designating Party to apply to the Court for a further protective order pertaining to any Confidential Information;

(e)    prejudice in any way the rights of the Designating Party to seek relief from a provision of this Order; or

(f)    prejudice in any way the right of the Designating Party to object to the admissibility of any materials.

20.    The terms of this Order shall cover any additional parties later added to this Litigation unless upon further Order of the Court or by written agreement of all parties, a newly added party is excluded from this Order.

21.    A party serving subpoenas in this Litigation, including upon non-parties, shall provide a copy of this Order with each subpoena so the producing party may comply with its terms. A party whose Confidential Information may be included in any Discovery Material produced by a non-party to this litigation, whether under Subpoena or otherwise, has the right to review such Discovery Material so that it may include the appropriate confidentiality designation under this Order.

22.    This Order shall be effective immediately and shall survive the conclusion of this Litigation. The Court shall retain jurisdiction to enforce the terms of this Order for so long as it remains in force.

SO ORDERED this 26th day of March 2021.

Honorable Steven D. Grimberg
United States District Judge
for the Northern District of Georgia

Respectfully prepared and submitted by:

BAKER JENNER, LLLP
Richard J. Baker
Georgia Bar No. 033879
Simon Jenner
Georgia Bar No. 142588
*Attorneys for Defendant*

210 Interstate North Parkway SE
Suite 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and<br>RONALD D. HERMAN,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:19-cv-05523-SDG |

## PROPOSED NON-SHARING PROTECTIVE ORDER

AFFIDAVIT OF _____ (printed name), being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Protective Order attached hereto, and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta

Division, in which the action of *Berkeley Ventures II, LLC v. Sionic Mobile Corporation*, Case No, 1:19-cv-05523-SDG is pending, and binds me to the provisions of the Non-Sharing Protective Order, including to all promises undertaken in the Order, as if originally agreed to by me.

FURTHER AFFIANT SAYETH NAUGHT:


_____
Signature


County:_____

State:_____

SUBSCRIBED AND SWORN to before me

this ___ day of _____, 20_____.

2