## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| BERKELEY VENTURES II, LLC, | |
| Plaintiff, | |
| v. | Case No.: 1:19-CV-05523-SDG |
| SIONIC MOBILE CORPORATION and RONALD D. HERMAN | |
| Defendants. | JURY TRIAL DEMANDED |

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

*Plaintiff brings this action following Plaintiff's investment of $1,600,000.00 in Sionic Mobile in reliance on a number of materially false and misleading misrepresentations by Defendants. As a result, Plaintiff has asserted claims for (1) securities fraud, (2) common law fraud, and (3) punitive damages. Defendants provided Plaintiff with an updated proforma with detailed revenue and projections, draft contracts, schedule of debt, subscription agreement, investor questionnaire, amended and restated shareholder agreement, joinder to shareholder's agreement, and wire instructions. Relying on the materials and information available, Plaintiff*

1

*signed investment documents on December 5, 2017 and wired $1.6 million on December 7, 2017. Thereafter, Plaintiff learned that a number of the statements and written materials provided by Defendants were false and misleading. As a direct and proximate result, Plaintiff has been damaged in an amount not less than $1.6 million. Upon information and belief, Defendants made misrepresentations, including but not limited to, the financial condition of Sionic, made misrepresentations of the contractual relationships that Sionic has with customers/vendors, and Sionic's relationship with investors and associated charities.*

> a)  *Whether Defendants employed devices, schemes, artifacts, and misrepresentations (including those listed above and perhaps other unknown misrepresentations which will be brought to light in discovery) to defraud Plaintiff into investing $1.6 million into Sionic Mobile;*
>
> b)  *Whether Defendants engaged in acts, practices and courses of business which operated as a fraud or deceit upon Berkeley;*
>
> c)  *Whether the misrepresentations and omissions by Defendants were intentionally made with the knowledge that they were false and misleading at the time they were made;*
>
> d)  *Whether Defendants conduct shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which*

*would raise the presumption of conscious indifferent to the consequences.*

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

*Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5, its enforcing regulation, 17 C.F.R. § 240.10b-5; O.C.G.A. § 51-12-5.1; Common law Fraud; <u>Robbins v. Koger Props., Inc.</u>,* 116 F.3d 1441, 1447 (11th Cir. 1997) (citing <u>Bruschi v. Brown</u>, 876 F.2d 1526, 1528 (11th Cir. 1989); <u>Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.</u>, 594 F.3d 783, 790 (11th Cir. 2010); <u>Prince Heaton Enter., Inc. v. Buffalo's Franchise Concepts, Inc.</u>, 117 F. Supp. 2d 1357 (2000).

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

*See Attachment A.*

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

*No such experts identified at this time. Plaintiff reserves the right to supplement this response at a later time, should Plaintiff identify such an expert who will be used at trial.*

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the

information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

*See Attachment C.*

(6)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

*See Attachment D.*

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

*No such insurance agreement exists.*

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

*Plaintiff is not aware of any such person having a subrogation*

*interest in this cause of action.*

Submitted this 10th day of February, 2021.

By: */s/ Jason B. Godwin*
Jason B. Godwin, Esq.

Georgia Bar No. 142226

**Godwin Law Group**
Attorney for Plaintiff
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093
770-448-9925
770-448-9958
jgodwin@godwinlawgroup.com

**ATTACHMENT A**

1. **General Motors, LLC – Registered Agent is CSC of Cobb County, Inc.**

    a. **Located at 192 Anderson Street, SE, Suite 125, Marietta, Georgia 30060.**

    b. **General Motors should have knowledge of contractual relationships with Defendant Sionic.**

2. **Southwest Airlines, Co. – Registered Agent is CSC**

    a. **located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.**

    b. **Southwest Airlines should have knowledge of contractual relationships with Defendant Sionic.**

3. **Freedom Pay, Inc. – Registered Agent is John R. Schmitz**

    a. **Located at 2820 Portabella Lane, Cumming, Georgia 30041**

    b. **Freedom Pay should have knowledge of contractual relationships with Defendant Sionic.**

4. **Hardee's Food System, LLC – Registered Agent is CSC**

    a. **located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.**

    b. **Hardee's should have knowledge of contractual relationships with Defendant Sionic.**

5. **Five Guys Operations, LC – Registered Agent CT Corp. System**

   a. located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

   b. Five Guys should have knowledge of contractual relationships with Defendant Sionic.

