**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BERKELEY VENTURES II, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action File No.: |
| | § | 1:19-cv-05523-SDG |
| SIONIC MOBILE CORPORATION and RONALD D. HERMAN | § § § | |
| Defendants. | § § § | |
| | § | |

**<u>NON-PARTY STARBUCKS CORPORATION'S OBJECTIONS TO
PLAINTIFF BERKELEY VENTURES II, LLC'S THIRD-PARTY
SUBPOENA TO PRODUCE DOCUMENTS OR OBJECTS OR TO
PERMIT INSPECTION OF PREMISES IN A CIVIL TRIAL</u>**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Starbucks Corporation ("Starbucks"), by and through its attorneys Hawkins Parnell & Young LLP, states its objections to Plaintiff Berkeley Ventures II, LLC's Third-Party Subpoena to Produce Documents or Objects or to Permit Inspection of Premises in a Civil Trial (the "Subpoena") and shows the Court as follows:

**PRELIMINARY STATEMENT**

These objections and responses are made solely for the purpose of, and in relation to, the above-titled action. Each response is given subject to all appropriate objections (including but not limited to objections concerning relevancy, materiality,

- 1 -

and propriety) which would require the exclusion of any statement contained herein if made by a witness present and testifying in court. All such objections and grounds thereof are reserved and may be interposed at a later time.

Starbucks has not completed its factual and legal investigation and expressly reserves the right to continue its discovery and investigation for facts, witness, and supplemental date which may reveal information, which if presently within its knowledge and relevant to the above titled-action, would have been included in these objections and responses. Accordingly, the answers and objections set forth below represent only information currently known following a reasonable investigation in responding to these Requests with the limited time and resources available.

## GENERAL OBJECTIONS

Starbucks hereby objects to each individual Request set forth herein, on the following grounds:

1.      Starbucks objects to the Requests to the extent that they purport to require production of documents that are: (i) publicly available; (ii) within either Plaintiff or Defendants' possession, custody, or control; (iii) available from sources to which Plaintiff has equal access; or (iv) obtainable from some other source that is more convenient, less burdensome, or less expensive. Starbucks further objects to the Requests to the extent that they purport to request the production of documents

or things not within its' possession, custody, or control.

2.    Starbucks objects to the Plaintiff's Requests to the extent they seek electronically stored information from deleted files or files that exist on backup tapes and/or any other electronically stored information that is not in a reasonably accessible format, including, but not limited to, voice-mails, PDAs, and mobile phones.  Any response to the Plaintiff's Requests is not a concession to produce any electronically stored information that is not in a reasonably accessible format.

3.    Starbucks objects to the extent the Requests purport to require preservation and/or production of electronically store information ("ESI") which is contained on systems that are no longer in active use and, therefore, are not part of its' normal business operations.

4.    Starbucks objects to the extent that Plaintiff's Requests are unlimited in time and scope and disproportionate to the underlying allegations in above-titled matter.

5.    Starbucks objects to the definition of "you," "your" or "Starbucks" to the extent it includes persons or entities for whom Starbucks is not obligated to respond under the Federal Rules of Civil Procedure.

6.    Subject to the foregoing Preliminary Statement and General Objections, which are hereby incorporated by reference into each individual

response below, and without waiving the same, Starbucks responds as follows to the Requests:

## OBJECTIONS TO REQUESTS

**REQUEST NO. 1. Any and all emails, correspondence, contracts or documentation referring, relating, or referencing Sionic Mobile.**

**OBJECTION**:   Starbucks incorporates its Preliminary Statement and General Objections herein, in particular its General Objection number 1, herein. Starbucks further objects to the Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence in the above-titled action in that it seeks documents pertaining to issues unrelated to any allegations concerning Starbucks in Plaintiff's Complaint.

Specifically, the only allegations related to Starbucks in Plaintiff's Complaint pertain to alleged misrepresentations that Defendants Sionic Mobile Corporation and Ronald D. Herman made to Plaintiff concerning a specific number of Starbucks "users" the company may have had. This information is more readily available from Defendants. It would be a tremendous burden and imposition on Starbucks to try to locate this information because of its overly broad scope. Further, the costs of such a search to non-party Starbucks is in no way proportional to the benefits that might accrue the parties.

- 4 -

13178640v1

By way of further response, Starbucks states that a preliminary and cursory search of the most likely repository for a contract has found no such documentation. Based on the underlying Complaint, Starbucks determined that the relevant team is the global-card-commerce-and-payment team, which has been unable to locate any pertinent records.

**REQUEST NO. 2. Any and all documentation showing stored value, customer loyalty or customer number/lists of Starbucks related to Sionic Mobile.**

**OBJECTION**:   Starbucks incorporates its Preliminary Statement and General Objections herein, in particular its General Objection number 1, herein. Starbucks further objects to the Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence in the above titled-action in that it seeks documents pertaining to issues unrelated to any allegations concerning Starbucks in Plaintiff's Complaint.

