UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>  Defendants. | Case No.: 1:19-CV-05523-SDG |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO JOIN THIRD- PARTY DEFENDANTS BERKELEY CAPTIAL PARTNERS, LLC AND LINDA ROSSETTI**

COMES NOW Plaintiff Berkeley Ventures II, LLC ("Plaintiff") and hereby files its Response in Opposition ("Response") to the Motion of Sionic Mobile Corporation ("SMC") for Leave to Join Third-Party Defendants Berkeley Capital Partners, LLC ("BCP") and Linda Rossetti ("Rossetti").  For reasons shown herein, SMC's Motion for leave to Join Third Parties ("Motion") is not supported by law and is not allowed under the Federal Rules of Civil Procedure.

I.     **Background Information.**

On or about October 31, 2017, Plaintiff was introduced to an investment opportunity, by a SMC board member, Mr. Patrick Gahan.[1] At a lunch attended by Mr. Gahan (a board member of SMC), Mr. Matthew Norton and Mr. Tony Palazzo (a representative of Plaintiff) Plaintiff was introduced to SMC.  At said meeting, Mr. Gahan told Mr. Palazzo about SMC and how Mr. Gahan had invested in SMC and recommended that Plaintiff do the same.[2]  Thereafter, SMC and Defendant reached out to Mr. Palazzo (as a representative of Plaintiff) and provided a small amount of SMC corporate documentation, including certain assertions made by both Mr. Gahan and Mr. Herman as to the present and near-term financial viability of SMC.[3]  Mr. Gahan even went so far as to tell Mr. Palazzo that he had previously done due diligence and that Plaintiff must get in quick as the investment chance was about to close.[4]

After being introduced to the investment opportunity, Mr. Palazzo asked for outsider opinions in this type of company as a way of doing some due diligence.  It was that research that led Mr. Palazzo to contact his long-term friend and client, Ms. Linda Rossetti ("Rossetti").  Ms. Rossetti had

---

[1] Mr. Gahan will be the subject of a forthcoming motion to add to be filed by Plaintiff.
[2] See Email correspondence attached hereto as Exhibit A.
[3] Id.
[4] Id.

vast experience in the area of payment systems which was allegedly the primary industry segment of SMC.

Due to the quick scheduled pushed upon Plaintiff by Defendant Herman and Mr. Gahan, Rossetti did not even meet with any representative of SMC until after Plaintiff made its investment.[5]

Based on the assertions made by two (2) members of the SMC board, and the assurances put forth by SMC in the form of corporate documents, Plaintiff ultimately invested $1,600,000.00 in SMC in or around December 5, 2017.  Thereafter, Plaintiff introduce Ms. Rossetti to SMC an introduction that was greatly appreciated and well received by Mr. Herman.  In fact, Mr. Herman was so impressed with Ms. Rossetti's experience that he offered to put her on the advisory board of SMC, and even thanked Mr. Palazzo for the introduction.[6]

Ultimately, Ms. Rossetti did serve as an introduction to several key players in the industry, however, SMC did not get any business from those leads.  Sometime in mid to late 2018, Plaintiff noticed that SMC's financial data was decreasing rather than the promised increased and noticed that the alleged contracts that SMC had were in fact, not in place.  Plaintiff filed the instant action seeking damages under Rule 10(b)(5) securities fraud.  Upon

---

[5] See Exhibit B.
[6] See Exhibit C.

seeing this lawsuit in the media, Ms. Rosetti resigned from the board of SMC.

The instant action is a very simple claim with very simple proof. At its core, Plaintiff is seeking damages due to its ill-fated investment in SMC. Plaintiff reasonably relied upon material misrepresentations made by SMC (and its representatives) in connection with the sale of a security (stock in SMC). For two (2) years, counsel for SMC has engaged in delay tactics and mental fencing to accomplish everything other than getting to the facts surrounding Plaintiff's investment in SMC.

