**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BERKELEY VENTURES II, LLC,

    Plaintiff,

v.

    Case No.: 1:19-CV-05523-ODE

SIONIC  MOBILE  CORPORATION  and
RONALD D. HERMAN

    Defendants.

**SUPPLEMENTAL RESPONSE OF PLAINTIFF TO THE SECOND REQUEST FOR**

**PRODUCTION PROPOUNDED BY DEFENDANT SIONIC MOBILE CORPORATION**

COMES NOW Plaintiff Berkeley Ventures II, LLC ("Plaintiff") and hereby objects and

responds to Defendant Sionic Mobile Corporation's ("Sionic") Request for Production of

Documents as follows:

Plaintiff's responses to these discovery requests shall not be deemed a waiver of its rights

to object to the relevance or admissibility of any portion of the materials contained in such

response and Plaintiff expressly reserve all such objections.  Further, Plaintiff's responses to

Sionic's discovery requests shall not be deemed a waiver of any other general or specific

objection.  Plaintiffs expressly reserve the right to supplement, amend, or correct these responses

in accord with Georgia Law and the Federal Rules of Civil Procedure.  All requests are subject to

the general objections set forth below and incorporated into each response as if fully set forth therein.

1.

All documents produced by any non-party to this action in regard to this action or the claims, defenses or subject matter of this action, including in response to any subpoena served by or on behalf of Berkeley or otherwise requested by Berkeley or any Berkeley affiliate. This Request references and includes any production made by any non-party to Berkeley up through and including the date of trial.

Response to Request No. 1:

*Plaintiff objects to this Request as it is unlimited in time and scope. Subject to and without waiver of the foregoing, Plaintiff states that counsel for Sionic already has such documentation received at the time of the Responses. Plaintiff has no such responsive documentation.*

2.

All communications between Berkeley or its counsel, on the one hand, and any non-party to this action, on the other hand, concerning the Complaint, the Answer, the claims or defenses of any party to this action, and the production of any documents as referenced in the prior Request.

Response to Request No. 2:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine.  Subject to and without waiver of the foregoing, Plaintiff states that Berkeley has already produced such information as shown on the list produced contemporaneously herewith.*

3.

All investor letters and communications, including all related documents, transmitted to any member of the BCP Client Base regarding the possibility of, or otherwise concerning, the Share Transaction or any investment in Sionic.

Response to Request No. 3:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine.  Subject to and without waiver of the foregoing, Plaintiff  that all such responsive documentation has been produced herewith in Exhibit A and Exhibit C produced herewith.*

4.

All documents concerning any funds that Berkeley received, whether directly or indirectly, from Berkeley Capital, any Berkeley affiliate, and any member of the BCP Client Base related to Sionic or the Share Transaction.

Response to Request No. 4:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine.  Subject to and without waiver of the foregoing, Plaintiff  that all such responsive documentation has been produced herewith in Exhibit A and Exhibit C produced herewith.*

5.

All documents concerning Berkeley's disposition of any funds that it received, whether directly or indirectly, from Berkeley Capital, any Berkeley affiliate, and any member of the BCP Client Base related to Sionic or the Share Transaction.

Response to Request No. 5:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client*

*privilege or the attorney client work product doctrine.  Subject to and*

*without waiver of the foregoing, Plaintiff states that is has no such*

*responsive documentation.*

6.

All investor letters and communications, including all related

documents, transmitted to any member of the BCP Client Base or

other investor in Berkeley from October 1, 2017, through the date of

trial.

Response to Request No. 6:

*Plaintiff objects to this Request to the extent it is unlimited in time and*

*scope and may seek documentation which is protected by the attorney client*

*privilege or the attorney client work product doctrine.  Subject to and*

*without waiver of the foregoing, Plaintiff  that all such responsive*

*documentation has been produced herewith in Exhibit A and Exhibit C*

*produced herewith.*

7.

All communications between any of the officers or executives of

Berkeley regarding the Share Transaction or any evaluation of or decision

to invest in Sionic.

<u>Response to Request No. 7</u>:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine.  Subject to and without waiver of the foregoing, Plaintiff  that all such responsive documentation has been produced as noted in the list produced contemporaneously herewith.*

8.

All communications between any officers or executives of Berkeley, on the one hand, and Berkeley Capital, on the other hand, regarding the Share Transaction or any evaluation of or decision to invest in Sionic.

<u>Response to Request No. 8</u>:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine.  Subject to and without waiver of the foregoing, Plaintiff  that all such responsive documentation has been produced as noted in the list produced contemporaneously herewith.*

9.

All communications between any officers or executives of Berkeley, on the one hand, and Pen Equity II, LLC, on the other hand, regarding the Share Transaction or any evaluation of or decision to invest in Sionic.

Response to Request No. 9:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine.  Subject to and without waiver of the foregoing, Plaintiff  that all such responsive documentation has been produced as noted in the list produced contemporaneously herewith.*

10.

All communications between any of the officers or executives of Berkeley regarding Sionic's performance as a business before December 5, 2017.

Response to Request No. 10:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine.  Subject to and without waiver of the foregoing, Plaintiff  that all such responsive*

*documentation has been produced as noted in the list produced*

*contemporaneously herewith.*

11.

