IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>      Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN,<br><br>      Defendants. | Civil Action File No.<br>1:19-cv-05523-SDG |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT SIONIC MOBILE CORPORATION'S MOTION FOR LEAVE TO JOIN THIRD-PARTY DEFENDANT LINDA ROSSETTI**

The purported Brief in Opposition [Doc. 135] of Non-Party Linda Rossetti ("Rossetti") to the pending Motion of Defendant Sionic Mobile Corporation ("Sionic") for Leave to Join Third-Party Defendants and Permit Counterclaims [Doc. 127 – 127-6] should be rejected and denied consideration by the Court for three reasons. First, Rossetti has submitted her purported Brief in Opposition without having moved for intervention or being granted the right to intervene under Rule 24, meaning neither Rossetti nor her lawyers are properly before this Court.[1] Second, Rossetti's purported Brief in

---

[1] Each of the Federal Rules of Civil Procedure are referred to as a "Rule."

Opposition is effectively a Rule 12(b)(6) motion to dismiss, which as a matter of law can only be made against a pleading, not a motion. Finally, Rossetti's purported Brief distorts Sionic's allegations and the law, thereby addressing neither on the merits. For these reasons, Sionic respectfully requests the Court deny Rossetti's purported Brief in Opposition consideration.

## ARGUMENT AND CITATION OF AUTHORITY

Rossetti's purported Brief in Opposition does not follow the Rules, seeks relief barred as a matter of law, and constitutes yet another example of the waste of resources and time that Sionic and this Court have been forced to endure in this matter. Respectfully, the Court should not consider Rossetti's purported Brief in Opposition, including for the following reasons:

**I.      Rossetti has not moved to intervene, has not complied with Rule 24, and has made no argument or showing demonstrating her right to oppose Sionic's Motion.**

Absent the court granting a motion to intervene under Rule 24, a non-party to an action lacks standing to oppose a party's motion or a court's order on that motion. *Evans v. United States Pipe & Foundry Co.*, No. 1:05-CV-01017-KOB, 2018 U.S. Dist. LEXIS 126496 at *9 (N.D.Ala. Jul. 30, 2018) ("CFNEA is not a party to this action, and it did not file a motion to intervene . . . Therefore, the court had no basis for corresponding with CFNEA or eliciting its opinion regarding the motion"); *Harvey v. Miller*, No. H-12-1990,

2013 U.S. Dist. LEXIS 196434 (S.D.Tex. Oct. 25, 2013). A lawyer for a non-party is not counsel of record and has no right to appear before the court unless the court has granted the non-party's motion to intervene. *Hufnagle v. Rino Int'l Corp.*, No. CV 10-08695 DDP (VBKx), 2012 U.S. Dist. LEXIS 177663 at *7 (C.D.Cal. Dec. 14, 2012). A non-party's failure to move for intervention while seeking relief from the court deprives the actual parties to the action of the opportunity to respond to the intervention, which further constitutes grounds for denying such relief. *Muldrow v. Davis*, No. 4:08cv109-SPM/WCS, 2008 U.S. Dist. LEXIS 121542 (N.D.Fla. Jun. 10, 2008), adopted 2008 U.S. Dist. LEXIS 60746 (N.D.Fla. Jul. 29, 2008).

To successfully intervene, a non-party must timely file a motion demonstrating either intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b). Under Rule 24(c), a motion to intervene must be accompanied by a pleading that states the claim or defense on which intervention is sought. *Developers Sur. & Indem. Co. v. Archer Western Contrs., LLC*, 2017 U.S. Dist. LEXIS 80411 at *7 (M.D.Fla. Apr. 3, 2017) (holding that "standing alone," intervenor's failure to comply with Rule 24(c) "would be sufficient grounds to the deny the motion" to intervene) adopted 2017 U.S. Dist. LEXIS 80050 (M.D.Fla. May 25, 2017). Rule 24 does not allow a non-party to interject affirmative interests into a case but instead requires

3

the non-party to align with a defendant in contesting a right of recovery—which the non-party does by intervening as a defendant. *Hubner v. Schoonmaker*, No. 89-3400, 1990 U.S. Dist. LEXIS 13035 at *22 (E.D.Pa. Oct. 2, 1990).

