IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BERKELEY VENTURES II, LLC

Plaintiff,

v.

SIONIC MOBILE CORPORATION and
RONALD D. HERMAN,

Defendants.

Civil Action File No.
1:19-cv-05523-SDG

## DEFENDANT SIONIC MOBILE CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFF BERKELEY VENTURES II, LLC'S MOTION TO ADD MR. PATRICK GAHAN AS A PARTY DEFENDANT

Respectfully, the Court should deny the Motion [Doc. 136 – 136-18] of Plaintiff Berkeley Ventures II, LLC ("Berkeley") to amend its Complaint and add non-party Patrick Gahan ("Gahan") to this matter as a party defendant, for four reasons. First, Berkeley's largely incoherent Motion does not properly move to amend Berkeley's Complaint or join Gahan. Second, Berkeley has cited no new fact, item of evidence or allegation that shows why Gahan could not have been added well before the expiration of the deadlines set in the Court's Scheduling Order—meaning that for purposes of Rule 16(b)(4), Berkeley has articulated no grounds for the Court to even reach a Rule 15

amendment analysis. Third, Berkeley makes no attempt to show why Gahan's joinder or the amendment of its pleading is proper under Rules 15, 19, 20 "and/or" 21, which means it has provided the Court no basis on which to grant its Motion. And last, Berkeley's purported "Amended Verified Complaint for Damages" is a confused mess of allegations that fails to satisfy Rules 8 and 9(b) and the particularity requirements of the PLSRA.

## ARGUMENT AND CITATION OF AUTHORITY

Berkeley has made no effort to present a coherent Motion or to specify the reasons why the Court should grant it. Respectfully, the Court should deny Berkeley's Motion, including for the following reasons:

**I.   Berkeley's Motion is incoherent and fails to either properly cite or apply the legal standards, governing law, and legal standards that would justify either Gahan's joinder to this action or the amendment of its Complaint over a year-and-an-half after being filed.**

A court may deny and reject consideration of any motion or other filing that is incoherent and does not adequately articulate and apply the legal and factual bases that may support a movant's requested relief. *See*, *Salvani v. Corizon Health, Inc.*, 2019 U.S. Dist. LEXIS 198106 at * (S.D.Fla. Jul. 3, 2019) (denying Plaintiff's motion "because it is incomplete and incoherent" and "unclear at every turn," including due to its failure to appropriately cite a supportive case or to explain how the facts as alleged were relevant to the

relief sought); *see also*, *Goode v. Wings of Alpharetta, Inc.*, No. 1:11-cv-1337-WSD, 2013 U.S. Dist. LEXIS 145693 at *7 (N.D.Ga. Oct. 9, 2013) (denying plaintiff's "incoherent motion" because it did not make a genuine effort to demonstrate the factual and legal bases supporting plaintiff's requested relief, did not seriously address the issues, and only vaguely cited purported evidence in footnotes); *Gonzalez v. GMAC Mortg.*, No: 5:13-cv-72-Oc-22PRL, 2013 U.S. Dist. LEXIS 120152 at * (M.D.Fla. Aug. 5, 2013) (rejecting a plaintiff's opposition to a pending motion because the plaintiff failed to discuss appropriate Eleventh Circuit standards, raised non-responsive arguments, and failed to cite or relate plausible facts). A court's obligation to construe a motion or pleading liberally, when it exists, does not equate to a duty to rewrite it for the plaintiff. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904 (11th Cir. 1993).

Here, Berkeley has moved to join Gahan as a party defendant and to amend its Complaint. Berkeley's Motion, however, fails to present a coherent argument in support of its requested relief, to cite credible facts or legal bases for its grant, or to provide necessary analysis or reasoning. In short, while what Berkeley wants is somewhat clear, *why* it should be granted at this stage of litigation remains almost entirely opaque.

