UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>Defendants. | Case No.: 1:19-CV-05523-SDG |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO ADD PATRICK GAHAN
AS A PARTY DEFENDANT**

COMES NOW Berkeley Ventures II, LLC, Plaintiff in the above captioned matter, and, in accordance with Local Rule 7.1, files this reply memorandum in support of its Motion filed on June 18, 2021 to amend its complaint to add Mr. Patrick Gahan as a third party defendant.

**ARGUMENT AND CITATION OF AUTHORITY**

As explained below, good cause exists to grant Plaintiff's motion to amend its complaint pursuant to Rules 15(a), 21 and 16(b) of the Federal Rules of Civil Procedure. Plaintiff also seeks joinder of Mr. Gahan under Rule 20(a) and 19(a)(1).

1

## I. Plaintiff Has Adequately Satisfied Legal Standards

Sionic complains that Plaintiff's Motion "fails to present a coherent argument in support of its requested relief, to cite credible facts or legal bases for its grant". [1] SMC ignores the legal precept that actions are determined on their merits and according to the dictates of justice, rather than in terms of whether pleadings are artfully drawn. See *Garrett v. Judson Indep. Sch. Dist.*, 299 F. App'x 337, 346 (5th Cir. 2008). In its Brief, Sionic asserts that Plaintiff "fails to appropriately identify the Rules and applicable standards under which it seeks to join Gahan and amend its Complaint". Instead, it sparsely references Rules 15, 19 and/or 21," In fact, both Rules 15 and 16 of the Federal Rules of Civil Procedure facially guide the court's decision whether to allow an amendment to the pleadings and were cited by Plaintiff. See *Wolgin v. Atlas United Fin. Corp.*, 397 F.Supp. 1003, 1012 (E.D.Pa.1975).

## II. Sionic Asserts No Reason To Deny Relief Under Rule 15 and 21

Leave to amend the complaint to join additional defendants should be "freely given "as long as the amendment would be just." Fed. R. Civ. P. 15 and 21; see *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, as Rule 21 of the Federal Rules makes clear, "[p]arties may be ... added by order of the court on motion of

---

[1] Sionic's Brief in Opposition [Doc. 143] at 5.

any party ... at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.  Significantly, the only alleged prejudice resulting from Plaintiff's requested amendment that Sionic can assert is that naming the director and co-investor as defendant will hinder its ability to attract investors, or form business partnerships. Certainly, Sionic should not be assisted in concealing such information from its investors, like it did when Plaintiff made its investment.

### III.     Joinder is Also Proper Under Rule 20(a) and 19

Plaintiff must establish two prerequisites for joinder under Rule 20(a)(2): "(1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined." *See Alexander v. Fulton County, Ga.*, 207 F.3d at 1323.  (11th Cir. 2000).  Rule 20(a)(2), allows for permissive joinder of Mr. Gahan in that as to the securities fraud claim, since the Complaint in this action involves the same right to relief is asserted against both Mr. Herman and Mr. Gahan jointly, severally, and with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences. *See United States v. Melvin*, 143 F. Supp. 3d 1354 (N.D. GA. 2015)(finding that joinder of defendants in securities fraud prosecution was warranted).  Moreover, Mr. Gahan is a person who should be joined if feasible under Rule 19(a). In *BFI Waste Sys. of N. America, Inc. v.*

*Broward Co., Fla.*, No. 01-6655-CIV, 209 F.R.D. 509, 514 (S.D. Fla. 2002) the Eleventh Circuit observed for purposes of analysis the three subparts of Rule 19(a) can be described as embodying three distinct but interrelated tests for determining when a person shall be joined if feasible: *first*, an absent person shall be joined when complete relief cannot be granted among those already parties [2], *second*, an absent person shall be joined if the absent person claims an interest in the case, and a judgment may as a practical matter impair the absent person's ability to protect that interest[3] and *third*, an absent party shall be joined if the absent person claims an interest in the case, and a judgment may subject one of the parties in the case to a "substantial risk" of incurring multiple or otherwise inconsistent obligations as a result of the interest claimed by the absent person. [4] If *any* of these three tests are met, the absent person must be joined if feasible, i.e., the absent person is "necessary." *BFI Waste*, supra at 4 (emphasis added). The Eleventh Circuit has described the inquiry under Rule 19(a) as a determination of whether the absent parties are "materially interested in the litigation." *See Tick v. Cohen*, 787 F.2d 1490, 1494 (11th Cir.1986).  Mr. Gahan's joinder is warranted, at a minimum pursuant to Rule 19(a)(2)(ii), since he has an interest relating to the subject-matter

