UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BERKELEY VENTURES II, LLC,

Plaintiff,

v.

SIONIC MOBILE CORPORATION
and RONALD D. HERMAN

Defendants.

Case No.: 1:19-CV-05523-SDG

PLAINTIFF'S RESPONSE IN OPPOSITION TO
SIONIC MOBILE CORPORATION'S MOTION TO STRIKE OR IN
THE ALTERNATIVE FOR LEAVE TO FILE SURREPLY

COMES NOW Berkeley Ventures II, LLC, Plaintiff in the above captioned matter, and, in accordance with Local Rule 7.1, files this Response in Opposition to Sionic Mobile Corporation's Motion to Strike Plaintiffs' Reply Memorandum in Support of its Motion to Add Non-Party Patrick Gahan as a Party Defendant, or in the alternative, for Leave to File a Surreply (Doc. 153).

PRELIMINARY STATEMENT

Sionic claims that Plaintiff's Reply introduced 21 *new* exhibits and reems of *new* argument and grounds for joining Gahan to this action (See Doc. 153 at. 6). It also posits that *nothing Berkeley articulated in its Reply Memo is 'new.'* (See Doc.

153 at. 11). Judicial estoppel forbids use of intentional self-contradiction as a means of obtaining unfair advantage. See *Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3d Cir.1953).  Sionic argues both that Plaintiff's evidence in the Reply Memo is *not* new, allegedly showing that Plaintiff failed to satisfy the  Rule 16(b)(4) good cause standard necessary to amend its complaint after the deadline designated in a scheduling order based on newly discovered evidence, and that Plaintiff's evidence *is* new, purportedly entitling Sionic to strike newly introduced exhibits and arguments in the Reply Memo, claiming undue surprise.

These troubling contradictions smack of gamesmanship that have no place in the judicial system. See *Cash v. State Farm Fire & Cas. Co.*, 125 F.Supp.2d 474, 476–77 (M.D.Ala.2000)(courts should not reward legal gamesmanship). For the reasons explained herein, Plaintiff respectfully opposes Sionic Mobile Corporation's Motion to Strike New Arguments, or in the Alternative, for Leave to File a Surreply to the Plaintiff's Reply.

## PROCEDURAL BACKGROUND

On June 18, 2021 Plaintiff filed its Motion to Add Patrick Gahan as Party Defendant ("Motion to Add") on the grounds that, inter alia, Gahan was an active member in this securities fraud, not only as a promoter, but also as a member of the Sionic Board (See Doc. 136-1 at 7)

On July 2, 2021 Sionic filed its Opposition to the Plaintiff's Motion to Add (the "Opposition"). (See Doc. 143).  In particular, Sionic argued that Plaintiff has failed satisfy its obligations as movant "whether presented under Rule 15, 19, 20 "and/or" 21" (See Doc. 143 at 17).  On July 16, 2021 Plaintiff filed its Reply Memorandum in Further Support of the Motion to Add (the "Reply"). (See Doc. 145).  Sionic now seeks to strike or file a surreply responding to certain arguments in the Reply which they claim are being raised for the first time in the Plaintiff's Reply. (Id. at 1) As explained herein, these arguments are not "new" as they were raised in Defendant's Opposition and/or the Plaintiff's initial moving papers.

ARGUMENT AND CITATION OF AUTHORITY

### I. Standard for Denying Request To Strike or File A Surreply Brief.

Motions to strike are generally disfavored, being considered "a drastic remedy to be resorted to only when required for the purposes of justice." See *Landberg v. Universal Trailer Corp. Horse/Livestock Group*, 2008 WL 5586402 * 2 (N.D. Ga.). Moreover, the Federal Rules of Civil Procedure do not allow parties to file surreplies. See *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1303 (N.D. Ga. 2005) (denying request to file surreply). "To allow surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." See *Garrison v. N.E. Ga. Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999)

(denying request to file surreply). Such filings "typically will be permitted only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief". See *Schutz Container Sys., Inc. v. Mauser Corp.*, No. 09-cv-3609, 2012 WL 1073153, at \*1 (N.D. Ga. Mar. 28, 2012) (denying request to file surreply) (citing *Fedrick*, 366 F. Supp. 2d at 1197).

Importantly, Eleventh Circuit precedent provides that arguments in a reply brief are not deemed "new" where, as here, they (1) respond to arguments raised in the non-moving party's response (e.g., *Chemence Med. Prods., Inc. v. Medline Indus., Inc*., 119 F. Supp. 3d 1376, 1382 (N.D. Ga. 2015)); or (2) were "reasonably presented" in the party's initial brief (*E.G. v. Companion Benefit Alternatives, Inc*., No. 18-0265-WS-MU, 2018 WL 4623653, at \*1 (S.D. Ala. Sept. 26, 2018)).  The basis for Defendant's application for the Court to strike the Plaintiff's Reply or grant Defendant's leave to file a surreply fail because the arguments with which Defendant take issue were both raised in Defendant's Opposition and/or the Plaintiff's moving papers.

