IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN,<br><br>Defendants. | Civil Action File No.<br>1:19-cv-05523-SDG |

**DEFENDANT SIONIC MOBILE CORPORATION'S SECOND MOTION TO STRIKE AND DISREGARD PLAINTIFF BERKELEY VENTURES II, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO ADD PATRICK GAHAN, AND TO RESOLVE CERTAIN PROCEDURAL COMPLEXITIES INTRODUCED BY PLAINTIFF**

Defendant Sionic Mobile Corporation ("Sionic") respectfully moves the Court to strike the new purported "Exhibit V" included as part of the Notice of Filing Exhibits [Doc. 157] of Plaintiff Berkeley Ventures II, LLC ("Berkeley"). Berkeley submitted its purported "Exhibit V" in manifest bad faith and in contravention of its obligations as a litigant in this action.

On July 16, 2021, Berkeley filed its Reply Memorandum [Doc. 145] ("Reply Memo") in support of its Motion to Add Patrick Gahan as a party defendant to this action [Doc. 136]. Berkeley's Reply Memo incorporated 88

pages of documentation in the form of 21 exhibits, explicitly designated A through U, some of which included confidential information subject to seal. In response to Berkeley's Reply Memo, and in reliance upon Berkeley's representation that it had filed its Reply Memo correctly, Sionic filed its first Motion to Strike [Doc. 153] ("First Motion to Strike"), because the Reply Memo improperly introduced significant new arguments and purported evidence for the first time on reply.

Berkeley had, however, made no effort to file its Reply Memo in accordance with the procedural requirements specified for filing under seal in the Local Rules, the Court's Standing Order [Doc. 45] and the Non-Sharing Protective Order [Doc. 107]. By minute entry and Order dated July 27, 2021 the Court therefore gave Berkeley the opportunity refile its Reply Memo, giving specific instruction on how to do it correctly. But Berkeley abused the Court's largess, when it chose to refile its Reply Memo with a tacked-on, entirely new purported "Exhibit V," adding approximately 20 pages of new emails and documents to the 88 pages previously attempted to include.

Because it was entirely new, Sionic never had the opportunity to address or respond to Berkeley's purported "Exhibit V," which is not properly before this Court. Sionic requested more than once that Berkeley withdraw its new purported "Exhibit V." Yet, in another instance of Berkeley's refusal

to play by the rules, it refused Sionic's request, forcing the unfortunate necessity of this second Motion to Strike.

Because Berkeley's Reply Memo [Doc. 145] is the same as its redacted Reply Memo [Doc. 155] and unredacted Reply Memo [Doc. 156], Sionic requests that the Court hold Sionic's First Motion to Strike as having been filed against all three versions of Berkeley's Reply Memo [Doc. 145, 155, 156]. Further, because of common nexus of subject matters, issues and facts between Sionic's First Motion to Strike and this second Motion to Strike, Sionic requests that the Court hold this second Motion to Strike as supplementary and further to Sionic's First Motion to Strike. To that extent, Sionic incorporates by this reference its First Motion to Strike, including Brief in Support and Exhibits.

A Brief in Support of this second Motion to Strike is attached and incorporated by this reference for the Court's consideration.

WHEREFORE, Sionic respectfully moves the Court as follows:

1. The Court strike or otherwise disregard and exclude Berkeley's new purported "Exhibit V";

2. The Court issue a prophylactic instruction and order that Berkeley comply with the Local Rules, the Court's Standing Order and other Orders and the Georgia Rules of Professional

Conduct, and such other and further related relief as the Court may deem appropriate and just;

3. The Court hold Sionic's First Motion to Strike and this second Motion to Strike as being against all three versions of Berkeley's Reply Memo presently pending before the Court [Doc. 145, 155, 156]; and

4. The Court hold this second Motion to Strike as supplementary and further to Sionic's First Motion to Strike [Doc. 153 – 153-4].

Respectfully submitted this August 10, 2021.

                                                          /s/ Simon Jenner
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker, Esq.
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Adam P. Ford, Esq.
Georgia Bar No. 355079
adam.ford@bakerjenner.com

Baker Jenner LLLP
210 Interstate N. Parkway, SE, Ste. 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Century Schoolbook, 13-point font. I further certify I have electronically filed on the date stated below, the foregoing **DEFENDANT SIONIC MOBILE CORPORATION'S SECOND MOTION TO STRIKE AND DISREGARD PLAINTIFF BERKELEY VENTURES II, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO ADD PATRICK GAHAN, AND TO RESOLVE CERTAIN PROCEDURAL COMPLEXITIES INTRODUCED BY PLAINTIFF** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Jason Brian Godwin
Godwin Law Group
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093

Further served by email, although not attorneys of record:

David J. Hungeling
Adam S. Rubenfield
Hungeling Rubenfield Law
1718 Peachtree Street, N.W.
Peachtree 25th, Suite 599
Atlanta, Georgia 30309
E: David.hungelinglaw.com
E: adam@hungelinglaw.com

Daniel C. Norris  
The Ether Law Firm, LLC  
1718 Peachtree Street, N.W.  
Peachtree 25th, Suite 599  
Atlanta, Georgia 30309  
E: Daniel.norris@etherlawfirm.com  

This August 10, 2021.

/s/ Simon Jenner
Georgia Bar No. 142588
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
E: simon.jenner@bakerjenner.com
*Attorney for Defendant*