IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>            Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN,<br><br>            Defendants. | Civil Action File No.<br>1:19-cv-05523-SDG |

**DEFENDANT SIONIC MOBILE CORPORATION'S
BRIEF IN PARTIAL OPPOSITION TO
PLAINTIFF BERKELEY VENTURES II, LLC'S
MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Respectfully, the Court should deny in part the Motion for Leave to File Documents Under Seal [Doc. 158] ("Motion to Seal") of Plaintiff Berkeley Ventures II, LLC ("Berkeley"), which purports to file under seal the documents attached to its Notice of Filing Under Seal [Doc. 157] (the "Notice"), which constitute the exhibits designated A through U in Berkeley's Reply Memorandum in Support of its Motion to Add Patrick Gahan [Doc. 145], including in its Redacted [Doc. 155] and Unredacted [Doc. 157] versions (respectively, the "Redacted Memo" and "Unredacted Memo"), plus one newly added purported "Exhibit V."

On July 16, 2021, Berkeley filed its Reply Memo, together with 88 pages of email correspondence that it termed "New Evidence," in the form of exhibits A through U, rounding out to 21 exhibits in total.[1] While Berkeley's Reply Memo was unhelpfully opaque on which exhibits precisely constituted "New Evidence," Berkeley nonetheless confirmed that "New Evidence" included "documents to be submitted under seal,"[2] which by separate correspondence Berkeley's counsel confirmed to be the Reply Memo's exhibits A through U.[3] Berkeley moved for leave to file these exhibits under seal [Doc. 146], although due to Berkeley's failure to follow the rules, the Court denied that motion. Accordingly, Berkeley has now submitted Motion to Seal and associated Notice, stating clearly that the documents it intends to file under seal include exhibits A through U. Berkeley has, however, also used its Notice to add a new purported "Exhibit V" to the list of documents to be filed under seal.

For two reasons, Sionic does not object to exhibits B through Berkeley's new purported "Exhibit V" being filed under seal; although Sionic respectfully

---

[1] Berkeley's Reply Memo [Doc. 145] at 10.
[2] Berkeley's Reply Memo [Doc. 145] at 9, n.10, 11 n.11-12, 12 n.13-16, 13 n.17-19, 14 n.20-21 (stating that each exhibit is "to be filed under seal").
[3] Email correspondence dated July 16, 2021 from Jason Godwin, previously introduced as Exhibit A to Sionic's Motion to Strike [Doc. 153-2].

refers the Court to its first and second Motions to Strike [Doc. 153, 162] as to the ultimate admissibility of these exhibits for the first time on reply. First, exhibits B, C, D, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, and purported "Exhibit V" constitute the production of Enduring Hearts, Inc. ("Enduring Hearts"). Counsel to Berkeley and Sionic agreed with Enduring Hearts' counsel that Enduring Hearts' production would be accorded confidential treatment in any filings with the Court as they contain sensitive confidential and proprietary information of Enduring Hearts, Sionic and others, including about donations of Sionic stock and of other personal property made by some Sionic stockholders to Enduring Hearts, which referenced and included confidential Sionic information. Second, exhibit E is a Sionic document produced in response to Berkeley's written discovery requests, and which, in accordance with the Court's Non-Sharing Protective Order [Doc. 107], Sionic has designated "Confidential – Attorney's Eyes Only," a designation that Berkeley does not dispute.

However, the Reply Memo's exhibit A is not proper for seal and is not confidential. Exhibit A has been a matter of public record in this case since Berkeley included it with its Complaint on December 7, 2019, calling it the

"Introductory Email" and attaching it to its Complaint.[4] Because Berkeley provided only a truncated version of exhibit A, so as to excluded critical information unhelpful to Berkeley's claims, Sionic thereafter provided a complete copy of the Introductory Email with its Motion to Dismiss on January 30, 2020,[5] which Sionic followed with the entire email chain as part of its Motion to Join Third Parties and Permit Counterclaims on May 11, 2021.[6] While attempting to spin exhibit A as being "New Evidence" might be convenient to Berkeley Reply Memo, for the reasons explained in Sionic's first Motion to Strike [Doc. 153 – 153-4], this document is not new and does not qualify for the protections afforded confidential documents and information under the Court's Non-Sharing Protective Order [Doc. 107].

Sionic does not object to the Court sealing exhibit B through purported "Exhibit V." Sionic does, however, object to Berkeley's exhibit A being sealed.

---

[4] Berkeley's Complaint, Ex. B [Doc. 1-2].
[5] Sionic's Motion to Dismiss, Ex. B [Doc. 10-2].
[6] Sionic's Motion to Join Third-Party Defendants and Permit Counterclaims, Exhibit A to the proposed pleading [Doc. 127-2], which is the complete Introductory Email chain, at .pdf page 40-63.

Respectfully submitted this August 12, 2021.

/s/ Simon Jenner
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker, Esq.
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Adam P. Ford, Esq.
Georgia Bar No. 355079
adam.ford@bakerjenner.com
Baker Jenner LLLP
210 Interstate N. Parkway, SE, Ste. 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Century Schoolbook, 13-point font. I further certify I have electronically filed on the date stated below, the foregoing **DEFENDANT SIONIC MOBILE CORPORATION'S BRIEF IN PARTIAL OPPOSITION TO PLAINTIFF BERKELEY VENTURES II, LLC'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

> Jason Brian Godwin
> Godwin Law Group
> 3985 Steve Reynolds Boulevard
> Building D
> Norcross, Georgia 30093

Further served by email, although not counsel of record:

> David J. Hungeling
> Adam S. Rubenfield
> Hungeling Rubenfield Law
> 1718 Peachtree Street, N.W.
> Peachtree 25th, Suite 599
> Atlanta, Georgia 30309
> E: David.hungelinglaw.com
> E: adam@hungelinglaw.com

> Daniel C. Norris
> The Ether Law Firm, LLC
> 1718 Peachtree Street, N.W.
> Peachtree 25th, Suite 599

Atlanta, Georgia 30309
E: Daniel.norris@etherlawfirm.com

This August 12, 2021.

/s/ Simon Jenner
Georgia Bar No. 142588
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
E: simon.jenner@bakerjenner.com