**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BERKELEY VENTURES II, LLC,

    Plaintiff,

              v.

SIONIC MOBILE CORPORATION and
RONALD D. HERMAN,

    Defendants.

Civil Action No.
1:19-cv-05523-SDG

**OPINION AND ORDER**

This matter is before the Court on Defendant Ronald D. Herman's motion to dismiss [ECF 67]. For the reasons set forth below, Herman's motion is **DENIED**.

### I.  FACTUAL BACKGROUND

On December 7, 2019, Plaintiff Berkeley Ventures II, LLC (Berkeley) initiated this action against Defendants Sionic Mobile Corporation (Sionic) and Ronald D. Herman.[1] On January 24, 2020, Berkeley filed an affidavit of service, indicating that Herman accepted service on behalf of Sionic.[2] (Herman is the CEO of Sionic.[3]) Herman never accepted service on behalf of himself as a named defendant individually.

---

[1]    ECF 1.

[2]    ECF 7.

[3]    *Id.*; ECF 9-2, ¶ 3.

On January 30, 2020, Sionic moved to disqualify Berkeley's counsel due to a conflict of interest and to dismiss the case for failure to state a claim.[4] In support of its motion to disqualify, Sionic filed an affidavit from Herman, in which he states that he is a named defendant in this case,[5] and an affidavit from defense counsel, Simon Jenner, stating that he is counsel for both Sionic and Herman.[6] The Court denied both motions on September 2, 2020.[7] On December 11, 2020, the Court granted Sionic's renewed motion for disqualification and ordered Berkeley to retain new counsel.[8] On January 13, 2021, nearly a year after the initial motion to dismiss was filed, Herman moves to dismiss under Federal Rule of Civil Procedure 4(m) for a defect in service of process.[9] Herman was ultimately served via a process server on February 10, 2021.[10]

---

4    ECF 9 and ECF 10, respectively.

5    ECF 9-2, ¶ 1.

6    ECF 9-3, ¶ 2.

7    ECF 30.

8    ECF 65.

9    ECF 67.

10   ECF 76.

Herman argues that Berkeley failed to effect timely service on him.[11] Herman argues that he would be prejudiced if he remained a party because he has been unable to participate in procedural and substantive developments of the litigation.[12] Berkeley argues in response that it sufficiently establishes good cause to excuse the failure to serve Herman because: the Court ordered Berkeley to obtain non-conflicted counsel; the failure to serve was not relayed to new counsel by previous counsel, and, after learning of the issue with service, Berkeley made multiple attempts to resolve the issue, including a request for Herman's counsel to accept service, which was refused.[13] Berkeley also argues that Herman will not experience prejudice because the discovery period had just begun.[14]

Herman argues in reply that his motion should be granted because Berkeley's response was filed five days late, for which Berkeley has neither offered an explanation nor moved to file out of time.[15] Herman asserts that this Court's local rules afford it the discretion to disregard Berkeley's late filed brief in

---

[11]   *Id.* at 1.

[12]   ECF 67-1, at 9–10.

[13]   ECF 71, at 2–3.

[14]   *Id.* at 4.

[15]   ECF 72, at 3.

opposition.[16] Herman further argues that Berkeley provides no sufficient basis for the Court to exercise its discretion to permit Berkeley to serve Herman.[17]

## II.   LEGAL STANDARD

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). Rules 12(b)(4) and (5) are vehicles for dismissal due to insufficient process and insufficient service of process, respectively. Fed. R. Civ. P. 12(b)(4); Fed. R. Civ. P. 12(b)(5). "[A] court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Therefore, when "a court finds that a defendant has not been properly served under the Federal Rules of Civil Procedure" it lacks the jurisdiction to issue a decision and must dismiss the case. *Peddie v. InComm*, No. 1:17-cv-4405-WSD-JSA, 2018 WL 3061927, at *2 (N.D. Ga. Mar. 22, 2018).

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). "If a defendant is

---

[16]   *Id.* at 3; LR 7.1.B, NDGa.

