IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>              Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and<br>RONALD D. HERMAN,<br><br>              Defendants. | Civil Action File No.<br>1:19-cv-05523-SDG |

**REPLY BRIEF IN SUPPORT OF DEFENDANT SIONIC MOBILE
CORPORATION'S MOTION TO STRIKE AND DISREGARD
PLAINTIFF BERKELEY VENTURES II, LLC'S REPLY MEMO IN
SUPPORT OF ITS MOTION TO ADD PATRICK GAHAN AS A
PARTY DEFENDANT OR, IN THE ALTERNATIVE,
FOR LEAVE TO FILE SURREPLY**

Defendant Sionic Mobile Corporation ("Sionic") established that

Plaintiff Berkeley Ventures II, LLC ("Berkeley") had failed in its principal

motion and brief to state the essential grounds justifying Patrick Gahan

("Gahan") joinder to this action. Apparently agreeing with Sionic, on reply

Berkeley provided for the first time voluminous new arguments and 88 pages

of new purported evidence, which it subsequently ballooned to over 100

additional pages with its new purported "Exhibit V," which it filed long after

the time for briefing had ended.

In acting as it has, Berkeley deprived Sionic of any opportunity to address in its briefing Berkeley's extensive new grounds for joining Gahan. But that is not what the law permits and for good reason. Berkeley's reply in support of Gahan's joinder subverted rules that have as their objective fairness and the ability of the courts to reach sound determinations in view of the facts, the law, and the best arguments of each side. For this reason, Sionic has moved to strike Berkeley's improper reply or, in the alternative, for leave to submit a surreply, which it requests the Court grant.

## ARGUMENT AND CITATION OF AUTHORITY

Longstanding precedent clearly prohibits a movant from raising new arguments and evidence for the first time on reply. Yet, in its Brief in Opposition [Doc. 160] (the "Opposition") to Sionic's first Motion to Strike [Doc. 153 – 153-4] (the "First Motion to Strike"), Berkeley tries to justify its conduct in its Reply Memorandum [Doc. 145, 155, 156] (the "Reply Memo") in Support of its initial Motion to Add Gahan [Doc. 136 – 136-18] (the "Initial Motion") by claiming that its arguments were not new but rather "raised in Defendant's Opposition and/or the Plaintiff's Initial moving papers."[1] However, Berkeley never specifies which of its arguments fall on which side

---

[1] Berkeley's Opposition [Doc. 160] at 3.

of the "and/or" divide, leaving it to the Court to essentially guess which may relate back to Berkeley's Initial Motion. In reality, none truly do. Respectfully, and accordingly, Sionic's First Motion to Strike should be granted, including for the following reasons:

I. **Berkeley cannot escape the conclusion that it abused its Reply Memo to add significant new arguments and over 100 pages of new purported evidence—all of which was available to Berkeley months before it first moved to join Gahan.**

Berkeley does not appear to disagree with Sionic's statements of law governing motions to strike and for surreply, or the governing rule that previously available arguments and evidence cannot be introduced by a movant for the first time on reply. *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (holding further that petitioner's failure to present an essential argument in its initial brief was "determinative" to the court's denial of petitioner's requested relief). Rather, Berkeley claims its arguments made in its Reply Memo were not "new" because they were either responsive to arguments raised in Sionic's Brief in Opposition to Berkeley's Initial Motion [Doc. 143] (the "Opposition Brief") or were first reasonably presented in its Initial Motion. Accordingly, Berkeley urges the Court to deny Sionic's Motion to Strike, including Sionic's request for surreply. Berkeley's

3

arguments, however, bear little relation to what it used its Reply Memo to try and accomplish, or to Sionic's stated grounds for striking it.

### A. Berkeley's Opposition fails to disclose its private confirmation concerning Sionic's right to a surreply.

In an August 3, 2021 email, Berkeley's counsel stated that Berkeley was not "necessarily opposed" to Sionic filing a surreply to Berkeley's Reply Memo "should the judge feel it necessary."[2] This concession, however, does not appear in Berkeley's Opposition to Sionic's First Motion to Strike, in which Berkeley asserts that "a surreply is not warranted."[3] Either a surreply is an appropriate option, as Berkeley indicated on August 3, or it is not.

Berkeley should be held to its positions in this litigation, including that a minimum, it does not oppose Sionic having the opportunity for surreply. Respectfully, if the Court does not strike Berkeley's Reply Memo, then Sionic should be given leave to file a surreply.

### B. Berkeley's arguments do not address or dispute Sionic's well-supported reasons for why Berkeley's Reply Memo should be struck, but rather depend on a red herring that deliberately attempts to confuse the issue.

