UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BERKELEY VENTURES II, LLC,

Plaintiff,

v.

SIONIC MOBILE CORPORATION and RONALD D. HERMAN

Defendants.

Case No.: 1:19-CV-05523-SDG

**RESPONSE IN OPPOSITION TO DEFENANT SIONIC MOBILE CORPORATION'S MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO ADD MR. PATRICK GAHAN**

COMES NOW Berkeley Ventures II, LLC, Plaintiff in the above captioned matter, by and through its undersigned counsel and hereby file this its Response in Opposition to Defendant Sionic Mobile Corporation's Motion to Strike Plaintiff's Reply Brief showing the Court that Defendant continues to make much ado about nothing and evidently has little regard for wasting judicial resources and would rather file needless motions than discover the facts in the underlying dispute.

BACKGROUND

Much of this molehill, made into a mountain by Defendant, is chronicled on the Court's Docket.  On or about June 18, 2021, Plaintiff moved to add Mr. Patrick

1

Gahan as a party to Defendant to this matter (DE # 136).  In that Motion and Brief in Support thereof, Plaintiff asserted that Mr. Gahan should be liable for securities fraud in this matter as he was a member of the Sionic Mobile Corporation at the time he solicited Plaintiff's investment, knew that certain claims and promises of Sionic Mobile were false and enticed Plaintiff to invest while stating false statements or omitting true statements in connection thereto.

On  or about July 2, 2021, Defendant Sionic Mobile Corporation filed a Response in Opposition (DE #145)  to add Mr. Patrick Gahan stating that he was not liable for securities fraud in this matter and should not be added as a party Defendant as (1) Plaintiff had failed to state anything that they did not know previously and (2) that Mr. Gahan must be added to afford relief to Plaintiff.  In response, Plaintiff prepared and developed a succinct Reply Brief in response to the matters raised in Defendant's Response (DE #145).  However, in order to fully illuminate the Court as to the new evidence and reason for Mr. Gahan's liability, Plaintiff felt compelled to include emails ("Confidential Materials") which have been classified as "Confidential" under the Shared Protective Order (DE #107) entered in this case.

In an email to opposing counsel, Plaintiff sent an initial batch of

Confidential Materials which would serve as Exhibits to Plaintiff's Reply Brief.[1] In an attempt to safeguard such Confidential Material, Plaintiff filed its necessary Reply Brief with this Court on or about July 16, 2021 (DE # 145) omitting the confidential exhibits and filing a motion to file under seal to cover the confidential materials (DE #146). Plaintiff was never allowed to file these Confidential Materials with the Court as the Court instructed Plaintiff to refile its Reply Brief and denied Plaintiff's misplaced Motion to Seal (DE #146).

Thereafter, Plaintiff noticed that Exhibit V had been left out of the initial batch of emails sent to Defendant's counsel. Plaintiff feels that Exhibit V is crucial to Mr. Gahan's liability because its addresses the two (2) major objections Defendant has to adding Mr. Gahan (no new evidence and no reason for liability as to Plaintiff's claims). Prior to re-filing its Reply Brief, Plaintiff notified Defendant Sionic Mobile Corporation's counsel that Exhibit V would be filed with the Reply Brief via email, provided a copy attached thereto and discussed via telephone conference.[2] It was AFTER the July 30, 2021, email was sent and AFTER the teleconference between counsel that Plaintiff filed its Reply Brief provisionally sealed which did include Exhibit V (DE #156). The Exhibit V was NEVER filed with the Court until after it had been shared with opposing counsel and even more

---

[1] See Emails dated July 16, 2021, attached hereto as Exhibit A.
[2] See Emails dated July 23, 2021 and July 30, 2021, attached hereto as Exhibit B.

3

interesting, had been in the possession of Defendants for at least 1 month prior to the filing of any Reply Brief in this matter as part of the Enduring Hearts production.

As one can see from the chronology of events, several facts are clear:

- Sionic Mobile Corporation's counsel had Exhibit V at least 1 month prior to any filing made in support of an attempt to add Mr. Patrick Gahan as a party Defendant;
- Plaintiff's counsel discussed Exhibit V with Defendant Sionic Mobile Corporation's counsel prior to ever filing it with the Court; and
- Plaintiff's counsel sent an email with Exhibit V to counsel for Defendant Sionic Mobile Corporation prior to ever filing it with the Court

## CONCLUSION

Plaintiff has shown good cause under Rule 16(b) to authorize the filing Motion to Add Mr. Patrick Gahan as a Third Party Defendant through its numerous filings in the Court record and the Exhibits attached thereto (DE #136, DE #156 and DE #157).  In viewing Exhibit V, it is clear that Defendant Sionic Mobile Corporation is wiling to do anything to keep this important email from the Court. This Exhibit V shows not only that Mr. Gahan, but also Defendant Herman were

engaged in a scheme to defraud Plaintiff while at the same time, both of them were enticing Plaintiff to invest. Rather than expending so much energy to on motion practice and wasting paper, both parties would be served to work together to discover the facts in this dispute. Defendant opened the door in its Response in Opposition (DE # 43). Plaintiff addressed Defendant's assertions that Mr. Gahan is not necessary to be added as a party. Plaintiff's counsel never intended to hide the ball on Defendant Sionic Mobile Corporation's counsel, rather steps were taken to not only to protect the "Confidential Materials" but also to share EVERYTHING that would be shared with the Court, PRIOR to it being filed.

The Second Motion to Strike (DE # 162) is a colossal waste of the Court's time. Rather than engaging in time wasting efforts such as that put forth by Defendant's counsel, Plaintiff reincorporates the arguments found in its Response in Opposition to Defendant's Motion to Strike (DE # 160). As shown previously, the Defendants' argument that they are prejudiced due to 'new material" in the Reply Brief is wholly without merit. The Case law is very clear that items cannot be considered "new material" if the Defendants are in possession of such materials at the time and/or Defendants opened the door. Defendants must answer in the affirmative to both criteria. Defendants received the documentation attached to the Reply Brief in discovery and via email.

Even assuming any of Defendants hold merit (which is doubtful at best), the relief Defendants seek (striking the Reply) is incredibly overreaching and improper. From Defendants perspective, this damning evidence included with the Reply Brief is of such importance that they have no choice but to try and get it struck. The fact remains, Mr. Gahan was actively engaged in committing securities fraud along with Defendant Herman. He must be added as a party in this matter and Plaintiff's Reply Brief must stand and be considered by this Court.

This the 23rd day of August, 2021.

                                          **GODWIN LAW GROUP**

                                          <u>/s/ Jason B. Godwin</u>
                                          Jason B. Godwin
                                          Georgia Bar No. 142226

3985 Steve Reynolds Boulevard Building D
Norcross, Georgia 30093
Phone: 770-448-9925
Fax: 770-448-9958
jgodwin@godwinlawgroup.com

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing Response in Opposition to Defendant Sionic Mobile Corporation's Motion to Strike (DE #162) with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Simon Jenner
210 Interstate North Parkway, SE Suite 100
Atlanta, Georgia 30339

Further served, although not attorneys of record:

David J. Hungering
Hungeling Rubenfield Law
1718 Peachtree Street, N.W.
Atlanta, Georgia 30309

Daniel C. Norris
The Ether Law Firm, LLC
1718 Peachtree Street, N.W.
Atlanta, Georgia 30309

This 23rd of August, 2021.

/s/ Jason B. Godwin
Jason B. Godwin
Georgia Bar No. 142226