IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC<br><br>         Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and<br>RONALD D. HERMAN,<br><br>         Defendants. | Civil Action File No.<br>1:19-cv-05523-SDG |

**REPLY IN SUPPORT OF DEFENDANT SIONIC MOBILE
CORPORATION'S SECOND MOTION TO STRIKE AND
DISREGARD PLAINTIFF BERKELEY VENTURES II, LLC'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO ADD
PATRICK GAHAN, AND TO RESOLVE CERTAIN PROCEDURAL
COMPLEXITIES INTRODUCED BY PLAINTIFF**

Only now, in arguing against Sionic's second Motion to Strike [Doc. 163] (the "Second Motion to Strike"), has Plaintiff Berkeley Ventures II, LLC ("Berkeley") professed its concern for this Court's limited resources. It is unfortunate that Berkeley did not do so previously when it forced Sionic to file not one but two Motions to Strike. If Berkeley was truly concerned about judicial resources, it would have reasonably and in good faith adhered to the Federal Rules of Civil Procedure (each a "Rule"), the Local Rules, the Court's Standing Order [Doc. 45], and the other rules governing this litigation,

including that of candor. Berkeley has had multiple opportunities to abide by the rules. It simply has not done so.

For example, and most recently, Berkeley had the chance to abide by the rules when it sought to join Patrick Gahan ("Gahan") as a defendant to this action. Berkeley could have taken the time and effort, in compliance with Rule 7(b), to ensure its Motion to Add Gahan [Doc. 136] (the "Initial Motion") stated with particularity its grounds for its requested relief, including reasonable rule citation and application and incorporation of necessary supporting facts, documents and evidence. Berkeley's Reply Memorandum in Support of its Initial Motion [Doc. 145] (the "Reply Memo") could have followed the rule prohibiting a party from introducing previously available arguments and evidence for the first time on reply. Berkeley could have been candid with the Court that the 88 pages of purported evidence it sought to introduce for the first time on reply came not at the eleventh hour from Sionic, as Berkeley had claimed, but from nonparty Enduring Hearts, Inc. ("Enduring Hearts") at least two months before the date of Berkeley's Initial Motion. Berkeley could have honestly disclosed to the Court that its purported "Exhibit V" was not a part of its Reply Memo, and forthrightly moved for leave to supplement its submission.

Berkeley could have done these and many other things. But it did not. Instead, Berkeley has continued to spin dubious excuses for its conduct.

Sionic takes no pleasure in the extensive motions practice it has been forced to undertake in this matter. Unfortunately, Berkeley's repeated rule violations and refusal to do the right thing, even after being asked to do so, have left Sionic with little choice but to seek the Court's intervention. Respectfully, it is appropriate that the Court grant Sionic's Second Motion to Strike, and First Motion, which address the same troubling conduct by Berkeley on the very same subject matter.

## ARGUMENT AND CITATION OF AUTHORITY

Sionic finds itself on difficult ground, encountering a Plaintiff that readily engages in rule violations, many of which it has attempted to exploit for its own momentary gain. Such is the case with Berkeley's attempted insinuation of its latest purported "Exhibit V" into the record, long after the end of briefing on Berkeley's Initial Motion, by exploiting the Court's July 27, 2021 Order that gave Berkeley the chance to correct its initial failure to follow the rules governing submissions under seal. For this and the reasons below, Sionic requests the Court grant its Second Motion to Strike:

I.   **Berkeley's red herrings do nothing to refute the reality that its Reply Memo clearly did not incorporate or cite its purported "Exhibit V" at any point.**

Berkeley proffers multiple red herrings in its Response in Opposition to Sionic's Second Motion to Strike [Doc. 166] (the "Opposition Brief") in a bid to distract from its own conduct. The question, however, presented in Sionic's Second Motion to Strike is a simple one: Did Berkeley include its purported "Exhibit V" with its Reply Memo? The answer is equally simple: No.

Berkeley's Reply Memo neatly resolves the matter. The Reply Memo expressly stated that Berkeley was attaching exhibits "**A** to **U**," as repeated and confirmed throughout the Reply Memo's footnotes.[1] Entirely consistent, Berkeley's July 16, 2021 email correspondence to Sionic attached exhibits designated A through U, which Berkeley confirmed to be all exhibits.[2] And in case there was any doubt, Berkeley's later refiled Reply Memo, in both redacted and unredacted form, exclusively referenced "**A** to **U**," no differently than its initial Reply Memo, with even the same referencing footnotes.[3]

---

[1] Berkeley's Reply Memo [Doc. 145] at 10, n.10, 11 n.11-12, 12 n.13-16, 13 n.17-19, 14 n.20-21.

[2] Brief in Support of Sionic's First Motion to Strike [Doc. 153-1] at 4, Ex. A [Doc. 153-2].

