UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>SIONIC MOBILE CORPORATION<br>and RONALD D. HERMAN,<br><br>        Defendants. | CIVIL ACTION FILE NO.<br>1:19-cv-05523-SDG<br><br><br>**Jury Trial Demand** |

## DEFENDANT RONALD D. HERMAN'S VERIFIED ANSWER TO PLAINTIFF BERKELEY VENTURES II, LLC'S VERIFIED COMPLAINT FOR DAMAGES

Defendant Ronald D. Herman ("Herman") files this Answer in response to the Verified Complaint for Damages [Doc. 1] (the "Complaint") of Berkeley Ventures II, LLC ("Berkeley"), showing the Court as follows:

### FIRST DEFENSE

Berkeley's claims are time-barred in whole or in part under 28 U.S.C. § 1658(b). Amongst other reasons, a reasonably diligent plaintiff would have discovered the facts allegedly constituting a "violation" under 28 U.S.C. § 1658(b) on or before December 5, 2017, the date on which Berkeley executed the Subscription Agreement, meaning that Berkeley had to have filed no

later than December 5, 2019. Berkeley only filed on December 7, 2019, two days after the 2-year limitations period under 28 U.S.C. § 1658(b) had expired.

## SECOND DEFENSE

The Complaint fails to state any claim upon which relief can be granted, entitling Herman to dismissal with prejudice under Fed. R. Civ. P. 12(b)(6).

## THIRD DEFENSE

The Complaint fails to comply with the requirements of Fed. R. Civ. P. 8, 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA"). Amongst other things, the Complaint fails to plead securities fraud with particularity or a strong inference of scienter; has failed to articulate the requirements for asserting controlling person liability as to Herman or for piercing the corporate veil and disregarding the corporate form as to Herman; and its allegations depend on mere information and belief without stating the basis for how that belief formed or the documents and sources of information on which it in each instance depends. Nor has Berkeley satisfied the pleading standards and requirements for common law fraud under Georgia law.

## FOURTH DEFENSE

Herman did not employ any device, scheme, or artifice to defraud, either personally or as an officer and executive of Defendant Sionic Mobile Corporation ("Sionic"). Nor did Herman in such capacity make any untrue statement of a material fact; omit to state any material fact necessary to make the statements made, in the circumstances in which they were made, not misleading; or engage in any other act, practice, or course of business or dealing that operated or would have operated as a fraud or deceit upon Berkeley.

## FIFTH DEFENSE

The Complaint fails to adequately allege any misrepresentations or omissions of material fact.

## SIXTH DEFENSE

At no time did Herman make any misrepresentation or omission of material fact either personally or as an officer and executive of Sionic.

## SEVENTH DEFENSE

Any alleged misrepresentations and omissions were immaterial. Given the total mix of information that Herman provided to Berkeley regarding Sionic and that Berkeley received in regard to Sionic, none of the alleged

misrepresentations or omissions would have been material to the reasonable investor.

## EIGHTH DEFENSE

Herman's alleged misrepresentations, regardless of whether purportedly made personally or as an officer and executive of Sionic, constituted in each instance unactionable puffery or unactionable statements of opinion.

## NINTH DEFENSE

Herman did not have a duty to disclose any of the information that the Complaint alleges that Herman failed to disclose, either personally or as an officer and executive of Sionic.

## TENTH DEFENSE

Berkeley is a sophisticated investor, being a Registered Investment Advisor that is regulated by the U.S. Securities Exchange Commission, manages a half-billion dollars of investor funds, is part of a complex web of investment entities that have funded numerous deals over the years, and specializes in investments and industries of the type applicable to Sionic. Accordingly, as a sophisticated investor, Berkeley could not have reasonably or justifiably relied on what the Complaint alleges to be material misrepresentations or omissions first, because of the information that

Herman provided to Berkeley and that Berkeley had in its possession before its execution of the Subscription Agreement and that was otherwise known to Berkeley; and second, because Berkeley did not reduce representations alleged as material in its Complaint to a material term of the Subscription Agreement. This defense applies to Herman regardless of whether Berkeley alleges Herman was acting individually or as an officer and executive of Sionic.

## ELEVENTH DEFENSE

Herman did not breach any duty or obligation owed to Berkeley, regardless of whether Berkeley alleges that Herman was acting individually or as an officer and executive of Sionic.

