IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN,<br><br>    Defendants. | Civil Action No.<br>1:19-cv-05523-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Sionic Mobile Corporation's (Sionic) motion for leave to file counterclaims against Plaintiff Berkeley Ventures II, LLC (Berkeley) and to join Berkeley Capital Partners, LLC and Linda Rossetti as third-party defendants [ECF 127]; Berkeley's motion to add Patrick Gahan as a defendant [ECF 136]; Sionic's motion to strike Berkeley's reply brief in support of its motion to add Gahan as a defendant or, in the alternative, for leave to file a surreply [ECF 153]; Berkeley's motion for leave to file matters under seal [ECF 158]; and Berkeley's second motion to strike Berkeley's reply brief [ECF 162]. After careful review of the parties' briefing, the Court **GRANTS IN PART** and **DENIES IN PART** Berkeley's motion for leave to file matters under seal and **DENIES** all the remaining motions.

**I.      BACKGROUND**

Berkeley filed suit on December 7, 2019, alleging that Sionic and Defendant Ronald Herman engaged in securities fraud by misrepresenting facts on which Berkeley relied in investing in Sionic.[1] Sionic filed a motion to dismiss and to disqualify Berkeley's counsel for a conflict of interest,[2] which the Court denied.[3] The Court denied Sionic's motion for reconsideration or for certification of interlocutory appeal regarding its motion to dismiss but granted Sionic's renewed motion to disqualify.[4] Sionic filed its verified answer on September 16, 2020.[5]

Berkeley engaged conflict-free counsel in the time allotted by the Court and the parties filed their joint preliminary report and discovery plan on January 22, 2021,[6] which the Court adopted as its scheduling order on January 25, 2021.[7] Relevant here, the report states that "[a]mendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary and Discovery Plan

---

[1]   ECF 1.

[2]   ECF 9 and ECF 10, respectively.

[3]   ECF 39.

[4]   ECF 65.

[5]   ECF 41.

[6]   ECF 68.

[7]   ECF 69.

is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law,"[8] and that all motions, apart from certain motions specified in the report, must be filed within 45 days.[9] Accordingly, the parties were required to seek leave to amend by February 22, 2021, the Monday following the 30 day mark, and file any other motion (except those so specified) by March 8, 2021.

Sionic filed its motion for leave to assert counterclaims and to join third-party defendants Berkeley Capital Partners, LLC (Capital) and Linda Rossetti on May 11, 2021,[10] and Berkeley filed its motion to add Patrick Gahan as a party on June 18, 2021.[11] Both motions require modification of the scheduling order. Berkeley and Rossetti filed oppositions to Sionic's motion,[12] to which Sionic replied.[13] Sionic likewise filed a response in opposition to Berkeley's motion,[14] to

---

[8] ECF 68, at 9.

[9] *Id.*

[10] ECF 127.

[11] ECF 136.

[12] ECF 128 (Berkeley's Resp. in Opp.); ECF 135 (Rossetti's Resp. in Opp. ). In its response, Berkeley did not address Sionic's motion to add counterclaims.

[13] ECF 131; ECF 142. Sionic argues that Rossetti's response was improper because she did not move to intervene or for leave to file. ECF 142 at 2–6. The Court agrees and will not consider Rossetti's response for purposes of this Order.

[14] ECF 143.

which Berkeley replied.[15] Berkeley's reply sparked a flurry of filings, including two motions to strike, related to whether Berkeley's reply was proper,[16] whether Berkeley was permitted to file certain matters under seal and,[17] if so, whether Berkeley improperly added an additional exhibit after the Court granted it leave to refile its motion to seal in accordance with the Court's Standing Order and the Local Rules of this district.[18]

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, district courts are required to enter scheduling orders that set deadlines for, *inter alia,* joining other parties and amending the pleadings. Fed. R. Civ. P. 16(b)(3). Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard precludes modification unless the schedule "cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). In other words, "[l]ack of

---

[15]   ECF 145.

[16]   ECF 153 (Sionic's First Mot. to Strike); ECF 160 (Berkeley's Response in Opp.); ECF 165 (Sionic's Reply in Support).

[17]   ECF 158 (Berkeley's Mot. for Leave to File Matters Under Seal); ECF 163 (Sionic's Partial Opp.).

