# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>Defendants. | Case No.: 1:19-CV-05523-VMC |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL PAYMENT OF FUNDS INTO THE REGISTRY OF THE COURT

COMES NOW Berkeley Ventures II, LLC, by and through undersigned counsel as Plaintiff in the above captioned matter, and, in accordance with Local Rule 7.1, files this Response in Opposition to non-party Jason Godwin's Motion to Compel Payment of Funds into the Registry of the Court (Doc. 245).

1

## I. The Fee Dispute is Subject to Mandatory Arbitration Before the Georgia Bar Fee Arbitration Program

Plaintiff retained Jason Godwin ("Godwin") and his law firm to represent it in this action, and the parties executed an attorney-client engagement agreement that set out the terms of the representation (the "Engagement Agreement"). A section of the Engagement Agreement included an arbitration clause (the "Arbitration Clause" or the "Clause") stating: "We do not expect that any dispute between us will arise, however, in the event of a dispute under this engagement, such dispute **shall** be resolved by binding arbitration pursuant to the rules of the Georgia Bar's Fee Arbitration program on behalf of the Georgia Supreme Court. Any such arbitration shall be held in Atlanta, Georgia and will be administered by the Georgia Bar's arbitration panel. Judgment upon the award rendered by the arbitration panel may be entered in the State Court of Cobb County or the federal court for the Northern District of Georgia." A true and correct copy of the Engagement Agreement is enclosed as Exhibit A.

The construction of an arbitration clause in a contract is subject to the ordinary rules of contract construction, and "[t]he cardinal rule of contract construction is to ascertain the intention of the parties." *South Point Retail Partners v. North American Properties Atlanta*, 304 Ga. App. 419, 421 (1), 696

2

S.E.2d 136 (2010). "It is well settled that when the terms of a written contract are clear and unambiguous, the court is to look to the contract alone to find the parties' intent.". *Shelnutt v. Mayor & Aldermen of the City of Savannah*, 333 Ga. App. 446, 452 (3), 776 S.E.2d 650 (2015). Here, Godwin does not dispute that he entered into the Fee Agreement, which contained a provision wherein the parties agreed to submit all disputes to arbitration. This language constitutes clear and unmistakable evidence that the parties agreed that an arbitration would decide any dispute under the Agreement. Plaintiff anticipates the institution of arbitration proceedings as provided for in the Agreement. *Joja Partners, LLC v. Abrams Properties, Inc*., 262 Ga. App. 209, 211, 585 S.E.2d 168, 171 (2003) ("arbitration clause in client agreement was mandatory, not discretionary").[1]

The Arbitration Clause was mandatory based on its clear and unambiguous language. Consequently, the court may not order the settlement funds deposited in the registry of the court providing injunctive remedies to the movant as an alternative ground that the Arbitration Clause which was not optional. Moreover, since Plaintiff will pursue arbitration proceedings, it is unnecessary for the Court to compel arbitration.  Accordingly, the Court should respectfully deny the request to

---

[1] Undersigned counsel submits this filing as counsel of record for Plaintiff in the present action. Plaintiff is represented by separate counsel with respect to the fee arbitration.

deposit funds in the registry and dismiss this action with prejudice in accordance with the Settlement Agreement.

## II. The Lien Fails to Attach to Settlement Proceeds

The Motion seeks to recovery attorneys' fees allegedly owed on a charging lien, but plainly fails to allege the first essential element required to enforce a charging lien - that recovery has in fact been obtained. A charging lien only attaches to "tangible fruits" of a lawyer's services. *Bruton v. Carnival Corp.,* 916 F. Supp. 2d 1262, 1268 (S.D. Fla. 2012). To enforce a charging lien, the contingency must have occurred. Plaintiff has not yet received the settlement funds. *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 650, 652–53 (11th Cir.1990) (the rights and obligations of parties to a contract that provides for attorneys' fees upon the happening of a contingency are governed by state law). To enforce a charging lien, the contingency must have occurred. *Zakalma at \*652*. The fact that there is a fee dispute between counsel and its client is not a basis, by itself, for the Court to adjudicate this dispute in the pending case. The Court should not adjudicate entitlement and control of the proceeds of the charging lien since recovery has not in fact been obtained and the underlying dispute is subject to arbitration.

## III. Counsel Does Not Have a Lien Against Defendants' Funds

Counsel's attempt to enforce the charging lien creates a conflict of interest

between counsel and client. Pursuant to Georgia Bar Rules of Professional Conduct 1.7 (a) a lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client. Moreover, a trial court may not grant equitable relief if a party has an adequate remedy at law. *Housing Authority v. MMT Enterprises, Inc.*, 267 Ga. 129(1), 475 S.E.2d 642 (1996). See also OCGA § 23-1-4 ("Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law"). In this regard, "creditors without liens may not, as a general rule, enjoin their debtors from disposing of property nor obtain injunctions or other extraordinary relief in equity." OCGA § 9–5–6.3 Here, Godwin does not have a superior security interest in the funds in Defendants' accounts, as Godwin is not Defendants' creditor. *Prosser v. Hancock Bus Sales*, 256 Ga. 399(2), 349 S.E.2d 460 (1986). Accordingly, the Court should not grant what in effect is injunctive relief in favor of Godwin by ordering a non-client to deposit funds in the registry of the court, as Defendants are not garnishees in post-collection litigation.

