IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>    Plaintiff<br><br>v.<br><br>SIONIC MOBILE CORPORATION<br>and RONALD D. HERMAN,<br><br>    Defendants. | Civil Action No.<br>1:19-cv-05523-VMC |

**ORDER**

This matter is before the Court on Jason Brian Godwin's Motion to Compel Payment of Settlement Funds into the Registry of the Court filed on April 28, 2022 ("Motion," Doc. 245). Plaintiff Berkeley Ventures II, LLC ("Berkeley") filed a response on April 29, 2022. ("Response," Doc. 248).[1]

The Court held a telephonic conference on the Motion on May 2, 2022 at 10:00 a.m. ("Conference"). (Minutes of May 2, 2022 Hrg. ("Minutes"), Doc. 249). In the Order and Notice setting the Conference, the Court requested that Mr. Godwin provide certain documents to chambers, including copies of Mr. Godwin's

---

[1] The Response was filed by Mr. Godwin's co-counsel Wilmer Parker, who has submitted the filing "as counsel of record for Plaintiff in the present action," but stated that "Plaintiff is represented by separate counsel with respect to the fee arbitration." (Response at 3 n.1, Doc. 248).

engagement letter with Plaintiff. Those purported engagement letters have been appended to the Court's Minutes. (Docs 249-1, 249-2).

## BACKGROUND

Plaintiff Berkeley filed this securities fraud case against Defendants Sionic Mobile Corporation ("Sionic") and Ronald D. Herman (collectively, "Defendants") on December 7, 2019. (Doc. 1.) Berkeley's original counsel was Busch Slipakoff Mills & Slomka LLC ("Busch Slipakoff"). Defendants filed an initial Motion to Disqualify Busch Slipakoff on January 20, 2022, which the Court denied on September 2, 2020 (Docs. 9, 39). Defendants renewed their Motion to Disqualify on November 5, 2020 based on pre-litigation representation of Defendant Sionic and a member of its board of directors by Busch Slipakoff as well as post-litigation communications with represented parties. (Doc. 51). The Court granted that renewed motion on December 11, 2020. (Doc. 65).

Mr. Godwin signed an engagement letter dated January 2, 2021 with Berkeley ("First Letter," Doc. 249-1) and later filed a notice of appearance in this case on behalf of Berkeley on January 8, 2021 (Doc. 66). The First Letter provided for a 33% contingency fee, of which a pro rata percentage would be paid to former counsel Bryan Busch. The First Letter also included an arbitration provision for disputes under the First Letter referring such disputes to the "Georgia Bar's Fee Arbitration program on behalf of the Georgia Supreme Court."

2

Mr. Godwin stated on the telephonic conference that upon realizing that he was prohibited from sharing his fees with a disqualified attorney, he sought to amend the engagement letter to adjust the contingency fee to 20% and to remove Mr. Busch from any fee splitting.

Berkeley attached a copy of a revised engagement letter dated August 20, 2021 to its Response ("Second Letter," Doc. 248 at 10 of 11). There is some dispute as to whether the Second Letter was signed by all parties. The Second Letter, in addition to adjusting the contingency fee to 20%, provides for a "courtesy discount" of $75,000. Like the First Letter, it also contains an arbitration clause providing for disputes to be resolved through the State Bar's fee arbitration program.

## DISCUSSION

In the Motion, Mr. Godwin alleges he has "recently completed settlement negotiations." (Doc. 245 at 1). At the Conference, all parties appeared to agree that this matter has been substantially settled with only minor negotiations over the forms of the settlement documents remaining. However, Mr. Godwin alleges that Berkeley is working behind his back to consummate the settlement without him to avoid paying his 20% contingency fee. Mr. Godwin filed the instant motion requesting that the settlement funds be paid into the registry of the Court pending a hearing to determine the proper disbursement of the funds under Georgia law.

Berkeley asserts that the dispute between Mr. Godwin and it are arbitrable under the terms of the engagement letters.[2]

At the Conference, Defendants did not take a position in the dispute between Mr. Godwin and Berkeley and did not object to paying funds into the Court's registry.

For the reasons the Court gave on the record at the Conference, and based upon the lack of opposition by Defendants to paying some portion of the settlement consideration into the Court's registry it is

**ORDERED** that the Motion (Doc. 245) is **GRANTED IN PART** and **DENIED IN PART** as set forth in this Order.

It is **ORDERED** that the Parties are **DIRECTED** to file, by May 9, 2022, (1) a Notice of Execution of Settlement Documents, or (2) a Joint Status Report detailing the progress of documenting the Parties' settlement and expected timeline for filing a Notice of Execution of Settlement Documents.

It is **FURTHER ORDERED** that upon final execution of settlement documents, Defendants shall deposit with the Court 20% of any monetary amount stipulated to be paid to Berkeley as settlement consideration prior to disbursing

---

[2] There is apparently some dispute as to whether a fee arbitration has been commenced. This has no basis on the Court's decision, as the Court finds that the dispute in question is covered by the terms of both the First Letter and the Second Letter.

any funds to Berkeley. Payment of this amount into the Court's registry together with paying the remaining 80% to Berkeley shall be in satisfaction of Defendants' obligation to pay such stipulated monetary settlement consideration to Berkeley.

It is **ORDERED** that, if it has not already, Plaintiff Berkeley is **DIRECTED** to commence an arbitration with Georgia Bar's Fee Arbitration program on behalf of the Georgia Supreme Court within 30 days of the date of entry of this Order.

The Clerk is **DIRECTED** to submit this matter to the undersigned on May 10, 2022.

**SO ORDERED** this 2nd day of May, 2022.

_____
Victoria Marie Calvert
United States District Judge