UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>Defendants. | Case No.: 1:19-CV-05523-VMC |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Berkeley Ventures II, LLC, ("Berkeley") Plaintiff in the above captioned matter, and files this Motion to Enforce Settlement Agreement showing in support the following:

**FACTUAL BACKGROUND**

1. On December 7, 2019 the Plaintiff filed this Action, securities fraud Complaint, pursuant to the provisions of Sections 10(b) and 20(a) of the Exchange Act.

2. On April 5, 2022 the parties reached an agreement to settle the litigation in exchange *inter alia* for mutual releases, payment of $1,300,000 to Plaintiff and

dismissal of this Action. The compromise was memorialized in a written Settlement Agreement (the "Agreement"), executed on May 13, 2022 (the "Effective Date"). See <u>Exhibit A</u> (wiring instructions omitted).

3. Section 1 of the Agreement states "Sionic shall endeavor to pay the amount specified in Schedule 1-A to this Agreement (the "Settlement Amount") no later than 10 business days following the Effective Date." It further represents, "If Sionic requires more than 10 business days, Sionic shall provide Berkeley prompt written notices which notices shall include confirmation regarding the date on which Sionic expects the Settlement Amount to be ready for payment" Ex. A, Section 1.

4. The Agreement as modified by this Court's May 2, 2022 Order (Doc. 250), provided that the Defendants pay the Settlement Amount, as follows:

- Twenty percent (20) into the Registry of the United States District Court for the Northern District of Georgia, Atlanta Division, which Berkeley acknowledges is equal to $260,000.00, (the "Registry Amount").

- Eighty (80) percent to Berkeley by wire, which Berkeley acknowledges is equal to $1,040,000.00.

5. As contemplated by the parties, the full Settlement Amount was to be paid by May 27, 2022, Exhibit A, Section 1. It was not.

6. Defendants have failed to pay the full Settlement Amount, but have made three partial payments; namely,

June 3, 2022 – $140,000 to Plaintiff

June 3, 2022 - $50,000 deposited into the Registry of the Court

June 8, 2022 - $60,000 to Plaintiff

7. On Plaintiff's continuing demands for payment of the remaining balance of the Settlement Amount, $1,050,000, Defendants have in part responded as follows:

- May 27, 2022 - "Sionic will pay the remaining balance of $1,050,000 as soon as it's received, which may be as soon as *Monday, June 6, but no later than Monday, June 13*, which will be split $210,000 to the Court's Registry, and $840,000 to BVII."

- June 13, 2022 - "Sionic had identified five parties who indicated an ability to fund the remainder. One of these parties had indicated an ability to potentially fund by Friday of last week, although has now stated that he is not in a position to do so. As for the other four parties, they are actively engaged in due diligence concerning Sionic and have indicated their continuing interest in an investment opportunity in Sionic."

- June 24, 2022 – "Presuming a close [with a new Sionic investor] occurs and that things go as Sionic anticipates, it may take a couple of days for the funds to clear into Sionic's designated account given the amounts involved. In such circumstance, funds may be expected to clear on *July 5 or perhaps July 6*. We will be glad to confirm Sionic's receipt of funds once had."

- July 12, 2022 – "According to Sionic, on July 7, 2022, this potential investor confirmed his possible interest in investing a significant amount in Sionic. To that extent, Sionic has transmitted and is waiting to get back an executed nondisclosure and confidentiality agreement from the potential investor. Sionic stated that it anticipates sending the potential investor details and information concerning its business and operations by July 13, 2022."

- July 22, 2022 – "Just this week, Sionic secured a formal introduction to a key strategic partner's global investments lead on companies important to the strategic partner's existing lines of business. It is still early days, but Sionic is reporting high level internal support for the introduction. Sionic will promptly advise as matters develop."

These representations have been transmitted to the Court through emails to its

Deputy Clerk. The totality of the events over these many days since the execution of the Settlement Agreement leads to the conclusion that the Defendants intentionally will not pay the balance of the Settlement Funds, absent the Court's intervention in enforcing the Settlement Agreement.

8.  It has become apparent to Berkeley that Defendants did not have the funds to pay the Settlement Amount, as agreed in the Settlement Agreement, i.e. within 10 business days after execution of agreement. The Defendants clearly entered into the Settlement Agreement knowing they lacked the funding to honor their payment obligations and depended apparently on recruiting new investors into Sionic to raise funds to pay the Settlement Amount. This fact was not presented to Plaintiff during negotiations. Of course, Sionic presumably could obtain funds through entering into loan contract with financial institutions or issuing capital calls to stockholders.

