IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BERKELEY VENTURES II, LLC

        Plaintiff,

v.

SIONIC MOBILE CORPORATION and
RONALD D. HERMAN,

        Defendants.

Civil Action File No.
1:19-cv-05523-SDG

---

**DEFENDANT SIONIC MOBILE CORPORATION AND
DEFENDANT RONALD D. HERMAN'S
BRIEF IN OPPOSITION TO
PLAINTIFF BERKELEY VENTURES II, LLC'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

---

COME NOW Defendants Sionic Mobile Corporation ("Sionic") and

Ronald D. Herman ("Herman") to oppose Plaintiff's Motion to Enforce

Settlement Agreement (the "Motion"), showing the Court as follows:

## I.    STATEMENT OF FACTS

During March, April and May 2022, Plaintiff Berkeley Ventures II,

LLC ("Berkeley") and Defendants negotiated toward the potential settlement

of this litigation.  (Declaration of Simon Jenner of 9/8/22 ¶3, Ex. A.) Between

April 5 and May 13, 2022, the parties worked together to author the specific

terms and conditions governing settlement, finally executing the Agreement

of Compromise and Settlement and Mutual Release of Claims (the "Agreement"), with an Effective Date of May 13, 2022, attached to the Motion as Exhibit A. (Jenner Decl. ¶4.)

Sionic agreed to pay Plaintiff a Settlement Amount of $1.3 million to resolve the lawsuit. (Agreement Sch. 1-A.) Section 1 of the Agreement provides:

> Sionic shall endeavor to pay the amount specified in Schedule 1-A to this Agreement (the '*Settlement Amount*') no later than 10 business days following the Effective Date. Berkeley acknowledges, however, that the Settlement Amount is being gathered from more than one source into Sionic's applicable bank account, and that it may therefore take more than 10 business days for Sionic to secure the finalization and clearance into its account of the entire Settlement Amount. If Sionic requires more than 10 business days, Sionic shall provide Berkeley prompt written notice, which notice shall include confirmation regarding the date on which Sionic expects the Settlement Amount to be ready for payment. Sionic shall pay the Settlement Amount in accordance with the instructions specific in <u>Schedule 1-B</u> to this Agreement….

Sionic endeavored to pay the Settlement Amount within 10 business days following the Effective Date, but it has, unfortunately, required more than 10 business days to pay the Settlement Amount. (Jenner Decl. ¶6.). Upon determining that Sionic would require more than 10 business days to pay the Settlement Amount, Sionic's counsel spoke with Berkeley's counsel about the circumstances and followed that conversation with written notice via email on May 27, 2022 (the "Initial Update"). (Jenner Decl. ¶7, and at Ex. 1.) The Initial Update, transmitted to Plaintiff's counsel and Ms. Shanks with the Court, provided information about Sionic's efforts as of that date to gather the Settlement Amount, stated that Sionic would be making payment of $250,000 toward the Settlement Amount within the next few days, and stated the date by which Sionic expected the remainder of the Settlement Amount to be ready for payment. (Jenner Decl. ¶8, and at Ex. 1.)

In regard to Sionic's efforts to gather the Settlement Amount, the Initial Update provided the following:

At the time Defendants signed the Settlement Agreement, they had secured a firm commitment and undertaking from an investor to fund the Settlement Amount. Unfortunately, due to recent developments in the market and a significant downturn in the investor's investments portfolio, the commitment was withdrawn

3

yesterday. Sionic has made multiple inquiries with other of its

investors. Sionic has informed us that several of these investors

have requested funding transaction documents for consideration.

Given its conversations with these investors, Sionic has further

informed that it expects to fully fund the Settlement Amount.

(Jenner Decl. ¶9, and at Ex. 1.)

Sionic subsequently made payments toward the Settlement Amount

totaling $250,000, including $200,000 to Berkeley and a deposit of $50,000

into the Registry of the Court pursuant to the Court's May 2, 2022, Order and

Schedule 1-B of the Agreement, which require Sionic to pay 80 percent of the

Settlement Amount to Berkeley and 20 percent of the Settlement Amount

into the Registry of the Court. (Jenner Decl. ¶10; Dkt. 250; Agreement

Schedule 1-B.) Sionic agrees the current balance owed toward the Settlement

Amount is $1,050,000.

