# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>Defendants. | Case No.: 1:19-CV-05523-SDG |

## PLAINTIFF'S MOTION TO REOPEN CASE TO RE-INSTATE RONALD D. HERMAN AS A DEFENDANT

COMES NOW Berkeley Ventures II, LLC ("Berkeley"), Plaintiff in the above captioned matter, and in accordance with Fed. R. Civ. P. 60(b) and Rule 59(e) moves to reopen the case and alter judgment to re-instate Ronald D. Herman as a defendant showing the Court as follows:

### BACKGROUND

On December 16, 2022 the Court issued its Order ("Order", Doc. 260) issuing default judgment against Sionic, dismissing without prejudice the claims against Herman and directing the Clerk to close the case. Judgment was entered on the same day (Doc. 261). Plaintiff now moves to reopen the case and modify the Judgment to re-instate Herman as a defendant.

**LEGAL STANDARD**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also *Richardson v. Shilfbaun*, No. 1:06-cv-0171, 2008 WL 686236, at *1 (N.D. Ga. Mar. 7, 2008) (providing Federal Rule of Civil Procedure 60(b) governs the reopening of cases). Rule 60(b) "strikes a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts". *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.

1970)).  Plaintiff requests that this matter be reopened under Rule 60(b)(1), and (5) in order to allow modification of the Order and Judgment with respect to the dismissal of Herman's claims.  As it is further demonstrated below, the dismissal was respectfully an error, and its prospective application is not equitable to the Plaintiff. At the time the Settlement herein was entered into by the parties discovery was on going. Plaintiff has yet to depose Defendant Herman.

      The Court has retained jurisdiction to enforce post-judgment collection and dispose of the funds presently held in the Registry of the Court.  Fed. R. Civ. P. 59(e) controls Plaintiff's request to alter and modify the Judgment. [1]  The four basic grounds upon which a Rule 59(e) motion may be granted are (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the movant to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) where there is an intervening change in controlling law. *Sussman, supra*.  Rule 60(a) allows the Court to correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

      Plaintiff accordingly requests that this Court re-open the case to correct the mistaken direction in the Order instructing the Clerk of Court to close the case when

---

[1] Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Plaintiff's claim against Herman were erroneously dismissed without prejudice. Respectfully, Plaintiff is entitled to its day in court against Herman. As such, Plaintiff's requests this Court re-open this case pursuant to Rule 60(a) to allow reconsideration and modification of its Judgment regarding the dismissal of Herman's claims. [2]

## CONCLUSION

Plaintiff respectfully requests this Court reopens the case and amend its Judgment to re-instate Plaintiff's claim against Herman, and any other relief it may deem just and proper.

Dated this 27 day of December 2022.

**MALOY JENKINS PARKER**

/s/ Wilmer Parker
Georgia Bar No.563550

1360 Peachtree St. Suite 910
Atlanta, GA 30309
Tel. 404-875-2700
Attorney for Plaintiff

---

[2] District courts have " 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) However, Plaintiff should have been provided an opportunity to file an objection to the intent to dismiss Herman's claims prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>Defendants. | Case No.: 1:19-CV-05523-SDG |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing PLAINTIFF'S MOTION TO REOPEN CASE TO RE-INSTATE HERMAN AS A DEFENDANT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

| | |
|---|---|
| Ronald D. Herman<br>155 Little John Trail NE<br>Atlanta, GA, 30309<br>Defendant | Sionic Mobile Corporation<br>c/o Ronald D. Herman<br>155 Little John Trail NE<br>Atlanta, GA, 30309<br>Defendant |

This 27 day of December, 2022.

/s/ Wilmer Parker
Wilmer Parker
Georgia Bar No. 563550