UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>Defendants. | Case No.: 1:19-CV-05523-VMC |

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW Berkeley Ventures II, LLC ("Berkeley"), Plaintiff in the above captioned matter, and pursuant to this Court's Order of December 28, 2022 files this "Supplemental Brief In Support of Motion To Alter or Amend Judgment," [Doc. 262].

### ARGUMENTS AND CITATIONS OF AUTHORITY

**Herman is Liable for Payment of the Settlement Amount**

Respectfully, the Court erred in finding Herman was released by virtue of the Settlement releases, and that Sionic was the sole responsible party to satisfy the Settlement Amount. [Doc. 260 at 7-8] Sionic and Herman, as alleged in the

1

Complaint, are joint tortfeasors. Under Georgia's common-law rule imposing joint and several liability on tortfeasors who act in concert, both Sionic and Herman are liable jointly for the security fraud damages suffered by Berkeley. See *Federal Deposit Insurance Corporation v. Loudermilk*, 305 Ga. 558, 569 (2019), 826 S.E.2d. 116.

As found in Section 3 of the Settlement Agreement (Doc. 251-1), "[t]he releases, remises, and acquittal's under this Section, shall not include or act to preclude any Claims or potential Claims by a Berkeley Party arising from or related to any breach or threatened breach of this Agreement by Sionic or Mr. Herman." (emphasis added)[1] Here, Sionic, by and through Herman its CEO, acting on its own and as Herman's agent, breached the Agreement by failing to pay the entire Settlement Amount. The present situation does not involve the release of a joint debtor or that of a guarantor. The Settlement Agreement clearly indicates that payment by Sionic is complete payment by **all** Defendants, infra. The inference is clear Herman is liable for the Settlement Amount, but the Parties agreed payment by Sionic of the Settlement Amount would be accepted as also payment of Herman's debt.

---

[1] "Claims" per the Settlement Agreement refers to "[ ] Berkeley's claims and causes of action alleged in [Case No. 1:19-cv-05523-VMC] filed December 7, 2019 [ ] against Sionic and against Herman." (Doc. 254-1 at 3).

**Sionic and Herman Were Jointly Obligated**

The Agreement does not expressly state whether the parties were responsible "jointly and severally." Accordingly, it should be held that the Parties intended the Defendants to be jointly bound. "Promises of several persons are, in the absence of statute, presumed to be joint and not several, not joint and several, unless an intention to the contrary is shown in the instrument, ...." 17A C.J.S., Contracts, s 354 at 349-50. *See Spiegel v. Hays*, 103 Ga.App. 293, 119 S.E.2d 123 (1961) (where three jointly agreed to be bound to a fourth person, the obligation is joint, and not joint and several).

Herman was a Party to the Settlement Agreement. Herman was to benefit in having his debt to Berkeley satisfied if and only if Sionic paid Herman's debt, absent payment of the Settlement Agreement Berkeley was not required to file a motion to dismiss claims against Herman without prejudice. (See Doc.251-1 at 8, ¶5.)

**Agency Does Not Relieve Herman of Joint Liability**

As noted by the Court in the December 16, 2022 Order, the issue of contractual performance is governed by O.G.C.A.§13-4-20. (Order at 7). The statute indicates in pertinent part as follows:

> Performance, to be effectual, must by accomplished by the party bound to perform, **or by his agent where personal skill is not required, or by someone substituted, by consent, in his place,** and must be substantially in compliance with the spirit and the letter of the contract and

3

completed within a reasonable time. O.G.C.A.§13-4-20 (emphasis added).

Sionic was the designated agent to make payment for all Defendants. (Settlement at 3). Sionic as agent for Herman failed to make the payment due by all Defendant Parties.

**Herman is Not Released: Release Was Contingent on Payment**

The fact the Settlement Agreement identifies the source of payment that was to satisfy Sionic and Herman's liability does not mean that the Settlement Agreement did not create an obligation on Herman to pay. Again, payment by Sionic of the Settlement Amount was to act as payment by all Defendants, Ergo; failure by Sionic to pay the entire Settlement Amount did not act as payment of said amount by Herman. Section 10.3 of the Agreement states:

> The **Settlement Amount** together with the releases and other provisions of this Agreement, **constitute sufficient, good, valuable, and complete consideration for the transactions, releases**, remises, acquittals, waiver, cancellations and terminations of Berkeley and the other members of the Berkeley Party under this Agreement and no other, further or additional consideration from any of the Defendant Parties is necessary or required in that regard. (Agreement ¶10.3) (emphasis added)
>
> The releases, remises, and acquittals under this Section **shall not include or act to preclude any Claims** or potential Claims by a Berkeley Party arising or related **to any breach or threatened breach of this Agreement by Sionic or Mr. Herman**. (Agreement ¶3) (emphasis added)

