UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIONIC MOBILE CORPORATION )<br>and RONALD D. HERMAN, )<br>)<br>Defendants. ) | Civil Action No.:<br>1:19-cv-05523-VMC |

**DEFENDANT SIONIC MOBILE CORPORATION'S
RULE 60 MOTION FOR RELIEF FROM JUDGMENT**

COMES NOW Defendant Sionic Mobile Corporation ("Sionic") and files this motion pursuant to Federal Rule of Civil Procedure 60(b)(6) and respectfully requests relief from this court's December 16, 2022 Order granting in part Plaintiff's Motion to Enforce Settlement Agreement as to Defendant Sionic and directing the Clerk to enter judgment in favor of Berkeley and against Sionic in the amount of $1,050,000 [Doc. 260] as well as from the Clerk's Judgment of the same date [Doc. 261].

To the extent that this Court entered a default judgment against Sionic on the grounds that Sionic had failed to obtain

counsel, Sionic respectfully requests that this Court vacate the default judgment.  Sionic made repeated efforts to obtain counsel following the withdrawal of its prior counsel and thought on several occasions that counsel had been obtained – only to learn that counsel would require exorbitant retainer fees, which were unworkable.  Further, Sionic submitted briefing on the Motion to Enforce Settlement Agreement through counsel and has now obtained counsel.  In *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985), which this Court relied on in finding Sionic to be in default, the corporate litigant had thirty (30) days to secure substitute counsel following the withdrawal of its initial counsel, and when it had not done so after ten months, it was allowed another ten (10) days to secure counsel.  It was only after failing to secure counsel after some ten (10) plus months that the lower court in *Palazzo* dismissed the corporate litigant's claims.  *Id.*  Here. while Sionic acknowledges and is appreciative of the Court extending the time for Sionic to get counsel to effectively allow it sixty (60) days, given the procedural posture of the case and the need to preserve moneys to pay the Settlement Amount

and maintain operations (and not expend moneys on large retainers), obtaining counsel took longer than anticipated but was not due to Sionic's lack of effort or any wish by Sionic to ignore the Court. As the Eleventh Circuit noted in D*avis v. Shepard (In re Strickland & Davis Int'l, Inc.)*, 612 Fed. Appx. 971, 977 (11th Cir. 2015), "a court can hold onto a case for whatever period of time it chooses to permit a corporation to retain counsel[.]" Here, respectfully, Sionic simply needed more time (about 100 days total) and with the benefit of that was able to secure counsel.

Because Sionic has now secured counsel and because Sionic submitted briefing on the Motion to Enforce Settlement Agreement through counsel, Sionic respectfully requests that this Court vacate the default judgment against it on the grounds it failed to obtain counsel.

Further, because the Settlement Agreement did not fix a time for payment, whether the Settlement Agreement has been breached turns on what is a "reasonable amount of time" for Sionic to pay the Settlement Amount. O.C.G.A. §13-4-20 ("Performance, to be effectual, must be accomplished . . . and must

be substantially in compliance with the spirit and the letter of the contract and completed within a reasonable time."); *Mansell 400 Assocs., L.P. v. Entex Info. Servs.*, 519 S.E.2d 46, 49 (Ga. Ct. App. 1999) ("If no definite time is stated for the performance of a contract, the presumption is that the parties intended that performance would be had within a reasonable time.")).  What is "a reasonable time" by which Sionic must pay the Settlement Amount is a question of fact to be determined by a jury under all of the circumstances of the case.  *Berman v. Berman*, 238 S.E.2d 27, 28 (Ga. 1977); *Bearden Mercantile Co. v. Madison Oil Co.*, 58 S.E. 200, 203 (Ga. 1907); *Mansell 400 Assocs.*, 519 S.E.2d at 49 (Ga. Ct. App. 1999)).  This question should be resolved by a jury if the parties cannot resolve their differences.

For these reasons, Sionic respectfully requests relief from this court's December 16, 2022 Order granting in part Plaintiff's Motion to Enforce Settlement Agreement as to Defendant Sionic and directing the Clerk to enter judgment in favor of Berkeley and against Sionic in the amount of $1,050,000 [Doc. 260] as well as from the Clerk's Judgment of the same date [Doc. 261].

Respectfully submitted this 17th day of January, 2023.

/s/ Carolyn C. Burch
Carolyn "Tippi" Cain Burch
Georgia Bar No. 094515
The Burch Firm, LLC
P.O. Box 335
Columbus, Georgia 31902
404.357.3326
tippiburch@georgiaappealslaw.com

# CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1C, using Century Schoolbook, 14 point.

I further certify that on January 17, 2023, I electronically filed the foregoing **DEFENDANT SIONIC MOBILE CORPORATION'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Jason Brian Godwin
>Godwin Law Group
>3985 Steve Reynolds Boulevard
>Building D Norcross, GA 30093
>jgodwin@godwinlawgroup.com
>
>Buddy Parker
>Maloy Jenkins Parker
>1360 Peachtree Street NE
>Suite 910
>Atlanta, GA 30309
>parker@mjplawyers.com

>/s/ Carolyn C. Burch
>Carolyn "Tippi" Cain Burch
>Georgia Bar No. 094515