UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>Defendants. | Case No.: 1:19-CV-05523-VMC |

PLAINTIFF'S OPPOSITION TO DEFENDANT
SIONIC MOBILE CORPORATION'S
RULE 60 MOTION FOR RELIEF FROM JUDGMENT

COMES NOW Berkeley Ventures II, LLC ("Berkeley"), Plaintiff in the above captioned matter, and in accordance with Local Rule 7.1 files this Opposition to Defendant Sionic Mobile Corporation's ("Sionic") Rule 60 Motion for Relief from Judgment [Doc. 266] and shows in support as follows:

BACKGROUND

Sionic, pursuant to Fed.R.Civ.P. 60(b)(6), "requests relief from [the] court's December 16, 2022 Order [ ] directing the Clerk to enter judgment in favor of Berkeley and against Sionic in the amount of $1,050,000 [Doc. 260] as well as from the Clerk's Judgement of the same date [Doc. 261]." *See* Doc. 266 at 1. "Sionic

1

acknowledges and is appreciative of the Court extending the time for Sionic to get counsel to effectively allow it sixty (60) days…" Id at 2. Sionic claims it "made repeated efforts to obtain counsel following the withdrawal of its prior counsel and thought on several occasions that counsel had been retained – only to learn that counsel would require exorbitant retainers fees, which were unworkable." Id. Sionic further posits that there was a "need to preserve monies to pay the Settlement Amount and maintain operations (and not expend monies on large retainers)…" Id at 2-3. (emphasis added).

Regardless of the so-called "need to preserve monies," Sionic has not made any further payments toward the Settlement Amount, and Sionic did not timely hire counsel, as ordered by this Court.

> Defendant Sionic is ORDERED (*sic*) to retain new counsel who must file a notice of appearance with the Court within thirty days of the date of entry of this Order. A failure to do so may result in default judgment against Defendant Sionic …. [Doc. 258] (emphasis added).

Now, Sionic asserts the Court should grant its motion not because the Court erred in its decision, or fraud was perpetrated, or any other valid reason but "[b]ecause Sionic has now secured counsel and because [prior counsel for] Sionic submitted briefing on the Motion to Enforce Settlement Agreement …," it is allegedly in the interests of justice to grant Sionic's Motion. Doc. 266 at 3. Such a

reason is wholly inadequate to support the extraordinary relief requested by Sionic. In essence Sionic simply asserts the judgment should be reopened to litigant when it should pay the Settlement Amount because now it has hired an attorney. As per the judgment, Defendants should pay the Settlement Amount NOW!

## LAW

The United States Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 2659, 162 L.Ed.2d 480 (2005) stated, "[ ], our cases have required a movant seeking relief under Rule 60(b)(6) to show extraordinary circumstances' justifying the reopening of a final judgment. (citing *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950); accord *id*., at 202 71 S.Ct. 209; *Liljeberg*, 486 U.S. at 864, 108 S.Ct. 2194, *id*., at 873, 108 S.Ct. 2194). The Eleventh Circuit in *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (1984) stated,

> It is well established, however, that relief under this clause [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950). The party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result. *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932).

Sionic and Herman knowingly and voluntarily entered into a Settlement Agreement to pay Berkeley $1.3 million in exchange for its dismissal of this Action. Sionic has paid $250,000.00 toward its obligation. Sionic's intentional failure to

comply with the Court's order to obtain counsel, resulting in the Court's subsequent order finding Sionic in default with judgment entered for the balance $1,050,000.00 of the Settlement Amount clearly was neither an "extreme" nor "unexpected" hardship to Sionic; nor has Sionic claimed it was. Relief from a judgment under Rule 60(b)(6) requires a movant to show actual injury, and the presence of circumstances beyond the movant's control that prevented timely action. *Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009). Here, Sionic could have hired a lawyer to appear on its behalf in this Action. It simply chose not to do so. It's intentional inaction was contemptuous of this Court. Sionic has not asserted any circumstances beyond its control; simply a "need to preserve monies to pay the Settlement Amount and maintain operations.." Sionic has suffered no injustice. Defendants must pay the balance of the Settlement Amount NOW!

    WHEREFORE, Plaintiff requests the Court to deny Sionic's Motion for Relief From Judgment.

    Dated this January 27, 2023.

**MALOY JENKINS PARKER**

/s/ Wilmer Parker
Georgia Bar No.563550

1360 Peachtree St. Suite 910
Atlanta, GA 30309
Tel. 404-875-2700
Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT SIONIC MOBILE CORPORATION'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

Carolyn "Tippi" Cain Burch
The Burch Firm, LLC
P.O. Box 335
Columbus, Georgia 31902
*Attorneys for Defendants*

This 27 day of January, 2023.

                                              /s/ Wilmer Parker
                                              Wilmer Parker
                                              Georgia Bar No. 563550