UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIONIC MOBILE CORPORATION )<br>and RONALD D. HERMAN, )<br>)<br>Defendants. ) | Civil Action No.:<br>1:19-cv-05523-VMC |

**DEFENDANT RONALD HERMAN'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT
OF MOTION TO ALTER OR AMEND JUDGMENT**

COMES NOW Defendant Ronald Herman ("Herman") and files this response to Plaintiff's Supplemental Brief in Support of Motion to Alter or Amend Judgment and respectfully requests that this Court deny Plaintiff's Motion to Alter of Amend Judgment. (Doc. 262).

This Court correctly determined in its December 16, 2022 Order that:

> Mr. Herman is not in default. (Doc. 175). He has filed a response to the Motion and is arguably entitled to a jury trial on the question of enforcing the Agreement. (Doc. 255). However, the Court finds that Plaintiff has not met its burden of showing a

breach of the Agreement by Mr. Herman as a matter of law.

(Doc. 260 at 7). As this Court correctly noted in its December 16, 2022 Order: "the [Settlement] Agreement releases the Defendant Parties defined as 'the Sionic Party and the Herman Party . . . collectively,'" . . . and "[t]he release of the Defendant Parties is not contingent on any performance by the Defendants. . . . So, aside from claims under the Agreement, it appears that Berkeley no longer holds any claims against Defendant Herman." (Doc. 260 at 8, n. 3; Agreement at 2, 6, Doc. 254-1).

Nothing in Plaintiff's Supplemental Brief in Support of Motion to Alter or Amend Judgment changes this analysis.

Herman is not liable for payment of the Settlement Amount, nor is he jointly obligated to make payment of the Settlement Amount. Paragraph 1 "Payment of the Settlement Amount" of the Settlement Agreement provides:

> 1. **Payment of the Settlement Amount.** Sionic shall endeavor to pay the amount specified in Schedule 1-A to this Agreement ("the *Settlement Amount*") no later than 10 business days following the Effective Date. Plaintiff acknowledges, however, that the Settlement Amount is being gathered from more than one source into Sionic's applicable bank

2

account, and that it may therefore take more than 10 business days for Sionic to secure the finalization and clearance into its account of the entire Settlement Amount. If Sionic requires more than 10 business days, Sionic shall provide Berkeley prompt written notice, which notice shall include confirmation regarding the date on which Sionic expects the Settlement Amount to be ready for payment. Sionic shall pay the Settlement Amount in accordance with the instructions specified in Schedule 1-B to this Agreement, which Berkeley acknowledges to be complete payment by all Defendant Parties, without any further action or undertaking by any of the Defendant Parties.

(Agreement at 4-5, Doc. 254-1). As such, the plain language of the Settlement Agreement, which was jointly drafted and in which all parties were represented by counsel,[1] obligates Sionic and Sionic alone for payment of the Settlement Amount. Indeed, Paragraph 1 of the Settlement Agreement does not even mention Herman other than the two mentions of "Defendant Parties" at the end of Paragraph 1 – reciting Berekeley's acknowldgement that complete payment by Sionic is on behalf of all Defendant Parties without any further action required by any of the Defendant Parties. That acknowledgment does not set forth any obligation of Herman or any Defendant Parties other than Sionic to pay the Settlement

---

[1] *See* Agreement at ¶¶ 13.4, 13.9 (Doc. 254-1).

3

Amount. Further, as Plaintiff acknowledges, the Agreement does not state that Herman and Sionic were jointly responsible. (Doc. 263 at 3.)

Additionally, Herman was released from liability by the plain language of the Settlement Agreement. Specifically, the Settlement Agreement provides:

> 3. **Release of Defendant Parties.** Berkeley, on its own behalf and on behalf of the other members of the Berkeley Party, hereby releases, remises, and forever acquits the Defendant Parties of and from any and all debts, actions, causes of action, suits, contracts, agreements, damages, claims, demands, and liabilities whatsoever of every kind or nature (collectively, "*Claims*") and potential Claims, of any kind or nature, including in regard to the Lawsuit, from the beginning of time until the execution of this Agreement, whether known or unknown, choate or inchoate, whether *ex delicto* or *ex contractu*, enforceable at law or in equity in any judicial, administrative or arbitral proceeding, or arising under the United States Constitution, the Constitution of the State of Georgia, or the laws or rules of the decision of the United States or any State or political subdivision of the United States. Although not to the exclusion of any Claims or potential Claims addressed in this Section, the Berkeley Party specifically releases, remises and forever acquits the Defendant Parties of and form any Claim or allegation fraud, whether arising under the laws of the United States or those of any State within the United States, including Georgia. The releases, remises, and acquittals under this

>Section shall not include or act to preclude any Claims or potential Claims by a Berkeley Party arising from or related to any breach or threatened breach of this Agreement by Sionic or Mr. Herman.

(Agreement at 6, Doc. 254-1). Per the plain language of the Settlement Agreement, Berkeley released Herman from liability without reservation and without contingency of payment of the Settlement Amount. Further, nothing in the release obligates Herman to pay the Settlement Amount.

Accordingly, this Court was correct that Plaintiff has not met (and cannot meet) its burden of showing a breach of the Agreement by Mr. Herman as a matter of law. This Court should deny Plaintiff's Motion to Alter of Amend Judgment.

Respectfully submitted this 20th day of February, 2023.

/s/ Carolyn C. Burch
Carolyn "Tippi" Cain Burch
Georgia Bar No. 094515
The Burch Firm, LLC
P.O. Box 335
Columbus, Georgia 31902
404.357.3326
tippiburch@georgiaappealslaw.com

# CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1C, using Century Schoolbook, 14 point.

I further certify that on February 20, 2023, I electronically filed the foregoing **DEFENDANT RONALD HERMAN'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Jason Brian Godwin
>Godwin Law Group
>3985 Steve Reynolds Boulevard
>Building D Norcross, GA 30093
>jgodwin@godwinlawgroup.com
>
>Buddy Parker
>Maloy Jenkins Parker
>1360 Peachtree Street NE
>Suite 910
>Atlanta, GA 30309
>parker@mjplawyers.com

>/s/ Carolyn C. Burch
>Carolyn "Tippi" Cain Burch
>Georgia Bar No. 094515