UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERKELEY VENTURES II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIONIC MOBILE CORPORATION and RONALD D. HERMAN<br><br>Defendants. | Case No.: 1:19-CV-05523-VMC |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR ASSIGNMENT OF DEFENDANT'S INTEREST IN PATENTS**

Plaintiff/Judgment-Creditor Berkeley Ventures II, LLC ("Judgment-Creditor"), through counsel, submits this memorandum of law in support of its motion to order Defendant/Debtor Sionic Mobile Corporation ("Debtor") to assign to Judgment-Creditor its ownership interests in certain patents and patent applications referenced below (the "Patents") in partial satisfaction of Judgment-Creditor's judgment. Should Debtor refuse to assign its ownership interest in the Patents, Judgment-Creditor requests that this Court directly assign to Judgment-Creditor the Debtor's ownership interests in the Patents.

1

## Statement of Facts

On December 16, 2022, the Clerk of Court entered Judgment in favor of Judgment-Creditor and against Sionic Mobile Corporation in the amount of $1,050,000 (Doc. 261) (the "Judgment"). Judgment-Creditor now seeks an order from this Court directing Debtor to assign to Judgment-Creditor all of Debtor's interest in the Patents held by Debtor and currently pending with the United States Patent and Trademark Office, USPTO. Should Debtor refuse to assign to Judgment/Creditor his interest in the Patent Property, Judgment-Creditor requests that this Court directly assign to Judgment-Creditor said patent interests. The Patents are indexed by the USPTO under the following numbers: United States Patent Application Nos. US12/893,227, US15/478,154. (Parker Declaration, ¶4, 5, Ex. B)

## Law and Argument

I.   **Judgment-Creditor is Entitled to Direct Assignment of Debtor's Patent Interest**.

The U.S. Supreme Court held in *Agur v. Murphy*, 105 U.S. 126, 26 L.Ed. 942 (1881);

> "A patent or a copyright, which vests the sole and exclusive right of making, using, and vending the invention, or of publishing and selling the book, in the person to whom it has been granted by the government, as against all persons not deriving title through him, is property, capable of being assigned by him at his pleasure, although his assignment, unless recorded in the proper office, is void against subsequent purchasers or mortgagees for a valuable consideration without notice. Rev. Stat., sects. 4884, 4898, 4952, 4955. And the provisions of the patent and copyright acts, securing a sole and exclusive right to the patentee, do not exonerate the right and property thereby acquired

2

by him, of which he receives the profits, and has the absolute title and power of disposal, from liability to be subjected by suitable judicial proceedings to the payment of his debts."

*Id*. At 127-28.

Pursuant to Fed.R.Civ.P. 69, a district court has the authority to enforce a money judgment in accordance with the practice and procedure of the state in which it sits. *See* also *Liberty Mut. Ins. Co. v. C-Staff, Inc.*, 280 F.3d 1337, 1339 (11th Cir. 2002) (Federal Rule of Civil Procedure 69(a) provides that the procedure for execution of a judgment for the payment of money shall by in accordance with the practice of the state in which the district court considering the enforcement action is located.") Here, the Judgment-Creditor seeks to execute on its judgment in the United States District Court for the Northern District of Georgia. But, according to *Ager, supra*, the District Court must specifically issue an order directing the debtor to assign the patents to the creditor. *See also, Lee v. Jung*, 2014 WL 3810585 (M.D. Ga. 2014).

The Judgment-Creditor requests the Court direct Debtor to assign its rights and interests in the Patents to Judgment-Creditor. Assignment of Debtor's rights and interests in the Patent Applications is especially important in view of recent press releases by Judgment-Debtor announcing potential technology sharing agreements with third-parties which may lead to the sale of Debtor. Therefore, an order directing

Debtor to assign its rights and interests in the Patent Applications to Judgment-Creditor is appropriate.[1]

### II. Should Debtor Refuse to Directly Assign His Patent Interest to Judgment-Creditor, Judgment-Creditor is Entitled to Direct Assignment of Debtor's Patent Interest by the Court

The Judgment-Creditor fears that Debtor will refuse or ignore a Court order directing Debtor to assign its patent interest to Judgment-Creditor. Furthermore, upon information and belief, Debtor has attempted and is attempting to transfer his interest in the Patents to commercially affiliated individuals and/or entities. And Debtor has, in the past, disobeyed the instructions of the Court by failing to timely hire counsel to represent it. As a result of the well-founded fears that Debtor will fail to respond to this Motion and/or refuse to assign his patent interests, Judgment-Creditor requests that the Court direct a judicially appointed officer, such as the Clerk of Court, to execute an assignment of Debtor's patent interest to Judgment-Creditor. *See*, *Ager v. Murray*, 105 U.S. 126, 132 (1881) (holding that a judgment-debtor patent holder was required to executed a writing to assign his patent interest, but if the judgment debtor refused to execute such writing, a trustee would be appointed to execute such assignment); *see* also, *Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.*, C 03-4792, 2007 WL 2701318, at *1 (N.D. Cal. Sept. 13, 2007)

---

[1] The Court may also appoint a receiver to be assigned the Patents which would than sell the Patents at a public action following which the receiver would pay monies to the Judgment-Creditor to satisfy the judgment.

(directly assigning title in the debtor's patents to the judgment-creditor in partial satisfaction of a judgment); *Zanetti v. Zanetti*, 77 Cal. App. 2d 553, 175 P.2d 603 (1947) (holding that the statute providing that patents are assignable in law by an instrument in writing does not mean that patentee must in every case execute the assignment by his own hand).

## CONCLUSION

For the foregoing reasons, Judgment-Creditor respectfully requests that the Court order Debtor to assign to Judgment-Creditor all of Debtor's rights, title, and interests in and to the Patents, or, should Debtor refuse such assignment, that the Court directly assign to Judgment-Creditor all of Debtor's rights, title, and interests in and to the Patents.

Dated this 21st day of February 2023.

**MALOY JENKINS PARKER**

/s/ Wilmer Parker
Georgia Bar No.563550

1360 Peachtree St. Suite 910
Atlanta, GA 30309
Tel. 404-875-2700
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR ASSIGNMENT OF DEFENDANT'S INTERESTT IN PATENTS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record, as follows:

> Carolyn "Tippi" Cain Burch, Esq.
> The Burch Frim, LLC
> P.O. Box 335
> Columbus, Georgia 31902

This 21st day of February 2023.

> /s/ Wilmer Parker
> Wilmer Parker
> Georgia Bar No. 563550