## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BERKELEY VENTURES II, LLC,

     Plaintiff

v.

SIONIC MOBILE CORPORATION
and RONALD D. HERMAN,

     Defendants.

Civil Action No.
1:19-cv-05523-VMC

## ORDER

Before the Court are the following Motions:

(1) Plaintiff Berkeley Ventures II, LLC's ("Berkeley") Motion to Reopen Case
to Re-Instate Ronald D. Herman as a Defendant ("Motion to Reinstate,"
Doc. 262), and the Motion to Supplement that Motion to Reinstate
("Motion to Supplement," Doc. 263); and

(2) Defendant Sionic Mobile Corporation's ("Sionic") Motion for Relief from
Order and Judgment ("Motion for Relief," Doc. 266).

### Background

This civil action originally involved claims for securities fraud under federal
and state law. On April 5, 2022, the parties reached an agreement to settle the
litigation in exchange for, among other things, mutual releases, payment of
$1,300,000 to Berkeley and dismissal of this action. The compromise was

memorialized in a written Settlement Agreement (the "Agreement," Doc. 254-1),

executed on May 13, 2022. (Doc. 254 ¶ 2). Specifically, the Agreement provided as

follows:

> Sionic shall endeavor to pay the amount specified in Schedule 1-A to this Agreement (the 'Settlement Amount') no later than 10 business days following the Effective Date. Berkeley acknowledges, however, that the Settlement Amount is being gathered from more than one source into Sionic's applicable bank account, and that it may therefore take more than 10 business days for Sionic to secure the finalization and clearance into its account of the entire Settlement Amount. If Sionic requires more than 10 business days, Sionic shall provide Berkeley prompt written notice, which notice shall include confirmation regarding the date on which Sionic expects the Settlement Amount to be ready for payment. Sionic shall pay the Settlement Amount in accordance with the instructions specific in Schedule 1-B to this Agreement . . . .

(Agreement at 3).

As the Court noted in a prior Order ("Order on Motion to Enforce," Doc.

260), the Agreement defined "Sionic" as "Sionic Mobil Corporation, a Georgia

corporation." (Agreement at 1). The Agreement released the Defendant Parties,

defined as "the Sionic Party and the Herman Party . . . collectively." (*Id.* at 2, 6).

The release of the Defendant Parties was not contingent on any performance by

the Defendants. (Id. at 6). The Agreement provided that payment by Sionic is

"complete payment by all Defendant Parties, without any further action or

undertaking by any of the Defendant Parties." (*Id.* at 4).

2

On August 26, 2022, Berkeley filed a Motion to Enforce the Agreement. ("Motion to Enforce," Doc. 254). Defendants filed a response to the Motion to Enforce on September 9, 2022. (Doc. 255). On September 27, 2022, Counsel for Defendants filed a Certificate of Consent to Withdraw as Counsel. ("Certificate," Doc. 257). The Court approved the Certificate on the same day, but entered an Order providing that:

> Defendant Sionic is a corporate entity and thus must be represented by counsel in this action. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); see also LR 83.1E(2)(b)(I). Therefore, Defendant Sionic is ORDERED to retain new counsel who must file a notice of appearance with the Court within thirty days of the date of entry of this Order. A failure to do so may result in default judgment against Defendant Sionic or the entry of an Order granting, in whole or part, Plaintiff's Motion to Enforce Settlement Agreement (Doc. 254) as unopposed as to Sionic.

("Withdrawal Order," Doc. 258). The Court later extended the deadline to November 29, 2022. No counsel entered an appearance for Sionic by that date. The Court held a telephonic status conference in this case on December 15, 2022. (Doc. 259). Mr. Herman appeared on his own behalf, but Sionic still had not retained counsel. Accordingly, on December 16, 2022, the Court entered the Order on Motion to Enforce, in which it granted the Motion to Enforce as to Sionic on the grounds that it was in default for failing to retain counsel in violation of the Court's Withdrawal Order. (Doc. 260).

3

However, the Court denied the Motion to Enforce as to Mr. Herman, noting that Berkeley failed to identify any covenant in the Agreement requiring Mr. Herman to pay the Settlement Amount. (*Id.*). Moreover, it dismissed Berkeley's remaining claims as to Mr. Herman without prejudice on the grounds that the Agreement's mutual release was not contingent on performance. (*Id.*). The Clerk entered a Judgment dated December 16, 2022 in favor of Berkeley and against Sionic in the amount of $1,050,000.00; the Judgment also dismissed all claims against Mr. Herman without prejudice. (Doc. 261).

On December 27, 2022, Berkeley filed the Motion to Reinstate, seeking to reconsider or set aside the Judgment to the extent it dismissed claims against Mr. Herman. (Doc. 262). At the Court's direction, Berkeley filed the Motion to Supplement in response to certain questions. (Doc. 263). On January 17, 2023, the Burch Firm, LLC entered an appearance on behalf of both Defendants. (Docs. 264-65). That same day, Defendants filed the Motion for Relief, seeking to set aside the Judgment against Sionic on the grounds that it had now retained counsel and therefore was not in default. (Doc. 266).