6. **JetBlue Airways Corporation – Registered Agent CSC**

   a. located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

   b. JetBlue should have knowledge of contractual relationships with Defendant Sionic.

7. **Wyndham Hotel Management, Inc. – Registered Agent Corp. Creations Network, Inc.**

   a. located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

   b. Wyndham Hotel Management, Inc. should have knowledge of contractual relationships with Defendant Sionic.

8. **Wyndham Hotels and Resorts, LLC – Registered Agent Corp. Creations Network, Inc.**

   a. located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

b. **Wyndham Hotels and Resorts should have knowledge of contractual relationships with Defendant Sionic.**

9. **Wyndham Worldwide Operations, Inc.– Registered Agent Corp. Creations Network, Inc.**

   a. **located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.**

   b. **Wyndham Worldwide Operations, Inc. should have knowledge of contractual relationships with Defendant Sionic.**

10. **Hyatt Corporation – Registered Agent CSC**

    a. **located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.**

    b. **Hyatt should have knowledge of contractual relationships with Defendant Sionic.**

11. **Enduring Hearts, Inc. – Registered Agent is Marna Friedman**

    a. **Located at 3405 Dallas Highway, Suite 827, Marietta, Georgia 30064**

    b. **Enduring Hearts should have knowledge of contractual relationships with Defendant Sionic and knowledge of shares being converted to charitable gifts by Sionic shareholders.**

12. **Patrick Gahan – current contact information not yet obtained**

    a. **But was previously represented in this matter by attorneys of record.**

    b. **Mr. Gahan will have information about contractual relationships with Sionic and vendors/clients/customers and relationships with Sionic and Enduring Hearts and/or other charities.**

13. **Derrick Cunnigham – contact information being obtained**

    a. **Mr. Cunningham is a resident of Georgia and this information will be supplemented at a later date.**

    b. **Mr. Cunnigham will have information about contractual relationships between Sionic and vendors/clients/customers and other relationships involving Sionic.**

14. **HMS Host  - Registered Agent -  CSC**

    a. **located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.**

    b. **JetBlue should have knowledge of contractual relationships with Defendant Sionic.**

15. **Xevo, Inc. – Registered Agent  - CT Corp. System**

    a. **located at 711 Capitol Way, Suite 204, Olympia, Washington, 98501.**

    **b. Xevo should have knowledge of contractual relationships with Defendant Sionic.**

**16. NorthOut, Inc. – Registered Agent – Shubham Jain**

    **a. located at 55 Court Street 520, Boston, Massachusetts, 02108.**

    **b. NorthOut should have knowledge of contractual relationships with Defendant Sionic.**

**17. Tony Palazzo – representative of Plaintiff**

    **a. May be contacted through counsel of record**

    **b. Mr. Palazzo has knowledge about Plaintiff's investment in Sionic, Sionic's representations inducing Plaintiff's investment, the performance of Plaintiff's investment and Defendant's offer to convert Sionic shares into charitable contributions.**

**18. Dan Newburg – representative of Plaintiff**

    **a. May be contacted through counsel of record**

    **b. Mr. Newburg has knowledge about Plaintiff's investment in Sionic, Sionic's representations inducing Plaintiff's investment, the performance of Plaintiff's investment and Defendant's offer to convert Sionic shares into charitable contributions.**

**19. Defendant Ron Herman –**

    **a. May be contacted through his counsel of record**

Case 1:19-cv-05523-SDG   Document 111   Filed 03/31/21   Page 12 of 17


  b. Mr. Herman has extensive knowledge of the business operations, finances, existing contracts and relationships with charities of Sionic.  Additionally, Mr. Herman has knowledge about Plaintiff's investment, how such investment was made and what representations were made to induce Plaintiff to invest in Sionic.