Specifically, the only allegations related to Starbucks in Plaintiff's Complaint pertain to alleged misrepresentations that Defendants Sionic Mobile Corporation and Ronald D. Herman made to Plaintiff concerning a specific number of Starbucks "users" the company may have had. This information is more readily available from Defendants. It would be a tremendous burden and imposition on Starbucks to try to

13178640v1

locate this information because of its overly broad scope. Further, the costs of such a search to non-party Starbucks is in no way proportional to the benefits that might accrue the parties.

**REQUEST NO. 3. The materials given to Starbucks in associated with solicitation by Sionic Mobile to enter into a contractual relationship.**

**OBJECTION**:   Starbucks incorporates its Preliminary Statement and General Objections herein, in particular its General Objection number 1, herein. Starbucks further objects to the Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence in the above-titled action in that it seeks documents pertaining to issues unrelated to any allegations concerning Starbucks in Plaintiff's Complaint.

Specifically, the only allegations related to Starbucks in Plaintiff's Complaint pertain to alleged misrepresentations that Defendants Sionic Mobile Corporation and Ronald D. Herman made to Plaintiff concerning a specific number of Starbucks "users" the company may have had. This information is more readily available from Defendants. It would be a tremendous burden and imposition on Starbucks to try to locate this information because of its overly broad scope. Further, the costs of such a search to non-party Starbucks is in no way proportional to the benefits that might accrue the parties.

- 6 -

By way of further response, Starbucks states that a preliminary and cursory search of the most likely repository for a solicitation to contract has found no such documentation. Based on the underlying Complaint, Starbucks determined that the relevant team is the global-card-commerce-and-payment team, which has been unable to locate any pertinent records.

**REQUEST NO. 4. Any payments made to Sionic Mobile from Starbucks and/or payments made from Sionic Mobile to Starbucks.**

**OBJECTION**:   Starbucks incorporates its Preliminary Statement and General Objections herein, in particular its General Objection number 1, herein. Starbucks further objects to the Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence in the above-titled action in that it seeks documents pertaining to issues unrelated to any allegations concerning Starbucks in Plaintiff's Complaint.

Specifically, the only allegations related to Starbucks in Plaintiff's Complaint pertain to alleged misrepresentations that Defendants Sionic Mobile Corporation and Ronald D. Herman made to Plaintiff concerning a specific number of Starbucks "users" the company may have had. This information is more readily available from Defendants. It would be a tremendous burden and imposition on Starbucks to try to locate this information because of its overly broad scope. Further, the costs of such

13178640v1

a search to non-party Starbucks is in no way proportional to the benefits that might accrue the parties.

**REQUEST NO. 5. Any and all promotional offers, customer rewards or other benefits made by Starbucks to its customers involving Sionic Mobile.**

**OBJECTION**:    Starbucks incorporates its Preliminary Statement and General Objections herein, in particular its General Objection number 1, herein. Starbucks further objects to the Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence in the above-titled action in that it seeks documents pertaining to issues unrelated to any allegations concerning Starbucks in Plaintiff's Complaint.

Specifically, the only allegations related to Starbucks in Plaintiff's Complaint pertain to alleged misrepresentations that Defendants Sionic Mobile Corporation and Ronald D. Herman made to Plaintiff concerning a specific number of Starbucks "users" the company may have had. This information is more readily available from Defendants. It would be a tremendous burden and imposition on Starbucks to try to locate this information because of its overly broad scope. Further, the costs of such a search to non-party Starbucks is in no way proportional to the benefits that might accrue the parties.

## ARGUMENTS AND AUTHORITIES

Plaintiff's discovery requests are properly objected because they seek information outside the scope of discovery. Federal Rule of Civil Procedure 26 limits the scope of discovery to matters that are relevant to a claim or defense and proportional to the needs of the case.  FED. R. CIV. P. 26(b)(1). The purpose of Rule 26 is to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." FED. R. CIV. P. 26(b) advisory committee note. "The court must apply the standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent." *Id*. Accordingly, courts "must limit the frequency or extent of proposed discovery, on motion or on its own, if it is outside the scope permitted by Rule 26(b)(1)." *Id.*

If the Court finds the proposed discovery is outside the scope permitted by Rule 26(b)(1), then "the court *must* limit the frequency or extent of discovery otherwise allowed . . . ." FED. R. CIV. P. 26(b)(2)(C)(iii) (emphasis added); *see also Northfield Ins. Co. v. Fun-Fare Enters, Inc*., No. 1:16-CV-02806-ELR, 2017 WL 11503870 at *1 (N.D. Ga. May 3, 2017) ("Where the discovery sought falls outside the scope detailed above, the Court must limit the discovery").

In addition, a district court generally must quash or modify a subpoena that

seeks privileged or protected matter or that subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A); *see also* FED. R. CIV. P. 45(d)(1) (imposing an affirmative obligation to avoid causing an undue burden or unnecessary expense when issuing subpoenas).[1] The Court has discretion to enter a protective order upon a showing of good cause, and it may do so to protect a party from annoyance, embarrassment, oppression, undue burden or expense, or to avoid disclosing confidential commercial information. FED. R. CIV. P. 26(c)(1), 45(c)(1), 45(d)(3)(B). In doing so, the Court can forbid the discovery in its entirety or restrict it to certain matters. FED. R. CIV. P. 45 (c)(1).