SMC has known for two (2) years that Plaintiff was formed as a single purpose investment vehicle to hold the shares of SMC.[7] In fact, this method of corporate formation was approved counsel for SMC.[8] Additionally, it is undisputed and clearly born out by the evidence attached hereto that Ms. Rossetti had nothing to do with Plaintiff's investment in SMC (as she did not meet with Defendant Herman or any member of SMC until after made its investment. Therefore, any claims as to Ms. Rossetti by SMC are not necessary to the adjudication of this matter and only serves to muddy the waters as SMC has sought to do for two (2) years now.

---

[7] See Exhibit D.
[8] Id.

## II. Addition of BCP and Rossetti as Third-Party Defendants is not Proper.

Under Rule 14 of the Federal Rules of Civil Procedure, a defendant party may serve a summons and complaint, on a non-party who is or may be liable for all or part of the claim against it.[9] It is extremely clear from this language found in Rule 14(a), that in order to bring in a third party, the allegations against the sought after third-party must not only relate to the claims against the instant defendant, but also must in some degree depend upon the outcome of the underlying action.[10]

Therefore, the analysis to be applied to SMC's Motion is as such, are BCP and Rossetti liable to SMC for any damages claimed by Plaintiff. It is clear from the evidence before this Court that this simply cannot be the case. Plaintiff was established by Mr. Palazzo as a special purpose entity to hold the investment shares in SMC. No way could BCP be liable for the material misrepresentations of Mr. Gahan, Mr. Herman and SMC in connection with the sale of SMC shares. BCP is a larger umbrella investment company which serves as an affiliate of Plaintiff and is in no way involved in the funds transferred from Plaintiff to SMC which is the basis of this action.

---

[9] Fed R. Civ. P. Rule 14(a).
[10] Id.

Likewise, Ms. Rossetti cannot be liable to Plaintiff based on Plaintiff's investment in SMC. Ms. Rossetti never met with or talked to anyone at SMC prior to Plaintiff's investment. Nor is there any evidence that Ms. Rossetti was present or a party to any of the material misrepresentations made by Mr. Gahan, Mr. Herman and SMC in connection with the sale of SMC stock.

Federal Rule 14 of the Rules of Civil Procedure governs a Court's ability to add third party defendants. In order to ensure that those parties brought into the litigations are relevant the party seeking to add said parties must show that the party being added is somehow liable to the defendant for all or part of Plaintiff's allegations. In the present matter that simply cannot be the case. BCP is a related entity to the Plaintiff and did nothing other than be related to the Plaintiff. There is no fact pattern whereby BCP could be liable to Plaintiff for securities fraud. Similarly, there is no way that Ms. Rossetti can be liable to the Plaintiff regarding the securities fraud perpetrated by Mr. Gahan, Mr. Herman and SMC in this matter. It is uncontroverted that Ms. Rossetti never even met with a representative of SMC until after the investment was made. In a simple case of material misrepresentations made to Plaintiff by Defendants (and Mr. Gahan) in connection with the sale of SMC, there is simply no need to add BCP nor

Rossetti as third parties.  To do so would run afoul of the clear guidelines found in Federal Rule Civil Procedure Rule 14(a) and would only serve Defendant's attempt to distract this Court from Defendants' own egregious actions.

### III. Addition of BCP and Rossetti as Required Parties is not Proper.

In the alternative, Defendant SMC seeks to invoke Federal Rule of Civil Procedure Rule 19.  Specifically, this rule governs the criteria to join "required" parties.  In order to fit in the categories of Rule 19, a party must be added if:

a) In that person's absence the court cannot accord complete relief among the existing parties; and

b) That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) impair that person's ability to protect their interest or (ii) leave an existing party subject to a substantial risk o incurring double or multiple inconsistent obligations because of that interest.[11]

---

[11] Federal Rule of Civil Procedure Rule 19(a).