All communications between any of the officers or executives of

Berkeley regarding Sionic's performance as a business from and

following December 5, 2017.

Response to Request No. 11:

*Plaintiff objects to this Request to the extent it is unlimited in time and*

*scope and may seek documentation which is protected by the attorney client*

*privilege or the attorney client work product doctrine.  Subject to and*

*without waiver of the foregoing, Plaintiff  that all such responsive*

*documentation has been produced as noted in the list produced*

*contemporaneously herewith.*

12.

All communications between any of the officers or executives

of Berkeley, on the one hand, and Berkeley Capital, on the other

hand, regarding Sionic's performance after December 5, 2017.

Response to Request No. 12:

*Plaintiff objects to this Request to the extent it is unlimited in time and*

*scope and may seek documentation which is protected by the attorney client*

*privilege or the attorney client work product doctrine.  Subject to and without waiver of the foregoing, to the extent that any such communications exist, Plaintiff  states that all such responsive documentation has been produced as noted in the list produced contemporaneously herewith.*

13.

All communications between any of the officers or executives of Berkeley, on the one hand, and Pen Equity II, LLC, on the other hand, regarding Sionic's performance after December 5, 2017.

Response to Request No. 13:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine.  Subject to and without waiver of the foregoing, to the extent that any such communications exist, Plaintiff  states that all such responsive documentation has been produced as noted in the list produced contemporaneously herewith.*

14.

All documents, including communications, that you contend support any allegation of scienter against Sionic, including as you may allege against any shareholder, director, officer, executive, manager, employee or other person whom you contend was acting on behalf of Sionic.

Response to Request No. 14:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine or may be later found in discovery and not yet held by Berkeley.  Subject to and without waiver of the foregoing, Plaintiff  states that all such responsive documentation has been produced as noted in the list produced contemporaneously herewith*

15.

All documents, including communications, that you contend supports or constitutes evidence of justifiable reliance by Berkeley on any alleged misrepresentation or omission of material fact by Sionic or any shareholder, director, officer, executive, manager, employee or other person whom you contend was acting on behalf of Sionic.

Response to Request No. 15:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine or may be later found in discovery and not yet held by Berkeley.  Subject to and without waiver of the foregoing, to the extent that any such communications exist, Plaintiff states that all such responsive documentation has been produced as noted in the list produced contemporaneously herewith.*

16.

All documents, including communications, that you contend support or are evidence of economic loss to Berkeley.

Response to Request No. 16:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client privilege or the attorney client work product doctrine or may be later found in discovery and not yet held by Berkeley. Subject to and without waiver of the foregoing, to the extent that any such communications exist, Plaintiff states that all such responsive documentation has been produced as noted in the list produced contemporaneously herewith.*

17.

All documents, including communications, that you contend support or are evidence of a causal connection between any alleged misrepresentation or material omission by Sionic or any shareholder, director, officer, executive, manager, employee or other person whom you contend was acting on behalf of Sionic.

Response to Request No. 17:

*Plaintiff objects to this Request to the extent it is unlimited in time and scope and may seek documentation which is protected by the attorney client*

*privilege or the attorney client work product doctrine or may be later found*

*in discovery and not yet held by Berkeley.  Subject to and without waiver of*

*the foregoing, Plaintiff  states that all such responsive documentation has*

*been produced as noted in the list produced contemporaneously herewith*

18.

All documents, including communications, that you contend support

or are evidence of each allegation of information and belief asserted in the

Complaint, including in para. 17, 19, 34, 35, 37, 38, 40, 41, and 42.

<u>Response to Request No. 18:</u>

*Plaintiff objects to this Request to the extent it is unlimited in time and*

*scope and may seek documentation which is protected by the attorney client*

*privilege or the attorney client work product doctrine or may be later found*

*in discovery and not yet held by Berkeley.  Subject to and without waiver of*

*the foregoing, to the extent that any such communications exist, Plaintiff*

*states that all such responsive documentation has been produced as noted in*

*the list produced contemporaneously herewith.*

This 25th day of June, 2021.

By: <u>*/s/ Jason B. Godwin*</u>
Jason B. Godwin, Esq.
Georgia Bar No. 142226

**Godwin Law Group**
Attorney for Plaintiff
3985 Steve Reynolds Boulevard

Building D
Norcross, Georgia 30093
770-448-9925
770-448-9958
jgodwin@godwinlawgroup.com

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1, N.D. GA.**

The undersigned hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in L.R. 5.1C, N.D. Ga. Specifically, Times New Roman font in 14 point.

By: */s/ Jason B. Godwin*
Jason B. Godwin, Esq.
Georgia Bar No. 142226

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BERKELEY VENTURES II, LLC, | |
| Plaintiff, | |
| v. | Case No.: 1:19-CV-05523-ODE |
| SIONIC MOBILE CORPORATION and RONALD D. HERMAN | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Plaintiff's Responses to Defendant Sionic Mobile's Supplement Second Request for Production of Documents with the Clerk of Court using the CM/ECF filing system, which will send email notification of such filing to counsel.

This 25th day of April, 2021.

By: */s/ Jason B. Godwin*
Jason B. Godwin, Esq.
Georgia Bar No. 142226

**Godwin Law Group**
Attorney for Plaintiff
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093
770-448-9925
770-448-9958
jgodwin@godwinlawgroup.com