Here, Rossetti is *not* a party to this case. She therefore lacks standing to oppose Sionic's pending Motion unless and until the Court grants Rossetti the right to intervene, which the Court cannot do because Rossetti has filed no motion and articulated no factors supporting intervention. Rossetti does not seek to align with either Berkeley or Capital in this litigation and has specified no harm that she would suffer if the Court grants Sionic's Motion absent her intervention. Nor can she. If the Court grants Sionic's Motion, Rossetti can plead all defenses and seek dismissal at that time.

In addition to these critical failures, Rossetti has not submitted a Rule 24(c)-compliant pleading articulating her purported defenses. Rather, and as discussed part III to this Brief, all Rossetti has presented are conclusory and bald contentions from which allegations must be inferred; for example, that she would have had "no reason or basis for communicating with Berkeley,"[2] or that for some reason, she "plainly did not act as an agent of Sionic in the

---

[2] Rossetti's purported Brief in Opposition at 7.

Transaction."[3] What allegations may support such contentions are entirely absent, and Rosset has not submitted a pleading stating any of them.

Finally, Rossetti's purported Brief in Opposition is not timely. Sionic filed its Motion on May 11, 2021. Jason Godwin, who is also Rossetti's attorney (albeit for a purportedly narrower purpose in this case), knew about Sionic's Motion and no doubt informed her of it.[4] But, over a month after Sionic filed its Motion and after its submission to chambers, Rossetti still has not filed a motion to intervene. Rather, she only filed her purported Brief in Opposition on June 18, 2021, well after the expiration of the time to file under LR 7.1(B). Under such circumstances, a brief in opposition is properly denied consideration, especially when, as here, the nonmovant neither sought nor obtained the court's permission for an extension of time in which to file and demonstrated none of the factors supporting a showing of excusable neglect. *Milon v. Bank of Am., N.A.*, No. 1:14-CV-01405-MHS-GGB, 2015 U.S. Dist. LEXIS 180377 at *9 (N.D.Ga. Feb. 19, 2015), adopted 2015 U.S. Dist. LEXIS 180369 at *1 (N.D.Ga. Mar. 16, 2015); *Silvestar v. Bank of Am., N.A.*, No. 1:13-cv-01853-CC-GGB, 2013 U.S. Dist. LEXIS 203967 at *4 (N.D.Ga.

---

[3] Rossetti's purported Brief in Opposition at 6.
[4] Email dated April 12, 2021 from Godwin to Jenner, attached and incorporated as Ex. A to this Reply Brief.

Sept. 10, 2013), adopted 2013 U.S. Dist. LEXIS 203996 (N.D.Ga. Oct 1, 2013); *Wright v. Dyck-O'Neal, Inc.*, No. 2:15-cv-249-FtM-38MRM, 2016 U.S. Dist. LEXIS 92965 at *8, *18 (M.D.Fla. June 27, 2016), adopted 2016 U.S. Dist. LEXIS 92963 (M.D.Fla. Jul. 16, 2016) (holding that litigants are charged with knowing when submissions are due).

Rossetti's purported Brief in Opposition is not properly before the Court. It does not comply with Rule 24 or with LR 7.1(B). Respectfully, the Court should deny Rossetti's purported Brief in Opposition consideration.

## II. Rossetti's purported Brief in Opposition not only likely exceeds 25 pages but is really a motion to dismiss—which is not proper at this stage of litigation.

Besides failing to follow Rule 24, Rossetti's purported Brief in Opposition also violates her obligations in two other ways. First, Rossetti violates LR 5.1(D) by having a one inch instead of "one and one-half inch" top margin. This violation means that Rossetti's purported Brief in Opposition—already stretched to the edge of 24 pages—may well exceed the 25-page limit imposed under Rule 7.1(D).

Second, Rossetti has not addressed Sionic's Motion and Counterclaim-TPC on their merits. Rather, she has submitted what is essentially a Rule 12(b)(6) motion to dismiss dressed in the rags of a purported opposition, which is improper. *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98,