For example, Berkeley fails to appropriately identify the Rules and applicable standards under which it seeks to join Gahan and amend its Complaint. Instead, it sparsely references "Rules 15, 19 and/or 21," which if taken at face value means that Berkeley is possibly moving on all three or just one of these grounds.[1] To make matters more confusing, Berkeley nowhere discusses Rule 21, which governs misjoinder and nonjoinder, but instead addresses Rule 20(a)(2), which governs permissive joinder.[2] Berkeley has thus delivered the Court and Sionic a bit of a conundrum as to which of these Rules Berkeley thinks pertinent and in which combination. This is not an idle consideration, since not only are there up to 24 potential permutations based just on just the four Rules that Berkeley has cited, but also because how the Rules are interpreted and applied can change markedly depending on the circumstances and the arguments presented.

Additionally, Berkeley provides virtually no analysis or reasoning as to how or why Rules 15, 19, 20 "and/or" 21 would apply to the circumstances alleged, except to baldly assert "it is clear that Mr. Gahan should be added," based on unsubstantiated "new facts" and "newly found allegations."[3] The

---

[1] Berkeley's Motion [Doc. 136] at 1, [Doc. 136-1] at 3.
[2] Berkeley's Brief [Doc. 136-1] at 4.
[3] Berkeley's Motion [Doc. 136] at 2; Berkeley's Brief [Doc. 136-1] at 3, 6.

question, of course, is what new facts, found in what evidence, discovered from whom, disclosed when, supporting which newfound allegations, made in which enumerated paragraphs of which pleading?

Berkeley's only answer is a vague and oft repeated reference to an "Exhibit A."[4] There are, however, four documents that Berkeley has submitted that are labeled as "Exhibit A," including the Brief to Berkeley's Motion,[5] a truncated fragment of Gahan's October 25, 2017 Introductory Email which has long been a part of the record of this case,[6] an "Amended Verified Complaint for Damages,"[7] and finally some Form D filings.[8] The Brief and Introductory Email are the only "Exhibit A" documents referenced by name in Berkeley's Motion and Brief. The other two are not, with a "proposed amended complaint" merely receiving an oblique reference towards the end of Berkeley's Brief. Which one of these "Exhibit A" documents Berkeley intends, under which circumstances, to establish which allegations,

---

[4] Berkeley's Motion [Doc. 136] at 1; Berkeley's Brief [Doc. 136-1] at 2 n.1-4, 5 n.13, 6 n.14-15.

[5] Berkeley's Motion [Doc. 136] at 1 ("Plaintiff's Motion to Add Mr. Gahan is attached hereto and incorporated as Exhibit A to this Motion"). Sionic accepts this reference as being to the Brief.

[6] Berkeley's Brief [Doc. 136-1] at 2 n.1 ("Email correspondence").

[7] "Exhibit A" [Doc. 136-3] ("Amended Verified Complaint for Damages").

[8] "Amended Verified Complaint for Damages" [Doc. 136-4].

as pertinent to which claims, is thus at critical moments left for the Court and Sionic to guess.

Ultimately, Berkeley has sent the Court and Sionic on the equivalent of a hunting expedition, without the courtesy of a map or even a handful of meaningful directions. In so doing, Berkeley has robbed Sionic of the ability to present its best arguments in response to whatever Berkeley may have in mind to justify its Motion, but at which Berkeley has at most only hinted. This is not how litigation is supposed to work. Respectfully, the Court should deny Berkeley's Motion.

## II. Regardless the basis for Berkeley's Motion, the reality is that Berkeley has presented no new substantive fact or allegation different from what Berkeley plainly knew at the commencement of this action that would justify Berkeley's attempt at an end-run around the Court's Scheduling Order.

The deadlines set in a case management and scheduling order for amendment of pleadings may be modified under Rule 16(b)(4) only upon good cause and with the judge's consent, which imposes on a movant the obligation of demonstrating that, despite the movant's diligence, a given deadline as originally set could not be met. *Plate v. Pinellas Cty.*, No: 8:18-cv-2534-T-36CPT, 2020 U.S. Dist. LEXIS 13800 at *12 (Jan. 28, 2020). Accordingly, while Rule 15(a) and Eleventh Circuit precedent strongly favor a court freely granting leave to amend when justice so requires, nonetheless, absent a

movant's prior satisfaction of Rule 16(b)(4), a court cannot reach a Rule 15(a) analysis. *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (holding that because plaintiff's "motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)").