---

[2] Fed.R.Civ.P. 19(a)(1).
[3] Fed.R.Civ.P. 19(a)(2)(i).
[4] Fed.R.Civ.P. 19(a)(2)(ii).

of this action and the disposition of this case in his absence may leave present parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations, by reason of Mr. Gahan's interest.

### IV. Good Cause Pursuant to Rule 16(b) Exists for Amending the Scheduling Order

On May 11, 2021, over two months after the deadline to amend pleadings set forth in the Joint Preliminary Report, Sionic filed its Motion for Leave to Join Third Party Defendants Berkeley Capital Partners LLC and Linda Rosetti under Fed. R. Civ. P. 14(a) and 19(a), stating that it had "*promptly and timely*" submitted its third-party claims, "relying on information and documents just recently produced". [5] Plaintiff also filed its Motion after the deadline and similarly relies on newly discovered evidence. Nevertheless, Sionic argues that Plaintiff motion is "*tardy*" and that there is "nothing new" in the proffered evidence. [6] Sionic cannot have it both ways. Sionic also complains that Plaintiff has not met its burden under Rule 16(b)(4) to show good cause, in seeking to amend its Complaint to add Gahan.[7] Sionic itself has not even addressed the Rule 16(b)(4) good cause standard in their motion and reply brief in support of its motion for leave.[8] Significantly,

---

[5] Sionic's Brief in Support of Motion to Add [Doc. 127] at 15.
[6] Sionic's Brief in Opposition [Doc. 143] at 9, 11.
[7] Sionic's Brief in Opposition [Doc. 143] at 11.
[8] Id.

5

Rule 14(a), Rule 19(a), and Rule 13 invoked by Sionic in support of its Motion, all require satisfaction of the Rule 16(b) good cause standard as the motion was filed after the permitted deadline. *See Broome v. Honaker*. No. 406cv286 (S.D. Ga. Sept. 21, 2007). Sionic has waived any defense justifying its failure to show good cause in support of their motion for leave. *See Crutchfield Props., LLLP v. Ashgan Prod., LLC*, No. 4:17-cv-0076-HLM, 2018 WL 6177957, at *2 (N.D. Ga. Sept. 28, 2018) ("Defendants did not even attempt to address Rule 16 in their initial brief, and they thereby waived any arguments concerning that Rule.) When moving for leave to amend pleadings after the scheduling order deadline has passed, the moving party carries the burden of satisfying Rule 16(b)(4) of the Federal Rules of Civil Procedure. See *Foman v. Davis*, 71 U.S. 178, 180 (1962).

### A. Newly Discovered Evidence Supplies Good Cause under Rule 16(b)(4) to Enlarge the Expired Deadline for Amending Pleadings

A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b). *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). Newly discovered evidence is one such rationale for "good cause." Id. *See Romero v. Regions Financial Corporation/Regions Bank*, 2019 WL 1954082 (S.D. Fla. May 2, 2019) (granting leave to amend to file amended affirmative defenses