## II. Plaintiff Did Not Raise New Arguments In Its Reply Brief.

Defendant's Opposition unequivocally opened the door to the Plaintiff's arguments in its Reply.   Defendant asserts that Plaintiff is "attempting for the first time [in its Reply Brief] to articulate a duty owed by Gahan" (See Doc. 153 at. 12-

13). Plaintiff merely replied to the assertion in the Defendant's Opposition stating that "Berkeley has not alleged any separate duty or obligation owed to it by Gahan that would render anything he did before the investment actionable as against him". (Doc. 143, at 14). Sionic alleges that Plaintiff introduced "scienter for the first time on reply. . . [and never] discussed how Gahan allegedly used Berkeley to "bridge Sionic's funding gap," or how his alleged omission to disclose this "gap" or other purported information before Berkeley's investment constituted a material and actionable misrepresentation imputable to Sionic. (See Doc. 153 at. 12-13) Plaintiff elaborated on that point as a reply to Defendant's Opposition statement inferring that it had "fail[ed] to satisfy Rules 8 and 9(b) and the particularity requirements of the PLSRA." (Doc. 143, at 2). [1]   Further, Defendant complains that "Berkeley tries to portray parts I, II, III, and the remainder of IV to its Reply Memo as merely responsive to Sionic's explication in its Opposition Brief of Berkeley's various failures to satisfy Rules 15, 16, 19, 20 and 21." (See Doc. 153 at. 14).   In fact, Plaintiff sought to reply to the Defendant's Opposition statement uttering that "Berkeley has not satisfied, and more worryingly, does not seem to have tried to have satisfied its obligations as movant . . . whether presented under Rule 15, 19, 20

---

[1] A "strong inference of scienter," is required to state a claim for securities fraud under PSLRA. Securities Exchange Act of 1934 §§ 10, 21D, 15 U.S.C.A. §§ 78j(b), 78u-4; 17 C.F.R. § 240.10b-5(b).

"and/or" 21" (Doc. 143, at 17).   Finally, Defendant submits that in "in part IV's introduction and subpart (A), Berkeley attempts for the first-time to address Rule 16(b)(4)'s requirements." (See Doc. 153 at. 15).  Again, Plaintiff simply replied to an issue invited on Defendant's Opposition brief maintaining that "Berkeley has not met its burden under Rule 16(b)(4)" (Doc. 143, at 11).

Defendant's Opposition explicitly discusses all the arguments that it now identifies as "new" issues on its Motion to Strike.  Again, courts in the Eleventh Circuit have held that arguments are not deemed "new" so as to warrant the filing of a surreply if they "simply respond to arguments raised in a response brief." See *Chemence Med. Prods., Inc*, 119 F. Supp. At 1382 (holding that because "both arguments that Medline claims are new merely respond to arguments raised by Medline in its response brief," these arguments "are not new" and "[n]o surreply is warranted."); *Schutz Container Sys.,* Inc., 2012 WL 1073153, at *1 ("In this case, Defendants' reply brief directly addresses arguments raised by Plaintiff in its opposition to Defendants' motions for summary judgment. Accordingly, a surreply is not warranted").

Furthermore, Defendants submit that "Berkeley chose to use the Reply Memo to largely rewrite its grounds for joining Gahan while locking Sionic into an Opposition Brief to a motion that Berkeley had abandoned. Berkeley thus not only

abused procedure, violating Georgia Rules of Professional Conduct 3.1, but also unduly prejudiced Sionic" (See Doc. 153 at. 20) Plaintiff simply replied to the legal theories raised in the Opposition brief – no prejudice may result from plain motion practice.   As evidenced by Defendant's Exhibit A to its Motion to Strike, the undersigned offered the professional deference of sharing the evidence to the Reply Memo before the filing was submitted.   As it related to the accusation of violating State Bar Rules, District Courts make no rulings on issues regarding the State Bar of Georgia Rules of Professional Conduct, as such violations are generally decided by the State Bar. To the extent that it is proper to consider the State Bar rules in Defendant's Motion to Strike, the only provision of Georgia Rule of Professional Conduct 3.3 which relates to Plaintiff's objection, concerns a lawyer's duty to not "knowingly make a false statement of material fact or law to a tribunal" Ga. Rules of Prof. Conduct 3.3(a)(1). Here, both parties admittedly moved to add parties after the deadline set forth in the Joint Preliminary Report, and the undersigned candidly represented that he become in possession of new evidence after the February 21, 2021 deadline.