[17]   ECF 72, at 5.

not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A plaintiff can avoid dismissal for failure to comply with Rule 4(m) by establishing that there was "'good cause' [for the delay] or by convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause." *Id.*; *Mark v. Fulton Cnty.*, No. 1:17-cv-02788-LMM-LTW, 2018 WL 4850254 at *3 (N.D. Ga. Aug. 17, 2018) (quoting *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)).

### III.   DISCUSSION

#### A.   Herman Waived His Defense for Insufficient Service.

The Court finds that Herman waived his defense for insufficient service of process by engaging in this litigation. Specifically, the Court finds that the filing of Herman's affidavit in support of Sionic's motion to disqualify, in which he acknowledged he is a named defendant in this lawsuit, waived this defense. Further, as Sionic's corporate representative who shares representation with Sionic, Herman will not be prejudiced by being required to answer the Complaint because he has actively been involved with the litigation to date.

Generally, a defendant waives the defense for insufficient service of process by pleading and/or making a general appearance without reserving the defense. *Munter v. Weil Corset Co.*, 261 U.S. 276, 279 (1923). *See also Vax-D Med. Techs., LLC v. Texas Spine Med. Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007) (holding that defendants waived their defense when they submitted an answer and participated in discovery); *Worldstar Commc'ns. Corp. v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1299 (11th Cir. 2003) (holding that a party waives their defense when they fail to assert it in their general appearance).

A party can waive the defense for insufficient service "based on its conduct during litigation." *Hi-Tech Pharm., Inc. v. Wyant*, No. 1:16-cv-639-AT, 2018 WL 8922824, at *3 (N.D. Ga. Jul. 27, 2018) (citing *Reeves v. Yeager*, No. 3:06-CV-0054-JTC-AJB, 2007 WL 9653029, at *10 (N.D. Ga. Dec. 10, 2007)). *See also Matthews v. Brookston Stores, Inc.*, 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006) ("Personal jurisdiction may also be waived, even if a defendant has nominally preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense."); *Rentz v. Swift Transp. Co., Inc.*, 185 F.R.D. 693, 698 (M.D. Ga. 1998) ("A defendant's conduct vis-à-vis the court . . . governs whether a defendant has waived its defense of insufficient service of process.").

When assessing the party's conduct, the Court considers the following: "(1) the length of time that elapses between service of process and defendant's pursuit of its defense; and (2) the extent of involvement in the action by the objecting defendant." *Reeves*, 2007 WL 9653029, at *10. In *Reeves*, for example, the defendant delayed pursuit of this defense for almost a year and participated in extensive discovery with the plaintiff. *Id.* at *11. This conduct led the Court to conclude that the defendant waived the defense. *Id*.

Here, almost an entire year elapsed before Herman pursued his defense.[18] On January 30, 2020, Sionic filed an affidavit in support of its motion to disqualify,[19] in which Herman admits that he is a named defendant in this lawsuit.[20] Simon Jenner, counsel for Sionic, also submitted an affidavit stating that he represents both Sionic and Herman.[21] Neither affidavit mentioned Berkeley's failure to serve Herman.

---

[18] *Compare* ECF 7 (indicating Herman received service on behalf of Sionic on January 9, 2020), *with* ECF 67 (Herman filed his Motion to Dismiss on January 13, 2021.).

[19] ECF 9.

[20] ECF 9-2, ¶ 1.

[21] ECF 9-3, ¶ 2.

After the present motion was filed and Berkeley was alerted that Herman was not properly served, Berkeley took steps to remediate, including hiring a process server after counsel for Herman refused to accept service on his behalf.[22] The Court will not reward Herman's gamesmanship by dismissing him nearly a year after he accepted service on behalf of Sionic and after he has actively participated in this litigation.

### IV. CONCLUSION

Herman's Motion to Dismiss [ECF 67] is **DENIED.** Herman is hereby **ORDERED** to file an Answer to Berkeley's Complaint within thirty days of this Order.

**SO ORDERED** this the 16th day of August 2021.

Steven D. Grimberg
United States District Court Judge

---

22   ECF 76.