Berkeley cites *Cash v. State Farm Fire & Cas. Co.* for the proposition that "courts should not award gamesmanship," a muddled allegation that

---

[2] Sionic's second Motion to Strike, Ex. E [Doc. 162-5] at 2.
[3] Berkeley's Opposition [Doc. 160] at 7.

Berkeley levels at Sionic through a gross misreading of Sionic's First Motion to Strike.[4] However, *Cash* is not helpful to Berkeley.

In *Cash*, the plaintiff belatedly moved to strike evidence supporting the defendant's request for summary judgment, on the ground that the defendant had failed to previously disclose this evidence in accordance with the local rules. *Cash*, 125 F.Supp.2d 474, 476 (M.D.Ala. 2000). But the court refused to strike, because the plaintiff knew the substance of this evidence before it filed suit, knew the evidence was critical to its claims, knew early on the defendant had failed to disclose this evidence, and had inexcusably delayed in seeking this evidence's production. *Cash*, 125 F.Supp.2d at 476-477. As such, the court foreclosed plaintiff's dilatory efforts to avoid the relief to which the defendant was entitled. *Cash* 125 F.Supp.2d at 477.

That is exactly the situation in which Berkeley now finds itself, except even more so than the plaintiff in *Cash*. Berkeley had in its possession, and does not dispute having had in its possession, all the arguments and purported evidence upon which it premised its Reply Memo at least two months before it first moved to join Gahan. But rather than explaining why it failed to include these arguments and purported evidence in its Initial

---

[4] Berkeley's Opposition [Doc. 160] at 2.

Motion, Berkeley instead tries to distract with a red herring: that it only came into possession of this new purported evidence "after the February 21, 2021 deadline" for joinder.[5]

Berkeley never explains why this assertion, even if correct, excuses Berkeley's failure to include arguments and purported evidence that came into its possession April 21, 2021, in an Initial Motion that it filed two months later on June 18, 2021.[6] This claim is also unresponsive to the true issue Sionic presented in its First Motion to Strike: did Berkeley have in its possession the purported evidence and arguments incorporated into its Reply Memo before it moved to join Gahan? Here, Berkeley most certainly did, a fact that Berkeley neither disputes nor denies.

As a matter of law, Berkeley was obligated to include the arguments and purported evidence raised for the first time on reply in its Initial Motion. *Cote v. Countrywide Home Loans*, No. 1:09-CV- 0845-RLV-LTW, 2010 U.S. Dist. LEXIS 163366 at *3 (N.D.Ga. Feb. 11, 2010); Fed. R. Civ. P. 7(b). Because Berkeley did not do so, it deprived Sionic of the opportunity for

---

[5] Berkeley's Opposition [Doc. 160] at 7.
[6] Sionic's Brief in Support of First Motion to Strike, Ex. B [Doc. 153-2]; Berkeley's Initial Motion [Doc. 136].

response in its briefing, which is contrary to the law and Sionic's rights as nonmovant. Respectfully, the Court should grant Sionic's First Motion Strike.

### C. Berkeley has essentially conceded that its Reply Memo was nothing more than a response to Sionic's demonstration that Berkeley had failed make the minimum required showing in its Initial Motion to justify Gahan's joinder.

Berkeley ultimately admits the truth about its Reply Memo, that "Plaintiff simply replied to the legal theories raised in the Opposition brief."[7] In other words, after Sionic demonstrated how Berkeley's Initial Motion had failed to state any effective grounds for Gahan's joinder, Berkeley felt at liberty to make that showing for the first time on reply.

Berkeley had, however, an obligation under Fed. R. Civ. P. 7(b) to state with particularity in its Initial Motion its grounds for Gahan's joinder. Sionic's demonstration that Berkeley failed in this obligation was not license for Berkeley to then make its principal showing on reply, and for this reason, its Reply Memo should be struck. *Cote*, 2010 U.S. Dist. LEXIS 163366 at *3.

## II. Berkeley does not dispute having been less than forthright with the Court, or having used its Reply Memo to deprive Sionic of its rights as nonmovant.