[3] Berkeley's Unredacted Reply Memo [Doc. 155] at 10, n.10, 11 n.11-12, 12 n.13-16, 13 n.17-19, 14 n.20-21; Berkeley's Redacted Reply Memo [Doc. 156] at 10, n.10, 11 n.11-12, 12 n.13-16, 13 n.17-19, 14 n.20-21.

Berkeley denies none of these facts. Instead, Berkeley spins a confusing web of shifting dates and excuses that ultimately level blame at the Court and Sionic for Berkeley's alleged failure to include and file its purported "Exhibit V" with its Reply Memo.[4] Sionic could pick each of these excuses apart. But Berkeley's Reply Memo makes the truth plain. Berkeley never included its purported "Exhibit V" in its Reply Memo. It never cited it. It never incorporated it, even by reference. Berkeley's naked efforts to sneak its purported "Exhibit V" into the record, at this time, without leave or reasonable explanation is improper. Respectfully, the Court should not reward Berkeley for its lack of candor and failure to follow the rules, and grant Sionic's Second Motion to Strike.

## II.     Berkeley has admitted facts establishing that it was obligated to include its purported "Exhibit V" as part of its Initial Motion—not for the first time on reply and certainly not after the close of the briefing cycle on its Initial Motion.

Berkeley describes its purported "Exhibit V" as "important" to its ability to satisfy Rule 16(b)'s requirements in seeking Gahan's joinder outside the deadline specified Court's Scheduling Order.[5] Berkeley further alleges that its purported "Exhibit V" shows "not only that Mr. Gahan, but also

---

[4] *See, e.g.,* Berkeley's Opposition [Doc. 166] at 3-4.
[5] Berkeley Opposition [Doc. 166] at 4; Scheduling Order [Doc. 69], entering Joint Report [Doc. 68] at 9.

Defendant Herman were engaged in a scheme to defraud Plaintiff while at the same time, both of them were enticing Plaintiff to invest."[6]

Berkeley's purported "Exhibit V" shows no such thing, and Berkeley makes no showing as to how it does. Berkeley also offers no credible justification for the introduction of its purported "Exhibit V" after the filing of its Reply Memo. Nor does Berkeley explain why its claims and arguments made in regard to its purported "Exhibit V" occur not in its Initial Motion, where they ought to have been made, but instead for the first time in Berkeley's opposition to Sionic's Second Motion to Strike.

Berkeley was obligated under Rule 7(b) to include both its purported "Exhibit V" and its associated claims and arguments in its principal motion and brief. *Diversified Sols., Inc. v. Ohwook! Prods.*, No. 21-10039- CIV-MARTINEZ, 2021 U.S. Dist. LEXIS 78233 at *2-*3 (S.D.Fla. Apr. 23, 2021. This Berkeley did not do, instead leaving its purported "Exhibit V" and associated claims and arguments until well after all briefing was concluded on its Initial Motion. In circumstances such as this, a motion to strike is appropriate. *Long-Hall v. United States Ready Mix*, No. 1:08-CV-1546-CAP-AJB, 2010 U.S. Dist. LEXIS 149796 at *6-*7 (N.D.Ga. Feb. 2, 2010), adopted

---

[6] Berkeley Opposition [Doc. 166] at 4.

2010 U.S. Dist. LEXIS 149791 at *1 (N.D.Ga. Mar. 3, 2010). Respectfully, the Court should grant Sionic's Second Motion to Strike.

**III.    Rather than trying to spin yarns justifying its effort to backdoor "Exhibit V" into the record, Berkeley should have followed the rules and moved for leave to supplement its Reply Memo—something even Berkeley acknowledged it was obligated to do.**

If Berkeley wanted the Court to consider its purported "Exhibit V," the correct course of action was identified in the August 3, 2021 email from Berkeley's counsel: "I can file a request for leave to file Exhibit V . . .."[7] This is exactly what Berkeley ought to have done, satisfying the rules and requirements governing such motions. *See, Benton v. Cousins Props.*, 230 F. Supp. 2d 1351, 1366 (N.D.Ga. 2002) (granting plaintiff's motion for leave not only because it was unopposed, but also because plaintiff had been prompt, shown good cause, and demonstrated no undue prejudice to defendant in seeking to supplement).

Even though acknowledging the necessity of seeking leave, Berkeley never moved for it, presumably because such a motion would have been disfavored and subject to denial. *Johnson v. Douglas Cty. Sch. Dist.*, No. 1:09-CV-01023-BBM-RGV, 2009 U.S. Dist. LEXIS 136677 at *3 n.1 (N.D.Ga. Nov.

---

[7] Ex. D to Sionic's Brief to its Second Motion to Strike [Doc. 162-5].