## TWELFTH DEFENSE

Any facts that Berkeley alleges were concealed by Herman or misrepresentation allegedly made by Herman, regardless of whether Berkeley alleges Herman was acting individually or as an officer and executive of Sionic, were incorporated into the price of Sionic's stock.

## THIRTEENTH DEFENSE

The Complaint fails to adequately allege that Herman acted with scienter.

## FOURTEENTH DEFENSE

Herman did not act with scienter or the state of mind necessary to impose on Herman any liability arising from the Complaint's alleged misrepresentations or omissions.

## FIFTEENTH DEFENSE

Following reasonable investigation, Herman had reasonable grounds to believe, and did believe, that the statements made to Berkeley were true. Nor did Herman omit to disclose any material fact necessary to make such statements not misleading. This defense applies to Herman regardless of whether Berkeley alleges Herman was acting personally or as an officer and executive of Sionic.

## SIXTEENTH DEFENSE

At all times Herman acted in good faith and in the honest belief that its actions were in the best interests of the company and its shareholders. This defense applies to Herman regardless of whether Berkeley alleges Herman was acting personally or as an officer and executive of Sionic.

## SEVENTEENTH DEFENSE

Berkeley did not rely upon any of Herman's alleged misrepresentation or omission as stated in the Complaint, and regardless, any such reliance would have been unreasonable given first, the information that Sionic

provided to Berkeley and that Berkeley otherwise had in its possession, and second, Sionic's "Risk Factors" disclosure, which forecloses any right of action under the bespeaks caution doctrine. This defense applies to Herman regardless of whether Berkeley alleges Herman was acting personally or as an officer and executive of Sionic.

## EIGHTEENTH DEFENSE

Berkeley would have purchased Sionic's securities even with knowledge of the alleged misrepresentations and omissions stated in the Complaint.

## NINETEENTH DEFENSE

Berkeley has sustained no legally cognizable damages due to the alleged misrepresentations and omissions stated in the Complaint because they have at no time caused an increase or decrease in the price or value of Sionic's securities at issue in this matter.

## TWENTIETH DEFENSE

Berkeley has sustained no legally cognizable damages due to the alleged misrepresentations and omissions stated in the Complaint because the price or value of Sionic's securities at issue in this matter were affected by numerous factors unrelated to those alleged misrepresentations and omissions, and which therefore had an independent and appreciable affect upon that price or value.

## TWENTY-FIRST DEFENSE

The alleged misrepresentations and omissions stated in the Complaint were neither the proximate cause nor the cause in fact of Berkeley's alleged losses or damages.

## TWENTY-SECOND DEFENSE

Berkeley's alleged injuries or damages are the proximate result, whether in whole or in part, of actions or omissions of persons or entities other than Sionic.

## TWENTY-THIRD DEFENSE

Berkeley's recovery for any of its alleged damages or injuries are subject to such limitations and restrictions as are provided at law.

## TWENTY-FOURTH DEFENSE

Berkeley's recovery for any of its alleged damages or injuries is subject to offset for the value gained through the investment, including, without limitation, tax benefits actually received in consequence of that investment.

## TWENTY-FIFTH DEFENSE

Berkeley is precluded from recovering any alleged damages, to the extent proven, because of Berkeley's failure to mitigate damages.

### TWENTY-SIXTH DEFENSE

Berkeley's recovery for alleged damages against Sionic, if any, is limited to the proportionate liability provisions of the PSLRA and other provisions of law, including federal and those of the State of Georgia.

### TWENTY-SEVENTH DEFENSE

Berkeley's claims are time-barred, in whole or in part, by the equitable doctrine of laches. Amongst other reasons, Berkeley waited over two-years to bring its action, after acknowledging that it was aware and had notice of facts pertinent to the alleged misrepresentations and omissions of the Complaint. This delay was inexcusable and has caused Herman undue prejudice.

### TWENTY-EIGHTH DEFENSE

If Herman made any of the alleged misrepresentations or omissions stated in the Complaint—which Herman specifically denies—then Berkeley's claims are barred because at the time it purchased the subject securities, Berkeley knew, or with the exercise of reasonable care should have known, of some or all of the material facts and information related to the claims, statements and omissions alleged in the Complaint. Accordingly, Berkeley's own negligence or other fault proximately contributed to or caused the injuries that Berkeley alleged suffered. This defense applies to Herman

regardless of whether Berkeley alleges Herman was acting individually or as an officer and executive of Sionic.