[18]   ECF 162 (Sionic's Second Mot. to Strike); ECF 166 (Berkeley's Resp. in Opp.); ECF 172 (Sionic's Reply in Support).

diligence in pursuing a claim is sufficient to show lack of good cause." *Donley v. City of Morrow, Ga.*, 601 F. App'x 805, 811 (11th Cir. 2015). Lack of diligence "is not limited to a [party] who has full knowledge of the information with which it seeks to amend . . . before the deadline passes," it also "include[s] a [party]'s failure to seek the information it needs to determine whether an amendment is in order." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009).

### III. DISCUSSION

Considering the volume of briefing, the parties offer remarkably little on the primary issue before the Court, which is whether either party has shown good cause to modify the scheduling order's deadlines pursuant to Federal Rule of Civil Procedure 16(b)(4). Neither party addressed Rule 16 in briefing Sionic's motion to add counterclaims and third-party defendants. Sionic merely argued that its motion was prompt and that the opposing parties would not be prejudiced.[19] When Sionic raised the Rule 16 issue in response to Berkeley's motion,[20] Berkeley replied that documents recently produced in discovery provide "aggregate" facts supporting a claim of securities fraud against Gahan.[21]

---

19   ECF 127-1, at 14–15.
20   ECF 143, at 6–12.
21   ECF 157.

### A. Sionic's Motion to Add Counterclaims and Join Third-Party Defendants

Sionic moved to assert counterclaims pursuant to Federal Rule of Civil Procedure 13(e) and to add third-party defendants under Rules 14(a) and 19(a)(1)(A). Sionic hopes to pursue several causes of action related to Berkeley, Capital, and Rossetti, a former member of Sionic's advisory board, allegedly scheming to defame Sionic and procure a lucrative settlement through this litigation. Sionic also alleges that it is entitled to indemnity from Capital and Rossetti because Berkeley did not exist at the time of the alleged fraud and, therefore, any misrepresentations made to Berkeley and its beneficial owners were conveyed through Capital or Rossetti.

#### 1. Counterclaims Against Berkeley

Berkeley did not respond to Sionic's motion to assert counterclaims. Still, it is Sionic's burden to show that good cause exists to modify the scheduling order to allow it to pursue these claims. S*ee Northstar Marine, Inc. v. Huffman*, No. CIV.A. 13-0037-WS-C, 2014 WL 3720537, at *3 (S.D. Ala. July 28, 2014) ("The burden of establishing good cause/diligence rests squarely on the party seeking relief from the scheduling order.").

The Court notes, first, that Rule 13(e) does not apply here. That rule permits a party to supplement its pleading with a counterclaim that "matured or was

acquired by the party" after its earlier pleading. Supplementation under Rule 13(e) "should be distinguished from the situation in which a pleading is sought to be amended to add a counterclaim that was in existence at the time the original pleadings were served but was omitted." 6 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1428 (3d ed. 2021); *Moss v. Hartford Life & Accident Ins. Co.*, No. CV409-192, 2010 WL 11613499, at *2 (S.D. Ga. May 18, 2010) ("Reading Rule 13(e) in conjunction with Rule 15(d), as it must be read, the actions underlying the proposed amended claim must have occurred after the filing of a pleading."). The counterclaims against Berkeley, for Libel and Slander (Count II), Civil Conspiracy (Count IV), Aiding and Abetting Breaches of Contract and of Fiduciary Duty (Count V), and Tortious Interference (Count VI and VII), are all based on events, many of which were known to Sionic, that occurred before it filed its answer on September 16, 2020.[22]

Sionic's motion to add counterclaims is properly considered a motion to amend a pleading under Federal Rule of Civil Procedure 15(a)(2) and, therefore, requires modification of the Court's scheduling order, which required amendments to be filed by February 22, 2021. Under the Rule 16(b)(4) standard,

---

[22] ECF 41.

Sionic has not shown good cause for its delay. The only new information Sionic specifies in its motion are Berkeley's answers to its requests for admission,[23] which purportedly show Capital's involvement in Berkeley's investment and have nothing to do with the counterclaims against Berkeley. Newly produced information about Rossetti, attached to the proposed third-party complaint and discussed *infra*, similarly does not show good cause for Sionic's failure to assert its counterclaims within the time set by the scheduling order.