**IV.   The Lien is Erroneous and Subject to Review in Arbitration**

Godwin filed a lien for $260,000 claiming a contingency fee of 20%,

however the fee stipulated in the contract is 20% minus $75,000. The lien is invalid not only because it added improper fees but because the amount is totally incongruent with the contract upon which it is predicated. The amount of the lien, and underlying issues related to the fee dispute are to be presented before the arbitration panel, including ethical violations and deficiencies that include are not limited to the implication of Judge Greenberg's finding that Godwin "has failed to meet the formatting standards or procedures set in the Court's Standing Order. . . failed to meet filing deadlines without explanations or requests for leave to file out of time – first in responding to Herman's motion to dismiss and then in responding to Sionic's motion to add counterclaim and third party defendants" (Doc. 196 at p.15). Amongst the claims before the Georgia Bar Association are Godwin's actions exceeding the bounds of agency by filing the subject motion to deposit the settlement funds in the Registry of the Court without authorization from Plaintiff.

## **CONCLUSION**

For the reasons discussed herein, the Court should deny Godwin's Motion to Deposit Settlement Funds into the Registry of the Court and dismiss this case with prejudice in accordance with the Settlement Agreement to be presented by the parties.

Dated this 29th day of April 2022.

/s/ Wilmer Parker
Wilmer Parker
Georgia Bar No. 563550

**MALOY JENKINS PARKER**
1360 Peachtree St.
Suite 910
Atlanta, GA 30309
parker@mjplawyers.com
(404) 875-2700

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL PAYMENT OF FUNDS INTO THE REGISTRY OF THE COURT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Simon Jenner
210 Interstate North Parkway, SE Suite 100
Atlanta, Georgia 30339
simon.jenner@bakerjenner.com

Jason B. Godwin
3985 Steve Reynolds Boulevard Building D
Norcross, Georgia 30093
Phone: 770-448-9925
Fax: 770-448-9958
jgodwin@godwinlawgroup.com

This 29th day of April 2022.

/s/ Wilmer Parker
Wilmer Parker
Georgia Bar No. 563550

**EXHIBIT A**

GODWIN LAW GROUP

www.godwinlawgroup.com

3985 STEVE REYNOLDS BLVD., BLDG. D, NORCROSS, GEORGIA 30093

|P| 770.448.9925
|F| 770.448.9958

August 20, 2021

**VIA E-MAIL DELIVERY**

Mr. Tony Palazzo
Mr. Dan Newberg
Berkeley Ventures II, LLC
3500 Parkway Lane, Suite 430
Norcross, Georgia 30092

Tony.Palazzo@berkeleycp.com
Dan.Newberg@berkeleycp.com

Dear Mr. Palazzo and Mr. Newberg,

  We are pleased that you have chosen the Godwin Law Group to represent you Berkeley Ventures II, LLC (collectively as "You").  This letter will confirm our understanding that You have engaged this firm and will describe the basis on which our firm will provide legal services to You.  We look forward to a successful and satisfying attorney-client relationship.

  In order to assure that we both have a clear understanding of how we will work together to accomplish your objectives, it is our practice to memorialize in writing the identity of our client, the scope of our engagement and the nature or absence of any conflicts of interest.  Accordingly, this letter reflects our understanding that we have been engaged to represent You in regard to the currently pending securities fraud case styled *Berkeley Ventures II, LLC v. Sionic Mobile Corporation, et.al*. 1:19-cv-05523-SDG (N.D.Ga.) (the "Litigation").  The Engagement Letter dated January 2, 2021 concerning the Litigation is null and void, and the present constitutes our enforceable Agreement with You.

  Based on our standard conflict of interest review procedures using information You have provided to us, we are not aware of any conflicts of interest which would arise as a result of the services we will be providing.  If we subsequently become aware of any conflicts, we will contact You immediately and work with You to achieve a mutually acceptable resolution as mandated by applicable ethical rules.

  Your fee will be 20% of any amount received either via trial, mediation or settlement of the Litigation.  In addition, a courtesy discount of Seventy Five Thousand Dollars ($75,000.00) will be applied and discounted from our 20% fee immediately upon receipt of settlement funds. Notwithstanding, if You fail to recover any monies in the Litigation, You shall not be liable for any payments to us. You will also be responsible for all the costs which will be incurred by You and must be paid to the firm, including filing fees, courts costs, postage and online research fees, if necessary. You will be invoiced monthly.

We do not expect that any dispute between us will arise, however, in the event of a dispute under this engagement, such dispute shall be resolved by binding arbitration pursuant to the rules of the Georgia Bar's Fee Arbitration program on behalf of the Georgia Supreme Court. Any such arbitration shall be held in Atlanta, Georgia and will be administered by the Georgia Bar's arbitration panel. Judgment upon the award rendered by the arbitration panel may be entered in the State Court of Cobb County or the federal court for the Northern District of Georgia.

We make no representations or warranties about the final outcome of this engagement. The time frame for our representation and resulting costs of our representation depend upon factors not always within our control such as the level of cooperation from our side or the other side, protracted negotiations, the complexity of a particular matter, extensive discovery, or other factors.

Again, we thank you for the opportunity to represent you in this matter. Please sign and date this engagement letter and return it to my attention, retaining the original for your files.

Kind regards,

/s/ Jason B. Godwin

**Jason B. Godwin, Esq.**
The Godwin Law Group


Accepted and agreed to:

By: *Tony Palazzo*
Tony Palazzo (Aug 23, 2021 15:48 EDT)

Berkeley Ventures II, LLC
PEN Equity II, LLC, Manager
Tony Palazzo, Manager of Manager