9.  Berkeley has never consented to any change or alteration of the expressed terms of the Settlement Agreement.

10. The Defendants have failed to pay the entire Settlement Amount within the period contemplated by the Settlement Agreement, and by June 13, the date Sionic stated the funds would be paid.

11. The Settlement Amount payment is now seventy-five (75) days past

due.

12.     The Action has not been dismissed. This Court has jurisdiction to enforce the Settlement Agreement *infra*.

13.     The Defendants' conduct, as described above, constitutes a breach of the Settlement Agreement.

14.     The Plaintiff is entitled to relief based upon the Defendants' material breach of the Settlement Agreement. The Court is fully authorized to summarily enforce the settlement. *Cia Anon Venezolana de Navegacion v. L Harris*, 374 F. 2d 33, 36 (5th Cir. 1967)[1]. *Kent v. Baker* 815F.2d 1395, 1399-1400, (11th Cir 1987) (A district court has jurisdiction to enforce a settlement agreement when a party refuses to abide by the agreement prior to dismissal of the action.)

15.     The Plaintiff requests the Court summarily enter Final Judgment against Defendants by way of enforcement of the Settlement Agreement, essentially reducing the Defendants' obligation under the agreed terms of settlement in a way that permits Plaintiff to execute and levy against the assets of Defendants through supplementary proceedings in aid of execution. A form of proposed Final Judgment

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals entered on or before September 30, 1981. *Bonner v City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

is attached hereto as composite <u>Exhibit B</u>.

## MEMORANDUM OF LAW

"The construction of settlement contracts is governed by state law applicable to contracts in general. *Blum v. Morgan Guaranty Trust Co*., 709 F.2d 1463 (11th Cir. 1983) (citing *Florida Education Association, Inc. v. Atkinson*, 481 F.2d 662 (5th Cir. 1973)). "Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. " Id. (citing *McKie v. McKie*, 213 GA, 582, 100 S.E.2d (1957).  In order for a party to compel enforcement of a settlement agreement, the terms must be sufficiently specific and mutually agreed upon as to every essential element. *Sherman v. Dickey,* 322 Ga. App. 228, 233-234 (2), 744 S.E.2d 408 (2013). The Settlement Agreement in this case is clear, unambiguous, supported by valid consideration, and can be easily proved.

  **A.** **The Parties Assented to the Terms of the Agreement.**

The Plaintiff and the Defendants assented to the terms of the agreement by entering into a written settlement agreement signed by the parties.

  **B.** **There was Offer, Acceptance, and Consideration.**

The parties knowingly, thoughtfully, and deliberately entered into the written Settlement Agreement while represented by respective counsel with many years of

experience. Settlement agreements are highly favored and are enforced whenever possible because they end litigation. See *Pearson v. Ecological Science Corp.*, 522 F.2d 171 (5th Cir.1975), *cert. denied*, 425 U.S. 912, 96 S. Ct. 1508, 47 L.Ed.2d 762 (1976). Under the terms of the Settlement Agreement, the parties made mutual promises which are indisputably sufficient consideration to support enforcement of the contract. It is well-settled that a promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do. *Britt Green Trucking v. FedEx Nat. LTL, Inc.*, 511 F. App'x 848, 851 (11th Cir.2013).

    **C.    The Material Terms of Settlement are Clear, Definite and Capable of Proof.**

The material terms of the Settlement are set forth in writing and include the requirement that Defendants "shall" make payments of a specified amount, contemplated to be within ten (10) business days. The Defendants have failed to make timely payments.

    **D.    The Court Enjoys Continuing Jurisdiction and May Summarily Enforce the Settlement**

Under the terms of the settlement, this Court has jurisdiction to enforce the Settlement Agreement. Thus, the Court should summarily enforce the Settlement Agreement by entry of a Final Judgment specifically requiring and liquidating the

obligation to make the remaining Settlement Payment in the amount of $1,050,000 as agreed in the Settlement Agreement.

## **CONCLUSION**

WHEREFORE, Plaintiff requests the Court enforce the Settlement Agreement, by entering Final Judgment against Defendants. Exhibit B.

Dated this August 26, 2022

Respectfully submitted,

/s/ Wilmer Parker
Georgia Bar No.563550

**MALOY JENKINS PARKER**
1360 Peachtree St. Suite 910
Atlanta, GA 30309
Tel. 404-875-2700
Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing MOTION TO ENFORCE SETTLEMENT AGREEMENT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Simon Jenner<br>
Richard J. Baker<br>
BAKER JENNER LLLP<br>
210 Interstate North Parkway, S.E. Suite 100<br>
Atlanta, GA 30339<br>
<i>Attorneys for Defendants</i>

This August 26, 2022

<u>/s/ Wilmer Parker</u><br>
Wilmer Parker<br>
Georgia Bar No. 563550