The Agreement includes an integration provision and requires any

amendment to be in writing signed by the parties, as follows:

This Agreement (including its preamble, Sections, Schedules, and

Exhibits) constitutes the entire understanding and agreement

between the Parties regarding this Agreement's subject matter.

This Agreement supersedes, cancels and terminates all prior oral

> or written agreements, arrangements, term sheets,
>
> representations, warranties, and understandings regarding this
>
> Agreement's subject matter.  This Agreement may not be
>
> amended, except by means of a written instrument duly executed
>
> by Berkeley, Sionic and Mr. Herman.

(Agreement ¶13.4.)

The Agreement also provides that it was negotiated by the Parties and their own independent counsel, and they each acknowledged they adequately consulted with their respective attorneys and advisors concerning the effects of the Agreement and the duties and obligations imposed on them by the Agreement. (Agreement §§13.9, 13.10.). Section 13.6 of the Agreement specifies that the laws of the State of Georgia shall govern.

Unfortunately, the timing of the Agreement coincided with a significant downturn in the stock market and, despite its continuing efforts to gather the full Settlement Amount for payment, Sionic has not been able to do so to date.  (Jenner Decl. ¶12.). On June 1, 2022, Ms. Shanks asked Sionic to continue to keep the Court updated regarding the status of payment. (Jenner Decl. ¶13.)  Sionic has done so via emails dated June 3, June 13, June 24, July 12, July 22 and September 6, 2022. (Id.)

In addition, although not required under the Agreement, Sionic has continued to stay in regular communication with Berkeley's counsel via telephone and written correspondence regarding Sionic's ongoing efforts to gather and pay the balance of the Settlement Amount. (Jenner Decl. ¶14.) Sionic has provided Berkeley's counsel significant details regarding those efforts. (Jenner Decl. ¶15.) In late August, Sionic successfully launched its pay-by-bank product and, as a result, Sionic has communicated to its counsel that it has been fielding business and investor inquiries. (Jenner Decl. ¶16.) Sionic's counsel has communicated to Berkeley and the Court multiple times Sionic's stated intention to pay the full Settlement Amount. (Jenner Decl. ¶17.) However, Sionic cannot do so until it has gathered the funds necessary to pay the balance of the Settlement Amount. (Jenner Decl. ¶18.)

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A. Introduction

#### 1.  Berkeley's Motion Should be Denied for Failure to Comply with the Rules Regarding Summary Judgment Motions.

Berkeley has moved the Court to enter summary judgment in the form of a proposed final judgement against Sionic without complying with the Court's LR 56.1 regarding summary relief. Therefore, Berkeley's Motion should be denied.

2. Berkeley's Motion Should be Denied Because Sionic has Not Breached the Agreement or, in the Alternative, Because an Issue of Fact for the Jury's Determination Exists.

Berkeley's Motion does not focus on the actual payment terms of the Agreement, because the plain language of the Agreement does not support Berkeley's contention that Sionic has breached the Agreement by not paying the Settlement Amount by a date certain. Contrary to Berkeley's contention that Sionic was contractually obligated to pay the Settlement Amount by May 27, 2022, the Agreement is entirely silent as to any specific date by which Sionic must pay the Settlement Amount. Therefore, Georgia law implies into the Agreement that Sionic should complete its performance of paying the Settlement Amount within a reasonable amount of time. What is a reasonable time is a question of fact to be determined by a jury.

Pursuant to the Agreement, Sionic was to *endeavor* to pay the Settlement Amount within 10 business days after the Effective Date of May 13, 2022, and, if Sionic required more than those 10 business days, Sionic was to provide Berkeley the Initial Update. Berkely does not contend Sionic failed to comply with either of these obligations.