Mr. Herman has not been released from his obligation to pay the Settlement Amount. The evidence does not reveal that any consideration flowed to the Plaintiff for Herman's release. Under Georgia law, a release is a contract itself, and principles of law applicable to contracts generally are also applicable to releases. *Allgood Elec. Co. v. Martin K. Eby Constr. Co., Inc.* 85 F.3d 1547, 1552 (11th Cir. 1996). Consideration is essential to a contract which the law will enforce. Ga.Code Ann. S 20-301 (1977); *Jolles v. Wittenberg*, 148 Ga.App. 805, 806, 253 S.E.2d 203 (1979). Herman cannot be relieved in the absence of consideration on his part.[2]

Moreover, the fact that Plaintiff accepted partial payment of the Settlement Amount, did not constitute accord and satisfaction under OCGA § 13–4–103(b), as the Defendants did not tender an amount less than the Settlement Amount on the condition of receiving a full release, and the payment was not made pursuant to an independent agreement between the creditor (Berkeley) and debtor (Sionic and Herman) that such payment would satisfy the debt.

---

[2] Further, since the execution of the Agreement, neither Herman nor his former counsel ever submitted to the Court that he was not jointly liable. Hermann has therefore waived the right to avail himself from a relief he never sought. Courts cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action. *GJR Invs., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## The Court Has Retained Jurisdiction to Govern Collection Matters

This Court has inherent power to enforce the Settlement Agreement entered into by the Parties in the case. The Court's jurisdiction extends to the claims asserted against Herman. Further, the Parties agreed to be bound by the jurisdiction of this Court:

> Jurisdiction and Venue. This Agreement is made and is to be performed in the State of Georgia. This Agreement and all disputes, claims, or controversies arising out of or in connection with this Agreement, including any question regarding this Agreement's formation, existence, validity, enforceability, performance, interpretation, breach, or termination shall be governed by and construed in accordance with the substantive laws State of Georgia, without reference to its choice of law rules. Each Party hereby irrevocably consents to the continuing jurisdiction of the United States District Court for the Northern District of Georgia, Hon. Victoria M. Calvert, in connection with any action arising out of or in connection with this Agreement. (Agreement ¶ 13.6) (emphasis added)

Arguably, the Court relinquished its jurisdiction by indicating that "the scope of the Agreement's release provision is a question for another day and another court". Order at p.8. However, the Court is vested and has already exercised jurisdiction to resolve issues regarding the "existence, validity, enforceability, performance, interpretation, breach, or termination of the Agreement". This Court has clear authority pursuant to the Settlement Agreement's terms and Fed.R.Civ.P. 60(b)(6) to vacate Herman's dismissal and retain jurisdiction over the parties' controversy. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378,

114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (court retains authority to alter or amend a judgment where litigant seeks reconsideration as result of breach of settlement agreement); *Kingvision Pay–Per–View Corp. v. Mardi Gras, Inc.*, 185 F.Supp.2d 1340, 1342 (M.D.Ga.2002) (district court that has jurisdiction over a case from its inception does not lose jurisdiction to reopen case after dismissal where parties settled case, court dismissed action, and parties never consummated settlement). Requiring Plaintiff's to initiate an enforcement action in another court as to a signatory to the same agreement, would be inequitable and not justified.

**Plaintiff May Pursue Collection Against All Defendants**

Under Georgia law a plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them, OCGA § 9-2-4, and any election of remedies, if necessary, could be made before judgment. (Punctuation omitted; emphasis supplied.) *Nebo Ventures v. NovaPro Risk Solutions*, 324 Ga. App. 836, 842 (1) (e), 752 S.E.2d 18 (2013). Sionic appears to have the funds necessary to pay the Settlement Amount, as reflected by the press release this week indicating the hiring of senior executive as Development Director. Plaintiff should not be deprived of its right to seek payment of the Settlement Amount against both Sionic and Herman.

## CONCLUSION

Plaintiff respectfully requests this Court reopens the case and amend its Judgment to show Herman and Sionic as joint obligors for the Settlement Amount.

Dated this 13th day of January 2023

**MALOY JENKINS PARKER**

/s/ Wilmer Parker
Georgia Bar No.563550

1360 Peachtree St. Suite 910
Atlanta, GA 30309
Tel. 404-875-2700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>Defendants. | Case No.: 1:19-CV-05523-SDG |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing PLAINTIFF'S MOTION TO REOPEN CASE with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

| | |
|---|---|
| Ronald D. Herman<br>155 Little John Trail NE<br>Atlanta, GA, 30309<br>Defendant | Sionic Mobile Corporation<br>c/o Ronald D. Herman<br>155 Little John Trail NE<br>Atlanta, GA, 30309<br>Defendant |

This 13 day of January 2023

/s/ Wilmer Parker
Wilmer Parker
Georgia Bar No. 563550