## Legal Standard

Fed. R. Civ. P. 60(b) states,

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final

> judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made "within a reasonable time," unless it is brought under subsection (1), (2), or (3), in which case it must be brought no more than a year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

Under Local Rule 7.2, NDGa., a motion for reconsideration shall not be filed as a matter of routine practice. *See Belmont Holdings Corp. v. SunTrust Banks, Inc.,* 896 F. Supp. 2d 1210, 1223 (N.D. Ga. 2012) (citing LR 7.2(E), NDGa.). If a party finds it "absolutely necessary" to file, the motion shall be filed within 28 days after entry of the order or judgment. Such absolute necessity arises only when there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (citation omitted).

A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Id.* at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Adler v. Wallace Comput. Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). "If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied." *Bryan*, 246 F. Supp. 2d at 1259; *see also Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

In most circumstances, "clear error" means that "the record lacks substantial evidence" to support a particular finding. *Robinson v. Sauls et al.*, No. 1:18-cv-131-TCB, 2021 WL 2103583, at *1 (N.D. Ga. Mar. 4, 2021) (citing *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011) and *Campero USA Corp. v. ADS*

6

*Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) ("[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare.")).

## Discussion

The Court first considers Berkeley's Motion to Reinstate. The Motion to Reinstate was filed within 28 days of the Judgment, and therefore the Court will construe it as a motion for reconsideration. While a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed," *Murphy,* 246 F. Supp. 2d at 1259, or "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response," *Adler*, 202 F.R.D. at 675, new arguments are permissible where there is "a reason is given for failing to raise the issue at an earlier stage in the litigation." *Id.* Because the Court raised the issues with the Motion to Enforce as to Mr. Herman *sua sponte*, the Court finds that Berkeley has a sufficient reason for failing to raise the argument before. Accordingly, the Court will reconsider the Order on Motion to Enforce *de novo* to the extent it is challenged by the Motion to Reinstate.

In the Motion to Supplement, Berkeley makes several arguments as to Mr. Herman's liability. First, that

> [t]he Agreement does not expressly state whether the parties were responsible "jointly and severally." Accordingly, it should be held that the Parties intended the Defendants to be jointly bound. "Promises of several persons are, in the absence of statute, presumed to be joint and not several, not joint and several, unless an intention to the contrary is shown in the instrument, ...." 17A C.J.S., Contracts, s 354 at 349- 50. See *Spiegel v. Hays*, 103 Ga.App. 293, 119 S.E.2d 123 (1961) (where three jointly agreed to be bound to a fourth person, the obligation is joint, and not joint and several)

(Doc. 263 at 3). But this argument misses the mark. "Joint liability" refers to the contractual situation where all co-obligors are necessary parties to a suit on the obligation. *Spiegel*, 119 S.E.2d at 127 (citing *Wall v. Wall*, 168 S.E. 893 (1933)) ("The liability of the contracting parties, if any, is joint and not joint and several, from which it follows that unless the proper parties are joined in the action the petition will not set forth a cause of action against any of them."). The concept of joint liability does not permit the Court to ignore the plain language of the Contract with respect to payment obligations which apply only to one of the contracting parties.

Next, Berkeley points to the fact that Mr. Herman was a party to the Agreement, and that the Agreement did not require Berkeley to dismiss this case with prejudice until such time as the settlement amount was delivered.

(Agreement at 8). The Court agrees that Mr. Herman was a party to the Agreement. The Agreement contains covenants which bind Mr. Herman and are enforceable. For example, Mr. Herman was required to release Berkeley from any claims he held. (*Id.* at 7). However, the fact that Berkeley was not required to file a dismissal with prejudice until payment of the settlement amount is not dispositive as to Mr. Herman's rights or liabilities under the Agreement. The provision of the agreement regarding the dismissal of prejudice applies equally to both Sionic and Mr. Herman, so the Court's interpretation of the plain language of the payment obligation as applying only to Sionic does not "leave[ this] part useless or inexplicable." *In re FFS Data, Inc.*, 776 F.3d 1299, 1304 (11th Cir. 2015).

Next, Berkeley argues that

> [t]he evidence does not reveal that any consideration flowed to the Plaintiff for Herman's release. Under Georgia law, a release is a contract itself, and principles of law applicable to contracts generally are also applicable to releases. *Allgood Elec. Co. v. Martin K. Eby Constr. Co., Inc.* 85 F.3d 1547, 1552 (11th Cir. 1996). Consideration is essential to a contract which the law will enforce. Ga.Code Ann. S 20-301 (1977); *Jolles v. Wittenberg*, 148 Ga.App. 805, 806, 253 S.E.2d 203 (1979). Herman cannot be relieved in the absence of consideration on his part."