20. Michael B. Eddy – employee of Plaintiff

  a. May be contacted though Plaintiff's counsel

  b. Mr. Eddy was involved with Mr. Palazzo and Mr. Newburg in preparing Plaintiff to make an investment in Sionic.

21. Other individuals that may become known to Plaintiff through discovery and Plaintiff reserves the right to supplement this response as such people with knowledge may be discovered.

22. Linda Rosetti  - client of Plaintiff.  She served on the advisory board of Defendant for some point.  Her contact information is 508 Hastings Drive, Peachtree City, Georgia 30269.

23. Joe Cohane – Served on the advisory board of Defendant for some point. His contact information is 516 Stoneridge Court, Seneca, South Carolina 29672-0761.

**ATTACHMENT C**

## Response to 5 –

1. Documents, materials, communications emails (including attachments thereto) appended to pleadings in this case. **(any such responsive documents may be in the possession of Plaintiff and may be obtained through Plaintiff's counsel.  Any other such responsive documents may be in Possession of Defendants or their counsel.)**

2. All documents, materials, other material things provided to either Plaintiff or Defendant by its employees, agents, representatives, attorneys, agents concerning the opposing party. **(any such responsive documents may be in the possession of Plaintiff and may be obtained through Plaintiff's counsel.  Any other such responsive documents may be in Possession of Defendants or their counsel.)**

3. Email and written correspondence between the parties. **(any such responsive documents may be in the possession of Plaintiff and may be obtained through Plaintiff's counsel.  Any other such responsive documents may be in Possession of Defendants or their counsel.)**

4. Documents used by Sionic Mobile in connection with Plaintiff's investment in Sionic. **Such information may be held by Sionic at its principle place of business, or held by Defendant Ron Herman or their joint counsel.**

5. Documents maintained by Sionic related to Plaintiff's investment. **Such information may be held by Sionic at its principle place of business, or held by Defendant Ron Herman or their joint counsel.**

6. All documents referenced by Sionic in its Initial Disclosure. **Such information may be held by Sionic at its principle place of business, or held by Defendant Ron Herman or their joint counsel.**

7. All computations and the documents relied upon by the parties in calculating damages in this matter. **Such information may be held by Sionic at its principle place of business, or held by Defendant Ron Herman or their joint counsel.**

8. All documents later produced in discovery or obtained from experts. **No such documents have been produce yet or obtained from experts yet.  Plaintiff reserves the right to supplement this response.**

**ATTACHMENT D**

**COMPUTATION OF DAMAGES**

$1,600,000 – investment in Sionic Mobile – to be awarded as a basis for Plaintiff's claim Securities Fraud and/or Common Law Fraud (documentation found in pleadings in this matter).

Interest on said money as allowed for under Georgia law based on $1,600,00 invested in Defendant Sionic and calculated to a number certain at the time of trial. Interest shall be calculated on monies invested by Plaintiff in December 2017 and derived per the statutory rate as set forth in O.C.G.A. § 7-4-2.

Punitive Damages as determined by a jury

Attorneys' fees to be calculated prior to trial and as set forth in Plaintiff's engagement letter which will be produced under the protective order in this case.

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1, N.D. GA.**

The undersigned hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in L.R. 5.1C, N.D. Ga. Specifically, Times New Roman font in 14 point.

By: */s/ Jason B. Godwin*
Jason B. Godwin, Esq.
Georgia Bar No. 142226

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing with the

Clerk of Court using the CM/ECF filing system, which will send email notification

of such filing to counsel.

This 31st day of March, 2021.

By: */s/ Jason B. Godwin*
Jason B. Godwin, Esq.
Georgia Bar No. 142226

**Godwin Law Group**
Attorney for Plaintiff
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093
770-448-9925
770-448-9958
jgodwin@godwinlawgroup.com