The Court should deny a duplicate request for those records from a third party. *See, e.g., Abhe & Svoboda, Inc. v. Hedley*, No. 15-CV-1952, 2016 WL 11509914, at *4 (D. Minn. Mar. 15, 2016) (denying duplicative third-party discovery under Rule 26 because obtaining the opposing party's complete file was "more convenient, less burdensome, and less expensive than the discovery sought through the third-party subpoena"). Here, Plaintiff seeks to impose burdens on a non-party, Starbucks, when

---

[1] Typically, a party must demonstrate a "personal right or privilege" in the requested documents to quash a subpoena served on a third party under Federal Rule of Civil Procedure 45. *Agilysys, Inc. v. Hall*, No. 1:16-CV-03557-ELR, 2018 WL 1229990 at *4 (N.D. Ga. Jan. 11, 2018). However, that is not required for a motion to quash discovery requests that are outside the scope of discovery under Rule 26(b). *Id.* (noting that "Rule 26 provides an alternative basis for protecting information that is not relevant to the litigation").

it could get that same information from a party. Accordingly, based on the foregoing,

Starbucks objects to the Plaintiff's revised second subpoena, dated April 15, 2021,[2]

and asks that the Court sustain its objections.

Respectfully submitted, this 29th day of April, 2021.

HAWKINS PARNELL & YOUNG LLP

*/s/ Carl H. Anderson, Jr.*
Kimberly D. Stevens
Georgia Bar No. 680747
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Non-Party Subpoenant*
*Starbucks Corporation*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:   (404) 614-7400
Telecopier:   (404) 614-7500
E-mail:       kstevens@hpylaw.com
              canderson@hpylaw.com

---

[2] Plaintiff served his first subpoena, dated February 22, 2021, which it later withdrew
on March 12, 2021 [ECF 95].

- 11 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BERKELEY VENTURES II, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action File No.: |
| | § | 1:19-cv-05523-SDG |
| SIONIC MOBILE CORPORATION | § | |
| and RONALD D. HERMAN | § | |
| | § | |
| Defendants. | § | |
| | § | |

**CERTIFICATE OF COUNSEL**

The undersigned hereby certifies that he has prepared the within and foregoing document in accordance with LR 5.1, NDGa, and LR 7.1(D), NDGa. Specifically, counsel certifies that he has used 14 point Times New Roman as the font in these documents.

Respectfully submitted, this 29th day of April, 2021.

                                   **HAWKINS PARNELL & YOUNG LLP**

                                   */s/ Carl H. Anderson, Jr.*
                                   Kimberly D. Stevens
                                   Georgia Bar No. 680747
                                   Carl H. Anderson, Jr.
                                   Georgia Bar No. 016320

                                   *Attorneys for Non-Party Subpoenant*
                                   *Starbucks Corporation*

- 1 -

13178640v1

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:  (404) 614-7400
Telecopier:  (404) 614-7500
E-mail:       kstevens@hpylaw.com
                 canderson@hpylaw.com

13178640v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BERKELEY VENTURES II, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action File No.: |
| | § | 1:19-cv-05523-SDG |
| SIONIC MOBILE CORPORATION | § | |
| and RONALD D. HERMAN | § | |
| | § | |
| Defendants. | § | |
| | § | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel in the above-reference matter with a copy of the within and foregoing **NON-PARTY STARBUCKS CORPORATION'S OBJECTIONS TO PLAINTIFF BERKELEY VENTURES II, LLC'S THIRD-PARTY SUBPOENA TO PRODUCE DOCUMENTS OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL TRIAL** by electronic filing and/or by placing a copy of same in the United States Mail with proper postage thereon and addressed as follows:

### Counsel for Plaintiff

Jason Brian Godwin, Esq.
Godwin Law Group
3985 Steve Reynolds Boulevard

- 1 -

Building D
Norcross, GA 30093
jgodwin@godwinlawgroup.com

**Counsel for Defendants**

Richard J. Baker, Esq.
Simon Jenner, Esq.
Adam Perry Ford, Esq.
Baker Jenner LLLP
210 Interstate North Parkway, Suite 100
Atlanta, GA 30339
rick.baker@bakerjenner.com
simon.jenner@bakerjenner.com
adam.ford@bakerjenner.com

Respectfully submitted, this 29th day of April, 2021.

**HAWKINS PARNELL & YOUNG LLP**

*/s/ Carl H. Anderson, Jr.*
Kimberly D. Stevens
Georgia Bar No. 680747
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Non-Party Subpoenant
Starbucks Corporation*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:  (404) 614-7400
Telecopier:  (404) 614-7500
E-mail:     kstevens@hpylaw.com
            canderson@hpylaw.com

- 2 -