It is clear from this language that Congress intended that a party to be joined under this Rule is "required" for complete relief for allegations between the existing parties. When determining the "required" component, the Court "pragmatic concerns, especially the affect on the parties and the litigation control".[12] Additionally, the applicable case law is very clear in the 11th Circuit, the "complete relief" rule refers to relief as between the persons already parties, not as between a party and the absent party whose joinder is sought.[13]

In the present action, the allegations between Plaintiff and Defendants is that Plaintiff made an investment in SMC based on material misrepresentations. While it may be possible that Ms. Rossetti or others will be called to testify as witness it is clear that relief can be awarded with their joinder and as such neither BCP nor Rossetti are required parties as necessary under Rule 19(a). As shown above, BCP is a related entity to Plaintiff and has no further information about the investment that that which can be offered by the Plaintiff which actually made the investment. Given the nature of communications in the record, it is very clear that Defendants were always aware of BCP's simple relation to Plaintiff.

---

[12] Challenge Homes, Inc. v. Greater Naples Care Center, Inc., 699 F.2d 667, 669 (11th Cir. 1982).
[13] Heinrich v. Goodyear Tire & Rubber Co., 532 F. Supp. 1348, 1359-1360 (D. Md. 1982).

Additionally, Rossetti is not required for complete relief to be awarded between the parties. As shown by the record, Ms. Rossetti never even met with SMC or discussed Plaintiff's investment until after said investment was made in SMC. This is a simple case of securities fraud which requires neither BCP nor Rossetti for full and complete relief between the parties.[14]

IV. CONCLUSION

SMC has moved this Court to permit its Motion to add third-party Defendants either under Rule 14 or Rule 19 of the Federal Rules of Civil Procedure. This matter at issue before the Court is a very simple securities fraud claim. Defendant Herman and SMC made material misrepresentations to Plaintiff in connection with the sale of a security. Throughout the two (2) year history of this matter SMC has sought to contest all matters and being incredibly litigious throughout. However, SMC has clearly been on notice for all those two (2) years about the role of BCP and Rossetti, yet SMC never moved to add them as parties until now.

All the evidence in this matter points to the fact that neither BCP nor Rossetti are necessary parties who's presence is required in order for this

---

[14] SMC's Motion fails to meet the first criteria of Rule 19, assuming arguendo it does, SMC's motion clearly does not meet the four-prong analysis required thereafter under Ruel 19(b) as neither BCP nor Rossetti are no parties are prejudice by a finding in this Court or that BCP's or Rossetti's would be harm by the finding in this matter due to their absence.

-9-

Court to award complete relief to either Plaintiff or the Defendants. Without that showing, the SMC's Motion fails under both Rule 14 and Rule 19 of the Federal Rules of Civil Procedure. Therefore, this Court must deny SMC's Motion as a matter of law.

This the 28th day of May, 2021.

**GODWIN LAW GROUP**

/s/ Jason B. Godwin
Jason B. Godwin
Georgia Bar No. 142226

3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093
Phone:  770-448-9925
Fax:  770-448-9958
jgodwin@godwinlawgroup.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>    Defendants. | Case No.: 1:19-CV-05523-SDG |

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1, N.D. GA.**

The undersigned hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in L.R. 5.1C, N.D. Ga. Specifically, Times New Roman font in 14 point.

By: */s/ Jason B. Godwin*
Jason B. Godwin, Esq.
Georgia Bar No. 14222

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>   Defendants. | Case No.: 1:19-CV-05523-SDG |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT SIONIC MOBILE CORPORATION"S MOTION TO ADD by depositing a copy of same simultaneously with the initial complaint in this matter with delivery to the following:

> Simon Jenner
> Adam Ford
> 210 Interstate North Parkway, SE
> Suite 100
> Atlanta, Georgia 30339

Submitted this 28th day of May, 2021.

**GODWIN LAW GROUP**

<u>/s/ Jason B. Godwin</u>
Jason B. Godwin
Georgia Bar No. 142226

3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093
Phone:  770-448-9925
Fax:  770-448-9958
jgodwin@godwinlawgroup.com