6

112 (2d Cir. 2012) (holding a party cannot file a Rule 12(b)(6) motion to dismiss in response to a motion because motions are not pleadings and thus cannot be subject to dismissal). This fact is evident in Rossetti's assertion that her joinder to this action would be "futile" due to Sionic's alleged failure to sufficiently state claims against her, including a purported failure to state a claim on indemnity and contribution,[5] to state an actionable claim for libel and defamation,[6] "to state a valid claim" for civil conspiracy,[7] and to state a claim for tortious interference,[8] amongst others. If there is any doubt, Rossetti's key cases all arise from motions to dismiss that were filed *after* the service of the third-party complaint and which reference the legal standards applicable to Rule 12(b)(6) motions to dismiss—with one case even constituting a post-judgment appeal. *See, e.g.*, *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) (granting "motion to dismiss" a duly filed and served third-party complaint); *see also, e.g., Yanzhuo Zhang v. Fieldale Farms Corp.*, No. 3:16-CV-55 (CDL), 2017 U.S. Dist. LEXIS 229574 at *5 (M.D.Ga. Jul. 28, 2017) ("To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)"); *U.S. Capital Funding VI, Ltd. v. Patterson*

---

[5] *See, e.g.,* Rossetti's purported Brief in Opposition at 6-7.
[6] *See, e.g.,* Rossetti's purported Brief in Opposition at 13.
[7] *See, e.g.,* Rossetti's purported Brief in Opposition at 15.
[8] *See, e.g.,* Rossetti's purported Brief in Opposition at 19.

*Bankshares, Inc.*, 137 F. Supp. 3d 1340, 1347 (S.D.Ga. 2015) ("Presently before the Court are several Motion to Dismiss"); *Al-Sharif v. EPES Transp. Sys.*, No. CV 111-037, 2012 U.S. Dist. LEXIS 20492 *14 (S.D.Ga. Feb. 17, 2012) (denying joinder motion only after complaint dismissed under Rule 12(b)(6)); *FDIC v. Loudermilk*, 826 S.E.2d 116 (Ga. 2019) (answering certified questions after judgment on appeal to 11th Circuit); *Hines v. Holland,* 779 S.E.2d 63, 66 (Ga. Ct. App. 2015) ("Hines filed his notice of appeal, challenging only the trial court's order granting the . . . motion to dismiss"). Regardless of supposed 'futility,' Rossetti's arguments are proper for a Rule 12(b)(6) motion *after* she is served, not before, as her own cases confirm.

The reality is that Berkeley, an actual party to this case, late-filed its Brief in Opposition to Sionic's Motion.[9] That Brief asserted purported factual and legal grounds against Rossetti's joinder under Rules 14 and 19, in which regard Jason Godwin's status as Rossetti's counsel should not be ignored.[10] Rossetti's purported Brief in Opposition is an out-of-time, second bite at the apple, which contrary to law asserts Rule 12(b)(6) grounds to thwart Sionic's rights. Respectfully, the Court should refuse such efforts.

---

[9] Sionic's Reply Brief [Doc. 131] part I at 2-5.
[10] Berkeley's Brief in Opposition [Doc. 128] part II at 5 ("Addition of BCP and Rossetti as Third-Party Defendants is not Proper"), part III at 7 ("Addition of BCP and Rossetti as Required Parties is not Proper"); Ex. A.

### III. Rossetti's purported Brief in Opposition misrepresents the allegations of Sionic's Counterclaim-TPC, argues questions of fact that are not proper for resolution at this stage of litigation, and attempts to impose on Sionic a pleading standard that is beyond the requirements of Rule 8(a)(2).

In effectively arguing dismissal, Rossetti's purported Brief in Opposition neither properly moved under nor applied Rule 12(b)(6). Instead, she leaves it to the Court to do her work, inferring relief she has not sought based on defenses she has not alleged, whether in a pleading compliant with Rule 24(c) or otherwise. Furthermore, by improperly utilizing the form of a brief in opposition, Rossetti has contrived to limit Sionic to 15 pages in reply, rather than the 25 pages Sionic ought to have in responding to such a motion.

Nonetheless, while Rossetti has arranged matters such that Sionic lacks the pages to address all of her arguments and contentions, a cursory review of the Counterclaim-TPC shows that Sionic satisfied the pleading standard under Rule 8(a) sufficient to survive a Rule 12(b)(6) motion. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (holding that in evaluating a party's claims under Rule 12(b)(6), a court should only test the legal sufficiency of a complaint and not whether the plaintiff will prevail on the merits, the court thereby accepting as true all facts alleged and construing all reasonable inference in the light most favorable to the plaintiff); *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1386 (11th Cir. 2010) (holding a

plaintiff "need not prove his case on the pleadings—his Amended Complaint must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim"); *Roberts & Schaefer Co. v. Hardaway Co.*, No: 95-590-CIV-T-17E, 1995 U.S. Dist. LEXIS 10667 at *3 (M.D.Fla. Jul. 25, 1995) (holding Rule 8(a) embodies a liberal notice standard that disfavors dismissal at the pleading stage and instead depends upon the generous and flexible provisions for discovery to establish the facts and evidence that may exist in support of a given claim).