Here, the Joint Preliminary Report and Discovery Plan [Doc. 68], part 6, entered and approved according to the Court's Scheduling Order [Doc. 69], required amendments to pleadings to be filed no later than February 21, 2021, unless otherwise permitted under the Rules and upon motion.[9] Sionic's Motion to join Third-Parties and permit Counterclaims and Third-Party Claims, which arose from significant new evidence only recently learned through discovery, fully satisfied this requirement. Sionic went to great lengths to document the results of its discovery efforts for the Court, including voluminous exhibits to its Motion to show why it was moving to join Third-Parties and add Third-Party Claims and Counterclaims at this time. It is for this reason that no one, including Berkeley and Linda Rossetti, argued that Sionic had failed to satisfy the requirements of Rule 16(b)(4).

---

[9] Joint Preliminary Report and Discovery Plan [Doc. 68] at 8 (requiring amendments to pleadings be submitted no later than 30 days after the Joint Preliminary Report and Discovery Plain is filed, which was on Jan. 22, 2021).

Conversely, Berkeley has not identified one substantive new fact, item of evidence or allegation that was different from what Berkeley knew and alleged at the commencement of this action on December 7, 2019. Simply stated, Berkeley has not demonstrated its right to amend its Complaint and join a new party defendant outside the deadlines set by the Court and some 19 months after the commencement of this action.

Presently, from what can be gleaned from Berkeley's Motion, it appears that it is asserting four broad bases for joining Gahan as a party defendant and to amend its Complaint, including: (1) Gahan was the Sionic Board member who allegedly introduced Berkeley to Sionic;[10] (2) Gahan allegedly encouraged and induced Berkeley to invest in Sionic based on his own prior due diligence;[11] (3) Gahan had allegedly contrived stock donations as a way to

---

[10] Berkeley Brief [Doc. 136-1] at 2 ("Plaintiff was introduced to an investment opportunity, by SMC"), 5 ("Mr. Gahan, as a member of Sionic board of directors, attended a meeting with representatives of the Plaintiff for the initial introduction to Sionic").

[11] Berkeley Brief [Doc. 136-1] at 2 ("Mr. Gahan told Mr. Palazzo about SMC and how Mr. Gahan had invested in SMC and recommended that Plaintiff do the same"), 5 ("Mr. Gahan vouched for the investments to be made into Sionic, by reassuring representatives of the Plaintiff that he had already done due diligence on the company and that he was not only a director, but also an investor").

artificially inflate Sionic's stock price;[12] and (4) Gahan had allegedly

participated in pressuring tactics in order to help foreclose Berkeley's due

diligence period and efforts.[13]

There is, however, nothing new in any of these purportedly 'new'

allegations. In its Complaint, Berkeley alleged Gahan was the Sionic Board

member—and in fact the "Key Board Member"—who allegedly introduced

Berkeley to Sionic, with Berkeley's prior counsel expressly confirming that

fact in an email dated *February 21, 2020*.[14] In the same email, Berkeley's

prior counsel stated its contention that Gahan not only had solicited

Berkeley, but had previously solicited his own attorney to invest in Sionic; a

fact that would have been known well before the Complaint since the

managing partner of Berkeley's prior counsel was in fact that attorney.[15]

Moreover, the October 25, 2017 Introductory Email, attached as Exhibit B to

---

[12] Berkeley Brief [Doc. 136-1] at 7 ("Mr. Gahan was operating a scheme . . . to transfer Sionic shares in exchange for charitable write-off contribution"); "Amended Verified Complaint for Damages" [Doc. 136-3] para. 18.
[13] "Amended Verified Complaint for Damages" [Doc. 136-3] para. 12.
[14] Complaint [Doc. 1] para. 20, 32; Reply Brief in Further Support of Motion to Disqualify, Aff. Richard J. Baker [Doc. 24-3] para. 3, Ex. A (confirming "the third party to which Berkeley and Mr. Slipakoff refer is Patrick Gahan").
[15] Reply Brief in Further Support of Motion to Disqualify, Aff. Richard J. Baker Ex. A [Doc. 24-3].