under Rule 16(b) due to previously undisclosed information giving rise to the amendment). Plaintiffs respectfully submit that there is good cause for amendment of the Court's scheduling order. Per the Court's Order Scheduling Order adopting the parties' Joint Preliminary Report and Discovery Plan, any motion to amend the pleading was due on or before February 21, 2021 (within 30 days of the Report). Plaintiffs brought this motion as expeditiously as possible based on the progression of the proceedings. Further, all documentation and information related to the evidence relevant to the new allegations contained in the Amended Complaint, were uniquely in Defendants' or a third party's possession until it was recently turned over in discovery. Immediately after Plaintiff learned of the new evidence, Plaintiffs made Defendants aware of their intention to file (and did file) the motion to add Mr. Gahan containing the new allegations. Plaintiffs continue to move expeditiously given discovery on some of these issues is ongoing. As such, Plaintiffs respectfully submit that there is good cause to modify the scheduling order to allow the amendment and have not unduly delayed the motion to amend. See *Qualcomm, Inc. v. Motorola, Inc.*, 989 F. Supp.1048, 1050 (S.D. Cal. 1997) (finding no undue delay where the plaintiff's ongoing investigation and discovery had revealed sufficient information upon which to base new claims for relief). Rather than proving lack of diligence on Plaintiff's part, the type of representations

included in Sionic's opposition brief stating that "Mr. Gahan is a little bit more than a would-be tack on with nothing special or separate alleged as to his conduct"[9] show why Plaintiff had to strongly pursue discovery to finally discover the newly produced evidence supporting Plaintiff's securities fraud claims. Plaintiff has in fact, identified the relevant evidence during discovery as result of persistent diligence. *See Gonzales v. Pasco Cnty. Bd. of Cnty. Comm'rs*, 2013 WL 179948, at *9 (M.D. Fla. 2013) (finding that key to establishing good cause for an untimely amendment is demonstrating diligence). In short, Plaintiff could not have ascertained the newly discovered facts prior to filing the complaint, because such information was unavailable at that time as it was discovered four months after the amendment deadline and one day before the filing of the motion to amend.  See also *Bowers v. American Heart Ass'n, Inc.,* 513 F.Supp.2d 1364, 1368 (N.D.Ga.2007) (plaintiff showed good cause for untimely amendment of complaint where plaintiff had learned new information on which amendment was based at deposition eight days prior to moving for leave to amend); *see also In re "Agent Orange" Product Liability Litigation,* 220 F.R.D. 22, 25 (E.D.N.Y.2004) ("when parties have discovered new facts and a basis for new allegations during discovery, delay is routinely justified.")

---

[9] Sionic's Brief in Opposition [Doc. 143] at 14.

### B. Evidence Resolves Securities Fraud Scienter Requirement Against Defendants and Mr. Gahan

To state a claim for securities fraud under Rule 10b-5, a plaintiff must allege the following elements: "(1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on the misstatement or omission; (5) economic loss; and (6) a causal connection" between the misrepresentation or omission and the loss, commonly called "loss causation." *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236–37 (11th Cir. 2008). A "strong inference of scienter," as required to state claim for securities fraud under pleading standards set forth in Private Securities Litigation Reform Act (PSLRA), is an intent to defraud or severe recklessness on the part of defendant. Securities Exchange Act of 1934 §§ 10, 21D, 15 U.S.C.A. §§ 78j(b), 78u-4; 17 C.F.R. § 240.10b-5(b).  Scienter may be inferred from an aggregate of factual allegations, and with respect to each alleged violation of the statute. Securities Exchange Act of 1934 §§ 10, 21D, 15 U.S.C.A. §§ 78j(b), 78u-4; 17 C.F.R. § 240.10b-5(b).  Plaintiff is producing herewith a variety of documents to be submitted under seal (the "New Evidence") which provide the aggregate facts required to assert the strong inference of scienter required to support a securities fraud claim against Defendants and Mr. Gahan.

Sionic did not produce the New Evidence to Plaintiff until June 18, 2021.

Plaintiff filed its Motion the next day on June 19, 2021. The New Evidence is comprised of Composite Exhibit A to Plaintiff's Motion and Exhibits **A** to **U** filed concurrently herewith under seal. The New Evidence provides novel factual evidence supporting strong inference of scienter and intent to defraud Plaintiff against Mr. Gahan, showing that he (1) claimed responsibility for bringing in Plaintiff's investment (2) he had knowledge of Sionic's precarious financial position prior to Plaintiff's investment; and (3) the timing of his communications show that he intended to scheme to defraud the charity he established in order to help other shareholders exit Sionic while enticing Plaintiff to invest.