Accordingly, as Defendant invited the purported "new" issues in its Opposition, the responsive arguments raised in the Plaintiff's Reply are not "new" and a surreply is not warranted.

### III.  The Defendant's Proposed Exclusion of the Reply is Impermissible.

Defendant stands for the proposition that "even if the Court elects not to strike Berkeley's Reply Memo, at a minimum the Court should disregard and exclude it." ( See Doc. 153 at. 20.)  There is no legal basis to disregard Plaintiff's Reply, as courts "will decline to consider new arguments in reply briefs only if those arguments are truly new." See *Williams v. Seacrest Invs., Inc.*, No. 2:12-cv-1919-KOB, 2015 WL 1383941, at *7 n.4 (N.D. Ala. Mar. 23, 2015)  As discussed, when a movant's "new" argument in a reply brief merely responds to arguments raised by the non-movant in its response to the motion, as in this case, the argument is not truly "new" the court may properly consider it. See *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 777–78 (11th Cir. 2008)) (reply evidence submitted to respond to arguments raised in opposition to motion to dismiss were properly considered by the trial court).

### IV. A Motion to Strike is Not Proper Vehicle to Attack Evidence.

Sionic uses its Motion to Strike to expand on arguments already presented in its Opposition Brief. Such collateral attack of the Motion to Add circumvents the requirement for leave to file a surreply.  In *S. River Watershed Alliance, Inc. v. DeKalb Cnty.*, 484 F.Supp.3d 1353, 1362–63 (N.D. Ga. 2020) the Judge Grimberg now presiding over the case *sub judice*, observed that "since Rule 12(f) only

contemplates the striking of a pleading, this court routinely finds that a motion to strike is not the appropriate vehicle for challenging the consideration of evidence. Put another way, motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." *Id* at *1361.

Defendant relies on *Long-Hall v. USA Ready Mix*, Civil Action File No. 1:08-CV-1546-CAP-AJB, 2010 WL 11496945, at *36 n.35 (N.D. Ga. Feb. 2, 2010), in support of the proposition that courts have the authority to strike a party's brief pursuant to its inherent powers if bad faith is found.   Plaintiff's reply to the arguments raised on Defendant's opposition brief could not be construed as devoid of merit or submitted in bad faith.  Moreover, Defendant complains that "except for exhibits A and E, all of Berkeley's remaining New Evidence […] comes from Enduring Hearts' April 2021 [production]" implying that Plaintiff should have included such evidence with the Motion to Add and not the Reply Brief. It is undisputed that both parties allege to have discovered new evidence after February 21, 2021 deadline to amend and add parties pursuant to the Scheduling Order adopting the parties' Joint Preliminary Report and Discovery Plan (Doc. 69).  The timing considerations proposed by Defendant calculating whether Plaintiff came into possession of the evidence in April or June 2021, are wholly immaterial, as the main determination before the court is whether the parties have satisfied the Rule

16(b) good cause standard to amend after the February 21, 2021 deadline. *See Broome v. Honaker*. No. 406cv286 (S.D. Ga. Sept. 21, 2007) (applying Rule 16(b) "good cause" standard before applying Rule 14(a) "leave of the court" standard).

## V. Plaintiff Has Established Gahan's Section 10b-5 and 20(a) Liability

Defendant manipulates the Motion to Strike to prematurely delve into the Plaintiffs' underlying claims against Gahan.   A dispositive motion after joinder would constitute the appropriate vehicle to challenge the security fraud claims against him. At this stage, the inquiry is limited to Plaintiff's Motion to Add requiring Plaintiff under Rule 20(a)(2), to show a right to relief arising out of the same transaction or occurrence and some question of law or fact common to all persons seeking to be joined, as well as establishing that Gahan is a person who should be joined if feasible under Rule 19(a).   Plaintiff has satisfied this analysis. Notwithstanding, Plaintiff proceeds to respond to Defendant's allegations that "nothing Berkeley submitted with its Initial Motion or Reply Memo comes close to satisfying the pleading standard for control person liability as to Gahan. (See Doc. 153 at. 23).   In fact, the present case is analogous to *Lautenberg Foundation v. Madoff*, No. 09–816, 2009 WL 2928913, at \*15 (D.N.J. Sept. 9, 2009).   In that case, Plaintiffs brought an action against Peter Madoff ("Madoff"), general counsel at Bernard L. Madoff Investment Securities, LLC ("BMIS"), and brother of Bernard

Madoff.   According to the Complaint, various actions and inactions by Peter Madoff render him liable for their loss under Sections 10(b) and 20(a) of the Exchange Act and under the common-law tort theories of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligent misrepresentation and negligence. Madoff moved to dismiss the Complaint in its entirety.