Berkeley tried to blame its inclusion on reply of extensive new arguments and 88 pages of purported new evidence, subsequently ballooned

---

[7] Berkeley's Opposition [Doc. 160] at 7.

to over 100 pages, on Sionic's then-recent supplemental document production.[8] Sionic showed, however, that Berkeley's excuse was untrue. Only one short exhibit, an immaterial email designated exhibit E, was from Sionic's supplementary production.[9] All of Berkeley's other exhibits constituted the production of Enduring Hearts, Inc. ("Enduring Hearts"), completed months before Berkeley moved to join Gahan.[10] Besides exhibit E, the only other document not constituting Enduring Hearts' production was the Reply Memo's exhibit A, which was nothing more than the Introductory Email first published with Berkeley's Complaint on December 7, 2019, and which contrary to Berkeley's representation, was not new.[11]

Berkeley denies none of these facts. Nor does Berkeley deny that the Reply Memo assertion that it depended on Sionic's then-recent supplemental document production was untrue. Or that it had needlessly multiplied the proceedings by forcing Sionic's First and later second Motions to Strike not only by filing its Reply Memo, but also subsequent efforts to sneak in its new purported "Exhibit V." Or that it calculated its Reply Memo to deprive Sionic

---

[8] Sionic's First Motion to Strike [Doc. 143] at 11, 11 n.17.
[9] Sionic's First Motion to Strike [Doc. 143] at 18.
[10] Sionic's First Motion to Strike [Doc. 143] at 5, 18.
[11] Sionic's First Motion to Strike [Doc. 143] at 3, 9, 9 n.12-14.

of its rights as nonmovant. Or that its actions constituted violations of the Georgia Rules of Professional Conduct 3.1, 3.2 and 3.3.

Instead, Berkeley attempts to sidestep Sionic's showing by incorrectly asserting that "District Courts make no rulings on issues regarding the . . . Georgia Rules of Professional Conduct . . .."[12] That is not the law. *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir. 1979) (holding District Courts have the power and responsibility to regulate the conduct of attorneys who practice before it); LR 83.1(C) ("All lawyers practicing before this Court are governed by and must comply with the specific rules of practice adopted by this Court and, unless otherwise provided, with the Georgia Rules of Professional Conduct").

Since the commencement of this action, Sionic has been forced to expend considerable funds in addressing Berkeley's repeated and continuing rule violations. At a minimum, and respectfully, it is appropriate that the Court strike Berkeley's Reply Memo.

---

[12] Berkeley's Opposition [Doc. 160] at 7.

### III.   In moving for leave to file a surreply, Sionic was only showing the Court that it had arguments against Gahan's joinder that would benefit from its briefing.

Given Berkeley's Reply Memo, "chutzpah" might be a fair characterization for Berkeley's complaint that Sionic inappropriately used its First Motion to Strike to introduce new argument.[13] While this charge is untrue, at least Sionic afforded Berkeley the opportunity for response, which was more courtesy than Berkeley has afforded Sionic. But the reality is that Sionic was only doing its job.

In seeking in the alternative leave to file a surreply, Sionic needed to demonstrate that it had substantive arguments that would benefit the Court in understanding why Berkeley had failed, even on reply, to satisfy the requirements for Gahan's joinder. In that regard, Sionic addressed just one issue out of many, that Berkeley had failed to articulate in any pleading a legally cognizable duty that Gahan owed to Berkeley before Berkeley's investment, which Gahan allegedly breached.[14] Berkeley took a run at trying to articulate that duty for the first time in its Reply Memo, citing control person liability.[15] However, Sionic showed that control person liability is not

---

[13] Berkeley's Opposition [Doc. 160] at 10.
[14] Sionic's Opposition Brief [Doc. 143] at 14.
[15] Berkeley's Reply Memo [Doc. 145] at 11.

inapplicable to Gahan as a mere corporate director, and that Berkeley had pled none of the elements required for control person liability.[16]

Trying to salvage some sort of duty, Berkeley has now used its Opposition to Sionic's First Motion to Strike to present a lengthy exposition on executive liability for fraudulent actions of a corporation, exclusively premised on *Lautenberg Found. v. Madoff*, No. 09-816 (SRC), 2009 U.S. Dist. LEXIS 82084 (D.N.J Sept. 9, 2009).[17] But, as a mere corporate director, Gahan is none of the things relevant to *Lautenberg*, and Berkeley has made no allegation that he is. *Lautenberg*, 2009 U.S. Dist. LEXIS 82084 at *4, *14 (showing plaintiff had alleged "Defendant . . . served as . . . senior managing director, director of trading, chief compliance officer and general counsel," and further, was a "controlling" person within his business).