12, 2009), adopted 2009 U.S. Dist. LEXIS 136675 (N.D.Ga. Dec. 8, 2009) (denying plaintiff's motion to supplement because it was opposed, "was filed after the time for responding to defendants' motion had expired," and "offered no explanation for the delay or for failing to include the supplemental arguments" in the original brief).

Berkeley had its purported "Exhibit V" in its possession not only before its Reply Memo, but two months before its Initial Motion as part of Enduring Hearts' production—a fact Berkeley nowhere disputes even when given the chance to do so.[8] Berkeley was thus obligated to include purported "Exhibit V" with its Initial Motion, which it failed to do, meaning at a minimum it should be disregarded, if not struck entirely. *Diversified Sols.*, 2021 U.S. Dist. LEXIS 78233 at *2-*3.

Instead, Berkeley resorts to a mishmash of dates, half-truths, and unsupported allegations to justify its violation of the rules. They include Berkeley's implausible claim that it omitted its purported "Exhibit V" by mere oversight, which for the reasons explained in part I above cannot be true. They also include Berkeley's unsupported allegation that Sionic had

---

[8] Sionic's Brief in Partial Opposition to Berkeley's Motion for Leave to File Documents Under Seal [Doc. 163] at 3 ("purported 'Exhibit V' constitute[s] the production of Enduring Hearts"). Berkeley nowhere disputes Sionic's showing, the time for so doing having passed.

purported "Exhibit V" in its possession at least "1 month" before Berkeley's efforts to join Gahan, and that the parties had "discussed" it shortly before Berkeley tried to backdoor "Exhibit V" into the record.[9] Of course, entirely absent from Berkeley's argument is any explanation as to what it may have discussed with Sionic, which remains a mystery, even to Sionic. Nor does Berkeley explain why Sionic possibly having possession of the documents included as part of Berkeley's purported "Exhibit V"—amongst the many thousands of pages of production made by multiple parties to date—is somehow a "get out of jail free card" for Berkeley's complete failure to follow the rules.

The truth, however, is a lot simpler than Berkeley suggests. Berkeley never included, and never intended to include, its purported "Exhibit V" with its Reply Memo. Instead, for reasons Berkeley has chosen to share with neither the Court nor Sionic, Berkeley tried to backdoor its purported "Exhibit V" into the record long after the time for its introduction had come and gone. This is not how litigation is supposed to work. Respectfully, the Court should grant Sionic's Second Motion to Strike.

---

[9] Berkeley Opposition [Doc. 166] at 4.

## CONCLUSION

Berkeley has provided no credible reason for the introduction of its purported "Exhibit V" long after its Initial Motion and Reply Memo. Nor has Berkeley explained its failure to properly move for leave to supplement its Initial Motion or Reply Motion by adding its purported "Exhibit V" and associated claims and arguments at this time. Instead, Berkeley has offered little more than mishmash of unsubstantiated excuses that even if true, provide no justification for its conduct. In so doing, Berkeley has both burdened judicial resources and forced Sionic to incur costs and fees. Sionic respectfully requests the Court grant its Second Motion to Strike.

Respectfully submitted this September 2, 2021.

/s/ Simon Jenner
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker, Esq.
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Adam P. Ford, Esq.
Georgia Bar No. 355079
adam.ford@bakerjenner.com
Baker Jenner LLLP
210 Interstate N. Parkway, SE, Ste. 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Century Schoolbook, 13-point font. I further certify I have electronically filed on the date stated below, the foregoing **REPLY IN SUPPORT OF DEFENDANT SIONIC MOBILE CORPORATION'S SECOND MOTION TO STRIKE AND DISREGARD PLAINTIFF BERKELEY VENTURES II, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO ADD PATRICK GAHAN, AND TO RESOLVE CERTAIN PROCEDURAL COMPLEXITIES INTRODUCED BY PLAINTIFF** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Jason Brian Godwin
Godwin Law Group
3985 Steve Reynolds Boulevard
Building D
Norcross, Georgia 30093

Wilmer Parker
Maloy Jenkins Parker
1360 Peachtree Street
Suite 910
Atlanta, GA 30309

Further served by email, although not attorneys of record:

David J. Hungeling
Adam S. Rubenfield
Hungeling Rubenfield Law
1718 Peachtree Street, N.W.
Peachtree 25th, Suite 599
Atlanta, Georgia 30309
E: David.hungelinglaw.com
E: adam@hungelinglaw.com

Daniel C. Norris
The Ether Law Firm, LLC
1718 Peachtree Street, N.W.
Peachtree 25th, Suite 599
Atlanta, Georgia 30309
E: Daniel.norris@etherlawfirm.com

This September 2, 2021.

/s/ Simon Jenner
Georgia Bar No. 142588
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, Georgia 30339
Telephone: (404) 400-5955
E: simon.jenner@bakerjenner.com
*Attorney for Defendants*