## TWENTY-NINTH DEFENSE

Berkeley purchased the subject securities with actual or constructive knowledge of the risks involved in an investment in those securities, and thus assumed the risk that the value of those securities would decline or would otherwise be adversely affected if these risks materialized.

## THIRTIETH DEFENSE

Berkeley's claims are barred in whole or in part by the doctrines of ratification, inequitable conduct, estoppel, in pari delicto, waiver, and unclean hands.

## THIRTY-FIRST DEFENSE

For Berkeley to be awarded any damages in this action would constitute unjust enrichment.

## THIRTY-SECOND DEFENSE

Some or all of Berkeley's claims are barred by the Statute of Frauds because they are premised on contractual promises and guarantees that were not to be performed within at least one year of December 5, 2017.

## THIRTY-THIRD DEFENSE

Berkeley has failed to allege facts sufficient to establish controlling person liability as to Herman, including failure to plead that Herman acted recklessly or intentionally in regard to the violations of securities law alleged in the Complaint, and to adequately plead a primary violation of securities law as to Sionic as the controlled person.

## THIRTY-FOURTH DEFENSE

Berkeley has failed to allege a specific duty or obligation that Herman owed to Berkeley, either personally or as an officer and executive of Sionic, that Herman violated in regard to Berkeley.

## THIRTY-FIFTH DEFENSE

Herman acted in good faith and did not directly or indirectly induce any alleged act or acts constituting a violation of applicable securities laws or otherwise in support of any of the claims as alleged in the Complaint.

## THIRTY-SIXTH DEFENSE

Herman had in place reasonable and proper systems of supervision and internal control at Sionic and for that reason cannot be liable for any alleged conduct of Sionic.

### THIRTY-SEVENTH DEFENSE

Herman did not intentionally participate in any alleged fraud and never consciously aided any fraud as alleged in the Complaint.

### THIRTY-EIGHTH DEFENSE

Herman did not act recklessly or intentionally in failing to do what ought to have been done to prevent the securities violation alleged in the Complaint.

### THIRTY-NINTH DEFENSE

Herman acted and made decisions exercising good faith and reasonable care, and Berkeley has failed to allege facts sufficient to pierce the corporate veil or to disregard the corporate form as to Herman.

### FORTIETH DEFENSE

Berkeley's claims against Herman are derivative, for which Berkeley has not followed the applicable requirements of Georgia law, barring any cause of action as against Herman.

### FORTY-FIRST DEFENSE

Berkeley's common law fraud claim, Count II of the Complaint, being wholly derivative of its securities fraud claim, is subject to same Affirmative Defenses requiring dismissal. Further, Herman incorporates by this reference into this paragraph his Second through Fortieth Defenses as separately

pertinent to Berkeley's state law fraud claim. In addition, in regard to its state fraud claim, Berkeley has failed: (1) to allege an injury that is separate and distinct, or any other special circumstance, that would permit a direct cause of action against Herman; or (2) to comply with the requirements for filing a derivative action before filing its Complaint.

## FORTY-SECOND DEFENSE

Punitive damages are not available for securities fraud allegations.

## FORTY-THIRD DEFENSE

Herman reserves the right to amend this Answer to assert additional affirmative defenses in a timely fashion after facts in support become known. Herman further reserves the right to amend this Answer to assert any state any crossclaims, counterclaims, and third-party claims as they may become known or available.

## FORTY-FOURTH DEFENSE

In response to the enumerated paragraphs of the Complaint, and subject to and without waiving the First through Forty-Third Defenses stated above which are incorporated into this sentence by this reference, Sionic responds as follows:

## PARTIES

### Plaintiff

1.

Herman is without knowledge or information sufficient to either admit or deny the allegations of paragraph 1 of the Complaint, and thus denies the same.

### Defendants

2.

Paragraph 2 of the Complaint does not reference or pertain to Herman as a Defendant to this action, although on information and belief this allegation is correct.

3.

Herman admits the allegations of paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

4.

As pertains to Herman, Herman admits subject matter jurisdiction. Herman denies all allegations of paragraph 4 of the Complaint not specifically admitted in this paragraph, including any claim or indication that Berkeley may have a viable claim against Herman, are denied.

5.

As pertains to Herman, Herman admits that this Court has personal jurisdiction over Herman. All allegations of paragraph 5 of the Complaint not specifically admitted in this paragraph are denied.