### 2. Joinder of Third-Party Defendants

Sionic also seeks to add Capital and Rossetti as third-party defendants under Federal Rules of Civil Procedure 19(a)(1)(A) and 14(e). Rule 19(a)(1)(A) does not apply here; it requires joinder of a party who, in their absence, "the court cannot accord complete relief among existing parties." "The complete relief concept of Rule 19(a)(1) refers to relief as between the persons already parties, not as between a party and the absent party whose joinder is sought." *Curling v. Raffensperger*, 397 F. Supp. 3d 1334, 1344 (N.D. Ga. 2019) (cleaned up) (quoting *Heinrich v. Goodyear Tire & Rubber Co.*, 532 F. Supp. 1348, 1359–60 (D. Md. 1982)). Sionic's sole basis for arguing that Capital and Rossetti are required parties is that

---

[23]   ECF 127-3.

they may also be responsible for any harm to Berkeley. But a party is not a required one simply because it may be obligated to indemnify a named party. *Lewis v. Clarke*, 137 S. Ct. 1285, 1294 (2017). Rule 14(a), by contrast, permits a defendant to join third-party defendants who "may be liable to it for all or part of the claims against it," and requires leave from the Court if filed more than 14 days after the original answer. Rule 14(a) is the proper framework for Sionic's motion.

Per the scheduling order, regardless of whether Sionic's motion to join third-party defendants is analyzed under Rule 14(a) or requires an amended pleading, the motion was untimely. The motion should have been filed, at the latest, by March 8, 2021. Granting Sionic's requested relief, therefore, requires modification of the scheduling order, and Sionic must show good cause pursuant to Federal Rule of Civil Procedure 16(b)(4). *Glock, Inc. v. Wuster*, 167 F. Supp. 3d 1343, 1344 (N.D. Ga. 2016) (when a motion to file a third-party complaint is filed "after a scheduling order deadline, Rule 16 is the appropriate guide to determine whether the delay may be excused").

As noted, Sionic cites the delayed answers to its requests for admission to establish good cause. The answers support Sionic's claim that Capital is liable for its own communications to Berkeley and to its beneficial owners concerning

Sionic.[24] These admissions, however, only confirm what Sionic already knew. Sionic argues in its brief that it could never have misrepresented information to Berkeley because it did not know Berkeley existed until December 5, 2017.[25] Sionic states that, during the due diligence period, "all of Sionic's communications and correspondence were with Capital and its principals, executives and employees."[26] Sionic therefore knew at the time it was soliciting investors that it was only making representations to Capital and, according to Sionic's theory, that Capital in turn solicited Berkeley's beneficial owners. But Sionic's claim that Capital is responsible for the misrepresentations made to Berkeley could have been asserted well before the scheduling order deadlines passed. It is unclear what basis Sionic has for claiming that Rossetti is also responsible for these alleged misrepresentations.

Though the substance of other allegedly newly discovered evidence was not set out for the Court in Sionic's brief, Sionic "incorporated by reference" its proposed amended third-party complaint and the attached exhibits as factual support for its motion.[27] The Court reviewed the proposed pleading and attached

---

[24] ECF 127-1, at 15.

[25] *Id.* at 6–7.

[26] *Id.* at 6.

[27] *Id.* at 2.

exhibits, and found two emails reflecting information potentially unknown to Sionic until after the scheduling order deadline had passed: (1) that Rossetti, before joining Sionic's advisory board, expressed doubts about Sionic's viability to Berkeley's executive Tony Palazzo[28] and (2) that Rossetti requested that Berkeley's former legal counsel review a stock purchase warrant and her advisory board agreement, which are not alleged to be confidential, after this lawsuit was filed.[29]

Rossetti was initially introduced to Sionic through Palazzo, and Sionic claims this introduction was part of a scheme to defame and force a settlement from Sionic.[30] At the time of the introduction, however, Sionic was aware that Rossetti was a customer of Capital,[31] had a close friendship with Palazzo,[32] had extensive experience and contacts related to the business for which Sionic was seeking investments,[33] and would potentially invest in Sionic through Capital.[34] Sionic was also obviously aware that Rossetti stepped down from the advisory

---

[28]  ECF 127-2, at 86–87.

[29]  *Id.* at 91–92.

[30]  *Id.* at 70–72.

[31]  *Id.* at 72.

[32]  *Id.* at 70–72.

[33]  *Id.*

[34]  *Id.* at 70.

board just a few days after the lawsuit was filed.[35] Sionic cites all of these facts as evidence of the alleged scheme, and the newly produced emails add very little to this mosaic. Sionic could have pursued this claim early on in this litigation and was not diligent in seeking to join Rossetti.

### B. Berkeley's Motion to Add Patrick Gahan

Berkeley's motion to add Patrick Gahan as a defendant fares no better. Berkeley initially cited Federal Rules of Civil Procedure 15, 19, and 21 in support of its motion. As discussed, and as recognized by the parties,[36] however, the Court first must first find good cause for Berkeley's delay in bringing this claim. The Court finds that Berkeley has failed to demonstrate good cause to modify the scheduling order and allow Gahan to be added as a defendant.