## B. Berkeley's Motion Should be Denied for Failure to Comply with the Rules Regarding Summary Judgment Motions.

Berkeley has moved the Court to enter summary judgment against Sionic based on Sionic's alleged breach of the payment terms of the Settlement Agreement. However, Berkeley has failed to comply with the Court's Local Rule 56.1 governing motions seeking summary relief. Berkeley's failures are fatal to its Motion, and the Motion should be denied.

LR 56.1(B) required Berkeley to provide with its motion and brief a separate, concise, numbered statement of the material facts to which Berkeley contents there is no genuine issue to be tried, with each material fact numbered separately and supported by a citation to evidence proving such fact. "The Court will not consider any fact: (a) not supported by a citation to evidence … (c) stated as an issue or legal conclusion; or (d) set out only in the brief in not in the movant's statement of undisputed facts."

Here, Berkeley has failed to provide with its motion and brief a separate, concise, numbered statement of the material facts to which Berkeley contents there is on genuine issue to be tried; therefore, the Court should not consider any purported fact presented by Berkeley in its brief. See Gladstone v. Provident Life & Accident Ins. Co., 533 F. Supp. 2d 1227, 1230 (N.D. Ga. 2007) (refusing consideration of any fact stated only in movant's

brief and not in a separate statement of undisputed facts). Likewise, by failing to submit a statement of material facts Berkeley contends are undisputed, Berkeley has failed to properly identify any facts to which Sionic must respond.

In <u>Morrison v. City of Atlanta</u>, the movant presented no Statement of Material Facts in support of its motion for summary judgment. <u>Morrison v. City of Atlanta</u>, No. 1:12-cv-02691-AT, 2014 U.S. Dist. LEXIS 188506, at *4-5 (N.D. Ga. Jan. 9, 2014). "As the Court is not bound to consider any fact 'set out only in the brief and not in the movant's statement of undisputed facts,' the Court is faced with a motion for summary judgment based on no facts." <u>Id.</u> Accordingly, the <u>Morrison</u> court denied the motion. <u>Id.</u>

Compounding its failure to aver undisputed facts according to the requirements of LR 56.1(B), Berkeley's submission fails in two other ways. First, Berkeley has neglected to provide any affidavits or declarations in support of its Motion. Second, Berkeley has asserted in its brief numerous purported facts wholly devoid of evidentiary or record citation. As required under LR 56.1(B), and as is established practice in this District, respectfully, the Court likewise should not consider any such unsupported statements or conclusions in Berkeley's brief. <u>See</u> <u>Morrison</u>, 2014 U.S. Dist. LEXIS 188506 at *4-5; <u>Gladstone</u>, 533 F. Supp. 2d 1227.

**C. Berkeley has Failed to Show No Evidence Creates a Jury Issue.**

Under Georgia law, a party seeking summary relief in the form of a motion to compel settlement must proceed in compliance with the rules and law regarding summary relief. The <u>Sherman v. Dickey</u> case relied upon by Berkeley dealt with a motion for summary judgment to enforce a settlement agreement. <u>Sherman v. Dickey</u>, 744 S.E.2d 408, 412 (Ga. Ct. App. 2013). The same is true in the Northern District of Georgia.

> The Court uses the applicable state's contract law to construe and enforce settlement agreements…. Under Georgia law, a motion to enforce a settlement agreement is evaluated under the standards similar to a motion for summary judgment. 'To prevail, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [plaintiff's] case.' The party seeking judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. The Court must draw all disputed factual inferences in the light most favorable to the non-moving party…. 'If the record

presents factual issues, the court must not decide them; it must

deny the motion and proceed to trial.'

Cohen v. Dekalb Cty. Sch. Dist., No. 1:09-cv-1153-WSD, 2009 U.S. Dist.

LEXIS 110078, at *10-11 (N.D. Ga. Nov. 25, 2009) (internal citations

omitted).

In the present case, Berkeley has failed to show that the evidence in

the record reveals that there is no evidence sufficient to create a jury issue on

at least one essential element of its case.

### D. Berkeley's Motion Should be Denied Because Sionic has Not Breached the Agreement or, in the Alternative, Because an Issue of Fact for the Jury's Determination Exists.