(Doc. 263 at 5). As an initial matter, as Berkeley points out, Paragraph 10.3 of the contract recites consideration was received, specifically that:

> [t]he Settlement Amount together with the releases and other provisions of this Agreement, constitute sufficient,

> good, valuable, and complete consideration for the
> transactions, releases, remises, acquittals, waiver,
> cancellations and terminations of Berkeley and the other
> members of the Berkeley Party under this Agreement
> and no other, further or additional consideration from
> any of the Defendant Parties is necessary or required in
> that regard.

(Doc. 263 at 4). But this language actually favors Mr. Herman, because it shows

that the parties did not intend for other consideration beyond the settlement

amount, which the plain language provides is to be paid by Sionic under the

agreement. Moreover, "[s]light consideration is sufficient to sustain a contract."

*Franklin v. UAP/GA. AG. CHEM, Inc.*, 514 S.E.2d 241, 243 (Ga. Ct. App. 1999) (citing

*Wolfe v. Breman*, 26 S.E.2d 633 (Ga. Ct. App. 1943)). Where mutual promises are

given, each promise is itself consideration for the return promise. *Id.* at 243–44

(citing *Philips Audio Video Systems Corp. v. Bateman*, 285 S.E.2d 747 (Ga. Ct. App.

1981)). Mr. Herman's release of Berkeley is certainly sufficient consideration for

Berkeley's release of Mr. Herman.[1]

Finally, Berkeley points out that Mr. Herman never raised these issues with

the Agreement. This may be true, but Berkeley has the burden of showing a breach

as the party seeking to enforce the Agreement, which means proving that Mr.

Herman violated the plain language of the Agreement. *Sherman v. Dickey*, 744

---

[1] Moreover, it would appear that, to the extent that Berkeley is challenging the
Agreement for lack of consideration as to Mr. Herman, such a challenge is contrary
to its position that the Agreement is enforceable as to Sionic.

S.E.2d 408, 411 (Ga. Ct. App. 2013) ("[T]he party asserting the existence of a contract has the burden of proving its existence and its terms."). To the extent that Berkeley contends that the Court should have given notice of the issue pursuant to Federal Rule of Civil Procedure 56(f) or a similar requirement, the Court has reviewed the Motion to Reinstate *de novo*, which would cure any issue of notice.[2] The Motion to Reinstate is denied.[3]

The Court next turns to Sionic's Motion for Relief. This motion, filed more than 28 days from the entry of the Judgment, must be viewed as a Motion for Relief

---

[2] Moreover, even if the Court had found Mr. Herman was bound by the payment term of the contract, he was not in default and therefore arguably entitled to a jury trial on the issue of breach.

[3] Berkeley argues that the Court should not have declined to determine the scope of the release provision, citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994), but that case did not hold that the parties may create federal jurisdiction over an ordinary settlement agreement by contract, but in fact held the opposite:

> When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. . . Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Id.*

from Judgment under Rule 60(b). *See also* Fed. R. Civ. P. 55(c) ("The court . . . may set aside a final default judgment under Rule 60(b)."). Sionic asserts that the Court should set aside the Judgment because it has now retained counsel. Sionic explains its earlier failure as follows:

> [G]iven the procedural posture of the case and the need to preserve moneys to pay the Settlement Amount and maintain operations (and not expend moneys on large retainers), obtaining counsel took longer than anticipated but was not due to Sionic's lack of effort or any wish by Sionic to ignore the Court. . . . Here, respectfully, Sionic simply needed more time (about 100 days total) and with the benefit of that was able to secure counsel.

(Doc. 266 at 2–3).

The Court finds that it gave Sionic sufficient time to obtain counsel, including an extension, and therefore Sionic's failure to obtain counsel was not excusable neglect under Rule 60(b)(1). Moreover, the Court finds that Sionic's belated retention of counsel is not "any other reason that justifies relief" under Rule 60(b)(6). The Court was very clear with Sionic about the potential consequences of its failure to timely retain counsel. As Berkeley pointed out in its response to the Motion for Relief, the Eleventh Circuit has explained that "relief under this clause [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (1984) (citing *Ackermann v. United States*, 340 U.S. 193, 202

(1950)). The Court finds that the difficulties identified by Sionic do not constitute exceptional circumstances. As such, the Court will deny the Motion for Relief. In light of Berkeley's filing of the Motion to Reinstate, Sionic remains free to appeal the issue. *See* Fed. R. App. P. 4(a)(4)(A).

**Conclusion**

For the above reasons, it is

**ORDERED** that Motion to Supplement the Motion to Reinstate (Doc. 263) is **GRANTED**, but the Motion to Reopen Case to Re-Instate Ronald D. Herman as a Defendant (Doc. 262) is **DENIED**. It is

**FURTHER ORDERED** that the Motion for Relief from Order and Judgment (Doc. 266) is **DENIED**

**SO ORDERED** this 9th day of May, 2023.

Victoria Marie Calvert
United States District Judge