Here, Rossetti's meager arguments do nothing to show that Sionic's Counterclaim-TPC failed satisfied Rule 8(a) or are otherwise subject to dismissal under Rule 12(b)(6). For example, Rossetti contends that Sionic failed to state a claim for contribution and indemnity. But Rossetti's purported Brief in Opposition does not explain *how*. Instead, Rossetti resorts to bald and conclusory contentions that clumsily attempt to obviate Sionic's well-pled allegations with mere hyperbolic gainsaying, including that it is "beyond dispute that Rossetti was not a party to the Transaction,"[11] that "she would have had no reason or basis for communicating with Berkeley about Sionic's performance during due diligence,"[12] that she "plainly did not act as

---

[11] Rossetti's purported Brief in Opposition at 7.
[12] Rossetti's purported Brief in Opposition at 7.

10

an agent of Sionic in the Transaction,"[13] and that she cannot be a "joint tortfeasor" because she was purportedly not party to the Sionic investment.[14]

Why any of these contentions is plain, beyond dispute or obvious is elucidated nowhere in Rossetti's purported Brief in Opposition. As such, they are inadequate for Rule 12(b)(6) since at best they only raise potential questions of fact, if even that. *Scheuer*, 416 U.S. at 236; *Phigenix, Inc. v. Genentech, Inc.*, No. 1:14-CV-287-MHC, 2015 U.S. Dist. LEXIS 178300 at *11 (N.D.Ga. Mar. 12, 2015) ("plaintiff need not prove these elements at the pleading phase; it need only plausibly allege them"). Nor do these contentions refute Sionic's allegations demonstrating Rossetti's support of and financial gain from Capital's wrongdoing, including through her direct involvement in due diligence regarding Sionic and its business beginning October 25, 2017, solicitations of Berkeley and its beneficial owners to fund an investment in Sionic, and her own well-documented investment in Berkeley *before* the December 5, 2017 closing of the Share Transaction—all of which shows her involvement, together with Capital, at every level of the Sionic investment from its earliest beginnings.[15]

---

[13] Rossetti's purported Brief in Opposition at 6, 7.
[14] Rossetti's purported Brief in Opposition at 3, 7.
[15] Counterclaim-TPC [Doc. 127-2] para. 16, 17, 52-57, 59, 60, Ex. G.

In another example of missing the mark, Rossetti's purported Brief in Opposition presents no credible argument for why Sionic's Motion should be denied on statute of limitations grounds. Dismissal on a statute of limitations defense—notably absent here since Rossetti has presented no such defense in conformity with Rule 24(c)—can only be granted when it is apparent on the face of the complaint that a claim is time-barred. *Lesti v. Wells Fargo Bank, N.A.*, 960 F.Supp.2d 1311, 1316-17 (M.D.Fla. 2013); *see, also, 1010 N. 30th Rd.*, No. 20-CV-60622-RUIZ/STRAUSS, 2020 U.S. Dist. LEXIS 197586 at *24 (S.D.Fla. Oct. 22, 2020) (holding that the determination of whether a claim is barred under the statute of limitations is typically improper on a Rule 12(b)(6) motion, especially when the outcome depends on contested questions of fact, facts not in evidence, or factual ambiguities in the complaint), adopted 2020 U.S. Dist. LEXIS 218820 (S.D.Fla. Nov. 23, 2020).

Here, Rossetti's purported Brief in Opposition once more engages in only rudimentary analysis, resulting in the poorly supported contention that Sionic must have somehow filed outside of the limitations period. This contention, however, fails to address Sionic's well-pled allegations demonstrating that it timely brought a claim for defamation and libel. Specifically, Sionic showed that Rossetti owed Sionic a duty of trust and confidence—under contract, as an authorized representative of Sionic per her

AB Agreement, and by virtue of being a member of Sionic's Advisory Board—which duty she breached through her failure to disclose her *sub rosa* involvement with Capital in effectuating the Sionic investment.[16]