Berkeley's Complaint, is from Gahan.[16] There is, therefore, nothing new.
Berkeley knew who introduced it to Sionic and who encouraged it to invest.

Similarly, Berkeley's Complaint alleges that Gahan had used his own
prior due diligence to induce Berkeley into funding Sionic, including through
Gahan's Introductory Email.[17] While Berkeley proposes some elaboration on
what it alleges Gahan said regarding the efficacy of his prior due diligence
efforts and what that might have meant for Berkeley at the time, this was
information obviously known to Berkeley, not just when it filed its Complaint
on December 7, 2019, but going back at least to October 25, 2017, when
according to the Complaint, Gahan first began talking with Berkeley.

Likewise, Berkeley was fully aware of Gahan's alleged stock donation
and valuation scheme even before it filed its Complaint. The Complaint
expressly referenced and described the alleged scheme almost 19 months
ago.[18] These allegations, moreover, were clearly informed by the work that
the managing partner for Berkeley's prior counsel had performed for
Gahan—which Sionic disclosed to the Court in its February 27, 2020 Motion

---

[16] Complaint, Ex. B [Doc. 1-2].
[17] Complaint [Doc. 1] para. 23 ("This is my favorite tech company in our
portfolio...I personally did the initial technology due diligence review 2 years
ago for the Series B round"),
[18] Complaint [Doc. 1] para. 17-19, 22.

to Disqualify, and which was one of the essential factors that caused the Court to ultimately order Berkeley's lawyers disqualified in December 2020.[19]

Finally, Gahan's alleged pressuring tactics were fully alleged in the Complaint, including his involvement in contriving alleged "artificial deadlines" and "shortened due diligence periods."[20] Once again, the Complaint identifies Gahan's Introductory Email as setting the scene for these so-called pressuring tactics.[21] In case there was any doubt, Berkeley's Complaint expressly refences the attachments to Gahan's Introductory Email, including a Fact Sheet and Overview PowerPoint, as essential components to the alleged "Restricted Due Diligence Period."[22] Once again, while Berkeley may now propose certain elaborations on these old allegations, there is nothing new that was not known to Berkeley since before its investment in Sionic, and certainly at the time it filed its Complaint.

Berkeley has not met its burden under Rule 16(b)(4). It was tardy and dilatory in seeking to amend its Complaint and in adding Gahan. Rather, in

---

[19] Brief to Motion to Disqualify [Doc. 24] at 3; Order (Dec. 20, 2020) [Doc. 69] at 13 ("Plaintiff alleges that part of Defendants' scheme to defraud investors was to have "some investors donate( ) their shares to one or more charities at inflated share prices to generate charitable tax deductions").
[20] Complaint [Doc. 1] para. 11.
[21] Complaint [Doc. 1] para. 23 ("this is probably not going to be enough time for your normal due diligence").
[22] Complaint [Doc. 1] para. 34-35.

view of Sionic's pending Motion to join Linda Rossetti and Berkeley Capital Partners, LLC, and to permit Third-Party Claims and Counterclaims, it is evident that Berkeley is engaging in little more than tit-for-tat. But Sionic and Berkeley's respective Motions could not stand on more different ground. Respectfully, the Court should deny Berkeley's Motion.

### III.   Berkeley has failed to substantively argue or show that Gahan's addition to this case, at this time, is appropriate or necessary to its right of recovery.