### C. Mr. Gahan Claims Responsibility for Plaintiff's Investment

After meeting with Mr. Gahan in October, and based on assurances made by Mr. Herman and Mr. Gahan, Plaintiff sought to invest in Sionic. Newly discovered evidence shows that Mr. Gahan solicited Plaintiff to invest in Sionic as it was his "favorite investment" and rushed Plaintiff to invest as time is short "so you might not be enough time for your normal due diligence".[10] Most shockingly is Mr. Gahan's assertion that he wishes it was as easy to raise money as it was to get Plaintiff to invest in Sionic, as it helped bridge Sionic's funding gap – a fact he

---

[10] See Exhibit A to be filed under seal.

never disclosed to Plaintiff.[11]  In fact, in several communications with Defendant Herman, Mr. Gahan took credit for not only Plaintiff's investment, but for several others as well.[12]  While vouching for Sionic, serving as a member of the Board of Directors of Sionic and enticing Plaintiff to invest, it is clear that Mr. Gahan made material misrepresentations in connection with the sale of a security regarding the investment group (including Plaintiff) that "he convinced everyone to invest to Sionic".  Mr. Gahan is subject to the same standard as Sionic in a securities fraud case, i.e. did the promoter (Mr. Gahan) make material misrepresentations with scienter in connection with the sale of a security.  This is the liability that extends beyond the companies making the representations, and also includes the promoters who make such statements themselves. *See Sturm v. Marriott Marquis Corp.*, 85 F. Supp. 2d 1356, 1369 (N.D. Ga. 2000)(finding that limited partners adequately alleged false statement in violation of Rule 10b-5, in compliance with PSLRA by alleging promoter falsely represented refinancing conditions of partnership).

         **D.**    **Mr. Gahan Had Knowledge of Sionic's Financial Condition**

It is also clear from the documents newly discovered that Mr. Gahan knew that Sionic was hemorrhaging cash and had to solicit funds to cover shortfalls

---

[11] See Exhibit C to be filed under seal.
[12] See Exhibits E and F to be filed under seal.

continuously since before Plaintiff's investment.[13] Mr. Gahan describes bringing in Plaintiff's investment at a time when Sionic was experiencing a "funding gap".[14] Mr. Gahan as a member Sionic's board of directors often sent glowing reports about Sionic's business and revenue, based on projections and contracts that in fact never existed.[15] As early as January 2017, Mr. Gahan as a member of Sionic's board of directors admitted that Sionic had "minimal cash on hand" and "had only survived based on loans from the board members".[16] In addition to these statements (never disclosed to Plaintiff), Mr. Gahan continued to follow Defendant Herman's lead of promising lucrative buyouts forthcoming based on contracts that both of them knew Sionic did not have.

### E. Mr. Gahan was Engaged in a Scheme to Defraud not Only Sionic Investors, but Also the Charity He Established

In newly discovered evidence, Mr. Gahan is clearly shown to be in a scheme to not only defraud Sionic and breach his fiduciary duty to Plaintiff, but he is also engaged in a scheme which at best "borders" on tax fraud and defrauded the charity he established. A clear pattern has emerged during discovery that Mr. Gahan came up with a charity donation plan ("Donation Plan") to help "his

---

[13] See Exhibit G to be filed under seal.
[14] See Exhibit C to be filed under seal.
[15] See Exhibit G to be filed under seal.
[16] See Exhibit F to be filed under seal.