The Complaint charged Peter Madoff with "making and/or acquiescing in the making of affirmative misrepresentations" that fall into three categories: (1) statements in BMIS promotional literature touting the company's "unblemished record of value, fair-dealing and high ethical standards"; (2) information in reports filed with the SEC misrepresenting BMIS's assets, income, cash flow and other financial data; and (3) false and nonexistent transactions reported in account statements provided by BMIS to investors.   The Court denied Madoff's motion to dismiss as to the omissions-based Rule 10b–5(b) claims.   As in this case, Madoff attacked the omissions-based claim on the grounds that the Complaint has failed to allege facts establishing that Madoff owed Plaintiffs a duty of disclosure. In rejecting the argument, the Court observed that "Supreme Court has held that silence can give rise to liability under Section 10(b) and Rule 10b–5 where the party who fails to disclose information owes the other a fiduciary duty. *Chiarella v. United States,* 445 U.S. 222, 228, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980)".   Judge Chesler concluded

that "reading the Complaint as a whole, and with the common sense *Iqbal* reminds courts to employ, the allegations concerning Peter Madoff's responsibilities at BMIS, his sophistication as general counsel and member or officer of various securities organizations, and the ample list of unusual business practices and other indicia of fraud at BMIS together set forth facts establishing circumstantial evidence that Peter Madoff knew of some fraud or wrongdoing occurring at BMIS. Put plainly, it alleges that there was material information that, though known by Defendant, was not disclosed to Plaintiffs, who were misled by the silence." *Madoff* at \*10. The facts in this case show that Gahan as shareholder, director and fund-raiser was a controlling person of Sionic with Sionic and Herman while committing predicate violations of Section 10(b) and Rule 10b–5.

## CONCLUSION

Defendants have requested that this Court do something (filing a Sur reply) under the Federal Rules of Civil Procedure which is disfavored for very important reasons. To allow such sur-replies is only going to drag this Court into a position of allowing multiple briefs with no end in sight. An outcome which Defendants' seem to want, however, Plaintiffs are simply trying to get to the facts in this case rather than engaging in an over engaging motions practice that only serves to kill trees and waste this Court's time. As shown herein, the Defendants' argument that they are

prejudiced due to 'new material" in the Reply Brief is wholly without merit.  The Case law is very clear that items cannot be considered "new material" if the Defendants are in possession of such materials at the time and/or Defendants opened the door.  Defendants must answer in the affirmative to both criteria.  Defendants received the documentation attached to the Reply Brief in discovery and via email. Additionally Defendants opened the door to such evidence in their Response Brief.

Even assuming any of Defendants hold merit (which is doubtful at best), the relief Defendants seek (striking the Reply) is incredibly overreaching and improper. From Defendants perspective, this damning evidence included with the Reply Brief is of such importance that they have no choice but to try and get it struck.  However, the evidence is what it is and speaks for itself.  The fact that the evidence paints Defendants in a bad light is attributable to their own actions and they cannot seek to have this Court strike it to bail themselves out.  The fact remains, Mr. Gahan was just as complicit as Defendant Herman and Sionic Mobile in committing secruities fraud and he must be added as a party in this matter and Plaintiff's Reply Brief must stand and be considered by this Court.


Dated this 9th day of August, 2021.

**GODWIN LAW GROUP**

/s/ Jason B. Godwin
Jason B. Godwin
Georgia Bar No. 142226


3985 Steve Reynolds Boulevard Building D
Norcross, Georgia 30093
Phone: 770-448-9925
Fax: 770-448-9958
jgodwin@godwinlawgroup.com

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO SIONIC MOBILE CORPORATION'S MOTION TO STRIKE OR IN THE ALTERNATIVE FOR LEAVE TO FILE SURREPLY with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Simon Jenner
210 Interstate North Parkway, SE Suite 100
Atlanta, Georgia 30339

Further served, although not attorneys of record:

David J. Hungering
Hungeling Rubenfield Law
1718 Peachtree Street, N.W.
Atlanta, Georgia 30309

Daniel C. Norris
The Ether Law Firm, LLC
1718 Peachtree Street, N.W.
Atlanta, Georgia 30309

This August 9, 2021.

/s/ Jason B. Godwin
Jason B. Godwin
Georgia Bar No. 142226

15