Furthermore, and contrary to Berkeley's argument, this is not a dispositive motion question. Rather, the question of whether and what type of duty Gahan allegedly owed to Berkeley before its investment is fundamental to the minimum allegations that Berkeley was required to make to justify Gahan's joinder in the first instance. *Williams v. Wilson*, No. 96-0613-P-S, 1997 U.S. Dist. LEXIS 17577 at *4 (S.D.Ala. Oct. 30, 1997). If Berkeley has

---

[16] Sionic's First Motion to Strike [Doc. 153-1] at 21-23.
[17] Berkeley's Opposition [Doc. 160] at 10-12.

not alleged in a pleading a legally cognizable duty owed to it by Gahan that he breached, which duty and breach arose from the same transaction and claims as its Complaint, then Berkeley has failed to articulate the essential requirements for joinder and joinder is improper. *See*, *Daker v. Bryson*, No. 5:15-CV-88-TES-CHW, 2018 U.S. Dist. LEXIS 229297 at \*32 (M.D.Ga. Jul. 18, 2018) (holding the plaintiff had not satisfied the basis for joinder because "from the Amended Complaint . . . Plaintiff failed to associate a number of named Defendants with any facts or legal claims whatsoever" and "any other commonality is not obvious").

Other than immaterial speculation concerning Enduring Hearts,[18] the only thing Berkeley has alleged of any relevance to its securities fraud claim is that it spoke with Gahan before its investment and that he was bullish on Sionic. That is not enough for joinder. And it is not enough for fraud. *Jackson Inv. Grp., LLC v. Thomas*, 325 F.Supp.3d 1334, 1346 (N.D. Ga. 2017) (dismissing a securities fraud claim that failed to specify the who, what, when, where and how of a legitimate securities fraud claim). If the Court is inclined to permit Berkeley's Reply Memo, then respectfully, Sionic has other

---

[18] *See*, Telephonic Hearing on Sionic's Statement and Request to Quash, August 10, 2021.

substantive arguments and reasons for why Gahan's joinder is improper, for which reason it seeks leave to file a surreply.

## CONCLUSION

Berkeley's Opposition merely confirms what Sionic has said from the beginning: that Berkeley abused its Reply Memo not only to backfill what it ought to have presented in its Initial Motion, but also to ambush Sionic with entirely new arguments and what ended up being over 100 pages of new purported evidence. Despite Berkeley's initial assertion to the contrary, Sionic proved, and Berkeley does not now deny, that it had access to its new arguments and new purported evidence at least two months before it filed its Initial Motion. But instead of complying with the rules and presenting these arguments and purported evidence in its principal motion and brief, Berkeley instead left them for reply, when Sionic had no opportunity to respond to them in its briefing.

Unfortunately, and not for the first time, Berkeley has not complied with its obligations owed to the Court or to Sionic. Respectfully, Sionic asks that the Court not permit Berkeley to profit from such conduct.

WHEREFORE, Sionic respectfully moves the Court to strike or otherwise disregard and exclude Berkeley's Reply Memo, including parts I, II, III, and IV, together with its included exhibits A through U, or in the alternative, grant Sionic leave to file a surreply within 14 days of the Court's order granting such leave.[19]

Respectfully submitted this August 18, 2021.

/s/ Simon Jenner
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker, Esq.
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Adam P. Ford, Esq.
Georgia Bar No. 355079
adam.ford@bakerjenner.com
Baker Jenner LLLP
210 Interstate N. Parkway, SE, Ste. 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
*Attorneys for Defendant*

---

[19] Also pending before the Court is Sionic's second Motion to Strike [Doc. 162], which Sionic has requested the Court regard as supplementary to its First Motion to Strike, and which specifically addresses Berkeley's new purported "Exhibit V."

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Century Schoolbook, 13-point font. I further certify I have electronically filed on the date stated below, the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT SIONIC MOBILE CORPORATION'S MOTION TO STRIKE AND DISREGARD PLAINTIFF BERKELEY VENTURES II, LLC'S REPLY MEMO IN SUPPORT OF ITS MOTION TO ADD PATRICK GAHAN AS A PARTY DEFENDANT OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Jason Brian Godwin
Godwin Law Group
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093

Further served by email, although not attorneys of record:

David J. Hungeling
Adam S. Rubenfield
Hungeling Rubenfield Law
1718 Peachtree Street, N.W.
Peachtree 25th, Suite 599
Atlanta, Georgia 30309
E: David.hungelinglaw.com
E: adam@hungelinglaw.com

Daniel C. Norris
The Ether Law Firm, LLC
1718 Peachtree Street, N.W.
Peachtree 25th, Suite 599
Atlanta, Georgia 30309
E: Daniel.norris@etherlawfirm.com

This August 18, 2021.

/s/ Simon Jenner
Georgia Bar No. 142588
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
E: simon.jenner@bakerjenner.com
*Attorney for Defendant*

2