6.

As pertains to Herman, Herman admits that venue is proper. Herman denies all allegations of paragraph 6 of the Complaint not specifically admitted in this paragraph.

## NATURE OF ACTION

7.

As pertains to Herman, paragraph 7 of the Complaint incorporates legal argument and conclusions to which no response is necessary. To the extent a response may be required, Herman denies that the allegations of paragraph 7 of the Complaint, including that he violated applicable securities laws or that Berkeley is entitled to pursue any remedy against Herman.

8.

As pertains to Herman, paragraph 8 of the Complaint incorporates legal argument and conclusions to which no response is necessary. To the extent a response may be required, Herman denies the allegations of paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9.

As pertains to Herman, Sionic was incorporated in January 2010 by Herman as its incorporator. Herman admits that amongst other services, Sionic provides mobile marketing and loyalty reward services that help merchants and consumers. Herman denies all allegations of paragraph 9 of the Complaint not specifically admitted in this paragraph.

10.

As pertains to Herman, Herman admits having undertaken prior capital raises since Sionic's incorporation, in his capacity of being an officer and executive of Sionic. Herman denies all allegations of paragraph 10 of the Complaint not specifically admitted in this paragraph.

11.

As pertains to Herman, Herman denies the allegations stated in paragraph 11 of the Complaint.

12.

Paragraph 12 of the Complaint does not reference Herman as a Defendant to this action. To the extent this paragraph is intended to apply to Herman, he objects to it on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving the foregoing objection, Herman

16

admits that Sionic filed Form D Notices as required by applicable law, and further, that Sionic raised over $18 million before December 5, 2017. Herman denies all allegations of paragraph 12 of the Complaint not specifically admitted in this paragraph.

13.

Paragraph 13 of the Complaint does not reference Herman as a Defendant to this action. To the extent this paragraph is intended to apply to Herman, he objects to it on the grounds it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, Herman admits that between 2015 and 2017, in his role as Sionic's Chief Executive Officer, he assisted in the sale of unexpired stock warrants upon the decision of the respective original holders not to exercise them before the stated expiration dates. Herman denies all allegations of paragraph 13 of the Complaint not specifically admitted in this paragraph.

14.

Paragraph 14 of the Complaint does not reference Herman as a Defendant to this action. To the extent this paragraph is intended to apply to Herman, he objects to it on the grounds it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, Herman admits

that Sionic incurred a net operating loss year-end 2017. Herman denies all allegations of paragraph 14 of the Complaint not specifically admitted in this paragraph.

15.

Herman objects to paragraph 15 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Herman denies the allegations of paragraph 15 of the Complaint.

16.

As pertains to Herman, Herman denies the allegations of paragraph 16 of the Complaint.

17.

Herman is without information or knowledge to either admit or deny the allegations of paragraph 17 of the Complaint, and they are thus denied.

18.

As pertains to Herman, Herman denies the allegations of paragraph 18 of the Complaint.

19.

As pertains to Herman, Herman denies the allegations of paragraph 19 of the Complaint.

20.

As pertains to Herman, he admits that as Sionic's Chief Executive Officer, he was introduced to Anthony Palazzo ("Palazzo") and others by way of an email from Patrick Gahan ("Gahan") dated October 25, 2017. All allegations of paragraph 20 of the Complaint not specifically admitted in this paragraph are denied, including that Exhibit B to the Complaint is true or accurate.

21.

Herman admits that to his knowledge, Gahan's October 25, 2017 email included as attachments an overview PowerPoint and a Fact Sheet concerning Sionic. Herman denies all allegations of paragraph 21 of the Complaint not specifically admitted in this paragraph, including that Exhibit C or Exhibit D to the Complaint are true or accurate copies.

22.

Paragraph 22 of the Complaint does not reference Herman as a Defendant to this action. To the extent this paragraph is intended to apply to Herman, Herman denies the allegations of paragraph 22 of the Complaint.

23.

Paragraph 23 of the Complaint does not reference Herman as a Defendant to this action. To the extent this paragraph is intended to apply to Herman, Herman denies the allegations of paragraph 23 of the Complaint, including any allegation or representation that the quote as presented is complete, accurate, or true in the context presented.

24.