Berkeley argues that good cause exists because newly discovered evidence shows the extent of Gahan's involvement in soliciting Berkeley through misrepresentations.[37] Berkeley also claims that recent discovery related to Gahan's

---

35  *Id.* at 94–102.

36  ECF 143, at 6–12; ECF 145, at 5–8.

37  ECF 145, at 9–14.

charity, Enduring Hearts, evidences a scheme to inflate Sionic's stock value through stock donations and to further defraud investors.[38]

Gahan's involvement in securing Berkeley's investment is nothing new, and neither is Gahan's donation of Sionic shares to Enduring Hearts. In fact, the first piece of "newly discovered" evidence cited by Berkeley, an email in which Gahan solicits investments in Sionic with a truncated due diligence period, was filed as an exhibit to Berkeley's Complaint.[39] The Complaint also alleged that board members used "charitable donations," presumably to Enduring Hearts, to inflate valuations of Sionic stock.[40] Moreover, because a partner at the law firm of Berkley's prior counsel assisted Gahan in donating Sionic shares to Enduring Hearts, these issues were central to Sionic's motion and renewed motion to disqualify.[41] Gahan himself moved to intervene in this case for purposes of disqualifying Berkeley's prior counsel after the attorney called Gahan *and* Enduring Hearts to encourage Sionic to settle.[42] No credible argument can be made

---

[38] *Id.* at 12–14.

[39] ECF 145, at 10. *Compare* ECF 1-2 *with* ECF 157-1, at 2–3.

[40] ECF 1, at ¶¶ 16–18.

[41] ECF 9; ECF 50.

[42] ECF 50–3.

that Berkeley was diligent in seeking to bring these claims against Gahan, whose actions have been central to this case since its inception.

### C.    Procedural Issues

Sionic moved not once, but twice, to strike Berkeley's reply in support of its motion to add Patrick Gahan as party.[43] Motions to strike, however, are not an appropriate vehicle for challenging the consideration of non-pleadings. Fed. R. Civ. P. 12(f). "Put another way, motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." *S. River Watershed All., Inc. v. DeKalb Cnty., Georgia*, 484 F. Supp. 3d 1353, 1362 (N.D. Ga. 2020) (cleaned up). The Court therefore denies Sionic's motions to strike but will consider Sionic's motions as objections to the Court's consideration of the reply.[44] *Id.*

The procedural and substantive issues with Berkeley's reply in support of its motion to add Patrick Gahan are plenty but, ultimately, inconsequential. In so finding, the Court does not minimize Berkeley's errors so far in this litigation. Berkeley has filed numerous documents with the Court that fail to meet the

---

[43]   ECF 153; ECF 162.

[44]   Sionic failed to file a proposed surreply with its motion in accordance with Section II(A)(5) of Appendix H to this Court's Local Rules and so the Court denies its alternative request.

formatting standards or procedures set in the Court's Standing Order.[45] Berkeley twice failed to meet filing deadlines without explanation or requests for leave to file out of time—first in responding to Herman's motion to dismiss and then in responding to Sionic's motion to add counterclaims and third-party defendants.[46] Though the Court declined to do so, it was within its discretion to disregard these responses and rule on Sionic's motions as unopposed. LR 7.1(B), NDGa.

Further, though filing additional documents with its reply in support was permissible, there is no excuse for Berkeley including an additional exhibit after the Court granted it leave to re-file its reply under seal in accordance with the Local Rules. Even if Berkeley's initial exclusion of Exhibit V was inadvertent, including it without explanation in its second filing was disingenuous.

With respect to Berkeley's motion to seal, the Court finds that Berkeley has satisfactorily shown that the majority of the exhibits to its reply are entitled to confidential treatment. Exhibit A to the reply, however, was publicly filed as an exhibit to the Complaint, and therefore Berkeley is not entitled to have that exhibit filed under seal. The Court will grant in part Berkeley's motion to file under seal but deny it with respect to Exhibit A.

---

[45]  *See e.g.*, ECF 128 and ECF 136.

[46]  ECF 71 and ECF 128.

## IV. CONCLUSION

Sionic's motion for leave to file counterclaims and to join third party defendants [ECF 127]; its motion to strike [ECF 153]; its second motion to strike [ECF 162]; and Berkeley's motion to add Patrick Gahan as a party [ECF 136] are **DENIED**. Berkeley's motion for leave to file under seal [ECF 158] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED** this the 5th day of November, 2021.

Steven D. Grimberg
United States District Court Judge