The construction of a settlement agreement is typically governed by

state contract law. See Hayes v. Nat'l Serv. Indus., 196 F.3d 1252, 1254 (11th

Cir. 1999) (citing Blum v. Morgan Guar. Trust Co. of N.Y., 709 F.2d 1463

(11th Cir. 1983)). Here, Section 13.6 of the Agreement specifies that the laws

of the State of Georgia shall govern the contract. Georgia law provides

contracts should be interpreted according to these steps:

First, the trial court must decide whether the language is clear

and unambiguous. If it is, the court simply enforces the contract

according to its clear terms; the contract alone is looked to for its

meaning. Next, if the contract is ambiguous in some respect, the

court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury.

City of Baldwin v. Woodard & Curran, Inc., 743 S.E.2d 381, 389 (Ga. 2013).

The Agreement requires Sionic to pay the Settlement Amount of $1.3 million. To date, Sionic has paid $250,000 toward the Settlement Amount, and a balance of $1.050,000 remains to be paid. The parties are in agreement on these facts.

However, the parties disagree about when the Agreement requires Sionic to complete payment of the entire Settlement Amount. Berkeley ignores the plain language of the Agreement in order to assert that "the full Settlement Amount was to be paid by May 27, 2022," which was 10 business days after the Effective Date of the Agreement, and that non-payment by that date was a breach of the Agreement entitling Berkeley to summary judgment. (Motion ¶¶5, 13 and 14.) This is a self-serving misstatement of the Agreement language and the applicable law.

Contrary to Berkeley's contention that Sionic was contractually obligated to pay the Settlement Amount by May 27, 2022, the Agreement is entirely silent as to any date certain by which Sionic is required to pay the

Settlement Amount.  The only action the Agreement required of Sionic during the 10 business days following the Effective Date was that it *endeavor* to pay the Settlement Amount. (Agreement §1 ("Sionic shall endeavor to pay the amount specified in Schedule 1-A to this Agreement (the '*Settlement Amount*' ) no later than 10 business days following the Effective Date.").)  Berkeley does not claim in the Motion that Sionic breached the Agreement by failing to endeavor to pay the Settlement Amount during this time frame.

Berkeley does not make such a claim, because it is not true. In construing a contract, "[w]ords generally bear their usual and common signification." O.C.G.A. §13–2–2(2). The Merriam-Webster dictionary defines the transitive verb "endeavor" as follows: "to attempt (as the fulfillment of an obligation) by exertion of effort." (See https://www.merriam-webster.com/dictionary/endeavor; see also, U.S. v. Russell, 255 U.S. 138, 143 (1921) (finding that the word "endeavor" as used in a statute meant "any effort to accomplish".)  Sionic indisputably attempted by exertion of effort or, said another way, put forth some effort, to pay the Settlement Amount during that 10 business-day time frame.

On May 27, 2022, Sionic's counsel spoke with Berkeley's counsel about the current circumstances and followed that conversation with the Initial Update that same day. (Jenner Decl. ¶7, and at Ex. 1.)  Sionic reported that

an investor who had committed to fund the Settlement Amount had just

withdrawn its commitment to do so the prior day; that Sionic had made

multiple inquiries with other investors and that Sionic believed those efforts

would result in funding the Settlement Amount; and that Sionic would be

making payments totaling $250,000 in the coming days (which it did).

(Jenner Decl. ¶¶8-10, and at Ex. 1.).

If Berkeley had claimed Sionic failed to endeavor to pay the Settlement

Amount during those 10 business days, which Berkeley has not, and if there

were a factual dispute regarding the matter, which there is not, it would be a

disputed fact question for a jury to decide and not a question of law for the

Court's determination.

In addition, Berkeley provided written acknowledgements in the

Agreement that contradict its contention that Sionic is in breach, as follows:

> Plaintiff acknowledges [ ] that the Settlement Amount is being
>
> gathered from more than one source into Sionic's applicable bank
>
> account, and that it may therefore take more than 10 business
>
> days for Sionic to secure the finalization and clearance into its
>
> account of the entire Settlement Amount. If Sionic requires more
>
> than 10 business days, Sionic shall provide Berkeley prompt
>
> written notice, which notice shall include confirmation regarding

the date on which Sionic expects the Settlement Amount to be

ready for payment.