These allegations are sufficient to toll the statute of limitations and extend the period of Rossetti's actionable liability through the duration of her underlying contractual and fiduciary obligations to Sionic. *McLendon v. Georgia Kaolin Co.*, 837 F. Supp. 1231, 1241 (M.D.Ga. 1993); *McDaniel v. SunTrust Bank (In re McDaniel),* 523 B.R. 895, 908 (Bankr. M.D.Ga. 2014). But, even if the Court determines Sionic's libel and defamation claim is time-barred, which it is not, Rossetti ignores the fact that her misconduct still supports Sionic's separate claims against her for breaches of contract and fiduciary duty going back to November of 2017.[17] She also ignores Berkeley's failure to oppose any of Sionic's Counterclaims, which are intrinsically bound to Sionic's Third-Party Claims against Rossetti, and which under O.C.G.A. § 9-3-97 are timely. *Wilferd v. Digital Equity, LLC*, No. 1:20-cv-01955-SDG, 2021 U.S. Dist. LEXIS 86677 *14 (N.D.Ga. May 5, 2021); *see also, Gibson v. Casto*, 523 S.E.2d 564, 565-566 (Ga. 1999); *Harpe v. Hall*, 596 S.E.2d 666, 667

---

[16] Counterclaim-TPC [Doc. 127-2] at para. 97-102 (specifying the obligation), 103-106 (specifying the breaches of duty and obligation), Ex. G (Section 9).
[17] Counterclaim-TPC [Doc. 127-2] at para. 24, 65, 93-106.

(Ga. Ct. App. 2004) (holding that the filing of a third-party complaint permitted a counterclaim that had not yet expired as of the commencement of the action against the third-party plaintiff). Finally, Rossetti fails to address her wrongful concealment of her tortious activities from Sionic, which Sionic only discovered through Rossetti's compulsion under subpoena—with which she only reluctantly complied in late April.[18] *McLendon*, 837 F. Supp. at 1241; *McDaniel,* 523 B.R. at 908.

The significant failures in argument and analysis shown in these two examples are rife throughout Rossetti's purported Brief in Opposition, and demonstrate how she depends on distortions of fact and law to avoid the real issues presented in Sionic's Motion and Counterclaim-TPC. Nonetheless, to the extent the Court deems additional argument appropriate, it should be accomplished through regular motion's practice under LR 7.1(D). Not Rossetti's contrivance to limit Sionic to a 15-page reply.

## CONCLUSION

Rossetti has not moved to intervene. Accordingly, neither she nor the lawyers submitting her purported Brief in Opposition are properly before this

---

[18] Email dated April 21, 2021 from Jason Godwin to Simon Jenner, attached and incorporated as Ex. B to this Reply Brief. Whether Rossetti in fact complied fully with the subpoena remains to be determined.

14

Court. Rossetti has violated the Rules and Local Rules, and seeks relief in the effective form of a dismissal—which is improper at the pre-pleading stage. If Rossetti believes Sionic's Counterclaim-TPC is deficient, she can exercise the right every other defendant-party has following service: to file an answer asserting her defenses and, if appropriate, a motion to dismiss. Respectfully, the Court should deny Rossetti's purported Brief in Opposition.

WHEREFORE, Sionic respectfully moves that the Court grant its Motion and join Rossetti to this case.

Respectfully submitted this June 30, 2021.

/s/ Simon Jenner
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker, Esq.
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Adam P. Ford, Esq.
Georgia Bar No. 355079
adam.ford@bakerjenner.com
Baker Jenner LLLP
210 Interstate N. Parkway, SE, Ste. 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Century Schoolbook, 13-point font. I further certify I have electronically filed on the date stated below, the foregoing **REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT SIONIC MOBILE CORPORATION'S MOTION FOR LEAVE TO JOIN THIRD-PARTY DEFENDANT LINDA ROSSETTI** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

David J. Hungeling
Adam S. Rubenfield
Hungeling Rubenfield Law
1718 Peachtree Street, N.W.
Peachtree 25th, Suite 599
Atlanta, Georgia 30309

Daniel C. Norris
The Ether Law Firm, LLC
1718 Peachtree Street, N.W.
Peachtree 25th, Suite 599
Atlanta, Georgia 30309

Jason Brian Godwin
Godwin Law Group
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093

This June 30, 2021.

/s/ Simon Jenner
Georgia Bar No. 142588
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
E: simon.jenner@bakerjenner.com