For the reasons stated in part I of this Brief, Berkeley's Motion fails to present an integrated or properly stated argument in support of either its joinder of Gahan or to permit the amendment of its Complaint. As further show in part II, Berkeley has failed to show its entitlement to the liberal amendment provisions of Rule 15. The serious problems with Berkeley's Motion as discussed in parts I and II of this Brief, incorporated by this reference, continue for Berkeley's other arguments for joinder and amendment under Rule 19, 20 "and/or" 21.

For example, Berkeley cites Rule 19(a) as one basis that might justify Gahan's joinder, nakedly contending that without Gahan "complete relief cannot be afforded to Plaintiff and by failing to join would subject the parties

to multiple litigation in perhaps multiple courts."[23] Berkeley fails, however,
to cite any facts or to provide any reasoning or analysis in support of this
contention. This failure is fatal to Berkeley's Motion because joinder under
Rule 19(a)(1) is not appropriate unless the movant articulates the reasons
and bases supporting a grant of such relief. *Alfa Life Ins. Corp. v. Advantage
Consulting Group, Inc.*, 2006 U.S. Dist. LEXIS 33644 at * (M.D.Ala. May 23,
2006) (denying Rule 19(a) motion, in part, because the movant first, "does not
articulate any reason why, in the absence of" the added party defendant,
"complete relief could not be accorded" among the existing partis, and second,
did not show how the movant "might incur inconsistent or multiple
obligations"). Moreover, Berkeley has itself confirmed that Gahan is *not* a
necessary party for purposes of Rule 19(a). As Berkeley stated: "The instant
matter is a simple one, the Plaintiff made an investment in Sionic, based on
misrepresentations by not only the present Defendants but also Mr.
Gahan."[24] And as Berkeley has further alleged, Gahan was acting as all times
pertinent to this matter as a Sionic Board member.[25] Gahan is thus little

---

[23] Berkeley Brief [Doc. 136-1] at 4.
[24] Berkeley Brief [Doc. 136-1] at 6.
[25] *See, e.g.,* Berkeley Brief [Doc. 136-1] at 2.

more than a would-be tack-on, with nothing special or separate alleged as to his conduct that is not equally asserted in species and kind against Sionic.

Similar problems afflict Berkeley's attempt at permissive joinder under Rule 20(a)(2). Once again, Berkeley made no application of the governing law and language of Rule 20 to its allegations or claims, to show why the Court should compel Gahan's permissive joinder. Furthermore, even if it had attempted to do so, the law would not permit it.

First, Berkeley's efforts to join Gahan and amend its Complaint were and remain dilatory and tardy, which alone is sufficient to deny what it now requests. *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 840 (11th Cir. 2017) (upholding district court's denial of permissive joinder under Rule 20, in part, because first, plaintiff had failed to timely amend her complaint, and second, because contrary to the allegations in plaintiff's amended complaint, she had known about the alleged wrongdoing on which joinder was premised since before she filed suit).

Second, Berkeley has not alleged any separate duty or obligation owed to it by Gahan that would render anything he did *before* the investment actionable as against him. *Williams v. Wilson*, No. Williams v. Wilson, 1997 U.S. Dist. LEXIS 17577, 1997 U.S. Dist. LEXIS 17577 at *4 (S.D.Ala. Oct. 30, 1997) ("the plaintiff has failed to allege 'any right to relief in respect of or

14

arising out of the same transaction, occurrence, or series or transactions or occurrences'") (quoting Fed. R. Civ. P. 20(a)). Rather, all that Berkeley has alleged is an arm's length investment in a company that Gahan serves as a Board member. There is no allegation of special knowledge or trust, or of fiduciary duty or contractual obligation owed by Gahan to Berkeley that could justify his personal liability as to Berkeley. Clearly Berkeley had previously reached this conclusion since it did not make Gahan a defendant in December 2019, on virtually the same allegations that it makes now. Respectfully, the Court should deny Berkeley's Motion.

## IV. Berkeley's purported "Amended Verified Complaint for Damages" fails to adequately plead fraud and is at odds with Berkeley's latest, purported truncated due diligence timeline and new version of events.