investors" exit their Sionic holdings without losing money. It is Plaintiff's belief that Mr. Gahan came up with this Donation Plan as a way to placate other shareholders who were complaining that Sionic was a fraud. This Donation Plan was going on during the very time frame in which Mr. Gahan was enticing Plaintiff to invest and even before.[17] Again, none of this Donation Plan was ever communicated to Plaintiff prior to Plaintiff's investment. According to newly discovered evidence, it has become apparent that Mr. Gahan as member of Sionic's board of directors, employed and manipulated a valuation expert to provide overly inflated valuation of Sionic Mobile stock to give enormous tax write off to "his investors". In fact, the new record established through recent discovery, illustrates that Mr. Gahan was intricately involved in this conflict of interest in helping some shareholders get out of Sionic through this Donation Plan while enticing others, including the Plaintiff, to get in. Mr. Gahan prepared documents and sent informational emails to shareholders on how to participate in his Donation Plan.[18] Mr. Gahan even admits that he discussed this Donation Plan at a board meeting of Sionic.[19] However, recently discovered evidence, shows that some of "his group" grew dissatisfied with the Donation Plan when the valuation was not inflated

---

[17] See Exhibit H to be filed under seal.
[18] See Exhibits K&L to be filed under seal.
[19] See Exhibit N to be filed under seal.

enough.[20] Even the personnel at Mr. Gahan's charity realized that this Donation Plan was a fraud.[21] Again, all this was started prior to and perhaps while Mr. Gahan was busy soliciting Plaintiff's investment and was not disclosed to Plaintiff prior to its investment. Not only did Mr. Gahan engage in a scheme to inappropriately avoid income taxes he did so while soliciting Plaintiff and being a member of the Sionic board of directors.

### V. Sionic's Objections to the Proposed Amended Complaint Are Without Merit

Sionic's assertion that Plaintiff's counts in the proposes amended complaint are "inherently confusing" and violative of Rule 8, misses the mark. Rule 8 does not contemplate a court's passing on the merits of a litigant's claim at the pleading stage, rather, the "simplified notice pleading standard" of the Federal Rules "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See *Swierkiewicz v. Sorema NA,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1. Similarly, Plaintiff has complied with Rule 9(b) by providing Gahan with sufficient information to formulate a defense by putting it him on notice of the conduct complained avoiding any unjustified reputational harm, in observance of the legislative intent of the Rule. See *Harrison*

---

[20] See Exhibit P to be filed under seal.
[21] See Exhibit T to be filed under seal.

*v. Westinghouse Savannah River* Co., 176 F.3d 776, 784 (4th Cir.1999).

## CONCLUSION

Plaintiff has shown good cause under Rule 16(b) to authorize the filing Motion to Add Mr. Patrick Gahan as Third Party Defendant. Additionally, Mr. Gahan may also be joined under Rule 20(a) and 19(a)(1).The instant matter is a simple one, the Plaintiff made an investment in Sionic based on misrepresentations by not only the present Defendants, but also Mr. Gahan. Mr. Gahan was an active member in this securities fraud, not only as a promoter, but also as a member of the Sionic board.  Recently discovered emails both from Sionic and from third parties illustrate Mr. Gahan's active involvement in the fraud complained of by the Plaintiff, establishing a clear inference of scienter supporting Plaintiff's claim for securities fraud.

This the 16th day of July, 2021.

**GODWIN LAW GROUP**

/s/ Jason B. Godwin
Jason B. Godwin
Georgia Bar No. 142226

3985 Steve Reynolds Boulevard Building D
Norcross, Georgia 30093
Phone: 770-448-9925
Fax: 770-448-9958
jgodwin@godwinlawgroup.com

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ADD PATRICK GAHAN AS A PARTY DEFENDANT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Simon Jenner
210 Interstate North Parkway, SE Suite 100
Atlanta, Georgia 30339

Further served, although not attorneys of record:

David J. Hungering
Hungeling Rubenfield Law
1718 Peachtree Street, N.W.
Atlanta, Georgia 30309

Daniel C. Norris
The Ether Law Firm, LLC
1718 Peachtree Street, N.W.
Atlanta, Georgia 30309

This July 16, 2021.

/s/ Jason B. Godwin
Jason B. Godwin
Georgia Bar No. 142226