Herman objects to paragraph 24 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Herman admits that, in accordance with his role as Sionic's Chief Executive Officer, he invited Palazzo to meet at Sionic's Atlanta office. Herman further admits that on October 27, 2017 he spoke with Palazzo via conference call during which Sionic's history, business plans, and capital needs were discussed. Herman denies all allegations of paragraph 24 of the Complaint not specifically admitted in this paragraph.

25.

Herman objects to paragraph 25 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving

this objection, as pertains to Herman, he admits that Palazzo requested a private placement memorandum concerning Sionic, additional PowerPoint decks to the extent there were any, and a cap table if Sionic had one. Herman further admits that he confirmed that the private placement memorandum was outdated, except for part 5, "Risk Factors," which Sionic provided and Berkeley received. Finally, Herman admits that he provided Berkeley a cap table for Sionic. Herman denies all allegations of paragraph 25 of the Complaint not specifically admitted in this paragraph, including that Exhibit E to the Complaint is true or accurate.

26.

Paragraph 26 of the Complaint does not reference Herman as a Defendant to this action. To the extent this paragraph is intended to apply to Herman, Herman objects on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, he admits that as Sionic's Chief Executive Officer, he met with Palazzo and some of his associates on October 31, 2017 at Sionic's offices. Herman further admits that Palazzo requested of Sionic a proposed use of funds and other information by email chain dated November 1, 2017 through November 2, 2017. Finally, Herman admits that by separate email Herman transmitted, on behalf of Sionic, Sionic's 2017 Pro Forma Plan to

Palazzo. Herman denies all allegations of paragraph 26 of the Complaint not specifically admitted in this paragraph, including that Exhibit F or Exhibit G to the Complaint are true or accurate.

27.

As pertains to Herman, Herman admits that by email dated November 2, 2017, Sionic transmitted a then-current Promissory Note Schedule. Herman denies all allegations of paragraph 27 of the Complaint not specifically admitted in this paragraph, including that Exhibit H and its attachment are true or accurate.

28.

As pertains to Herman, Herman admits that by email dated November 8, 2017, Palazzo received Sionic's Amended and Restated Shareholder Agreement, Joinder to the Amended and Restated Shareholder's Agreement, Subscription Agreement, Investor Questionnaire, and Wiring Instructions. Herman denies all allegations of paragraph 28 of the Complaint not specifically admitted in this paragraph, including that Exhibit I to the Complaint is true or accurate.

29.

Herman admits that he and Palazzo engaged in a course of email correspondence during November 20, 2017 that included an update on certain of Sionic's continuing contract negotiations and business activities. Herman denies all other allegations of paragraph 29 of the Complaint not specifically admitted in this paragraph, including that Exhibit J to the Complaint is true or accurate.

30.

Paragraph 30 of the Complaint does not reference Herman as a Defendant to this action. To the extent this paragraph is intended to apply to Herman, **Herman** admits that by email dated December 5, 2017, Sionic received from Berkeley executed copies of the Joinder to the Amended and Restated Shareholder's Agreement, Subscription Agreement, Investor Questionnaire. Herman further admits that to his knowledge, Sionic received a wire from Berkeley in the amount of $1,600,000 on December 7, 2017. Herman denies all allegations of paragraph 30 of the Complaint not specifically admitted in this paragraph, including that Exhibit K is true or accurate.

31.

Paragraph 31 of Complaint does not reference Herman as a Defendant to this action. To the extent this paragraph is intended to apply to Herman, Herman admits that to his knowledge, Berkeley's due diligence regarding a potential purchase of Sionic stock commenced on or about October 25, 2017. Herman denies all allegations of paragraph 31 not specifically admitted in this paragraph.

32.

Herman objects to paragraph 32 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, on information and belief Gahan transmitted the January 19, 2018 email attached as Exhibit L to the Complaint. Herman denies all allegations of paragraph 32 of the Complaint not specifically admitted in this paragraph, including that Exhibit L to the Complaint is true or accurate.

33.

As pertains to Herman, Herman admits that, as Sionic's Chief Executive Officer, following October 25, 2017 but before December 5, 2017, to his knowledge Berkeley received the overview PowerPoint and Fact Sheet

regarding Sionic, and also due diligence materials regarding Sionic in the form of the October 31, 2017 Pro Forma Plan, financial statements for 2015, 2016 and what at the time was year-to-date for 2017, and information concerning the then-current status of contract negotiations with potential partners for Sionic's technology. Herman denies all allegations of paragraph 33 of the Complaint not specifically admitted in this paragraph.