(Agreement §1 (emphasis added).)  Here, Berkeley specifically acknowledged

that Sionic may not be able to gather and secure the entire Settlement

Amount within 10 business days after the Effective Date.

Additionally, the parties clearly contemplated that full payment might

not be made within that initial 10 business-day time frame by agreeing that

Sionic, in such a case, would provide Berkeley the Initial Update regarding

its need for more time and information regarding when Sionic expected the

Settlement Amount to be ready for payment.  The use of the term "expects"

indicates that the parties understood that Sionic – as of May 27, 2022 –might

not know when it would be able to pay the Settlement Amount.  It also meant

Sionic's related obligation merely was to state what it believed or hoped

would be the timing of payment.  See Eskra v. Provident Life & Accident Ins.

Co., 125 F.3d 1406, 1416 (11th Cir. 1997).

The Initial Update provided, in part, "Sionic will pay the remaining

balance of $1,050,000 as soon as it's received, which may be as soon as

Monday, June 6, but no later than Monday, June 13…." (Jenner Decl. ¶¶7-9,

and at Ex. 1.) Berkeley's arguments seem to attempt, without any legal

support, to convert the Initial Update communication from Sionic's counsel

into a new extra-contractual obligation, which it is not. Rather, that statement came 10 days after the parties entered into the Agreement, and it was a communication regarding Sionic's expectation at that time that it would be able to pay the balance of the Settlement Amount by June 13. It was not an amendment to the Agreement executed by the parties. (See Agreement §13.4)

Because the Agreement is silent as to any specific date by which Sionic must pay the Settlement Amount, Georgia law provides that Sionic should complete its performance of paying the Settlement Amount within a reasonable amount of time. O.C.G.A. §13-4-20 ("Performance, to be effectual, must be accomplished . . . and must be substantially in compliance with the spirit and the letter of the contract and completed within a reasonable time."); Mansell 400 Assocs., L.P. v. Entex Info. Servs., 519 S.E.2d 46, 49 (Ga. App. 1999) ("If no definite time is stated for the performance of a contract, the presumption is that the parties intended that performance would be had within a reasonable time.") Compare Ellis v. Bryant, 48 S.E. 352 (Ga. 1904) ("For time to be of essence, it should clearly appear that such was the intent; as, for example, by provision that agreement shall be void unless act named be completed by certain day, or by other equivalent expression.")

What is "a reasonable time" by which Sionic must pay the Settlement Amount is a question of fact to be determined by a jury under all of the circumstances of the case.  See Berman v. Berman, 238 S.E.2d 27, 28 (Ga. 1977); Bearden Mercantile Co. v. Madison Oil Co., 58 S.E. 200, 203 (Ga. 1907); Mansell 400 Assocs., 519 S.E.2d at 49 (Ga. App. 1999). Therefore, the Motion should be denied.

### E.  Sionic Intends to Pay the Settlement Amount When it has Gathered the Funds.

Pursuant to the Agreement, Sionic will pay the Settlement Amount when has gathered the necessary funds into its bank account. Berkeley acknowledged in the Agreement that Sionic would be engaging in the process of gathering the funds for the Settlement Amount, and that the process could take some time. (Agreement §1.) Sionic has reiterated its commitment to pay the Settlement Amount multiple times since entering into the Agreement, including in writing to Berkeley and the Court.  Berkeley's self-serving conclusion that "Defendants intentionally will not pay the balance of the Settlement Funds, absent the Court's intervention in enforcing the Settlement Agreement" is not supported by any facts properly before the Court.

Rather, Sionic's ongoing efforts to gather the funds to pay the Settlement Amount, and its many communications about those efforts to the Court and, in more detail, to Berkeley, including but not limited to emails dated June 3, June 13, June 24, July 12, July 22 and September 6, 2022, and Sionic's counsel's numerous telephone calls with Berkeley's counsel, are evidence of Sionic's good faith efforts to gather the funds needed to pay the Settlement Amount within a reasonable time as provided for under the Agreement. Moreover, Sionic's partial payment of $250,000 is evidence of Sionic's willingness to make payment toward the total Settlement Amount when funds become available to do so.