Berkeley's purported "Amended Verified Complaint for Damages" [Doc. 136-3] (the "purported pleading")—which presumably Berkeley would like admitted—is highly problematic on its own merits. There are two specific reasons thus supporting its denial by the Court.

First, Berkeley's Motion largely repeats an entirely new, truncated due diligence timeline and version of events, largely taken from its Brief in Opposition to Sionic's Motion to join Third-Parties and permit Counterclaims and Third-Party Claims. As Sionic explained in its associated Reply Brief,

Berkeley truncated due diligence timeline and new version of events contradicted the sworn allegations of Berkeley's Complaint, not to mention multiple evidence and Berkeley's own admissions in discovery. Likewise, they also contradict Berkeley's purported pleading, which largely follows and repeats Berkeley's Complaint. Due to the similarity in the analysis and issues, Sionic incorporates the relevant parts of its Reply Brief into this part III by this reference.[26] For the same reasons, Sionic repeats its concerns about Berkeley's continuing Rule 11 violations.

Second, the purported pleading demonstrates serious deficiencies on its own merits. For example, the purported pleading preserves the original internal paragraph citations that Berkeley used for its fraud Counts in its Complaint. Because Berkeley added paragraphs to its purported pleading, these citations no longer make any sense. This failure is important, because in pleading the elements of fraud, a plaintiff must satisfy the stringent requirements of Rule 9(b), as modified by the PSLRA, meaning that the plaintiff must plead the complaint with particularity sufficient to alert the defendant regarding the precise wrongful misconduct alleged. 15 U.S.C. § 78u-4(b); *Ziemba v. Cascade Int'l Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

---

[26] Sionic's Reply Brief in Support of Joinder et al [Doc. 131] at 5-10.

Berkeley's purported pleading does not satisfy this requirement, with bits of various allegations falling out of the core claims for fraud, while others nonsensically are now in. Moreover, because Berkeley's Counts in the purported pleading are inherently confusing, they also violate Rule 8, not least as the allegations against each purported defendant is now unclear, with some allegations in and other out. *Petrovic v. Princess Cruise Lines, Ltd.*, No. 12-21588-CIV-ALTONAGA/Simonton, 2012 U.S. Dist. LEXIS 100919 at *10 (S.D.Fla. Jul. 20, 2012) (dismissing complaint that created confusion as to which allegations applied to which defendant per claim). Respectfully, the grant of Berkeley's Motion will do this case no good administratively or otherwise and should be denied.

## CONCLUSION

Berkeley's Motion fails the most elementary requirements for moving a court to grant relief—and especially the species of serious relief that it has now demanded in seeking Gahan's joinder and the amendment of its Complaint at this late date. Berkeley has not satisfied, and more worryingly, does not seem to have tried to have satisfied its obligations as movant. Whether presented under Rule 15, 19, 20 "and/or" 21, the Court should deny Berkeley's Motion.

Respectfully submitted this July 2, 2021.

/s/ Simon Jenner
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker, Esq.
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Adam P. Ford, Esq.
Georgia Bar No. 355079
adam.ford@bakerjenner.com
Baker Jenner LLLP
210 Interstate N. Parkway, SE, Ste. 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Century Schoolbook, 13-point font. I further certify I have electronically filed on the date stated below, the foregoing **DEFENDANT SIONIC MOBILE CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFF BERKELEY VENTURES II, LLC'S MOTION TO ADD MR. PATRICK GAHAN AS A PARTY DEFENDANT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Jason Brian Godwin
Godwin Law Group
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093

Further served, although not attorneys of record:

David J. Hungeling
Adam S. Rubenfield
Hungeling Rubenfield Law
1718 Peachtree Street, N.W.
Peachtree 25th, Suite 599
Atlanta, Georgia 30309

Daniel C. Norris
The Ether Law Firm, LLC
1718 Peachtree Street, N.W.
Peachtree 25th, Suite 599
Atlanta, Georgia 30309

This July 2, 2021.

/s/ Simon Jenner
Georgia Bar No. 142588
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
E: simon.jenner@bakerjenner.com