34.

Herman objects to paragraph 34 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Herman admits that to his knowledge, Berkeley received an overview PowerPoint. Herman denies all allegations of paragraph 34 of the Complaint not specifically admitted in this paragraph, including that Berkeley's quotations from the over PowerPoint are complete, accurate or truthful in the context made. Herman is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 34 of the Complaint is further denied.

35.

Herman objects to paragraph 35 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Herman admits that to his knowledge, Berkeley received the Fact Sheet. Herman denies all allegations of paragraph 35 of the Complaint not specifically admitted in this paragraph, including that Berkeley's quotations from the Fact Sheet are complete, accurate or truthful in the context made. Herman is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 35 of the Complaint is further denied.

36.

Herman objects to paragraph 36 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Herman denies the allegations of paragraph 36 of the Complaint.

37.

Herman objects to paragraph 37 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Herman denies the allegations of

paragraph 37 of the Complaint.

38.

Herman objects to paragraph 38 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Herman admits that to his knowledge, by email dated November 2, 2017, Berkeley received a copy of the Promissory Note Schedule. Herman denies all other allegations of paragraph 38 not specifically admitted in this paragraph.

39.

As pertains to Herman, Herman admits that he and Palazzo engaged in a course of email correspondence during November 20, 2017 that included an update on certain continuing contract negotiations and business activities of Sionic. Herman denies all allegations of paragraph 39 of the Complaint not specifically admitted in this paragraph.

40.

Herman objects to paragraph 40 on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Heramn admits that to his knowledge, by separate email dated October 31, 2017, Palazzo received Sionic's 2017 Pro Forma Plan. Herman denies all allegations of paragraph 40 of the Complaint not

specifically admitted in this paragraph. Herman is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus the allegations of paragraph 40 of the Complaint are further denied.

41.

Herman objects to paragraph 41 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Herman admits that he met with Palazzo and some of his associates at Sionic's offices on October 31, 2017. Herman further admits that the following statements were made to Palazzo, which were all true as of October 31, 2017: (A) Sionic was then in the process of equipping merchant locations with iBeacons Bluetooth devices; (B) Sionic had integrated its platform with Chase Payments, Freedom Pay, and MerchantLink; (C) Sionic was then in the process of integrating its mobile technology with GM RIG software; and (D) Sionic's payment technology was accepted at Panera Bread, Lowes, Banana Republic, California Pizza Kitchen, Domino's Pizza, Burger King, IHOP, Regal Cinemas, Office Depot, Krispy Kreme, Petco, Bed Bath & Beyond, Applebees, Chilis, Old Navy and Papa Johns. All allegations of paragraph 41 of the Complaint not specifically admitted in this paragraph are denied.

28

42.

Herman objects to paragraph 42 of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Subject to and without waiving this objection, as pertains to Herman, Herman admits that at the October 31, 2017 meeting at Sionic's offices, Palazzo was informed that Sionic was entitled to a 45 percent revenue share consistent with the terms of its agreement with GM. Herman further admits that Sionic shared with Palazzo projections that Sionic had jointly derived with GM regarding the number of potential users and potential revenues arising from the integration of Sionic's mobile technology into the GM RIG software. Herman denies all allegations of paragraph 42 of the Complaint not specifically admitted in this paragraph.

43.

As pertains to Herman, Herman denies the allegations of paragraph 43 of the Complaint. Herman is, furthermore, without knowledge or information as to where, when and in what location or document the alleged statements were made and thus additionally denies paragraph 43 of the Complaint for that reason.

44.

Herman denies the allegations of paragraph 44 of the Complaint.

## COUNT I

### 41 [45.]

Herman incorporates by this reference each of the foregoing enumerated paragraphs of this Answer, including all above stated Defenses, as though fully stated in this sentence.

### 42 [46.]

Herman objects to paragraph 42 [46] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 42 [46] to the Complaint.

### 43 [47.]

Herman objects to paragraph 43 [47] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 43 [47] to the Complaint.

### 44 [48.]

Herman objects to paragraph 44 [48] of the Complaint on the grounds

that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 44 [48] to the Complaint. Herman is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 44 [48] to the Complaint is further denied.

45 [49.]

Herman objects to paragraph 45 [49] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 45 [49] to the Complaint. Herman is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 45 [49] to the Complaint is further denied.

46 [50.]