## F. Plaintiff's Proposed Judgment Form is Not Proper

In moving to enforce the Agreement, Berkeley has proposed a Final Judgment that goes well beyond entering summary judgment on the Agreement. (See Motion at Ex. B.) Berkeley's proposed Judgment form would have the Court provide Berkeley relief not sought by Berkeley in its Motion, including an award of interest against Sionic, an order directing the Clerk of Court to issue a Writ of Execution, an order enjoining Defendants from transferring any assets outside the regular course of business, and an order requiring Defendants immediately to

provide post-judgment type discovery without going through the usual process and procedure to obtain discovery.

Berkeley cannot use a mere form, unsupported by law, fact, or argument, to short circuit Sionic and Herman's rights, the requirements of the Federal Rules of Civil Procedure and the protections of Georgia law. Berkeley has made no showing of its compliance with the requirements of Fed. R. Civ. P. 69, which governs the enforceability of money judgments through a writ of execution and mandates Berkeley's compliance with the procedures of the State of Georgia in seeking execution and post-judgement discovery. The applicable procedure therefore includes O.C.G.A. Sec. 9-11-69 and the body of Georgia procedure case law applicable to such undertakings.

If Berkeley desires to conduct discovery regarding Defendants assets and other private information not at issue in this underlying lawsuit, it should be required to follow the rules and procedures of this Court and applicable Georgia law subsequent to obtaining a judgment, if any. Berkeley should also be required to respect Defendants' rights and the protections provided under those rules and procedures and not be permitted to summarily sidestep them. Like its Motion, Berkeley's proposed form of final Judgment fails to meet its most elementary requirements.

In addition, Berkeley seeks to have the Court impose an injunction on Defendants without any of the necessary showings to do so, despite the fact the requested injunction likely would substantially harm Sionic and its business, and Mr. Herman personally. Ironically, Berkeley's proposed injunction likely would harm Sionic's ability to gather the funds needed to pay the Settlement Amount Berkeley seeks to be paid.

Respectfully, the Court should deny Berkeley's Motion and, in any event, it should not enter Berkeley's proposed Judgment.

## III. CONCLUSION

WHEREFORE, based on the foregoing, Defendants respectfully request the Court deny Plaintiff Berkeley's Motion to Enforce Settlement Agreement.

Respectfully submitted September 9, 2022.

/s/ Richard J. Baker
Richard J. Baker
Georgia Bar No. 033879
rick.baker@bakerjenner.com
Simon Jenner
Georgia Bar No. 142588
simon.jenner@bakerjenner.com
Adam P. Ford
Georgia Bar No. 355079
Adam.ford@bakerjenner.com
Baker Jenner LLLP

210 Interstate North Parkway, SE
Suite 100
Atlanta, Georgia 30339

T: (404) 400-5955
*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I certify that the foregoing has been prepared in accordance with Local Rule 5.1C, using Century Schoolbook, 13 point. I further certify that on September 9, 2022, I electronically filed the foregoing DEFENDANT SIONIC MOBILE CORPORATION AND DEFENDANT RONALD D. HERMAN'S BRIEF IN OPPOSITION TO PLAINTIFF BERKELEY VENTURES II, LLC'S MOTION TO ENFORCE SETTLEMENT AGREEMENT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jason Brian Godwin
Godwin Law Group
3985 Steve Reynolds Boulevard
Building D
Norcross, GA 30093
jgodwin@godwinlawgroup.com

Buddy Parker
Maloy Jenkins Parker
1360 Peachtree Street NE
Suite 910
Atlanta, GA 30309
parker@mjplawyers.com

/s/ Richard J. Baker
Richard J. Baker
Georgia Bar No. 033879
rick.baker@bakerjenner.com
210 Interstate North Parkway, SE
Suite 100
Atlanta, GA 30339
T: 404-400-5955
E: simon.jenner@bakerjenner.com
*Attorney for Defendants*