Herman objects to paragraph 46 [50] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 46 [50] to the Complaint. Herman is without knowledge to either admit or deny what

Berkeley may have relied upon in making its investment decision and thus paragraph 46 [50] to the Complaint is further denied.

### 46 [51.]

Herman objects to paragraph 46 [51] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 46 [51] to the Complaint.

### 47 [52.]

As pertains to Herman, Herman denies the allegations of paragraph 47 [52] to the Complaint.

### COUNT II

### 48 [53.]

Herman incorporates by this reference each of the foregoing enumerated paragraphs of this Answer, including all above stated Defenses, as though fully stated in this sentence.

### 49 [54.]

Herman objects to paragraph 49 [54] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to

Herman, Herman denies the allegations of paragraph 49 [54] to the Complaint.

50 [55.]

Herman objects to paragraph 50 [55] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 50 [55] to the Complaint.

51 [56.]

Herman objects to paragraph 51 [56] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 51 [56] to the Complaint.

52 [57]

Herman objects to paragraph 52 [57] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 52 [57] to the Complaint. Herman is without knowledge to either admit or deny what

33

Berkeley may have relied upon in making its investment decision and thus paragraph 52 [57] of the Complaint is further denied.

53 [58.]

Herman objects to paragraph 53 [58] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 53 [58] to the Complaint. Herman is without knowledge to either admit or deny what Berkeley may have relied upon in making its investment decision and thus paragraph 53 [58] of the Complaint is further denied.

54 [59.]

As pertains to Herman, Herman admits that Berkeley invested in Sionic. All allegations of paragraph 54 [59] of the Complaint not specifically admitted in this paragraph are denied.

**COUNT IV [III]**

55 [60.]

Herman incorporates by this reference each of the foregoing enumerated paragraphs of this Answer, including all above stated Defenses, as though fully stated in this sentence.

34

56 [61.]

Herman objects to paragraph 56 [61] of the Complaint on the grounds that it violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) and is otherwise a shotgun pleading. Subject to and without waiving that objection, as pertains to Herman, Herman denies the allegations of paragraph 56 [61] to the Complaint.

57 [62.]

Herman denies the allegations of paragraph 57 [62] of the Complaint.

WHEREFORE, having answered the Complaint, Ronald D. Herman respectfully requests that:

(a)   the Court dismiss the Complaint in its entirety, with prejudice;

(b)   the Court enter judgment in Herman's favor and against Berkeley;

(c)   all costs and expenses, including reasonable attorney fees, be cast against Berkeley and in favor of Herman;

(d)   Herman have a trial by a jury of 12 persons as to all issues so triable; and

(e)   Herman have such other and further relief as the Court deems just and proper.

35

Respectfully submitted September 14, 2021.

<u>/s/ Simon Jenner</u>
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Richard J. Baker, Esq.
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Adam P. Ford, Esq.
Georgia Bar No. 355079
adam.ford@bakerjenner.com
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, GA 30339
T: (404) 400-5955
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Century Schoolbook, 13-point font. I further certify I have electronically filed on the date stated below, the foregoing **DEFENDANT RONALD D. HERMAN'S VERIFIED ANSWER TO PLAINTIFF BERKELEY VENTURES II, LLC'S VERIFIED COMPLAINT FOR DAMAGES**, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Jason Brian Godwin
Godwin Law Group
3985 Steve Reynolds Boulevard
Building D
Norcross, GA 30093

Wilmer Parker
Maloy Jenkins Parker
1360 Peachtree Street
Suite 910
Atlanta, GA 30309

Further served by email, although not attorneys of record:

David J. Hungeling
Adam S. Rubenfield
Hungeling Rubenfield Law
1718 Peachtree Street, NW
Peachtree 25th, Suite 599
Atlanta, GA 30309
E: David@hungelinglaw.com
E: adam@hungelinglaw.com

Daniel C. Norris
The Ether Law Firm, LLC
1718 Peachtree Street NW
Peachtree 25th, Suite 599
Atlanta, GA 30309
E: Daniel.norris@etherlawfirm.com

This September 14, 2021.

/s/ Simon Jenner
Georgia Bar No. 142588
*Attorney for Defendants*
Baker Jenner LLLP
210 Interstate North Parkway, SE
Suite 100
Atlanta, Georgia 30339
T: (404) 400-5955
E: simon.jenner@bakerjenner.com